**Form 3015-1 - Chapter 13 Plan**
**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**
**MINNEAPOLIS DIVISION**

_____

In re:                                                          CHAPTER 13 PLAN

**PAUL HANSMEIER**
                                                                Dated:     **07/13/2015**

          Debtor                                    Case No.
*In a joint case,*
*debtor means debtors in this plan.*
_____

1. **DEBTOR'S PAYMENTS TO TRUSTEE --**

    a.  As of the date of this plan, the debtor has paid the trustee _____.

    b.  After the date of this plan, the debtor will pay the trustee     **$2,690.00**     per     **month**     for     **53 months**    , beginning within 30 days after the order for relief for a total of     **$142,570.00**   . The minimum plan length is ☐ 36 or  ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

    c.  The debtor will also pay the trustee _____
    _____
    _____

    d.  The debtor will pay the trustee a total of    **$142,570.00**    [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE --** The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or   **$14,257.00** [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)] --** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| TOTAL | | | **$0.00** |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365] --** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| **900 SECOND AVE S LLC** | **MONTH TO MONTH RENTAL OF OFFICE SPACE** |

5. **CLAIMS NOT IN DEFAULT --** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| **TCF MORTGAGE CORP** | **100 3RD AVE S, UNIT 3201, MPLS, MN  55401** |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)] --**The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors wil retain liens. ALL FOLLOWING ENTRIES ARE ESTIMATES. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| TOTAL | | | | | **$0.00** |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
MINNEAPOLIS DIVISION

Case No:
Debtor(s):  **PAUL HANSMEIER**

**Chapter 13 Plan**

---

7. **CLAIMS IN DEFAULT [§ 1322(b)(3) and (5) and § 1322(e)]** -- The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. ALL FOLLOWING ENTRIES ARE ESTIMATES, EXCEPT FOR INTEREST RATE.

| Creditor / Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| TOTAL | | | | | $0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** --The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor / Claim Amount | Secured Claim | Int. Rate | Beg. in Month # | (Monthly Payment) | x | (Number of Payments) | = | Payments on Account of Claim | + | (Adequate Protection from ¶ 3) | = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | | | | | | | | | | | | $0.00 |

9. **PRIORITY CLAIMS** -- The trustee will pay in full all claims entitled to priority under § 507, including the following. THE AMOUNTS LISTED ARE ESTIMATES. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | | | | | |
| b. Domestic Support | | | | | |
| c. IRS | | | | | |
| **INTERNAL REVENUE SERVICE** | $10,000.00 | Pro-Rata | 1 | 5 | $10,000.00 |
| d. MN Dept. of Rev. | | | | | |
| e. Other: | | | | | |
| **ILLINOIS DEPARTMENT OF REVENUE** | $800.00 | Pro-Rata | 1 | 5 | $800.00 |
| f. TOTAL | | | | | $10,800.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** -- In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:  **See below**
    The trustee will pay the allowed claims of the following creditors. ALL ENTRIES BELOW ARE ESTIMATES.

| Creditor / Description | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| TOTAL | | | | | | $0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** -- The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately __**$117,513.00**__ [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f) and 10(c)].

    a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are _____**$0.00**_____.

    b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are _____**$115,334.78**__.

    c. Total estimated unsecured claims are _____**$115,334.78**__ [line 11(a) + line 11(b)].

Case 15-42460    Doc 2    Filed 07/13/15    Entered 07/13/15 12:11:46    Desc Main
Document    Page 3 of 4

UNITED STATES BANKRUPTCY COURT  Case No:                              Chapter 13 Plan
DISTRICT OF MINNESOTA           Debtor(s):    **PAUL HANSMEIER**
MINNEAPOLIS DIVISION

12. **TARDILY-FILED UNSECURED CREDITORS --** All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claims were tardily filed.

13. **OTHER PROVISIONS --** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.

**ANTHONY SMITH MATTER**

THIS DEBT IN THE AMOUNT OF $65,000.00 WILL BE PAID IN FULL BY CODEFENDANT OUTSIDE OF THE PLAN WITHIN 30 DAYS.

**IRS 1305 PROVISION**

THE IRS SHALL SUBMIT A CLAIM FOR 2015 TAXES PURSUANT TO 11 USC 1305, AND SUCH CLAIM SHALL BE TREATED AS A PRIORITY CLAIM.

**SURRENDER OF TAX REFUND TO TRUSTEE**

The debtor shall send the Trustee each year during the Chapter 13 Plan copies of her federal and state income tax returns at the time they are filed. The debtor shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case and shall be entitled to retain the first $2,000.00 plus any earned income credit (EIC). Any remaining amounts shall be turned over to the Chapter 13 plan as additional plan payment.

**TCF MORTGAGE BILLINGS**

With respect to the claim of TCF MORTGAGE concerning the debtors' mortgage on the debtors' homestead, said creditor shall continue issuing monthly billing statements to the debtors following confirmation of this plan. Any such billing statements shall be issued to the debtors at the address on filed with the Bankruptcy Court or to the debtors' attorney at the attorney's address on file with the Bankruptcy Court.

**60 MONTH PLAN**

DEBTORS PLAN WILL RUN FOR 60 MONTHS OR UNTIL ALL UNSECURED AND PRIORITY CREDITORS ARE PAID IN FULL, WHICHEVER COMES FIRST

**JOHN DOE CLAIM**

THE JOHN DOE CLAIM IN THE AMOUNT OF $81319.72 IS STAYED PENDING APPEAL. DEBTOR EXPECTS A RULING IN 90 DAYS. NO PAYMENTS SHALL BE MADE ON ANY CLAIM. IT WILL EITHER BE PAID BY SUPERCEDEAS BOND, OR IT WILL NOT BE OWED.

| UNITED STATES BANKRUPTCY COURT | | |
|---|---|---|
| DISTRICT OF MINNESOTA | Case No: | **Chapter 13 Plan** |
| MINNEAPOLIS DIVISION | Debtor(s):   **PAUL HANSMEIER** | |

14. **SUMMARY OF PAYMENTS --**

| | |
|---|---:|
| Trustee's Fee [Line 2] | **$14,257.00** |
| Home Mortgage Defaults [Line 6(d)] | **$0.00** |
| Claims in Default [Line 7(d)] | **$0.00** |
| Other Secured Claims [Line 8(d)] | **$0.00** |
| Priority Claims [Line 9(f)] | **$10,800.00** |
| Separate Classes [Line 10(c)] | **$0.00** |
| Unsecured Creditors [Line 11] | **$117,513.00** |
| **Total [must equal Line 1(d)]** | **$142,570.00** |

Insert Name, Address, Telephone and License Number of Debtor's Attorney:

BARBARA J MAY
Bar no. 129689
Barbara J. May Attorney at Law
4105 N. Lexington Ave
Suite 310
Arden Hills, MN 55126
(651) 486-8887

/s/ PAUL HANSMEIER
**PAUL HANSMEIER**
*Debtor*