UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Paul Hansmeier,

        Debtor.

Chapter 13

Case No. 15-42460 (KHS)

**OBJECTION TO JURISDICTION AND IN THE ALTERNATIVE, OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

NOW COMES The Pietz Law Firm, on behalf of John Doe, and objects to this Court's exercise of personal and subject matter jurisdiction over the John Doe claim, and in the alternative, to confirmation of the Chapter 13 Plan (the "Plan") filed by Paul Hansmeier (the "Debtor"), and in support thereof respectfully states as follows.

1.      John Doe c/o The Pietz Law Firm is scheduled on the Debtor's Schedule F as a creditor holding an unsecured nonpriority claim that the Debtor lists as contingent, unliquidated and disputed.

2.      The hearing on confirmation of the Plan is scheduled for September 17, 2015, at 10:30 a.m., before the Honorable Kathleen H. Sanberg, in Courtroom 8W, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, or as soon thereafter as counsel may be heard.

3.      The petition commencing this Chapter 13 case was filed on July 19, 2015 and the case is now pending in this Court.

4.      The John Doe claim arises out of a case in the United States District Court for the Central District of California, *Ingenuity 13, LLC v. John Doe*, C.D. Cal., Case No. 12-cv-

8333.  According to the express terms of the District Court's order approving the supersedeas bond posted in that case – which was specifically acknowledged by the Debtor as part of approval of the bond – the Debtor and other sanctioned parties in that case:

> are estopped from arguing in any Court other than [the U.S. District Court for the Central District of California] that execution on the bond should be stayed, avoided or otherwise forestalled. This expressly includes an attempt to circumvent execution of the bond through bankruptcy proceedings. The only valid reason to prohibit executing on the instant bond (as amended) should be if all of the Prenda parties prevail on the monetary portion of all of their appeals, as determined by [the U.S. District Court for the Central District of California].

Order Staying Enforcement of Orders Imposing Sanctions and Penalties, at ¶ 1.c., Case No. 12-cv-8333 (C.D. Cal. 2013) (Wright, II, J.) (Docket No. 177).  That condition was deemed a part of the bond itself.  A true and correct copy of the Order is attached hereto as Exhibit A.

5. To the extent the Debtor's Plan conflicts with the foregoing, John Doe objects based on lack of personal and subject matter jurisdiction, as well as estoppel.  Any sum awarded to John Doe as a result of the District Court action (which is currently on appeal to the U.S. Court of Appeals for the Ninth Circuit) is not part of the bankruptcy estate, not subject to the Plan, and John Doe objects to this Court's assertion of jurisdiction over an issue (namely, execution on a supersedeas bond) that has already been adjudicated by the District Court, is currently on appeal to the Ninth Circuit, and may be remanded to the District Court.  Those courts are more familiar with the complex factual background of the underlying litigation and both jurisdictional principles, as well as principles of comity and abstention, mandate that those courts, rather than this one, should adjudicate any payment on the supersedeas bond.

6. Alternatively, in the event John Doe were to submit to this Court's jurisdiction, John Doe objects that the plan mischaracterizes the nature of the claim and is unclear as to how payment will be made.  First, the John Doe claim is *secured* (by the supersedeas bond), not

2

unsecured. Second, the treatment of the John Doe claim is unclear. Paragraph 13 of the Debtor's Plan currently reads:

> **JOHN DOE CLAIM**
>
> THE JOHN DOE CLAIM IN THE AMOUNT OF $81319.72 IS STAYED PENDING APPEAL. DEBTOR EXPECTS A RULING IN 90 DAYS. NO PAYMENTS SHALL BE MADE ON ANY CLAIM. IT WILL EITHER BE PAID BY SUPERCEDEAS BOND, OR IT WILL NOT BE OWED.

Plan, at ¶ 13 (Docket No. 2).

7. If the John Doe claim were moved to the secured schedule, the Plan should instead read as follows:

> The John Doe claim, presently valued at $81,319.72 and which may increase or decrease based on ongoing court proceedings, is secured by a supersedeas bond. Debtor expects a ruling in 90 days. No payments shall be made on this claim until the U.S. Court of Appeals for the Ninth Circuit has decided the case. If any part of the claim remains to be paid after the appeal, it will be satisfied by the supersedeas bond, as determined by the U.S. District Court for the Central District of California. If some or all of the award to John Doe is reversed on appeal, then any amount of cash collateral previously posted by the debtor with the bonding company, to which debtor is entitled to a refund, as determined first by the U.S. District Court for the Central District of California, and then by the bonding company, shall, at that point, become part of the bankruptcy estate. If the debtor is ordered to pay additional sanctions on appeal, or on remand, that exceed the amount of the supersedeas bond posted, then John Doe will be permitted to file an amended claim thereafter, without prejudice to any other remedies that may be available consistent with the bankruptcy code.

Dated: September 10, 2015

*/e/ Amanda K. Schlitz*
Amanda K. Schlitz (#0388628)
**STINSON LEONARD STREET LLP**
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657
E-mail: amanda.schlitz@stinsonleonard.com

**ATTORNEYS FOR JOHN DOE C/O THE PIETZ LAW FIRM**

3

*and*

Morgan E. Pietz
THE PIETZ LAW FIRM
8605 Santa Monica Blvd., No. 69018
Los Angeles, CA 90069
Telephone: (310) 424-5557
Facsimile: (310) 546-5301
E-mail:  mpietz@pietzlawfirm.com

4

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>    Plaintiff,<br>v.<br>JOHN DOE,<br><br>    Defendant. | Case Nos. 2:12-cv-8333-ODW(JCx)<br><br>**AMENDED ORDER DENYING IN PART AND CONDITIONALLY GRANTING IN PART PAUL DUFFY'S MOTION FOR APPROVAL OF BOND AND ORDER STAYING ENFORCEMENT OF MAY 6 AND MAY 21 ORDERS IMPOSING SANCTIONS AND PENALTIES [170, 171, 173, 174, 175]** |

The Court has duly considered Paul Duffy's Motion for Approval of Bond and Order Staying Enforcement of May 6 and May 21 Orders Imposing Sanctions and Penalties ("Bond Motion") manually-filed May 23, 2013 (ECF No. 170), and the response thereto filed by the putative John Doe in 12-cv-8333 and his counsel and hereby **ORDERS** as follows:

1. The bond already posted with the Court is conditionally approved as security for this Court's Sanctions Order (ECF No. 130) subject to the following conditions, each of which shall be deemed a part of the bond itself:

    a. The bond shall be payable to and enforceable by "John Doe or The Pietz Law Firm."

  b. The bond is made joint and several and may be executed upon if any of the parties to the bond fails to reverse the monetary portion of this Court's Sanctions Order (ECF No. 130) on appeal as to him or it. In other words, if the fee award survives as against any party, the bond may be executed upon even if other parties prevail on appeal.

  c. The Prenda parties, as well as the surety, are estopped from arguing in any Court other than this one that execution on the bond should be stayed, avoided or otherwise forestalled. This expressly includes an attempt to circumvent execution of the bond through bankruptcy proceedings. The only valid reason to prohibit executing on the instant bond (as amended) should be if all of the Prenda parties prevail on the monetary portion of all of their appeals, as determined by this Court.

  d. The surety, and each Prenda party relying upon the bond for security shall execute and acknowledgment recognizing the validity of these conditions. Any party who fails to execute and file such an acknowledgment on the docket within 7 days shall be deemed in violation of this Court's order.

2. Further, the Prenda parties shall be required to post an additional bond in the amount of $135,933.66 (which is the $237,583.66 total, minus the $101,650.00 bond that the Prenda parties other than Mr. Gibbs have already posted) to cover costs on appeal, which includes attorney's fees since the underlying case is a copyright case. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). The additional bond shall be subject to all the same conditions as the bond noted above. Failure to post the additional bond within 14 days shall result in the imposition of additional sanctions.

2

Due to the unique circumstances of this action, which include the fact that underlying order below is a sanctions award for fraudulent conduct and the web of mysterious offshore entities controlled by the Prenda parties, the above conditions are necessary to effect justice.

**IT IS SO ORDERED.**

June 11, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**