**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

_____

In Re:

PAUL HANSMEIER,

                                                           BKY # 15-42460
                    Debtor(s),                             Chapter 13
_____

**NOTICE OF HEARING AND MOTION TO AVOID JUDGMENT LIEN**
_____

        To: All other parties in interest:

        Debtor moves for an order avoiding and removing a judgment lien from his homestead.  In support thereof, debtor says:

1.      The court will hold a hearing on this motion at October 15, 2015, at 11:00 A.M., before The Honorable Kathleen H. Sanberg, Courtroom 8 West, 300 South Fourth Street, Minneapolis, MN 55415.

2.       Any responsive papers shall be delivered and filed not later than October 9, 2015, which is five days before the time set for the hearing.

3.      This court has jurisdiction over this Motion pursuant to 28 U.S.C. Section 157,  Bankruptcy Rule 5005, and Local Rule 9003-1.  This proceeding is a core proceeding.  The petition commencing this Chapter 13 case was filed 7/13/2015. This motion is brought under 11 USC 522(f)(A) and Bankruptcy Rule 4003.

4.      Debtor has a judgment lien against his homestead in the original amount of $64,180.80, in Hennepin County Case Number 27-CV-14-15391, filed on 9/10/2014.   The judgment creditor is Sandipan Chowdhury.

5.      This judgment lien is not in any way related to support or maintenance or in connection with a separation or divorce decree.

6.      Debtor has claimed an exempt interest in the homestead of $287147.40, and the time for any interested party to object to his exemption passed thirty days after August 12, 2015.  This judgment lien now impairs the debtor's interest in his exempt homestead.

7.      Debtor asks that the court enter an order avoiding the fixing of the above lien on his homestead located at        100 3rd Ave. S., Unit 3201, Minneapolis, Minnesota, legally CIC 1380, Unit 3201, The Carlyle,  Hennepin County, MN.


Dated:September 22, 2015                    /e/Barbara J May
                                           Barbara J. May
                                           2780 N. Snelling #102
                                           Roseville, MN  55113
                                           651-486-8887
                                           Aty ID 129689

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

_____

In Re:

PAUL HANSMEIER,

                                                    BKY # 15-42460

            Debtor(s),                                Chapter 13

_____

**MEMORANDUM OF LAW**

_____

**FACTUAL BASIS**

Debtor filed Chapter 13 bankruptcy with a judgment lien against his homestead property. The judgment lien still existing is in favor of Sandipan Chowdhury in the amount of $64,180.80. The debtor claimed a $287,147.40 exemption in his homestead, and no party raised an objection to the exemption. He has asked the court to avoid and remove the judgment lien.

**LEGAL ARGUMENT**

11 U.S.C. 522F(1) provides that : Notwithstanding any waiver of exemptions, but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–  (A) a judicial lien, ...

Section 101(27) defines "judicial lien" as a  lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding. Section 522(f)(1) establishes three requirements for avoiding a lien: (1) the lien must attach to an interest of the debtor in exempt property; (2) the lien must be a judicial lien 3) the lien must not be for support or maintenance or in connection with a separation or divorce decree.

The debtor meets all three of these tests, and qualifies to have the judgment liens avoided. He declared his homestead to be exempt, and the statutory 30 day time period in which a party in interest may object to his claimed exemption passed 30 days after August 12, 2015. The lien was imposed as the result of a civil judgment against Debtor, combined with the process of Minnesota Statute § 548.09, subd. 1, which provides in relevant part: " Except as provided in § 548.091, every judgment requiring the payment of money shall be docketed by the court administrator upon its entry ... From the time of docketing the judgment is a lien, in the amount unpaid, upon all real property in the county then or thereafter owned by the judgment debtor, but it is not a lien upon registered land unless it is also filed pursuant to sections 508.63 and 508A.63 ... [emphasis added]."  Further, this judgment lien was not in any way related to support or maintenance or in connection with a separation or divorce decree.

This judgment lien does not exceed the debtor's equity in the debtor's home.  The lien impairs his homestead, and 11 U.S.C. 522(f)(1)(A) provides an orderly process for avoiding and removing the lien.

The Debtor respectfully requests that the court enter an order avoiding the judgment lien and removing the lien from his homestead.

/e/ Barbara J. May

Dated:September 22, 2015          _____

Barbara J. May
2780 N. Snelling #102
Roseville, MN  55113
651-486-8887
Attorney Reg 129689

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MINNESOTA

## FOURTH DIVISION

_____

In Re:

PAUL HANSMEIER,

|  | BKY #15-42460 |
|---|---|
| Debtor(s), | Chapter 13 |

_____

### ORDER

Minneapolis, Minnesota.

      The above entitled mater came duly on for hearing before the undersigned Judge of Bankruptcy Court upon the motion of Debtor for an order avoiding a judgment lien pursuant to 11 U.S.C. 522(f)(1)(A).

      **IT IS HEREBY ORDERED** as follows:

1)      That the motion of Debtor is GRANTED.

2)      That the judgment lien in the original amount of $64180.80, in Hennepin County Case Number 27-CV-14-15391, filed on 9/10/2014, running in favor of Sandipan Chowdhury, is AVOIDED as against debtor's homestead at 100 3rd Ave. S, Unit 3201, Minneapolis, MN  legally described as CIC 1380, Unit 3201, The Carlyle, Hennepin County, MN.

Dated:_____                    _____

                                                     Judge of Bankruptcy Court

## **VERIFICATION**

Debtor herein, having reviewed the attached document , declare under penalty of perjury that he knows the information contained herein to be true and correct to the best of his knowledge.


Dated: 9/22/15

PAUL HANSMEIER

STATE OF MINNESOTA                                )
                                ) SS                                              Case No.: 15-42460
COUNTY OF RAMSEY                                )


Barbara J. May, being duly sworn upon oath, says that on the 22d day of September, 2015, she served via US Mail,

the Motion to Avoid Judgment Lien, Memorandum and Order upon:


GREGORY BURRELL
100 S 5TH ST
SUITE 480
MINNEAPOLIS, MINNESOTA 55402

United States Trustee
300 S 4th St #1015
 Minneapolis, MN 55415

Edward Sheu
225 South 6th St #4000
Minneapolis, MN 55402

SANDIPAN CHOWDHURY
C/O BOOTH SWEET
32R ESSEX SUITE, STUDIO 1A
CAMBRIDGE, MA  02139

PAUL GODFREAD
ALAN COOPER
6043 HUDSON ROAD SUITE 305
WOODBURY, MN  55125


 /e/ Barbara J. May


Barbara J. May