UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------
In re:                                                                          Case No.: 15-42460

    *Paul Hansmeier*,
                                                                                Chapter 13 Case
          Debtor.
------------------------------

**NOTICE OF HEARING AND MOTION OBJECTING TO CONFIRMATION
OF CHAPTER 13 PLAN**

TO:  All parties in interest pursuant to Local Rule 9013-3.

    1.    Gregory A. Burrell, chapter 13 trustee, moves the court for the relief requested below and gives notice of hearing.

    2.    The court will hold a hearing on this motion at 10:30 a.m. on November 19, 2015, in Courtroom No. 8 West, United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota.

    3.    Any response to this motion must be filed and delivered not later than 10:30 a.m. on November 18, 2015, which is 24 hours (1 business day) before the time set for the hearing, or filed and served by mail not later than November 16, 2015, which is three business days before the time set for the hearing.  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.    This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this chapter 13 case was filed on August 22, 2014.  The case is now pending in this court.

    5.    This motion arises under 11 U.S.C. §§ 1307, 1322 and 1325 and Bankruptcy Rule 3015.  This motion is filed under Bankruptcy Rule 9014 and Local Rules 9006-1, 9013-1 through 9013-5, and such other Local Rules as may pertain.  The trustee requests relief with respect to denial of confirmation of the debtor's proposed chapter 13 plan.

    6.    The plan, as modified, calls for the debtor to make payments to the trustee of $2,690.00 per month for 60 months for a total of $161,400.00. The plan also provides that the debtor will pay tax refunds in excess of $2,000 per year into the plan.  Finally, the plan provides that "All approved claims shall be paid in full" with interest at the federal judgment rate, which was 0.26% as of the date of filing.

7.      The plan calls for the plan funds, net of the Trustee's estimated fee, to be disbursed first in payment of priority tax claims owed to the Internal Revenue Service, estimated at $10,000.00; second in payment of priority tax claims owed to the Illinois Department of Revenue, estimated at $800.00 and the balance, in the approximate amount of $134,460.00, in partial payment of the debtor's non-priority unsecured creditors who have filed timely proofs of claim totaling $1,893,979.31 according to the court's claims register.[1]  Thus, the dividend to this class of creditors is projected to be approximately 8.6%.

8.      The plan does not provide for the submission of sufficient future income as is necessary for the execution of the plan, contrary to 11 U.S.C. § 1322(a)(1).

9.      On November 11, 2015, counsel for the debtor provided notice that a purchase agreement had been executed to sell the debtor's homestead in 30 days for $1,200,000.00.

10.     On the debtor's Schedules, the homestead is valued at $885,000.00 subject to a mortgage in favor of TCF Mortgage Corp. in the amount of $598,958.22.[2]  On the debtor's Schedule C, he claims an exemption in the amount of $287,147.40 under Minn. Stat. 510.01, 510.02.  According to the debtor's motion to avoid a judgment lien, there is a judgment lien in the amount of $64,180.80.  Assuming that the real estate agents are allowed a commission of 6%, the commissions would appear to be approximately $72,000.00.

11.     At a sale price of $1,200,000.00 subject to the mortgage, judgment lien, debtor's claimed exemption, and broker's commissions, the non-exempt net proceeds would total $177,713.58.[3]  While the non-filing spouse would be entitled to half of the non-exempt equity, that still leaves $88,856.79.

12.     The trustee contends that the sale of the homestead is subject to the requirements of 11 U.S.C. § 363 as a sale of property of the estate and the trustee objects that the plan should include a provision providing that the debtor's share of the non-exempt net proceeds be paid into the estate for distribution to the debtor's general unsecured creditors and toward satisfaction of any issues under 11 U.S.C. §§ 1325(a)(4) and 1325(b).

13.     The trustee further contends that the debtor originally agreed to include 100% language and the interest provision because of both significant non-exempt assets and also because of significant disposable income in excess of the debtor's proposed monthly plan

---

[1] The actual amount of unsecured claims appears to be $1,215,113.34 because claims 9 and 10 appear to be duplicates in that both plaintiffs in a single cause of action appear to have filed proofs of claim for the full amount of their judgment.  The amount of filed claims raises a question regarding the debtor's eligibility to be a chapter 13 debtor under 11 U.S.C. § 109(e), which states that only those individuals with regular income whose noncontingent, liquidated unsecured debts total $383,175 or less are eligible for relief under chapter 13.  The trustee has reviewed the proofs of claim and has determined that the majority of the claims appear to have been contingent or unliquidated, or both, on the date of filing of the petition that commenced this case.  For this reason, the trustee is not raising the issue of eligibility at this time.

[2] The debtor's Schedules state a mortgage balance of $597,825.60, but the proof of claim filed by TCF National Bank states a claim as of the date of the petition of $598,958.22.

[3] The debtor could amend his Schedule C to claim the maximum statutory homestead exemption of $390,000.00. This would reduce the non-exempt net proceeds to $75,993.60.00.

payment, which in turn triggered concerns about whether the proposed plan payment would satisfy the liquidation analysis of § 1325(a)(4) and the best efforts analysis of § 1325(b).

14. The following property was not claimed exempt on the debtor's Schedule C, on file herein:

| | |
|---|---|
| Homestead | $ 89,423.10[4] |
| Checking Account at Stonebridge | $      100.00 |
| Capital One | $   2,400.00 |
| Business Accounts | $ 19,400.00 |
| One half interest in Supersedeas Bond | $ 118,791.00 |
| Self-Settled Truste Monyet | $   8,554.00 |
| Accounts Receivable | $ 72,000.00 |
| TOTAL | $ 310,668.10 |

15. The debtor's Schedule J lists a mortgage expense of $4,359.00 and homeowners association fees of $900.00, for total monthly housing expenses of $5,259.00. The IRS standards for a household of four in Hennepin County are $599.00 for non-mortgage expenses and $1,778.00 for mortgage expenses, or a total or $2,377.00 per month. The debtor's Schedule J shows housing expenses that exceed the IRS standards by $2,882.00. The trustee objects that the schedules should be amended to limit the expense for replacement housing at its actual expense,[5] but no more than the IRS Standard to satisfy the requirement of 11 U.S.C. § 1325(b) if the debtor is no longer able to pay all allowed claims.

16. If necessary, the debtor or an employee of the trustee may be called to testify at the hearing on the motion.

WHEREFORE, the trustee moves the court for an order denying confirmation of the debtor's proposed chapter 13 plan, and such other relief as may be just and equitable.

Gregory A. Burrell, Chapter 13 Trustee

Dated: November 12, 2015        Signed: /e/ Karl J. Johnson
Karl J. Johnson, ID # 391211
Margaret H. Culp, ID # 180609
Counsel for Chapter 13 Trustee
100 South Fifth Street, Ste. 480
Minneapolis, MN 55402
(612) 338-7591

---

[4] The debtor's schedules do not show nonexempt equity in the homestead. This number is based on the signed purchase agreement for a sale at a price of $1,200,000.00.
[5] On information and belief, the debtor is currently living at 3749 Sunbury Alcove, Woodbury, MN 55125 and paying $1,950.00 per month under a six month lease.

## VERIFICATION

I, Karl J. Johnson, employed by the chapter 13 trustee, the movant named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on: November 12, 2015        Signed: /e/ Karl J. Johnson

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------

In re:                                                    Case No.: 15-42460

    *Paul Hansmeier*,
                                                          Chapter 13 Case
        Debtor.

------------------------------

**MEMORANDUM IN SUPPORT OF OBJECTION TO CONFIRMATION**

FACTS

The trustee relies upon the facts set forth in his verified motion which, for the sake of brevity, will not be repeated here.

LEGAL DISCUSSION

**A.     UNDERFUNDING**

One of the fundamental requirements for confirmation of a chapter 13 plan is found in 11 U.S.C. § 1322(a)(1), which states that a plan shall "provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan." *11 U.S.C. § 1322(a)(1)*. Essentially, this statute requires the debtor to propose a plan that is fully funded, in the sense that the debtor commits to making sufficient payments to pay all the amounts required to be paid to creditors under the proposed plan.

Here, the debtor has committed to paying all allowed claims and the plan provides for payments totaling only $161,400.00 to the trustee, yet the allowed claims provided for in the plan total well in excess of that number. The plan is under-funded and therefore unconfirmable.

**B.     The plan should include a provision that the sale of the debtor's homestead should be executed through a motion under 11 U.S.C. § 363**

Section 363(b) of the Bankruptcy Code states that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate" subject to limitations and requirements. Section 1302 states that "Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title." In this case, the debtor's counsel has provided notice that the debtor has executed a purchase agreement to sell his homestead for an amount that will yield significant non-exempt equity. The trustee objects that the debtor is attempting to sell property of the estate and contends that any sale must be

conducted with notice and a hearing pursuant to the requirements of 11 U.S.C. § 363. The trustee further contends that the plan should be modified to include a provision that any sale of the debtor's homestead is to be conducted through a motion under § 363 with the net proceeds to be contributed to the plan to the extent necessary to satisfy the best interests of creditors test of 11 U.S.C. § 1325(a)(4) and the disposable income test of 11 U.S. C. § 1325(b).

**C.    Best Efforts Under 11 U.S.C. § 1325(b)**

11 U.S.C. § 1325(b)(1) states:

If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan –
> (A)  the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> (B)  the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan. *11 U.S.C. § 1325(b)(1).*

In the case of *Coop v. Frederickson,* 545 F.3d 652 (8th Cir. 2008), the Eighth Circuit Court of Appeals embraced a "forward-looking" approach to the determination of "projected disposable income," which takes into account the debtor's current situation, as well as the outcome of the mechanically-applied "means test":

> Accordingly, we adopt the view shared by many bankruptcy courts that a debtor's "disposable income" calculation on Form 22C is a starting point for determining the debtor's "projected disposable income," but that the final calculation can take into consideration changes that have occurred in the debtor's financial circumstances as well as the debtor's actual income and expenses as reported on Schedules I and J. . . .
> This approach realistically determines how much a debtor can afford to pay his creditors and maximizes the amount the debtor must pay to his unsecured creditors.  As aptly noted by the [*In re*] *Kibbe* [361 B.R. 302 (B.A.P. 1st Cir. 2007)] court, "the object is not to select the right form, but to reach a reality based determination of a debtor's capabilities to repay creditors." *Kibbe,* 361 B.R. at 315.
> 545 F.3d 659 – 660 (internal citations omitted).

Consistent with the case law, the trustee considers the IRS standards to be a good starting point for determining the reasonableness of household expenses. *See, for example, In re Roppo*, 442 B.R. 888, 895 (Bankr. N. D. Ill. 2010) ("It is helpful to compare the Debtor's amended Schedule J expense line items (UST Ex. No. 2; Debtor Ex. No. 3) with the relevant National and Local Standards used in the means test because those standards establish some bench marks to determine whether the Debtor's budget is excessive."); *In re Nunna*, 2014 WL 1925833 *7

(Bankr. M. D. Fla. May 13, 2014) ("It is helpful to compare Debtors' amended Schedule J expense line items (Doc. 55) with the relevant IRS National and Local Standards used in the means test because those standards establish bench marks to determine whether Debtors' budget is excessive."). Clearly Congress thinks that the IRS standards are appropriate, since 11 U.S.C. § 707(b)(2)(A)(ii)(I) specifically relies on the IRS standards. In this case, the debtor's Schedule J budgets an amount that is more than double the IRS standard for housing expenses.

To try to satisfy 11 U.S.C. § 1325(a)(4), the debtor had included language in the plan committing to pay all allowed claims in full with interest in an attempt to meet the alternative requirement of paying unsecured creditors in full, but the plan does not provide for the submission of sufficient income to execute that provision of the plan. However, it is not clear that the debtor will still be able to pay all allowed now that there are timely filed proofs of claim totaling $1,557,659.59. If the plan is modified to remove the 100% language, then the trustee objects that the debtor's housing expense on Schedule J should be reduced to an actual amount that is within the IRS standards for replacement housing and the monthly plan payment increased accordingly.

## CONCLUSION

For the reasons stated herein, confirmation should be denied.

Respectfully submitted:

Dated: November 12, 2015

Signed: /e/ Karl J. Johnson
Karl J. Johnson, ID # 391211
Margaret H. Culp, ID # 180609
Counsel for Chapter 13 Trustee
100 South Fifth Street, Ste. 480
Minneapolis, MN 55402
(612) 338-7591

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------

In re:   Case No.: 15-42460

*Paul Hansmeier*,

Chapter 13 Case

Debtor.

------------------------------

### UNSWORN DECLARATION FOR PROOF OF SERVICE

I, Karl J. Johnson, employed by Gregory A. Burrell, Chapter 13 Trustee, declare that on November 12, 2015, I served Notice of Hearing and Motion Objecting to Confirmation of Chapter 13 Plan, Memorandum in Support of Objection to Confirmation, and proposed Order on all filing users and others who have consented to electronic service in this case, by electronic mail, as disclosed on the Notice of Electronic Filing herein, and on the individual(s) listed below, in the manner described:

**By first class U.S. mail, postage prepaid:**

Paul Hansmeier
100 Third Avenue South, Ste. 3201
Minneapolis, MN 55540

Paul Hansmeier
3749 Sunbury Alcove
Woodbury, MN 55125

Edward P. Sheu
Best & Flanagan LLP
225 South Sixth Street, Suite 4000
Minneapolis, MN 55402

Cynthia L. Hegarty
Best & Flanagan LLP
225 South Sixth Street, Suite 4000
Minneapolis, MN 55402

Paul Godfread
Godfread Law Firm, PC
6043 Hudson Road, Suite 305
Woodbury, MN 55125

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: November 12, 2015                        /e/ Karl J. Johnson

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------

In re:                                          Case No.: 15-42460

    *Paul Hansmeier*,
                                                                         Chapter 13 Case
           Debtor.

------------------------------

**ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN**

      This case is before the court on the trustee's objection to confirmation of the debtor's chapter 13 plan.

      Based on the motion and the file:

      IT IS ORDERED:

            Confirmation of the debtor's chapter 13 plan is denied.

_____
Kathleen H. Sanberg
United States Bankruptcy Judge