IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

**IN THE MATTER OF:**

**PAUL HANSMEIER**               **CHAPTER 13 CASE NO. 15-42460**

**DEBTORS**

_____

**NOTICE OF HEARING AND MOTION ON OBJECTION TO
PROOF OF CLAIM FILED BY ALAN COOPER**

To:  The Chapter 13 Trustee, The U.S. Trustee, and the other entities specified in Local Rule 9013-3.

   1.    The Debtor moves the court for the relief requested below and give notice of hearing.

   2.    The court will hold a hearing on this motion at 11:30 AM on December 17, 2015, before The Honorable Kathleen H. Sanberg, United States Bankruptcy Court, Courtroom 8 West, 300 S. 4th Street, Mpls, MN  55415.

   3.    Any response to this Motion must be filed and delivered not later than December 10, 2015 which is five days before the date set for the hearing.

   4.    This court has jurisdiction over this Motion pursuant to 28 U.S.C. Section 157, and Section 1334, Bankruptcy Rule 5005.  This proceeding is a core proceeding.  The petition commencing this Chapter 13 case was filed on July 13, 2015.

   5.   This Motion arises under 11 U.S.C. Section 1329, and Bankruptcy Rule 3007.  This Motion is filed under Bankruptcy Rule 9014 and Local Rules 9001 et seq.

   6.   Alan Cooper filed a claim in the amount of $255,000.00 as claim number 11-1.  The claim purports to be a judgment against Debtor.

   7.   Alan Cooper does not have a judgment against debtor.  His claim attaches no evidence of any judgment in his favor against debtor.

   8    .Claimant served a lawsuit venued in Hennepin County District Court in January, 2013, which was later filed with the court and assigned Case No. 27-CV-13-3463 captioned  <u>Alan Cooper vs John Lawrence Steele, Prenda Law Inc, AF Holdings LLC, and Ingenuity 13 LLC.</u>  Debtor was never designated as a party, served with process, or alleged to have committed any wrongdoing, or otherwise joined in the case.  Claimant has pursued corporate veil piercing claims against other individuals, but did not do so with respect to Debtor.

   9    The case has now been closed for four months.  No judgment was ever entered against debtor.  No appeal was taken from the judgment on the merits

   9    Claimant has failed to establish any claim against Debtor.

  10. The debtor therefore objects to the filing of the said Proofs of Claim.

  **WHEREFORE,** the debtor prays of the Court as follows:

  A. That the Court disallow claim 11-1.
  B. That the debtor have such other and further relief as the Court may deem just and proper.


  This the 17th day of November, 2015.


/e/ Barbara J. May
Attorney At Law
Barbara J. May
2780 N. Snelling #102
Roseville, MN  55113
651-486-8887
Attorney Reg 129689

## VERIFICATION

Debtor herein, having reviewed the attached document, declare under penalty of perjury that he knows the information contained herein to be true and correct to the best of his knowledge.

Dated: 11/15/15

PAUL HANSMEIER

**CERTIFICATE OF SERVICE**

      Attorney, hereby certifies to the Court as follows, under penalty of perjury, that she has this day served a copy of the foregoing **NOTICE OF HEARING and MOTION on claim objection** on all parties in interest by electronic notification as follows:

U.S. Trustee
1015 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Gregory Burell
310 Plymouth Building
12 South 6th Street
Minneapolis, MN 55415


Alan Cooper                        Also by US Mail
c/o Booth Sweet LLP
32R Essex Street
Cambridge, MA  02139



Dated this the 17th day of November, 2015


/e/ Barbara J. May
Attorney for Debtors

_____
**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

**IN THE MATTER OF:**

**PAUL HANSMEIER**

                      **CHAPTER 13 CASE NO. 15-42460**

**DEBTORS**

_____

      In Minneapolis, Minnesota on December 17, 2015

      This matter came before the undersigned Judge of the United States Bankruptcy Court for the District of Minnesota, pursuant to the objection to the claims 9-1 and 10 of Paul Godfread and Alan Cooper; and all appearances being noted on the record, this court now makes the following ORDER:

    1    The Debtor's motion is granted,

    2    Claim 11-1 is disallowed.


      IT IS THEREFORE SO ORDERED.


Dated:_____                              _____
                                                  The Honorable Kathleen H. Sanberg
                                                  Judge of Bankruptcy Court