# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Chapter 13 |
| Paul Robert Hansmeier, | Bankruptcy No. 15-42460 |
| Debtor. | |

### DEBTOR'S RESPONSE TO U.S. TRUSTEE'S MOTION
### TO CONVERT CASE TO CHAPTER 7

COMES NOW, Paul Robert Hansmeier, by and through his attorney Barbara J. May, Esq., and in response to the U.S Trustee's Motion to Convert Case to Chapter 7, states as follows:

1. The debtor is an attorney. Contrary to the U.S. Trustee's allegations, he has no interest in Prenda Law, Inc.

2. In 2010, the debtor did settle a trust, the Mill Trust, an irrevocable spendthrift trust for the benefit of the debtor's family. Debtor disclosed that he had formed a trust under Statement of Financial Affairs 10 as "Debtor created a trust for wife and kids in early 2010 named Monyet LLC. Trust now has $8554.00"

3. The court actions referenced by the U.S. Trustee in ¶9 of his motion will: (1) be paid under the debtor's plan; (2) be paid by a supercedeas bond posted by the debtor if upheld on appeal; (3) be overturned on appeal; or (4) be adjudged invalid upon determination of the debtor's pending objection to the claim.

   a. <u>Judgment in favor of John Doe for $81,319.72.</u> This claim is on appeal,

and it is secured by the bond posted on that appeal listed on the Debtor's amended schedule D.

b. <u>Judgment for $64,180.80 in favor of Sandipan Chowdhury</u>. This claim is on appeal, and it is secured by a judgment lien on the nonhomestead portion of the debtor's homestead. The Plan purposes to satisfy this claim out of the proceeds of sale of the homestead.

c. <u>Fourth Judicial District Judgment in the sum of $63,386.52</u>. No claim has been made for this indebtedness.

d.-f. These claims are all listed on the debtor's amended schedule F, and all are to be paid for under the plan.

g. <u>Judgment for $72,367.05 in favor of Anthony Smith</u>. This judgment is on appeal and is fully secured by supersedeas bond. If the appeal is successful, there is no debt, and the plan provides that any bond contributed by the debtor is to be surrendered to the Trustee as additional payment into the plan. If the appeal is unsuccessful the claim will be paid in full by the bond.[1]

h. <u>Claims 9-1 and 10-1 by Paul Godfread and Alan Cooper, respectively.</u> These claims have been objected to by the debtor, and hearing is scheduled on that objection for December 17. Attached hereto as Exhibit "A" and

---

[1] The UST also lists in the subparagraph judgment in favor of AT&T and Comcast. There are no such claims filed herein. These amounts have been paid in full.

       incorporated herein by reference is the decision of the Hon. John W. Darrah, Judge of the District Court for the Eastern District of Illinois, in *Prenda Law, Inc. v. Godfread*, No. 13-cv-1569, dated April 9, 2015, refusing to impose liability on the debtor for the claims of Godfread and Cooper.

4. The Debtor has proposed a plan that will pay all of his unsecured creditors 100% with interest. The U.S. Trustee claims (Motion, p. 8, par. 15), that unsecured claims total $1.5 million. However, the bulk of this amount ($1,357,731.94) is subject to disallowance when the objection is heard on December 17. In addition, the UST includes in this sum the $81,319.72. This is the John Doe judgment, which is secured by an appeal bond. The debtor's plan proposes to pay 100% of the debt.

4. The debtor seeks approval the sale of the condominium to fund his chapter 13 plan with the proceeds.

5. Timely filed approved unsecured claims total $62,770.76. The proposed Chapter 13 plan provides for more than a 100% payout ($77,868.00) to the unsecured claimants.

6. The debtor's plan is proposed in good faith in an effort to fully pay the valid claims against him.

WHEREFORE, the debtor asks that the U.S. Trustee's Motion to Convert Case to Chapter 7 be denied.

Dated: November 27, 2015
      /s/ Barbara J. May
Barbara J. May
2780 Snelling Avenue North
Roseville, MN 55113
(651) 486-8887
*Attorney for Debtor*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRENDA LAW INC. and<br>PAUL DUFFY,<br><br>        Plaintiffs,<br>  v.<br><br>PAUL GODFREAD, ALAN COOPER,<br>and JOHN DOES 1-10,<br><br>        Defendants.<br>_____<br><br>PAUL GODFREAD and<br>ALAN COOPER,<br><br>        Counterclaimants,<br>  v.<br><br>PRENDA LAW INC. and<br>PAUL DUFFY,<br><br>        Counterdefendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 13-cv-1569<br>)<br>)  Judge John W. Darrah<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Counterclaimants Alan Cooper and Paul Godfread have moved to impose any liabilities of Counterdefendant Prenda Law, Inc. for monetary sanctions and/or potential conspiracy and anti-SLAPP counterclaims jointly and severally upon Counterdefendant Paul Duffy and non-parties, John Steele and Paul Hansmeier. For the reasons stated below, Counterclaimants' Motion to Impose Liabilities [66] is denied.

## STATEMENT

Counterclaimants seek to impose joint and several liabilities against two non-parties, Hansmeier and Steele. "'It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" *Taylor v. Sturgell*, 553 U.S. 880, 884 (2008) (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)). "The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). John Steele and Paul Hansmeier have not been designated parties to the present litigation, nor have they been made parties by service of

process. As such, this Court has not gained jurisdiction over Steele and Hansmeier. Further, if Hansmeier and Steele were made parties, it would destroy diversity jurisdiction, as Counterclaimiants and Hansmeier are citizens of Minnesota. Claims cannot be "asserted against nondiverse parties when jurisdiction was based on diversity." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978)).

Counterclaimants also seek to impose joint and several liability on Paul Duffy. Duffy was previously found to be jointly and severally liable for the imposed monetary sanctions in this Court's January 22, 2015 order in the related case 13-cv-4341. Liability for future monetary sanctions will be considered if further sanctions are required. As to imposing liability for conspiracy and anti-SLAPP counterclaims, it is unnecessary at this time. Duffy and Prenda's liabilities for any conspiracy and anti-SLAPP counterclaims will be determined, if necessary, after judgment is entered on those counterclaims.

Therefore, Counterclaimants' Motion to Impose Liabilities [66] is denied.

Date: _____April 9, 2015_____    _____
                                      JOHN W. DARRAH
                                      United States District Court Judge

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re: | **Chapter 13** |
| **Paul Robert Hansmeier,** | **Bankruptcy No. 15-42460** |
| **Debtor.** | |

## MEMORANDUM OF LAW

The debtor, Paul Hansmeier, has filed a chapter 13 plan proposing to pay his creditors in full, with an interest premium to his unsecured creditors. The U.S. Trustee moves to convert this case "for cause" to a case under chapter 7 of the Bankruptcy Code. The UST bases his motion on the contention that the debtor's plan is not in fact a 100% plan. As set forth in the debtor's response to this motion, the UST has miscalculated the unsecured debt and essentially asks this court to rule in advance without taking evidence on the objections to claims scheduled to be heard on December 17.

## ARGUMENT

The Trustee asserts that cause exists to convert this case under 11 U.S.C. §1307(c) because the debtor has filed his Chapter 13 petition in bad faith. The U.S. Trustee asserts that the debtor has filed this petition in order to delay creditors. In fact, however, the plan promises prompt payment to all the approved claims. The Trustee asserts that there are unsecured claims in excess of $1.5 million. However, this assertion is dependent on this Court's denying the debtor's objections to claims. The debtor was not a defendant in any

of the lawsuits underlying those objected-to claims.[1] The debtor is entitled to a hearing on these objections.[2] In fact, the approved unsecured claims are to be fully paid, with interest, under this plan.

The test applied to determine whether the petition (and plan) are proposed in good faith is whether the debtor has acted in good faith under the totality of the circumstances. [*In re Thompson*, No. 10-6018 (8th Cir. BAP 09-16-2010)\]:

> The term "good faith" is not defined in the Bankruptcy Code or its legislative history. *LeMaire*, 898 F.2d at 1348. Prior to the enactment of a new section 1325(b) as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353 (1984), the Eighth Circuit provided a non-exclusive list of several factors to consider when determining whether the totality of the circumstances showed that good faith existed. *U.S. v. Estus (In re Estus)*, 695 F.2d 311, 316 (8th Cir. 1982). In *Educ. Assistance Corp. v. Zellner,* 827 F.2d 1222 (8th Cir. 1987), the Eighth Circuit considered the effect of the new section 1325(b)'s ability to pay test on the factors set forth in *Estus*. According to the Eighth Circuit, the criteria required by new section 1325(b) "subsumes most of the Estus factors." It explained that the court's "inquiry into whether the plan 'constitutes an abuse of the provisions, purpose or spirit of Chapter 13' has a more narrow focus. The bankruptcy court must look at factors such as whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code." *Zellner*, 827 F.2d at 1226-27 (quoting *Estus*, 695 F.2d at 316). In *LeMaire*, the Eighth

---

[1] In the John Doe claim for $81,319.72, the Court found that the debtor was not a party and that it lacked sufficient jurisdiction to impose Rule 11 sanctions on him. However, in the interest of imposing "Star Wars" justice, the court elected to refer the debtor to federal and state bars. It initially imposed a sanction of double attorney fees on the participants in the lawsuit, but then in its final decision, orders the debtor and other non-participants to pay the award. *Ingenuity III, LLC v. Doe*, No. 2:12-cv-8333-ODW(JCx) (C.D. Cal. 05-06-2013). This decision is on appeal and the award is fully secured by a supercedeas bond.

[2] As discussed *infra*, the Northern District of Illinois denied the motion of Godfread and Cooper to impose liability on the debtor for their claim.

> Circuit explained that "*Zellner* preserved the traditional 'totality of circumstances' approach with respect to *Estu*s factors not addressed by the [1984] legislative amendments." *LeMaire*, 898 F.2d at 1349.

The UST argues that this debtor engaged in bad faith conduct by: (1) filing misleading schedules; (2) proposing a misleading plan; and (3) an inference from pre-petition conduct that the petition is filed solely for the purpose of delaying creditors. [UST Mem. of Law, p. 2-3].

In making this argument, the UST ignores the relevant circumstances of this case– if the debtor's objections to claims are upheld, the plan pays all unsecured claims 100% with interest. Hearing on those objections is scheduled for December 17. The debtor's clear and legitimate purpose is to resolve these claims as expeditiously as possible. The debtor's desire for a fresh start, without litigation looming in his future, is a legitimate good faith reason for filing a chapter 13 petition. *In re Kaolin*, 308 F. 2d 885, 890 (8th Cir. 2002).

The debtor did not attempt to mislead anyone by his schedules or his plan. The Mill Trust, or the "Monyet Trust", an irrevocable trust which he settled years ago, was known to these creditors and was disclosed in his schedules. The Chapter 13 Trustee did not make further inquiry; the inquiry would be irrelevant because this is a 100% plan.

The United States Trustee claims the debtor's house is undervalued. The debtor valued his homestead based on an appraisal he had done. It was not undervalued, and, in any event, its value beyond funding the 100% plan is not material to this case. To be "misleading" and support an inference of bad faith, there must be a deception involved.

Mistakes in schedules that do not serve a deceptive purpose are irrelevant to the good faith inquiry. The debtor has proposed a 100% plan. Nothing in his schedules has misled the court or the creditors regarding this plan. His projected disposable income is irrelevant. Under §1325(b)(1), upon objection by an unsecured creditor, the plan must **either** distribute property at least as much as to the amount of the claim, **or** commit all of the debtor's projected disposable income over the applicable commitment period. This plan proposes to pay 100% + to the unsecured creditors.

The U.S. Trustee finally argues that the debtor's pre-petition conduct is so egregious as to require an inference of an intent to "thwart the collection efforts of various creditors." [Mem., p. 3]. To the contrary, the proposed plan will result in prompt payment of 100% of the approved unsecured creditors' claims. To reach the UST's conclusions, the court must conclude that the objections are meritless. The UST makes no such argument, except by innuendo from his recitation of generally egregious conduct. The debtor was not a party to the actions upon which these claims are based. The debtor is entitled to a hearing on the disputed claims to determine their merit or lack thereof. In reference to the Godfread and Cooper claims, the Northern District of Illinois denied their motion to impose liability on the debtor for those claims. *Prenda Law, Inc. v. Godfread*, No. 13-cv-1569, 04-09-2015).

Delay. The debtor's plan in fact promises prompt and full payment to the creditors in this case. In fact, it is the U.S. Trustee whose conduct threatens to delay payment. The debtor's homestead is scheduled to be sold on December 10. At that

point, the non exempt proceeds from the sale would be turned over to the Trustee, and debtor would fund the plan in full out of his exempt homestead proceeds. If the U.S.T's motion is granted and this case is converted to Chapter 7, the Chapter 13 Trustee may have to turn those proceeds over to the debtor instead of paying them out to the creditors. *Harris v. Viegelahn*, 135 S. Ct. 1829 (2015) [Chapter 13 trustee lacks the authority to distribute funds to creditors once the case is converted to Chapter7].

Plan Confirmation. The UST asserts that more funds from the homestead sale must be turned over to the Chapter 13 Trustee, based on his inclusion of the objected-to claims. Since that determination must await the December 17 hearing on the objection to those claims, this is not a basis for converting this case. The UST then asserts (Mem., p. 4) that this debtor's plan is submitted in bad faith.

The first factor in *Estes* [*In re Estes*, 695 F. 2d 311 (8th Cir. 1982)], the totality of the circumstances test is "the amount of the proposed payments and the amount of the debtor's surplus." A 100% plan satisfies the Bankruptcy Code's purpose of providing repayment to the creditors and a fresh start for the debtor. A plan that provides for prompt full payment of all approved claims cannot be in bad faith.

Best interests. The UST claims that the hypothetical creditors could receive more in a Chapter 7 proceeding if they received all of the non-exempt homestead proceeds[3] and

---

[3]The Trustee's calculation of available nonexempt homestead proceeds ignores the homestead interest of the debtor's spouse. At a $1.2 million sale price, about $517,000 would remain after paying the TCF mortgage. Any sale, whether by the debtor or by a trustee, would require costs of sale. The debtor is entitled to a $390,000 exemption,

if the Chapter 7 Trustee were to pursue alleged fraudulent transfers.  This, again, ignores the fact that this is a 100% plan.  The Chapter 7 Trustee is not entitled to pay creditors more than their approved claims.

<u>Payment in full</u>.  The UST states that the debtor does not have the ability to pay the claims in full.  Contrary to the UST's assertion (Mem., p. 6), all claims except the contested claims are fully provided for in this plan and will be fully paid with the homestead proceeds.

## **CONCLUSION**

The debtor's petition and his plan have been proposed in good faith, providing for the prompt payment in full of his creditors.  The U.S. Trustee's motion must be denied.

Dated: November 27, 2015

    /s/ Barbara J. May
Barbara J. May
2780 Snelling Avenue North
Roseville, MN 55113
(651) 486-8887
*Attorney for Debtor*

---

reducing the debtor's share of non-exempt proceeds to $20439.00.  Debtor proposes to fully fund this plan by invading his homestead proceeds.

| | | |
|---|---|---|
| STATE OF MINNESOTA | ) | |
| | ) SS | Case No.: 15-42460 |
| COUNTY OF RAMSEY | ) | |

Barbara J. May, being duly sworn upon oath, says that on the 27rd day of November, 2015, she served via

electronic notification, the Response and Memorandu, on

GREGORY BURRELL
100 S 5TH ST
SUITE 480
MINNEAPOLIS, MINNESOTA 55402

United States Trustee
300 S 4th St #1015
 Minneapolis, MN 55415

Edward Sheu
225 South 6th St #4000
Minneapolis, MN 55402

SANDIPAN CHOWDHURY
C/O BOOTH SWEET
32R ESSEX SUITE, STUDIO 1A
CAMBRIDGE, MA  02139

PAUL GODFREAD
ALAN COOPER
6043 HUDSON ROAD SUITE 305
WOODBURY, MN  55125

All parties in interest

                                                                        /e/ Barbara J. May

                                                                        Barbara J. May