UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

In re:

BKY 15-42460

*Paul Hansmeier,*

Chapter 13 Case

Debtor

**TRUSTEE'S RESPONSE TO EXPEDITED MOTION OF DEBTOR FOR APPROVAL OF SALE OF PROPERTY OF THE ESTATE**

TO:  All parties in interest pursuant to Local Rule 9013-3:

1. Gregory A. Burrell, chapter 13 trustee, makes the following response to the debtor's motion for approval of sale of property of the estate.

2. The court will hold a hearing on the motion on Thursday, December 3, 2015 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom8 West, United States Courthouse, 300 South 4th Street, Minneapolis, MN.

3. As of December 1, 2015 the debtor has paid a total of $10,760 to the trustee. The debtor is current in payments through the month of November 2015.

4. The debtor has, exclusive of the trustee, the rights and powers of a trustee under 11 U.S.C. §§ 363(b), (d), (e), (f), and (l), regarding the use, sale or lease of property of the estate. The proposed sale is not in the ordinary course of business of the debtor; the motion does request an order allowing the sale free and clear of liens; therefore, the provisions of 11 U.S.C. § 363(f) may apply.

5. According to Local Rule 9006-1(b), "moving documents shall be filed and served by delivery or by mail not later than fourteen days before the hearing date." The motion was served only via CM/ECF and regular mail on November 25, 2015, which is 8 days before the hearing date of November 24, 2015. Because November 26, 2015 is Thanksgiving Day, the filing is only 4 business days before the hearing date. Therefore, service was not timely for a non-expedited hearing.

6. Although the motion is titled and captioned as including a request for expedited relief under Local Rule 9006-1(e), the memorandum of law does not make any argument for expedited relief, other than to state that "The closing date of December 10, 2015, does not allow for the 21 days required for such a sale." Motion, ¶ 5. The motion does not, however, provide any assertions regarding whether the closing date could be rescheduled to allow timely service. Furthermore, the exhibits to the motion do not

include an "affidavit specifying the efforts made" to "provide all parties with the most expeditious service and notice possible," as required by the rule. In fact, the certificate of service specifically states that the debtor relied on first class mail for service to most creditors. It is up to the court to determine whether the service requirements have been satisfied, but service appears to be deficient. The trustee takes no position on whether expedited relief is justified.

7. The debtors provided a copy of the purchase agreement as an exhibit to the motion. The debtor did not provide a title report as an exhibit, so it is not clear whether there may be additional lien holders.

8. The trustee takes no position on whether the requirements of 11 U.S.C. § 363 apply or, if they do, whether they have been satisfied.

9. The debtor claimed an exemption in the amount of $287,147.40 on the debtor's Schedule C, on file and of record herein as Dkt. No. 1. In the debtor's motion to sell, he incorrectly stated the amount of the claimed exemption as $390,000.00. This is incorrect, but the debtor could amend his schedules to claim the higher amount.

10. The debtor has not filed an application to employ a professional to act as real estate agent. Such an application appears to be required by 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014, but it is not clear that the debtors have standing to hire professionals under 11 U.S.C. § 1303 and Fed. R. Bankr. P. 2014. Traditionally, the trustee has not insisted on strict compliance with Fed. R. Bankr. P. 2014 as long as the net proceeds of any sale were to be contributed to the chapter 13 plan. In this case, the debtor is not proposing to contribute all the net proceeds to the plan.

11. The trustee notes that the debtor conducted numerous pre-petition transactions that may prove to be fraudulent transfers. *See* motion to convert filed by the United States Trustee, Dkt. No. 32, ¶ 8. These transfers may have been used to fund the down payment and/or the monthly payments for the property. The United States Trustee ("UST") has filed a motion to convert this case to one under Chapter 7 of Title 11. If the motion is granted, the trustee suggests the order require that the total sale proceeds should be held in escrow pending the result of the UST's motion and, if granted, for a reasonable time thereafter to allow the Chapter 7 trustee to investigate the transfers. If the UST's motion to convert is denied and the debtor's motion to sell granted, the trustee suggests the order require that the debtor's interest in the net sale proceeds be paid to the trustee, subject to the debtor's allowed exemption.

12. The trustee assumes that the debtor has provided a copy of his proposed order approving the sale to any title examiner or title insurance company involved in the sale, and that the form of the order is acceptable and sufficient to pass title to the prospective purchaser, free and clear of the interests of the debtor and the bankruptcy estate.

13. The trustee defers to the business judgment of the debtors regarding the sale price of the property.

14. The trustee has reviewed the motion and its possible effects upon creditors and the debtor's chapter 13 plan. **The trustee prays that the court hold the hearing on this motion to address the issue of whether the sale proceeds should be held in escrow pending resolution of the UST's motion to convert and an investigation into pre-petition transfers made by the debtor.**

Gregory A. Burrell, Chapter 13 Trustee

Dated: December 1, 2015        /e/ Karl J. Johnson
Karl J. Johnson, ID #391211
Margaret H. Culp, ID # 180609
Counsel to Chapter 13 Trustee
100 South Fifth Street, Ste. 480
Minneapolis, MN  55402
(612) 338-7591

## VERIFICATION

I, Karl J. Johnson, employed by Gregory A. Burrell, Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Dated: December 1, 2015        /e/ Karl J. Johnson

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

In re:

BKY 15-42460

*Paul Hansmeier,*

Chapter 13 Case

Debtor

## UNSWORN DECLARATION FOR PROOF OF SERVICE

I, Dawn Kassa, employed by Gregory A. Burrell, Chapter 13 Trustee, declare that on December 1, 2015, I served Trustee's Response to Motion of Debtor for Approval of Sale of Property of the Estate on all filing users and others who have consented to electronic service in this case by electronic mail, as disclosed on the Notice of Electronic Filing herein, and the individual(s) listed below, in the manner described:

**By first class U.S. mail, postage prepaid:**
Paul Hansmeier
100 Third Avenue South, Ste. 3201
Minneapolis, MN 55540

Paul Hansmeier
3749 Sunbury Alcove
Woodbury, MN 55125

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: December 1, 2015                          /e/ Dawn Kassa