UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

                              Chapter 13

PAUL HANSMEIER

                              BKY 15-42460

       Debtor.

_____

UNITED STATES TRUSTEE'S OBJECTION TO
MOTION TO SELL FREE AND CLEAR
_____

       The United States Trustee, through his undersigned attorney, objects to the expedited and unverified motion by the debtor seeking authority to sell certain real estate consisting of a condominium unit in the Carlyle Building at 100 Third Ave. South, Minneapolis, MN. In support of his objections, the U.S. Trustee states as follows:

       1. This case was commenced by the filing of a voluntary petition under chapter 13 on July 13, 2015. The case is pending at this time. Gregory A. Burrell is the chapter 13 trustee.

       2. At the inception of the case, Paul Hansmeier (Debtor) filed a proposed chapter 13 plan. That plan drew objections from various creditors based, *inter alia*, on the fact that it was not proposed in good faith and did not provide for the payment of all disposable income to creditors. The Debtor modified the plan, and to date, it has not been confirmed by the court. That plan provides for payments to creditors over at minimum eight months, and up to sixty months.

       3. On November 11, 2015, the U.S. Trustee filed a motion to convert the case from chapter 13 to chapter 7. That motion is scheduled to be heard on December 3, 2015,

simultaneous to the Debtor's motion to approve the sale of the property. The basis for the U.S. Trustee's motion is, *inter alia*, a lack of good faith and an inability to confirm a chapter 13 plan.

## DISCIPLINARY ACTION AGAINST THE DEBTOR

4. The Debtor and his non-filing spouse are each licensed attorneys in the state of Minnesota. On October 28, 2015, the Minnesota Office of Lawyers Professional Responsibility filed a Petition for Disciplinary Action against the Debtor (Disciplinary Petition). A true and correct copy of that Disciplinary Petition is attached hereto. According to the Disciplinary Petition, over the last few years, the Debtor is alleged to have misrepresented to numerous persons his financial condition, as well as alleged to have misrepresented his ownership in various entities, including misrepresentations of ownership in certain law practices.

5. The Disciplinary Petition cites numerous factual findings by various federal and Minnesota courts that the Debtor has engaged in bad faith litigation, overt misrepresentations to the court and wrongful conduct. The result of Debtor's conduct was numerous sanctions by numerous courts. The specific instances of the Debtor's sanctions are set forth in the U.S. Trustee's motion to convert. See Doc. #23, pp.4-7, ¶9.

6. The Disciplinary Petition includes other findings of the Debtor's bad conduct. For example, this includes that "Hansmeier's actions may never be revealed because of his bad faith actions and evasive testimony in the face of potential consequences". Disciplinary Petition, pp 18-19, ¶46, citing district court decision of January 27, 2015.

7. The Disciplinary Petition also cites an August 17, 2015, Minnesota Court of Appeals opinion in which that court stated: " . . . Hansmeier abused the corporate-liability shield to avoid

paying sanctions in a bad-faith lawsuit for which he was responsible." Disciplinary Petition, p. 20, ¶56.

8. The Disciplinary Petition also cites the July 31, 2014, order of the U.S. Court of Appeals for the Seventh Circuit, affirming the district court, in which the circuit court held, *inter alia*, that the Debtor "willfully violated the sanctions order and made no effort to comply. The magnitude of harm was significant . . . particularly as the underlying case was baseless and a misuse of the courts". Disciplinary Petition, p.31, ¶84.

9. The Disciplinary Petition also cites the June 5, 2015, order of the state district court which found "in the years leading up to the judgment against him, Hansmeier had transferred nearly half a million dollars to a company called Monyet LLC, of which Hansmeier was the sole member, manager and signatory . . .". Disciplinary Petition, p.33, ¶89.

10. The Disciplinary Petition also cites the September 16, 2013, decision by U.S. Magistrate Judge Nandor Vadas that ". . . Hansmeier engaged in bad faith conduct, and perpetrated fraud upon the court." Disciplinary Petition, p.41, ¶126.

11. The Disciplinary Petition also cites instances where the debtor testified falsely. See, e.g. Disciplinary Petition, p.39, ¶118.

12. A full review of the Disciplinary Petition against the Debtor reveals numerous other findings of various courts going to Debtor's credibility, integrity before the courts, and trustworthiness.

13. It is important to note that while the Disciplinary Petition against the Debtor is not a final determination of Debtor's ability to practice law, the cases cited therein, and the findings by other courts as referred to in the Disciplinary Petition, are final findings against the Debtor.

14. The Disciplinary Petition also makes numerous references to a multitude of transfers made by the Debtor to various individuals and entities which appear to have been made for the purpose of evading creditors, and which may be avoidable by an independent trustee. A detailed list of those transfers are set forth in the U.S. Trustee's motion to convert. Doc. #23, p.3, ¶8.

## MOTION TO SELL

15. The debtor's motion to sell seeks relief beyond simple authority to close the sale transactions. Specifically, the motion has broad estimates of the proposed use of the sale proceeds, including payment of $71,620.90 on a judgment lien, $72,000 in realtor fees, $28,000 in closing costs, $390,000 to the debtor for his homestead exemption, and $20,439.55 to Debtor's non-filing spouse. In turn, the proposed order provides for the payment of these funds and further states "any proceeds remaining after payment of the above shall be divided equally between the Chapter 13 trustee and the debtor's non-filing spouse and shall be paid at closing". There are no facts in the record to support such relief.

16. On information and belief, the Debtor's homestead is not finally resolved insofar as he had been residing in Woodbury, Minnesota. Likewise, the closing costs are not certain, and there has been no realtor hired to represent the debtor in the sale of the property[1]. Also, there is no legal or factual basis for "splitting" any net proceeds between the chapter 13 trustee and the debtor's non-filing spouse. At best, resolution of these issues is now premature.

---

[1] Property of the estate cannot be used to pay such fees under the Supreme Court's ruling in Lamie v. U.S. Trustee, 124 S.Ct. 1023, (2004).

OTHER FACTS

17. Given the fact that the Debtor is facing substantial disciplinary actions by the Board of Professional Responsibility, it cannot be said that he will have the ability to make all plan payments going forward under the chapter 13 plan he proposed, particularly if his license to practice law is suspended or revoked.

18. A review of the claims register in this case shows that thirteen claims have been filed in this case totaling in excess of $2.49 million. Although the debtor has interposed objections to those claims, they have not been finally resolved by the court. The Debtor's objection to the U.S. Trustee's motion to convert the case to chapter 7 also purports to address these claims, but such allegations do not finally resolve the claims against the estate. Given that fact, it is far from certain that the proceeds from the sale of the Debtor's condominium will be sufficient to pay all creditors in full and, accordingly, further action before the court is necessary before the use of sale proceeds for the payment of claims can be determined as appropriate.

19. In the event that the sale of the Debtor's condominium does generate funds sufficient to repay creditors in full, under chapter 7, any remaining funds will be returned to the Debtor. See 11 U.S.C. §726(a)(6).

**OBJECTIONS**

20. The U.S. Trustee <u>does not</u> object to the expedited hearing on this motion. The U.S. Trustee likewise <u>does not</u> object to the approval of the sale to the buyer on the established timetable.

21. The U.S. Trustee <u>does</u> object to the sale motion insofar as it attempts to end-run the chapter 13 plan confirmation process and purports to provide a mechanism to pay creditors in

full. The assertion that the proposed sale, if approved, will somehow provide sufficient funds to resolve all claims is at best speculative. More likely, as shown by the disciplinary complaint, this is yet another attempt by the Debtor to misuse the courts for personal gain, taking funds he is not fully entitled to receive and diverting them for his own use at the expense of his creditors.

22. Specifically, the U.S. Trustee objects to any relief from the court that would allow the debtor access to any of the sale proceeds from the condominium at this time. As shown by the Disciplinary Proceeding and the cases cited therein, Mr. Hansmeier has a long and tortured history of lying, misrepresentation, and abuse of the courts for his personal gain. Any sale proceeds should be held by the chapter 13 trustee or the chapter 7 trustee, if the debtor's case is converted on the U.S. Trustee's motion. An independent trustee would assure that creditors who are entitled to be paid are in fact paid. The independent trustee would further assure that the Debtor or his non-filing spouse only receive the proceeds as their homestead exemption to the extent they are so entitled, and that the creditors who have claims which are now disputed, have them properly resolved and paid.

23. There are numerous other unresolved issues in this case that control the financial outcome for all involved. For example, it is unclear why the estate should bear the full costs of realtor commissions, when the debtor's exempt portion is being sold and he likewise benefits from the sale. Parties, including the Debtor and the chapter 13 or chapter 7 trustee, can and should go to the closing and convey good title to the buyer. Once closed, the sale proceeds should be held by an independent trustee until all remaining claims to the funds are methodically and thoughtfully resolved by the court.

24. The U.S. Trustee would agree that at closing of the sale, the underlying first mortgage on the property can and should be paid, as should typical closing costs such as deed recording fees and mortgage registration taxes. Other costs, including realtor fees, judgment liens, homestead exemption claims, etc., can be resolved at a later date after adequate notice to all parties in interest.

25. Based on the foregoing, the U.S. Trustee objects to the debtor's motion to sell the condominium, to the extent the motion provides for court determination of the entitlement to payment and a distribution of all the sale proceeds. Instead, the sale should be approved and closed with any liens or claims attaching to the sale proceeds and the proceeds held by a trustee for resolution at a later time.

26. Set for hearing simultaneous to the debtor's sale motion is the U.S. Trustee's motion to convert the case to one under chapter 7. The U.S. Trustee submits that given the debtor's history with the courts, the case should be converted to chapter 7 and the sale of the property should be consummated by the chapter 7 trustee.

WHEREFORE, the United States Trustee objects to the debtor's motion for approval of the sale of real property free and clear of liens. The U.S. Trustee submits that the Debtor's motion should be granted to the limited extent set forth above.

DANIEL M. McDERMOTT
United States Trustee
Region 12

Dated: December 2, 2015

By: ____e/Michael R. Fadlovich____
Michael R. Fadlovich
Trial Attorney #158410
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415

612/ 334-1356

## VERIFICATION

I, Michael R. Fadlovich, an attorney for the United States Trustee, do hereby certify that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: December 2, 2015

                                                                       s/Michael R. Fadlovich
                                                                        Michael R. Fadlovich

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

PAUL HANSMEIER

Debtor.

Chapter 13

BKY 15-42460

_____

ORDER
_____

This matter came before the court for hearing on the motion by the debtor seeking an expedited hearing and authority to sell certain real estate located at 100 Third Ave. S., Unit 3201, Minneapolis, MN 55401. Michael R. Fadlovich appeared for the U.S. Trustee. Other appearances were as noted in the record.

Based upon the pleadings, the arguments of counsel, the findings of the court on the record and all the files and records herein, it is hereby ORDERED:

1. The debtor's request for an expedited hearing is granted.

2. The debtor's motion to sell the property free and clear of liens is approved. The liens now existing against the property shall attach to the sale proceeds.

3. The proceeds from the sale of the property shall be used at closing only to satisfy the underlying first mortgage on the property, as well as other usual and customary closing costs such as deed recording fees paid to the county.

4. Insofar as this case was converted to a case under chapter 7 today by separate order, the chapter 7 trustee to be appointed by the U.S. Trustee is authorized to close on the sale of the property.

5. The balance of the sale proceeds shall be held by the chapter 7 trustee pending further order of the court.

_____
KATHLEEN H. SANBERG
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

In re:

        PAUL HANSMEIER

        Debtor.

Chapter 13

BKY 15-42460

      The undersigned hereby certifies under penalty of perjury that he is an employee in the Office of the United States Trustee for the District of Minnesota and is a person of such age and discretion as to be competent to serve papers.  That on December 2, 2015, he served a copy of the attached: United States Trustee's Objections to Expedited Motion to Sell Free and Clear of Liens, by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Minneapolis, Minnesota.

Addressees:

PAUL HANSMEIER
100 3RD AVE S
SUITE 3201
MPLS, MN 55401

Barbara J May
Barbara J May Attorney at Law
2780 Snelling Ave N
Ste 102
Roseville, MN 55113

Gregory A Burrell
100 South Fifth Street
Suite 480
Minneapolis, MN 55402

Edward Sheu
Best & Flanagan
225 S. Sixth Street
Suite 4000
Minneapolis, MN   55402

                        **By:**    **e/Michael Fadlovich**
                              Michael Fadlovich
                              U.S. Trustee's Office
                              300 South Fourth St., #1015

                                                Minneapolis, MN   55415
                                                (612) 334-1350