UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | Chapter 13 |
| PAUL HANSMEIER, | No. 15-42460 |
| Debtor. | |

---

**CREDITOR'S RESPONSE TO EXPEDITED MOTION OF DEBTOR FOR APPROVAL OF SALE OF PROPERTY OF THE ESTATE**

---

Booth Sweet LLP, an unsecured creditor of Debtor herein, objects to the expedited and unverified motion by the Debtor seeking authority to sell certain real estate consisting of a condominium unit in the Carlyle Building at 100 Third Ave. South, Minneapolis, MN. In support of its objections, Booth Sweet LLP states as follows:

1.  Booth Sweet LLP joins in the response of the Chapter 13 Trustee [Doc. 53] specifically with respect to objections to the timeliness of the Debtor's motion for approval of sale of property of the estate. Debtor had a signed purchase and sale agreement dated November 9, 2015, but waited more than two weeks before seeking relief for the sale from the Court. More so, the motion was filed shortly before the Thanksgiving holiday, and scheduled to be heard on December 3, 2015, giving insufficient time for creditors to properly respond. Given the short time provided to respond to the Debtor's motion, Booth Sweet LLP reserves all rights to respond to the motion.

2.  Booth Sweet LLP also joins in the response of the United States Trustee [Doc. 56] including with respect to objections that the motion is premature given the number of unresolved issues raised by prior pending motions, especially with regards to the proceeds from the sale being sufficient to settle all of Debtor's debts.

3.  Further, Booth Sweet LLP contends the Debtor's homestead is not finally resolved insofar as there is every indication the home was purchased and mortgage payments made with fraudulently obtained funds and done in an effort to shield said funds from creditors.

4.  By way of example, on August 30, 2013 Debtor's Alpha Law Firm was sanctioned and held jointly and severally liable for $63,367.52 in costs and attorney's fees in *Guava v. Merkel*. Three months earlier, in the wake of the *Merkel* show-cause order, Debtor wrote himself an $80,000 Alpha check—for his "mortgage"—looting assets Alpha that could have used to satisfy the sanctions

order.[1] *In re Curry*, 160 B.R. 813, 817-818 (Bankr. D. Minn. 1993) (denying exemption based upon extrinsic evidence that the debtor acted with actual intent to defraud creditors); *McCormick v. Security State Bank*, 822 F.2d 806 (8th Cir. 1987) (same); *In re Tveten*, 70 B.R. 529 (Bankr. D. Minn. 1987) (same); *In re Brown*, 427 B.R. 715 (Bankr. D. Minn. 2010) (same).

5.      Booth Sweet LLP objects to the sale insofar as it allows the Debtor access to any of the sale proceeds from the condominium at this time. If the sale is allowed, any proceeds should be held in escrow or a constructive trust for the benefit of all unsecured creditors. *See e.g., In re MJK Clearing, Inc.*, 286 B.R. 862, 880 (Bankr. D. Minn. 2002) (a court may impose a constructive trust when there is clear and convincing evidence that it is necessary to prevent unjust enrichment); *Fingerhut Corp. v. Suburban Nat'l Bank*, 460 N.W.2d 63, 65 (Minn. Ct. App. 1990) (home purchased with fraudulently obtained funds resulted in a constructive trust benefitting creditor).

WHEREFORE, Booth Sweet LLP objects to the Debtor's motion for approval of the sale of real property free and clear of liens. Booth Sweet LLP submits that the Debtor's motion should be granted to the limited extent set forth above.

Date: December 3, 2015                                    Respectfully submitted,

                                                          s/ Jason E. Sweet
                                                          Jason E. Sweet (BBO# 668596)
                                                          BOOTH SWEET LLP
                                                          32R Essex Street
                                                          Cambridge, MA 02139
                                                          Tel.: (617) 250-8619
                                                          Fax: (617) 250-8883
                                                          Email: jsweet@boothsweet.com

---

[1] "Hansmeier knew of the possibility of sanctions in this action, transferred Alpha's money away, and terminated Alpha to avoid paying the judgments in this action." *Guava v. Merkel*, No. 27-CV-12-20976, (Minn. 4th Judicial Dist. Jan. 20, 2015). The Minnesota Appeals Court affirmed, "[t]he record supports those findings, which clearly show that Hansmeier abused the corporate-liability shield to avoid paying sanctions in a bad-faith lawsuit for which he was responsible." *Hansmeier v. Merkel (In re Guava LLC)*, No. A15-0254, 2015 Minn. App. Unpub. LEXIS 826, *19 (Minn. App. Ct. Aug. 17, 2015).

## CERTIFICATE OF SERVICE

    I hereby certify that on December 3, 2015, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.