UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                             BKY 15-42460
Paul Robert Hansmeier,

          Debtor.                          Chapter 13

_____

**NOTICE OF HEARING AND
MOTION FOR STAY PENDING APPEAL**

_____

      Paul Hansmeier, Debtor, by his attorney Barbara J. May, for his Motion for Stay Pending Appeal ("Motion") states:

1.     The Court will hold a hearing on this motion on January 7, 2016 at 1:00 pm before Kathleen H. Sanberg, at United States Bankruptcy Court, Courtroom 8 West, 300 S. 4th Street, Minneapolis, MN  55415.

2.     The Court has jurisdiction over this motion pursuant to 28 U.S.C. §157 and 1334.  This proceeding is a core proceeding.   This Motion is filed pursuant to Federal Rule of Bankruptcy Procedure 8005. The petition commencing this Chapter 7 case was filed on July 13, 2015.

3.     Contemporaneous herewith, Debtor filed his Notice of Appeal to the Court's December 3, 2015 Order converting Debtor's Chapter 13 case to Chapter 7 pursuant to 11 U.S.C. §1307(c).

4.     The Order is appealable as a matter of right under 28 U.S.C. §158(a).

5.     The Order should be stayed to preserve the status quo pending appeal.

6.     Debtor is likely to prevail on the merits of the appeal for at least the following reasons: (I) the Court's Order infers bad faith from prior court proceedings in which Debtor was not a party; (ii) the Court's Order prejudges the Debtor's objections to claims, denying him a hearing; and (iii) the Order erroneously applies the law in converting the Debtor's case.

7.     Debtor will suffer irreparable harm if the Order is not stayed.  The Order results in conversion of Debtor's Chapter 13 bankruptcy and subjects his assets to distribution during the pendency of this appeal.  If the decision is reversed, Debtor will be unable to recover the assets to fund a Chapter 13 plan.  Moreover, without a stay, the Debtor and the Estate will incur unnecessary cost and expenses of Chapter 7 administration pending the appeal.

8.      There will be no prejudice to the U.S. Trustee or interested creditors by granting of a stay of the Order.

9.      The public interest of the orderly application of federal law will be served by a stay to allow appellate resolution of the Order.

10.     An emergency exists because unless a stay is granted Debtor will be prevented from protecting his rights pending the outcome of appeal.

11.     This Motion is supported by Brief filed simultaneously with this Motion and the pleadings referenced in the Brief that are a part of the record of this case, all of which are incorporated herein by reference as if fully set forth hereat.

WHEREFORE, Debtor respectfully requests that the Court promptly decide this and grant this Emergency Motion for Stay Pending Appeal, staying enforcement of the Court's Order of December 3, 2015.

Dated: December 16, 2015           By:   /s/ Barbara J. May

                                               Barbara J. May
                                               Atty. No. 129689
                                               2780 Snelling Avenue North
                                               Roseville, MN 55113
                                               (651) 486-8887
                                               *Attorney for Debtor*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:

Paul Robert Hansmeier,     BKY 15-42460

Debtor.     Chapter 13

---

**DEBTOR'S BRIEF IN SUPPORT OF MOTION
FOR STAY PENDING APPEAL**

---

## INTRODUCTION

The United States Trustee brought on a motion to convert this case from Chapter 13 to Chapter 7. The motion argued that the Debtor's prefiling behavior was egregious, leading to sanctions imposed on the debtor (a lawyer) and unsecured claims in excess of $1.5 million. The United States Trustee contended that the Debtor's Chapter 13 petition was filed in bad faith for the purpose of thwarting the efforts of creditors to collect on judgments against him. Against this contention, the Debtor argued that his proposed Chapter 13 plan, funded with the proceeds from the sale of his homestead, would pay his creditors 100% of their claims, with interest. This plan, he contends, is a good faith effort to pay his creditors.

By order entered December 3, 2015, the Bankruptcy Court converted this Chapter 13 case to a case under Chapter 7. The Order was based on a finding that the Chapter 13 petition was filed in bad faith with the purpose to thwart the collection efforts of the Debtor's creditors. This inference of bad faith, the Court reasoned, was supported by the Debtor's pattern and practice of dishonesty. The court rejected the Debtor's contention

that the petition was filed in good faith to satisfy his creditors with a 100% plan, reasoning that he would have to have over $2 million in claims declared invalid in order to accomplish that end. The Bankruptcy Court approved the Debtor's motion for the sale of the homestead, directing that the net proceeds be held by the Chapter 7 Trustee pending further order of the court.

## ARGUMENT

Rule 8005 of the Federal Rules of Bankruptcy Procedure provides that an appellant may move the Bankruptcy Court for stay of an appealed judgment order pending resolution of the appeal. A party seeking to stay pending appeal should be granted the stay if, on consideration of the following factors, a stay is warranted: (1) that the movant is likely to succeed on the merits; (2) that the movant will suffer irreparable harm unless the stay is granted; (3) that no substantial harm will come to the other interested parties; and (4) that the stay will not harm the public interest. *James River Flood Control Ass'n v. Watt,* 680 F. 2d 543, 544 (8th Cir. 1982); *In re Ross*, 223, B.R. 702, 703 (8th Cir. B.A.P. 1998). These factors should not be given equal weight or applied rigidly; they should be guidelines for an individualized judgment in the particular case. *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). The factors "must be viewed in light of the right of appeal and preservation of the status quo during the appeal." *In re Howley,* 38 B.R. 314, 315 (Bankr. D. Minn. 1984).

Likelihood of Success on the Merits. The Bankruptcy Court concluded that the Debtor's plan could only succeed if over $2 million in claims are invalid. In fact, the

debtor filed objections to three claims totaling $1,612,731.94. Hearing was set on those objections for December 17. If those objections had upheld, the Debtor's plan would pay 100% of his unsecured claims. The Bankruptcy Court denied the Debtor's request for a hearing on these objections, inferring from his prefiling conduct a pattern and practice of dishonesty.

The right to a hearing on objections to claims is part of the bankruptcy process. In the prior cases reviewed by the Bankruptcy Court, the Debtor and other persons were found to have engaged in unethical conduct which may lead to the Debtor's disbarment. His desire to try to resolve the multiplicity of claims in this situation is a legitimate good faith reason for filing this Chapter 13 petition. *In re Kaolin*, 308 F.2d 855, 890 (8th Cir. 2002).

Paul Godfread (Claim # 9-1) and Alan Cooper (Claim #10) filed identical claims for $678,865.97 each.. These claims result from a judgment obtained by them in the case of *Prenda Law, Inc. v. Duffy*, No. 13-cv-1569-JWD (N.D. Ill.). The claimants moved, in that case, to impose personal liability on the debtor for that judgment, and the Court denied that motion. Alan Cooper filed a claim (Claim #11-1) for $255,000.00, based on a Minnesota State Court judgment against persons and entities other than Debtor. *Cooper v. Steele, et al*, No. 27-cv-13-3463(Henn. County District Court). Debtor was never named as a party, served with process, or alleged to have engaged in any wrongdoing. Claimant sought to pierce the corporate veil with respect to other persons, but not with respect to the Debtor.

United States Trustee did not present any basis for overruling the Debtor's objections to these claims. The Debtor was, at the least, entitled to a hearing on these objections. Rule 3007 mandates that a notice of hearing issue when an objection to a claim is made. Rule 9014(d) requires that the objection not be decided without an evidentiary hearing if any disputed fact issues exist. The Bankruptcy Court had no legitimate basis for denying these objections without any hearing [*In re New Concept Housing, Inc.*, 951 F.2d 932, 936 (8th Cir. 1991)]:

> The court entered the order disallowing the Claim without first holding a hearing as required by Bankruptcy Rules 3007 and 9014. . . . . At the time the court entered its order, it had neither the factual nor the legal knowledge necessary to resolve the conflicting assertions contained in Trustee's Objections to the Claim and in Claimants' Response to Objections.

If these claims, totaling over $1.6 million are disallowed, the Debtor's plan is a 100% plan and this 100% plan cannot be in bad faith. The dual purposes of a bankruptcy filing– payment to the creditors and a fresh start for the Debtor are fulfilled.

The Bankruptcy Court relied on decisions in other cases to conclude that the Debtor is not deserving of a fresh start. He is subject to punishment in multiple forums. He faces disbarment proceedings. He has been sanctioned in several cases. The Bankruptcy Code does not have as one of its purposes punishment for prior conduct. While prefiling conduct is relevant to a determination of good faith, it cannot override the presentation of a plan that pays creditors in full.

Irreparable Harm. A Chapter 7 Trustee has already been appointed, with no

restrictions placed on his powers. If a stay is not granted, the appeal may be mooted, removing the Debtor's ability to complete a viable Chapter 13 plan. Furthermore, the Debtor and the Estate may incur additional costs, reducing the ultimate pay-out to creditors. See *Ibew Local 98 Pension Fund v. Best Buy Co.*, No. 11-429 (DWF/FLN) (D.Minn. 09-11-2014) [incurring the cost of discovery and motion practice pending appeal is irreparable harm, weighing in favor of a stay].

<u>Harm to the US Trustee or other interested parties.</u>  No substantial harm will be suffered by the US Trustee or any interested creditor if the stay is granted. Everyone has an interest in the orderly and prompt payment of claims. Since the chapter 13 plan provides the best possibility for such orderly and prompt payment, staying the proceeding will preserve assets and promote an earlier resolution of the case.

<u>Public Interest.</u>  The public interest will be best served by the orderly application of federal law. Accordingly, the public interest will be served by granting the stay in this case because the vindication of the Debtor's right to appeal requires that the proceedings be stayed to preserve the status quo.

## **CONCLUSION**

Defendant has shown a likelihood of success on the merits if the stay is granted and irreparable harm if the stay is denied. There are no other factors counter to issuance of a stay. Accordingly, this Court should grant Defendant's motion and stay on its order pending this appeal.

Dated: December 16, 2015               Respectfully Submitted,


                                       By:     /s/ Barbara J. May

                                       Barbara J. May
                                       Atty. No. 129689
                                       2780 Snelling Avenue North
                                       Roseville, MN 55113
                                       (651) 486-8887
                                       *Attorney for Debtor*

## VERIFICATION

Debtor herein, having reviewed the attached document, declares under penalty of perjury that he knows the information contained herein to be true and correct to the best of his knowledge.

Dated: 12/16/15

Paul Hansmeier

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                       BKY 15-42460
Paul Robert Hansmeier,

        Debtor.                              Chapter 13

**ORDER FOR STAY PENDING APPEAL**

In Minneapolis, MN

      This matter came before the court on the 7th day of January, 2016, on the motion of Debtor for stay pending appeal. All appearances were noted on the record. This court makes the following order:

1    Debtor's motion for Stay Pending Appeal is granted.

Dated:_____

                              _____
                              Judge of Bankruptcy Court.

| | | |
|---|---|---|
| STATE OF MINNESOTA | ) | |
| | ) SS | Case No.: 15-42460 |
| COUNTY OF RAMSEY | ) | |

Barbara J. May, being duly sworn upon oath, says that on the 16th day of December, 2015, she served via electronic notification, the Motion, Memorandum and proposed order for stay pending appeal on:

RANDY SEAVER
12400 PORTLAND AVE S
SUITE 132
BURNSVILLE, MN  55337

United States Trustee
300 S 4th St #1015
Minneapolis, MN 55415

All creditors demanding notice

   /e/ Barbara J. May

Barbara J. May