UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | Chapter 7 |
| PAUL HANSMEIER, | No. 15-42460 |
| Debtor. | |

---

**MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY TO ALLOW CIVIL LITIGATION TO PROCEED**

---

Paul Godfread and Alan Cooper (hereinafter "Movants"), by their undersigned attorney, move the Court under 11 U.S.C. § 362(d) for relief from the automatic stay and in support, state as follows:

### RELEVANT FACTS & PROCEDURAL HISTORY

*Prenda Law & Paul Duffy v. Godfread, et al.*, No. 13-cv-1569 & No. 13-cv-4341 (N.D. Ill. 2013)

1. Alan Cooper was caretaker of a property in Minnesota owned by John Steele from 2006 to 2012. Without Cooper's knowledge, Steele, Paul Hansmeier (hereinafter "the Debtor"), Paul Duffy, and their law firm Prenda Law falsely held him forth as an officer of Ingenuity 13 LLC and AF Holdings LLC, two of their shell-company plaintiffs, in court filings across the country. *See* Doc. 6-1, 6-2 p. 8, 13-cv-1569.[1] In November 2012, attorney Paul Godfread notified courts in Minnesota that his client Cooper had nothing to do with either shell company or their lawsuits. *See* Doc. 6-4, *id.* In January 2013 Cooper filed his own suit, through Godfread, alleging identity theft against Steele, Prenda, and the shell companies. *See* Doc. 6-6, *id.*

2. In February 2013, Steele, Hansmeier and Duffy retaliated. They colluded in three substantially identical state-court defamation lawsuits against Godfread and Cooper: two actions with Duffy and Prenda as plaintiffs, now removed and consolidated, (Doc. 26, 13-cv-4341) and a third action Steele filed in Florida but voluntarily dismissed upon removal. Doc. 5-7, 5-8 & 5-9, *id.*

3. The Debtor then sought to join his law firm Alpha Law LLC as a nominal plaintiff through a sham "amended complaint" to the Prenda action "in an attempt to destroy diversity." Doc.

---

[1] In this section of the memorandum only, citations to the record in either of the consolidated cases will be in the form "Doc. ___, 13-cv-1569" for docket entries in *Duffy v. Godfread*, and "Doc. ___, 13-cv-4341" for docket entries in *Prenda Law, Inc. v. Godfread*.

39, 60 pp. 1-7, *id. See also Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 704 (7th Cir. July 31, 2014) (calling "the Prenda/Alpha distinction illusory at best, fraudulent at worst").[2]

4. The Debtor, via email, also threatened to file a *fourth* lawsuit against Godfread in Minnesota on behalf of his "client" LiveWire Holdings LLC.[3] Doc. 11-8 pp. 3-4, 13-cv-1569.

5. On April 9, 2015, the matter was adjudicated in favor of the Movants pursuant to their anti-SLAPP (Strategic Lawsuit Against Public Participation) counter-claims. Doc. 81, No. 13-cv-1569.

6. That same day, the court also denied Movants' motion to hold the Debtor jointly and severally liable for any judgment. However, it did so *without prejudice* stating "[a]s to imposing liability for conspiracy and anti-SLAPP counterclaims, it is unnecessary at this time." Doc. 69, *id.*

7. On August 20, 2015, the court granted Movants an award of attorneys fees, costs and punitive damages. In that order the court adopted the findings of fact made by the court in *Ingenuity 13 LLC v. Doe*, No. 12-cv-8333, 2013 U.S. Dist. LEXIS 64564, *5-9 (C.D. Cal. May 6, 2013), including that the Debtor is a "principal[] of Prenda Law." Doc. 92 p.8, No. 13-cv-1569.

8. On October 14, 2015, the court issued a show cause order. A hearing is set for January 26, 2016 to determine in part the extent of Debtor's liability.

9. The Debtor is precluded from relitigating his ownership and control of Prenda or his liability for its acts. *AF Holdings LLC v. Navasca,* No. 12-cv-02396, 2013 U.S. Dist. LEXIS 149156, *19 (N.D. Cal. Sept. 16, 2013) ("Issue preclusion bars AF, Steele and Hansmeier from re-litigating the findings of fact Judge Wright made in *Ingenuity 13* regarding their alter ego relationship, their conduct, and their business model.").

10. Debtor's stay clouds Movants' ability to finalize and recover on the sanctions award and anti-SLAPP claims.

---

[2] The Northern District subsequently sanctioned Prenda for 1) filing the amended complaint without leave of court; 2) doing so in a fraudulent attempt to destroy diversity; 3) making false representations to the state clerk to prompt acceptance of the amended complaint; 4) fabricating what a federal judge of the Southern District of Illinois said in a ruling denying Prenda's motion to remand; and 5) re-filing the same motion to remand when the case was transferred to the Northern District of Illinois. Doc. 60, 13-cv-4341.

[3] LiveWire is a shell company that the Debtor co-owns with Steele. In pay-outs he made from his son's trust, Monyet, LLC, to LiveWire, the Debtor identifies himself as an "investor." *Lightspeed Media Corp. v. Smith*, No. 12-cv-00889, CM/ECF No. 197-3 (S.D. Ill. Feb. 26, 2015)*.*

**LEGAL STANDARD**

11. Under Section 362(d)(1), the Court may lift the automatic stay for "cause." 11 U.S.C. § 362(d)(1). "The stay may be lifted 'for cause' to allow litigation involving the debtor to proceed in another forum under certain circumstances." *In re Living Hope Southeast, LLC*, 505 B.R. 237, 242 (Bankr. E.D. Ark. 2014) (*citing Blan v. Nachogdoches Cnty. Hosp.* (*In re Blan*), 237 B.R. 737 (B.A.P. 8th Cir. 1999)). The creditor seeking relief from stay must establish that cause exists by *prima facie* evidence, but the debtor bears the ultimate burden of proof in opposing the motion for relief, except where equity in property is at issue. 11 U.S.C. § 362(g); *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D. N.Y. 1992).

12. In determining whether cause exists to lift the stay to allow litigation involving the debtor to proceed in another forum, courts "must balance the potential prejudice to the [d]ebtor, the bankruptcy estate and to the other creditors against the hardship to the moving party if it is not allowed to proceed in state court." *In re Living Hope Southeast, LLC*, 505 B.R. at 242 (*citing In re Blan*, 237 B.R. at 739). Courts use the following factors to balance the hardships between the parties: "(1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." *Id.* at 243 (citations omitted). "Not all factors must be present, and equal weight need not be given to each factor." *Id.* (*citing In re Anton*, 145 B.R. at 770). Furthermore, it is not necessary that all factors be found in favor of the movant before the stay may be lifted. *Smith v. Tricare*, 181 B.R. 569, 577 (Bankr. N.D. Ala. June 16, 1994).

**ARGUMENT**

13. Because no harm will befall the Debtor and Movants may effectively be prejudiced by delaying resolution of the litigation in the Northern District of Illinois, a lifting of the stay is appropriate under 11 U.S.C. § 362(d)(1).

14. Cause for relief also exists because the Debtor filed his bankruptcy petition in bad faith. *In re Anthony*, 481 B.R. 602, 620 (D. Neb. Sept. 12, 2012) (bad-faith filing is "cause" for relief under § 362(d)(l)) (*citing In re Laguna Assocs. Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994) (collecting cases)). This Court found Debtor exhibited as much in its order converting the matter from Chapter 13 to Chapter 7. *See* Doc. 60.

**I. Judicial economy is served by allowing the Movants to pursue their remedies in the District Court for the Northern District of Illinois.**

15. The litigation in the District Court is at its end. What remains is determining the extent of the Debtor's liability, who is currently protected by the automatic stay.

16. The Movants and the Debtor agree and have represented to this Court that the liability of the Debtor is an issue currently pending before the District Court. The Movants have timely filed proofs of claim (Nos. 9-1 & 10-1) to which the Trustee has not objected, and the Debtor acknowledges he is a party to the proceedings in his Statement of Financial Affairs (Doc. 1 p. 35). "Because of the representations of both parties, judicial economy is served by lifting the stay to allow the District Court to determine the issue." *See e.g. Bee Jay's Hairstyling Acad., Inc. v. Yarbrough (In re Yarbrough)*, No. 12-bk-17234, 2015 Bankr. LEXIS 3832, *38 (Bankr. E.D. Ark. Oct. 2, 2015).

17. If relief from stay is not granted, Movants will be required to turn the clock back three years and try the same claims with the same facts in this Court as well, resulting in the incurrence unnecessary costs for all those involved in the duplicate action.

18. There is also a possibility of inconsistent results if that portion of the claims against the Debtor is tried in this Court while the case against the remaining co-defendants is tried in the District Court. *In re Wiley,* 288 B.R. 818 (B.A.P. 8th Cir. 2003) (granting relief from stay and allowing litigation to continue in non-bankruptcy forum where litigation was complex and bankruptcy court did not have jurisdiction over non-debtor co-defendant); *In re Blan,* 237 B.R.737 (B.A.P. 8th Cir. 1999) (cause existed for relief from stay to allow plaintiff's state court action to continue, where substantial risk of duplication existed in that bankruptcy court lacked jurisdiction over co-defendants).

19. As the legislative history of § 362 shows "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their *chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.*" *In re Lamberjack*, 149 B.R. 467, 470 (Bankr. N.D. Ohio 1992) (emphasis in original) (*citing* S.Rep. No. 95-989, at 50 (1978)).

20. Here, judicial economy weighs in favor of lifting the stay and continuing the existing action rather than beginning the suit anew in this Court.

**II. Lifting the Stay will Allow Movants to Litigate Their Claims to Conclusion.**

21.   With respect to trial readiness, this is a 'well-progressed lawsuit' that has already reached a judgment.

22.   The only pertinent issue that exists between the Movants and the Debtor at this point is determining the extent of Debtor's liability. "Numerous Courts have permitted the stay to be lifted when the Movant is simply seeking to establish the fact and amount of the Debtor's liability." *In re Peterson*, 116 B.R. 247, 250-51 (D. Colo. 1990).

23.   A hearing in the matter is currently set for January 26, 2016. If the Court lifts the stay and allows the litigation to proceed to its conclusion, the matter could be timely resolved.

**III. Any Preliminary Bankruptcy Issues have been Resolved.**

24.   The Movants have timely filed proofs of claim. (Nos. 9-1 & 10-1).

25.   The Trustee has had an opportunity to evaluate the estate's interest, if any, in the litigation and has not objected to the claims.

26.   The Debtor acknowledges he is a party to the proceedings in his Statement of Financial Affairs. (Doc. 1 p. 35).

27.   There is no indication there exists any preliminary bankruptcy issues to be decided in the stayed action.

**IV. Movants have already Prevailed on the Merits.**

28.   The merits of the case are not at issue here as the matter was adjudicated in favor of the Movants on April 9, 2015. Rather, it is the extent Debtor's liability and form of the judgment that remain to be decided.

29.   The Debtor is precluded from relitigating his ownership and control of Prenda or his liability for its acts. Those facts were squarely at issue and actually litigated in the *Ingenuity 13* show-cause proceedings, to which he was a party.[4] *Ingenuity 13 LLC v. Doe*, No. 12-cv-8333, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal. May 6, 2013).

30.   The Debtor appeared at the show-cause hearing and invoked the Fifth Amendment, refusing to testify. The court weighed the testimony already received and drew reasonable adverse

---

[4] The Debtor had full opportunity to litigate the issue of his ownership and control of Prenda and his liability for its actions, and actually did litigate; "even when a party invokes his Fifth Amendment privilege in the prior suit, the 'actually litigated' requirement for purposes of collateral estoppel may nevertheless be satisfied." *In re Abetya*, 387 B.R. 846, 853 (Bankr. D.N.M. 2008); *Digital Sys. Eng'g v. Moreno*, 414 B.R. 485, 490 (Bankr. D.Wis. 2009).

5

inferences against them because they declined to participate in either evidentiary hearing on sanctions. The Debtor continues to argue such inferences are improper, but courts disagree. "The Fifth Amendment … 'does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence.'" *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 705 (7th Cir. July 31, 2014); *id.* at 703 ("For our purposes the relevant fact is that the district court there found that Steele, Hansmeier [the Debtor], and Duffy owned and controlled Prenda Law.").

> Issue preclusion bars AF, Steele and Hansmeier from re-litigating the findings of fact Judge Wright made in *Ingenuity 13* regarding their alter ego relationship, their conduct, and their business model.

*AF Holdings LLC v. Navasca,* No. 12-cv-02396, 2013 U.S. Dist. LEXIS 149156, *19 (N.D. Cal. Sept. 16, 2013); *id.* at *24-34 (detailing rationale for amending judgment to hold Hansmeier personally liable for the attorneys' fees and costs).

31. On August 20, 2015, the court granted Movants an award of attorneys fees, costs and punitive damages. In that order the court also adopted the findings of fact made by the court in *Ingenuity 13 LLC v. Doe*, No. 12-cv-8333, 2013 U.S. Dist. LEXIS 64564, *5-9 (C.D. Cal. May 6, 2013), including that the Debtor is a "principal[] of Prenda Law." *Prenda Law,* Doc. 92 p.8, No. 13-cv-1569. A hearing is set for January 26, 2016 to determine in part the extent of the Debtor's liability.

**V. Continuing the Stay will Impose Substantial Hardships on the Movants that far Outweigh any to the Debtor or the Estate.**

32. Movants will be harmed by delaying the civil court action. The mere existence of a bankruptcy action does not deny the Movants the opportunity to prosecute their case or the fact that the Debtor may be liable to them in some amount. *In re Wiley*, 288 B.R. at 822 (citing *In re Brock Laundry Machine Co.*, 37 B.R. 564, 567 (Bankr. N.D. Ohio 1984) ("The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of a Debtor's assets. A lifting of the stay to allow a Plaintiff-Creditor to determine liability will not affect the estate. It will only allow the Movants to establish the amount of (their) claim. … In this respect, a relief from the stay will not violate the purpose for which it was imposed.")).

33. Movants will be burdened by having to pursue their claims against the Debtor separately from their claims against the other defendants. Waiting to prosecute their claim puts Movants at a considerable disadvantage due to the preservation of evidence and loss of witnesses, as

well as the length of time to receive a final award. *See e.g. In re Brock Laundry Machine Co.*, 37 B.R. at 567.

34. There is no indication that there will be a negative impact on the other unsecured creditors or the estate. The matter has been adjudicated, determining the extent of Debtor's liability is all that remains. Allowing the District Court to move forward is the best way to bring closure to this case while preserving value for the estate.[5]

35. Based on the foregoing, cause exists under § 362(d)(1) to grant the Movants relief from the stay.

## CONCLUSION

**WHEREFORE**, Movants hereby request that this Court enter an Order granting relief from the automatic stay imposed by 11 U.S.C. § 362 and permit the Movants to proceed in the District Court action.

Dated: December 23, 2015

Respectfully,

/s/ Jason E. Sweet

*Pro Hac Vice Appearance*

BOOTH SWEET LLP
Jason E. Sweet (BBO# 668596)
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2015, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jason E. Sweet

---

[5] Even if the estate were to defend the District Court matter, the mere cost of defense is ordinarily considered an insufficient basis for denying relief from the stay. *In re Wiley*, 288 B.R. at 823 (citations omitted).