# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  BKY No. 15-42460
ADV No. _____

Paul Hansmeier,

    Debtor.

---

Randall L. Seaver, Trustee,

    Plaintiff,

vs.  **COMPLAINT**

Paul Hansmeier and Padraigan Browne,

    Defendants.

---

Randall L. Seaver, Trustee ("Trustee" or "Plaintiff") of the Bankruptcy Estate of Paul Hansmeier ("Debtor"), as and for his Complaint against Paul Hansmeier ("Hansmeier") and Padraigan Browne ("Browne"), states and alleges as follows:

## JURISDICTION AND VENUE

1. This bankruptcy case was commenced by the filing of a voluntary petition under Chapter 13 on July 13, 2015. The case was converted to one under Chapter 7 on December 3, 2015, and Plaintiff is the trustee.

2. This is an action for declaratory judgment regarding the allocation of assets from the sale of bankruptcy estate property, pursuant to 11 U.S.C. §§ 541, 522, Minn. Stat. § 510.01, Fed.R.Bank.Pro. 7001(2) and (9), and 28 U.S.C. § 2201.

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2) and 1334.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5. Plaintiff, Randall L. Seaver, is the duly qualified and acting Chapter 7 panel trustee for the bankruptcy estate of Paul Hansmeier ("Estate").

6. Defendant Paul Hansmeier is the debtor in the underlying bankruptcy case, and the Defendant Padraigin Browne is the spouse of the debtor. Both defendants are residents of Minnesota.

### FACTUAL BACKGROUND

7. In March, 2013, Hansmeier and Browne purchased a condominium located at 100 Third Avenue South #3201, Minneapolis, MN 55401, and legally described as: Unit No. 3201, Common Interest Community No. 1380, The Carlyle, Hennepin County, Minnesota ("Property").

8. The purchase price for the Property was $775,000.00. The purchase of the Property was financed by a payment at closing in the amount of $157,579.74, provided solely by Hansmeier, together with a mortgage in the amount of $620,000.00, upon which Browne and Hansmeier were both liable.

9. On information and belief, Hansmeier and Browne occupied the Property as their homestead until October, 2015, at which time they moved out of the Property.

10. From the time that the Property was purchased until it was sold in December, 2013, most of the mortgage payments were paid by funds which originated from Hansmeier.

11. On July 13, 2015, Hansmeier filed a Chapter 13 bankruptcy petition. Browne did not file for bankruptcy.

12. In his Schedule A, filed on July 13, 2015, Hansmeier stated, under penalty of perjury, that the Property had a value of $885,000.00, and was subject to a secured claim of $597,852.60.

13. In his Schedule C, filed on July 13, 2015, Hansmeier claimed an exemption in the Property of $287,137.40 pursuant to Minn. Stat. §§ 510.01 and 510.02.

14. On September 16, 2015, Hansmeier and Browne signed a listing contract with Lakes/Sotheby's International Realty, in which they agreed to offer the Property for sale for the price of $1,300,000.00. Hansmeier never sought court approval of the listing agreement. Hansmeier and Browne agreed to pay Sotheby's a commission of 6% on the happening of any of the following events:

    a. The closing of the sale;
    b. Seller's refusal to close the sale; or
    c. Seller's refusal to sell at the price and terms specified above.

15. Even thought he had already signed a $1,300,000 listing agreement for the property, on September 22, 2015, Hansmeier verified and filed a motion to avoid the judgment lien of Sandipan Chowdhury, based on the argument that the lien impaired his homestead exemption claim, which was still based on the scheduled valuation of $885,000.00.

16. Hansmeier did not notify the Chapter 13 Trustee that the property was listed for sale.

17. On, or about, November 9, 2015, Hansmeier and Browne accepted an offer to sell the Property for $1,200,000.

18. On November 12, 2015 the United States Trustee's Office filed a motion to convert the Debtor's case to a case under Chapter 7, citing among other things in support of the motion the Debtor's concealment of the listing agreement and contract to sell the Property.

19. On November 25, 2015, Hansmeier filed a motion seeking approval of the sale of the Property for $1,200,000. The motion was opposed, in part, by the United States Trustee and various creditors, seeking to deny the relief requested pertaining to the distribution of sales proceeds.

20. On December 3, 2015, the Bankruptcy Court heard the 1) motion to approve the sale of Property; and 2) motion to convert the case to a case under Chapter 7. After oral arguments the court entered orders: 1) converting the Debtor's case to a case under Chapter 7; and 2) approving the sale of the Real Property for $1,200,000. The Court's order approving the sale of the Property also provided for the necessary closing costs to be paid and that all remaining proceeds be held by the Chapter 7 trustee pending further order of the Court. A true and correct copy of the Order approving the sale of the Property is attached hereto as Exhibit A.

21. The sale of the Property closed on December 15, 2015. A true and correct copy of the closing statement is attached hereto as Exhibit B.

22. Included among the deductions from the sale proceeds, are the following:

| | |
|---|---:|
| Judgment payoff to Best & Flanagan, LLP Trust Account ref. Chowdhury | $71,620.90 |
| Broker Commission (Listing) to Lakes Sotheby's International Realty | $495.00 |
| Listing Commission to Lakes Sotheby's International Realty | $39,600.00 |
| Selling Commission to Coldwell Banker Burnet | $32,400.00 |
| State Deed Tax to Burnet Title | $4,080.00 |
| Balance of HOA dues to the Carlyle | $1,112.91 |
| Contractors Invoice to J. Nordstrom | $150.00 |
| Electrical Useage to The Carlyle | 150.00 |

| | |
|---|---:|
| Escrow for Nicollet Mall pending assessment and escrow fee to Burnet Title Master Escrow | $1,962.00 |
| HOA dues current letter to First Service Residential | $185.00 |
| Invoice for carpet to Midwest interiors | $1,800.00 |
| Invoice for flooring to Duane's Floor Service | $4,065.00 |
| Invoice for painting to Roell | $3,105.00 |
| Invoice to Pride Electric | $450.00 |
| Lights and cleaning to Fix Design Haus | $4,861.83 |
| Reimbursed realtor for resale disclosure to Ben Ganje | $160.00 |
| | Total: $166,197.64 |

(Hereinafter the "Closing Costs").

23.    The net proceeds received by the Trustee from the sale of the Property is $435,906.21.

## ISSUES FOR DETERMINATION

24.    The Trustee believes there is a dispute among the parties as to the proper allocation of the Closing Costs and the resulting distribution of the net closing proceeds currently in the possession of the Trustee.

**I. ALLOCATION OF EXPENSES PAID AT CLOSING**

25.    All of the commission fees totaling $72,495.00 were the personal obligations of Hansmeier and Browne, not of the bankruptcy estate. The Chapter 13 trustee was not a party to the listing agreement. Hansmeier did not disclose to the Court or to the Chapter 13 trustee that he and Browne were entering into the listing agreement, nor did he seek approval from the Bankruptcy Court to enter into the listing agreement. The employment of a real estate agent was

never approved by the Bankruptcy Court and the payment of commissions at closing was simply a payment of an obligation owed solely by Hansmeier and Browne. The commission expenses of $72,495 must be allocated to Hansmeier and Browne, and paid from the funds which Hansmeier has claimed as exempt.

26. The state deed tax to Burnet Title in the amount of $4,080.00 is a sale expense incurred solely as a result of Hansmeier and Browne's decision to sell the Property, and is an expense which must be allocated to and paid by them with monies which would otherwise be exempt from creditors.

27. Prior to the sale of the Property, the following debts relating to labor and materials were provided for the Property:

| Midwest Interiors Carpeting | $1,800.00 |
| --- | --- |
| J. Nordstrom Invoice | $150.00 |
| Duane's Floor Service | $4,065.00 |
| Roell Painting | $3,105.00 |
| Pride Electric | $450.00 |
| Fix Design House | $4,861.83 |
| | Total: $14,431.83 |

These invoices were left unpaid by Browne and were paid from the sale proceeds at closing. The unpaid obligations of Browne would be liens against the homestead interest and are not exempt from the homestead exemption of either Hansmeier or Browne pursuant to Minn. Stat. § 510.05. These expenses should be allocated to Browne and Hansmeier's portion of the exempt sales proceeds.

28.     The "Balance of HOA dues to the Carlyle" in the amount of $1,112.91 and the "Reimburse Realtor" in the amount of $160.00 are joint obligations of Hansmeier and Browne individually and must be paid by them with monies which would otherwise be exempt from creditors.

**II.  DISTRIBUTION OF SALE PROCEEDS**

29.     The only exemption claimed in the Property by Hansmeier is in a dollar specific amount of $287,137.40.

30.     It appears that although the Property was not Browne's homestead at the time of sale, as a result of Minn. Stat. §510.04, they would be entitled to jointly exempt a total of $390,000.

31.     Pursuant to the discussion above, the Plaintiff believes that the exempt portion of the sales proceeds should be reduced by the following amounts:

| | |
|---|---:|
| Broker and listing commissions | $72,495.00 |
| State Deed Tax | $4,080.00 |
| HOA and Realtor Reimbursement | $1,272.91 |
| Browne contracts for services to the Property | $14,431.83 |
| Miscellaneous Browne and Hansmeier expenses per HUD | $3,297.00 |
| Title charges and escrow | $580.00 |
| Government recording and transfer charges | $46.00 |
| | Total:  96,202.74 |

32.    The reduction above results in an amount payable to Hansmeier and Browne for their exempt interest in a total amount of $293,797.26.  Hansmeier and Browne are each entitled, therefore, to a payment from the trustee of $146,898.63 in sale proceeds.

33.    Browne would also be entitled to a payment from the trustee attributable to her ½ interest in the Property above the net homestead exemption value of $293,797.26.  The net check received by the trustee from the sale proceeds was $435,906.21.  The balance remaining after the application of the net homestead exemption is $142,108.95, one half of which $71,054.48 would be allocated to Browne.  The total amount payable to Browne under this analysis is $217,953.11

34.    The trustee believes that Browne and Hansmeier are entitled to the following allocated amounts from the sale of the Property:

   a. Paul Hansmeier - $146,898.63
   b. Padraigin Browne - $217,953.11

35.    The remaining balance of $71,054.47 is non-exempt property of the Bankruptcy Estate.

WHEREFORE, the trustee seeks an Order from the Court holding:

1.    That the Defendants are entitled to an allocation in the following amounts, currently held by the trustee, from the sale of the Property:

   a.    Defendant Paul Hansmeier: $146,898.63
   b.    Defendant Padraigan Browne: $217,953.11

2.    That the remaining net proceeds from the sale of the Property totaling $71,054.47 are non-exempt property of the bankruptcy estate of Paul Hansmeier.

3.    Granting such other and further relief as is acceptable to the court.

                                            **FULLER, SEAVER, SWANSON & KELSCH, P.A.**

Dated: February 22, 2016           /e/  Matthew D. Swanson
                                            Randall L. Seaver          152882
                                            Matthew D. Swanson     390271
                                            12400 Portland Avenue South, Suite 132
                                            Burnsville, MN 55337
                                            (952) 890-0888; (952) 890-0244 (fax)
                                            mswanson@fssklaw.com

                                            Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

PAUL HANSMEIER

Debtor.

Chapter 13

BKY 15-42460

## ORDER

This case is before the court on the motion by the debtor seeking an expedited hearing and authority to sell certain real estate located at 100 Third Ave. S., Unit 3201, Minneapolis, MN 55401. For reasons stated orally and recorded in open court,

IT IS ORDERED:

1. The debtor's request for an expedited hearing is granted.

2. The debtor's motion to sell the property is approved.

3. The proceeds from the sale of the property shall be used at closing only to satisfy the underlying first mortgage on the property, judgment lien, realtor fees, and all other usual and customary closing costs such as deed recording fees paid to the county.

4. Insofar as this case was converted to a case under chapter 7 today by separate order, the chapter 7 trustee to be appointed by the U.S. Trustee is authorized to close on the sale of the property.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 12/03/2015
Lori Vosejpka, Clerk, by LH



EXHIBIT A

5. The balance of the sale proceeds shall be held by the chapter 7 trustee pending further order of the court.

Dated: December 3, 2015  /e/ Kathleen H. Sanberg
KATHLEEN H. SANBERG
United States Bankruptcy Judge

| American Land Title Association | ALTA Settlement Statement - Seller |
| --- | --- |
| | Adopted 05-01-2015 |

| File No./Escrow No.: | 15-19513-KH | Burnet Title | |
| --- | --- | --- | --- |
| Print Date & Time: | 12/15/2015  2:06 PM | ALTA ID : | |
| Officer/Escrow Officer: | Kristin L Harrell | 5151 Edina Industrial Boulevard, | |
| Settlement Location: | 3033 Excelsior Boulevard, #110 Minneapolis, MN 55416 | Suite 500 Edina, MN 55439 | |

| Property Address: | 100 South 3rd Avenue, 3201  Minneapolis, MN 55401 |
| --- | --- |
| | County: Hennepin |
| Buyer: | |
| Seller: | Padraigin Browne and Paul Hansmeier |
| | Randall Seaver Bankruptcy Trustee- READ and Approved |
| Lender: | |
| Settlement Date: | 12/15/2015 |
| Disbursement Date: | 12/15/2015 |

| Description | Seller | |
| --- | --- | --- |
| | Debit | Credit |
| **Financial** | | |
| Contract Sales Price | | $1,200,000.00 |
| Judgment payoff to Best & Flanagan LLP Trust Account ref. Chowdhury | $71,620.90 | |
| proceeds to Randall Seaver, Bankruptcy Trustee | $436,506.21 | |
| | | |
| **Prorations/Adjustments** | | |
| County Taxes 8080.6400/6 mos 12/15/15 to 01/01/16 | | $746.58 |
| HOA 890.0000/mo 12/15/15 to 01/01/16 | | $488.06 |
| | | |
| **Title Charges & Escrow / Settlement Charges** | | |
| Seller Closing Admin. Fee - Payoff Verification & Processing to Burnet Title | $55.00 | |
| Seller Closing Admin. Fee - Recording and Processing Service to Burnet Title | $25.00 | |
| Seller Closing Administrative Fee to Amber Conradi | $150.00 | |
| Seller Closing Administrative Fee to Title Nexus, LLC | $350.00 | |
| | | |
| **Commission** | | |
| Broker Commission (Listing) to Lakes Sotheby's International Realty | $495.00 | |
| Listing Commission to Lakes Sotheby's International Realty | $39,600.00 | |
| Selling Commission to Coldwell Banker Burnet | $32,400.00 | |



EXHIBIT B

Copyright 2015 American Land Title Association. All rights reserved.

Initials_____   Page 1 of 3

File # 15-19513-KH
Printed on 12/15/2015 at 2:06 PM

| Government Recording and Transfer Charges | | |
|---|---:|---:|
| bkcy trustee deed to Burnet Title | $46.00 | |
| Certificate of Release to Burnet Title | $46.00 | |
| Conservation Fees to Burnet Title | $5.00 | |
| release judgment COT to Burnet Title | $46.00 | |
| Release of Judgment Recording to Burnet Title | $5.00 | |
| State Deed Tax to Burnet Title | $4,080.00 | |
| | | |
| **Payoff(s)** | | |
| Lender: TCF Bank 2nd Payoffs | | |
| Payoff First Mortgage to TCF Bank 2nd Payoffs | $598,402.79 | |
| | | |
| **Miscellaneous** | | |
| Balance of HOA dues to The Carlyle | $1,112.91 | |
| Contractors invoice to J. Nordstrom Plumbing LLC. | $150.00 | |
| Electrical Useage to The Carlyle | $150.00 | |
| escrow for Nicollet Mall pending assessment and escrow fee to Burnet Title Master Escrow | $1,962.00 | |
| HOA dues current letter to First Service Residential | $185.00 | |
| invoice for carpet to Midwest Interiors | $1,800.00 | |
| invoice for flooring to Duanes Floor Service | $4,065.00 | |
| invoice for painting to Roell | $3,105.00 | |
| invoice to Pride Electric | $450.00 | |
| Lights and cleaning to Fix Design Haus | $4,861.83 | |
| Reimburse realtor for resale disclosure to Ben Ganje | $160.00 | |
| | | |
| | **Debit** | **Credit** |
| **SubTotals** | $1,201,834.64 | $1,201,234.64 |
| Balance Due/Refunds | | $600.00 |
| **Totals** | $1,201,834.64 | $1,201,834.64 |

| Acknowledgement |
|---|
| I have carefully reviewed this Settlement Statement and to the best of my knowledge and belief, it is true and accurate statement of all receipts and disbursements. I further certify that I have received a copy of this Settlement Statement. |
| |
| _____ |
| Padraigin Browne |
| _____ |
| Paul Hansmeier |
| _____ |
| Randall Seaver Bankruptcy Trustee- READ and Approved |

_____
**Settlement Agent**