# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                                                              BKY No. 15-42460

Paul Hansmeier,

      Debtor.

_____

**NOTICE OF HEARING AND MOTION SEEKING APPROVAL OF SETTLEMENT AND PAYMENT**
_____

TO:    The Debtor and other entities specified in Local Rule 9013-3.

    1.    Randall L. Seaver, the duly appointed Chapter 7 trustee herein ("Trustee") moves the Court for the relief requested below and gives notice of hearing.

    2.    The Court will hold a hearing on this motion at 9:30 am on April 13, 2016, in Courtroom 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415.

    3.    Any response to this motion must be filed and served by delivery not later than April 8, 2016 which is five days before the time set for the hearing (including Saturdays, Sundays and holidays).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005, 9019 and Local Rule 9019.  This motion arising under Bankruptcy Rule 9019.

    5.    This case was commenced as a Chapter 13 case on July 13, 2015.  The case was converted to one under Chapter 7 on December 3, 2015.  The Chapter 7 §341 meeting was concluded on March 3, 2016.  The case is now pending in this Court.

    6.    On December 3, 2015, an order was entered by the Court approving the sale of a condominium.  The order provided, among other things, at paragraph 5, that "The balance of the sale proceeds shall be held by the chapter 7 trustee pending further order of the court."

7.      The sale of the condominium closed, and the trustee is holding over $435,000 in net sale proceeds. A redacted copy of the closing statement is attached as Exhibit A.

8.      The trustee commenced adversary proceeding 16-4018 seeking a determination by the Court of the appropriate allocation and payment of funds to the debtor and his non-filing spouse, Padraigin Browne ("Browne"). An answer has been filed to the complaint.

9.      There is a dispute between, on one hand, the trustee, and on the other hand, the debtor and Browne regarding the amount of money to be paid to the debtor and Browne from sale proceeds held by the trustee. The trustee believes as indicated by the complaint in adversary 16-4018, that the debtor and Browne are responsible for the costs of sale of the property, including the real estate commission and bills for improvements to the property which were paid at closing. The trustee believes those costs must be deducted from the funds the debtor and Browne would claim as exempt homestead funds. The debtor and Browne disagree with the trustee and apparently believe those costs should be borne, in essence, by the estate and, therefore, by creditors of the estate.

10.      The trustee believes that there are monies that should be immediately released to the debtor and Browne which would be payable to them, even after allocation of costs of sale to the debtor and Browne sought by the trustee in adversary proceeding 16-4018. The trustee, the debtor and Browne have entered into a stipulation for the release of funds to them with the disputed issues being preserved for resolution by this Court. A copy of the Stipulation for which approval is sought is attached hereto as Exhibit B.

11.      The trustee believes payment of the total of $293,797.26 in funds to the debtor and Browne at this time is appropriate because the funds being released to them do not exceed the amount to which they would be entitled if the trustee prevails in adversary proceeding 16-4018.

WHEREFORE, the trustee moves the Court for an order as follows:

1.      Approving the stipulation attached hereto as Exhibit B, and authorizing the trustee to disburse from closing proceeds, the sum of $293,797.26 to Paul Hansmeier and Padraigin Browne.

2. Granting such other further relief as the court deems just and equitable.

**FULLER, SEAVER, SWANSON & KELSCH, P.A.**

Dated: March 17, 2016         /e/ Matthew D. Swanson
                                           Matthew D. Swanson          390271
                                           Randall L. Seaver            152882
                                           12400 Portland Avenue South, Suite 132
                                           Burnsville, MN 55337
                                           (952) 890-0888

| | ALTA Settlement Statement - Seller |
|---|---|
| American Land Title Association | Adopted 05-01-2015 |



| File No./Escrow No.: | 15-19513-KH | Burnet Title |
| Print Date & Time: | 12/15/2015  3:32 PM | ALTA ID : |
| Officer/Escrow Officer: | Kristin L Harrell | 5151 Edina Industrial Boulevard, |
| Settlement Location: | 3033 Excelsior Boulevard, #110 | Suite 500 Edina, MN 55439 |
| | Minneapolis, MN 55416 | |

Property Address: 100 South 3rd Avenue, 3201 Minneapolis, MN 55401
County: Hennepin

Buyer: Padraigin Browne and Paul Hansmeier
Seller: Randall Seaver Bankruptcy Trustee- READ and Approved

Lender:
Settlement Date: 12/15/2015
Disbursement Date: 12/15/2015

| | Seller | |
|---|---|---|
| Description | Debit | Credit |
| **Financial** | | |
| Contract Sales Price | | $1,200,000.00 |
| Judgment payoff to Best & Flanagan LLP Trust Account ref. Chowdhury | $71,620.90 | |
| proceeds to Randall Seaver, Bankruptcy Trustee | $435,906.21 | |
| **Prorations/Adjustments** | | |
| County Taxes 8080.6400/6 mos 12/15/15 to 01/01/16 | | $746.58 |
| HOA 890.0000/mo 12/15/15 to 01/01/16 | | $488.06 |
| **Title Charges & Escrow / Settlement Charges** | | |
| Seller Closing Admin. Fee - Payoff Verification & Processing to Burnet Title | $55.00 | |
| Seller Closing Admin. Fee - Recording and Processing Service to Burnet Title | $25.00 | |
| Seller Closing Administrative Fee to Amber Conradi | $150.00 | |
| Seller Closing Administrative Fee to Title Nexus, LLC | $350.00 | |
| **Commission** | | |
| Broker Commission (Listing) to Lakes Sotheby's International Realty | $495.00 | |
| Listing Commission to Lakes Sotheby's International Realty | $39,600.00 | |
| Selling Commission to Coldwell Banker Burnet | $32,400.00 | |



File # 15-19513-KH
Copyright 2015 American Land Title Association. All rights reserved.   Page 1 of 3   Printed on 12/15/2015 at 3:32 PM
Initials_____

| | Debit | Credit |
|---|---|---|
| Government Recording and Transfer Charges | $46.00 | |
| bkcy trustee deed to Burnet Title | $46.00 | |
| Certificate of Release to Burnet Title | $5.00 | |
| Conservation Fees to Burnet Title | $46.00 | |
| release judgment COT to Burnet Title | $5.00 | |
| Release of Judgment Recording to Burnet Title | $4,080.00 | |
| State Deed Tax to Burnet Title | | |
| | | |
| Payoff(s) | | |
| Lender: TCF Bank 2nd Payoffs | $598,402.79 | |
| Payoff First Mortgage to TCF Bank 2nd Payoffs | | |
| | | |
| Miscellaneous | $1,112.91 | |
| Balance of HOA dues to The Carlyle | $150.00 | |
| Contractors invoice to J. Nordstrom Plumbing LLC. | $150.00 | |
| Electrical Useage to The Carlyle | $1,962.00 | |
| escrow for Nicollet Mall pending assessment and escrow fee to Burnet Title Master Escrow | $185.00 | |
| HOA dues current letter to First Service Residential | $1,800.00 | |
| invoice for carpet to Midwest Interiors | $4,065.00 | |
| invoice for flooring to Duanes Floor Service | $3,105.00 | |
| invoice for painting to Roell | $450.00 | |
| invoice to Pride Electric | $4,861.83 | |
| Lights and cleaning to Fix Design Haus | $160.00 | |
| Reimburse realtor for resale disclosure to Ben Ganje | | |
| | Debit | Credit |
| | $1,201,234.64 | $1,201,234.64 |
| SubTotals | $600.00 | |
| Balance Due/Refunds | | $600.00 |
| Due From/To Seller | $1,201,834.64 | $1,201,834.64 |
| Totals | | |

Copyright 2015 American Land Title Association. All rights reserved.
Initials_____

Page 2 of 3

File # 15-19513-KH
Printed on 12/15/2015 at 3:32 PM

### Acknowledgement

I have carefully reviewed this Settlement Statement and to the best of my knowledge and belief, it is true and accurate statement of all receipts and disbursements. I further certify that I have received a copy of this Settlement Statement.

_____
Padraigin Browne

_____
Paul Hansmeier

_____
Randall Seaver Bankruptcy Trustee - READ and Approved

_____
Settlement Agent

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                          BKY No. 15-42460

Paul Hansmeier,

      Debtor.

## STIPULATION

WHEREAS, Randall L. Seaver is the duly appointed Chapter 7 trustee ("Trustee") in the above case, which was commenced by the filing of a voluntary Chapter 13 petition on July 13, 2015 and converted to a case under Chapter 7 by order dated December 2, 2015;

WHEREAS, in Paul Hansmeier's original Schedule A, filed on July 13, 2015, Paul Hansmeier("Hansmeier" or "Debtor") scheduled an interest in real property, jointly owned with Padraigin Browne ("Browne"), legally described as "Unit No. 3201, Common Interest Community No. 1380, The Carlyle, Hennepin County, MN" (the "Real Property");

WHEREAS, Hansmeier's original Schedule A stated, under penalty of perjury, that the real property had a value of $885,000.00, and was subject to a secured claim of $597,852.60;

WHEREAS, in his Schedule C, filed on July 13, 2015, Hansmeier claimed a homestead exemption of $287,137.40 in the Real Property pursuant to Minn. Stat. §§ 510.01 and 510.02;

WHEREAS, on November 9, 2015, during the course of the Chapter 13 case, Hansmeier and Browne accepted an offer to sell the Real Property for $1,200,000;

WHEREAS, on December 3, 2015 the Bankruptcy Court heard the Debtor's motion to approve the sale of the Real Property, and entered an order approving the sale of the Real Property for $1,200,000, and ordered that after payment of ordinary closing costs all remaining proceeds be held by the Chapter 7 trustee pending further order of the Court;

WHEREAS, The net proceeds received by the Trustee from the sale of the Real Property is $435,906.21(the "Net Sales Proceeds"); and

WHEREAS, on February 22, 2016, the Trustee commenced adversary proceeding no. 16-4018("Adv. No. 16-4018"), seeking a determination as to the proper allocation of the Net Sales Proceeds;

WHEREAS, Hansmeier and Browne were listed as Defendants in Adv. No. 16-4018 due to their apparent interests in the Net Sales Proceeds; and


EXHIBIT B

WHEREAS, the parties hereto agree that a certain portion of the Net Sales Proceeds are not subject to the Trustee's claims, and Hansmeier and Browne should be able to receive those funds from the trustee prior to the ultimate determination of Adv. No. 16-4018.

IT IS HEREBY STIPULATED AND AGREED:

1. The Debtor's current Schedule C asserts an exemption claim of $287,137.40 in the Real Property; notwithstanding the adjustments sought by the Trustee in Adv. No. 16-4018, the parties agree that the statutory homestead exemption available under Minn. Stat. § 510.01, is $390,000.

2. The parties agree that Browne and Hansmeier are entitled to a joint claim of exemption in the Net Sales Proceeds in the amount of $293,797.26 pursuant to Minn. Stat. § 510.01. The Trustee believes the costs of sale, including without limitation, commissions, state deed tax and unpaid vendors are the sole obligations of Hansmeier and Browne and those expenses serve to reduce the amount of exemption available to them under Minn. Stat. § 510.01. The Trustee asserts that $293,797.26 is the total amount the Debtor and Browne are entitled to claim as exempt under Minn. Stat. § 510.01 after accounting for the expenses mentioned above and as further identified in Adv. No. 16-4018. Hansmeier and Browne disagree with the Trustee's analysis.

3. The parties agree that this stipulation does not limit Hansmeier and Browne from arguing that their homestead exemption claim amount exceeds the amount of $293,797.26. This stipulation also does not limit any arguments or claims to the remaining portion of the Net Sales Proceeds.

4. The parties agree that, subject to bankruptcy court approval, the Trustee shall distribute $293,797.26, from the Net Sales Proceeds, to Hansmeier and Browne jointly, on account of their statutory homestead exemption rights.

5. Hansmeier and Browne agree that the $293,797.26 disbursement shall apply to their homestead exemption, both individually and jointly, and reduces any homestead claim they possess under Minn. Stat. § 510.01.

6. Upon execution of this stipulation by all parties, the Trustee shall immediately file a notice of settlement in the bankruptcy case seeking approval of the terms set forth herein and authorizing the disbursement of $293,797.26 to Hansmeier and Browne.

*[Signature Page Follows]*

2

FULLER, SEAVER,
SWANSON & KELSCH, P.A.

Dated: March 16, 2016

By: _____
Matthew D. Swanson     390271
Randall L. Seaver     182552
12400 Portland Ave. S., Suite 132
Burnsville, MN 55337

Attorneys for the Chapter 7 Trustee

Dated: March 16, 2016

By: _____
Paul Hansmeier

DAVE BURNS LAW OFFICE, LLC

Dated: March 16, 2016

By: _____
David Burns     337869
475 Grain Exchange North
301 4th Ave. S.
Minneapolis, MN 55415

Attorney for Padraigin Browne

3

## **VERIFICATION**

      I, Randall L. Seaver, the duly appointed Chapter 7 trustee of this Bankruptcy Estate, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: March 17, 2016                                       /e/  Randall L. Seaver
                                                                                   Randall L. Seaver

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:   BKY No. 15-42460

Paul Hansmeier,

    Debtor.

### ORDER

This case is before the court on the trustee's motion seeking approval of settlement and payment. Appearances, if any, were as noted upon the record.

Based upon the motion and the files,

IT IS ORDERED:

That the trustee's motion is granted; and

1.    The trustee is authorized to disburse from closing proceeds, the sum of $293,797.26 to Paul Hansmeier and Padraigin Browne.

Dated:                                                                                                      _____
                                                                                                       Kathleen H. Sanberg
                                                                                                        United States Bankruptcy Judge