UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

PAUL HANSMEIER

**ORDER FOR EVIDENTIARY HEARING AND
FOR USE OF ELECTRONIC EVIDENCE**

Debtor(s).

15-42460-KHS

**IT IS ORDERED:**

1.  This matter is set for evidentiary hearing on the trustee's motion for turnover of property in Courtroom 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota on **May 20, 2016 at 9:00 a.m.**.

2.  On or before **May 6, 2016**, all parties are expected to confer and enter into stipulations as to the following:

    a)  Waiver of objections to the admissibility of exhibits on the grounds of lack of identification or foundation where the identification or foundation is not to be contested;

    b)  Waiver of objections to the admissibility of depositions proposed to be offered in evidence, if any;

    c)  Facts which are not disputed. This stipulation shall be reduced to writing in a form which can be adopted by the Court as Findings of Fact.

**At this conference, counsel shall exchange copies of each exhibit intended to be introduced and relied upon at the evidentiary hearing**.

3.  *Use of Courtroom Technology*: Counsel must use the evidence presentation system available in the courtroom when examining witnesses and introducing documentary evidence, or may use Counsel's own trial presentation software by connecting Counsel's laptop to the court's audio visual display system. Hands-on training is required for all parties who wish to present evidence or testimony at the evidentiary hearing.  Please contact the Clerk's office in Minneapolis to schedule training.

4.  On or before **May 13, 2016 at 4:00 p.m.**, the parties shall prepare, serve and file the following:

    a)  The stipulations regarding admissibility of exhibits and depositions;

    b)  The stipulation of facts which are not disputed;

    c)  A final witness list containing the names, addresses and brief summary of the testimony of each witness the party will call. A person not listed on this list may not testify during the party's case-

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *03/24/2016*
Lori Vosejpka, Clerk, by CN

        in-chief;

d)     A final exhibit list containing a description of all exhibits to be offered at the evidentiary hearing. Exhibits not listed on this list may not be offered during the party's case-in-chief. *The debtor shall designate all exhibits by number and the creditor shall designate all exhibits by letter;*

e)     A list of depositions to be offered at the evidentiary hearing;

f)     A brief containing a complete chronology of the party's version of the facts and a complete statement of the law on which the party relies;

g)     Proposed Findings of Fact and Conclusions of Law.

h)     On or before **May 13, 2016 at 4:00 p.m.**, counsel shall submit to my court recorder a full set of electronic exhibits.

    i.     ***Acceptable media***: The preferred medium for submission of electronic exhibits is a CD-ROM, but flash drives are also acceptable. Media should be checked for viruses before submission to the court. Video may be submitted on VHS or DVD.

    ii.     ***Document format***: Documentary evidence shall be submitted in .pdf format, with the exception of exhibits originally generated in Excel format, which shall be submitted in Excel format. Photographs shall be submitted in .pdf format at a resolution of 300 dpi.

    iii.     ***Naming exhibits***: Electronic exhibits shall be identified on the CD or flash drive as required in Term 5.d. above, with the submitting party's name or an abbreviated form of that name added after the number or letter of the exhibit.

        For example:

        1-ABC CORP.pdf
        2-ABC CORP.pdf

        A-SMITH.pdf
        B-SMITH.pdf

        Counsel should ***not*** add these exhibit designations to the electronic exhibits; these designations are solely for use in naming the exhibits.

5.     <u>Private Information</u>. To avoid the inadvertent disclosure of private data and other sensitive information, counsel and parties unrepresented by counsel shall refrain from eliciting or mentioning during the evidentiary hearing or including in exhibits or any other submissions required by this order any of the following restricted information, except in the manner noted:

a)     Social Security numbers: use only the last four digits;

b)     Financial account numbers: use only the last four digits;

  c)  Names of minor children: use only initials;

  d)  Dates of birth: use only year of birth; and

  e)  Home addresses of witnesses; use only city and state of residence.

  If restricted information is mentioned in court, counsel or parties may ask to have it stricken from the record or partially redacted to conform to the judiciary's privacy policy.

  6.  If the parties have not reached a settlement 28 days prior to the date of the trial, the plaintiff shall contact the calendar clerk to schedule a telephonic status conference as soon as possible.

  7.  Upon settlement, each party has an independent obligation and shall notify the calendar clerk, as soon as possible after a settlement agreement has been reached. Unless the Court orders otherwise, <u>the settlement documents shall be filed within ten (10) days after oral notice of the settlement</u>.

  8.  The dates fixed in this order are mandatory. Deadlines shall not be extended except on motion and for good cause.

  9.  Failure to timely comply with this order may result in the imposition of sanctions under Bankruptcy Rule 7016 and Fed. R. Civ. P. 16(f).

  10.  Fed. R. Civ.P. 26(a)(1), (a)(2), (a)(3) and (f) do not apply in this proceeding.

Dated:  March 24, 2016

            /e/ Kathleen H. Sanberg
            United States Bankruptcy Judge