# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Paul Hansmeier,<br><br>*Debtor.*<br><hr>Randall L. Seaver, Trustee,<br><br>*Plaintiff,*<br><br>v.<br><br>Padraigin Browne,<br><br>*Defendant.* | BKY No. 15-42460<br><br><br><br>ADV No. 16-4031 |

TO: PLAINTIFF RANDALL L. SEAVER, TRUSTEE, BY HIS ATTORNEY, MATTHEW D. SWANSON OF FULLER, SEAVER, SWANSON & KELSCH, P.A., 12400 PORTLAND AVENUE SOUTH, SUITE 132, BURNSVILLE, MINNESOTA 55337.

## NOTICE OF HEARING AND MOTION FOR EXPEDITED § 570.025 HEARING

1. The defendant, Padraigin Browne, by her counsel, hereby moves the Court for an expedited hearing prescribed under Minn. Stat. § 570.025, Subd. 4 for release of funds currently held by the Chapter 7 Trustee related to the sale of the non-debtor defendant and gives notice of hearing.

2.     The Court will hold a hearing on this motion at 10:30 p.m. on May 18, 2016 before the Honorable Kathleen H. Sanberg, in Courtroom 8W, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

3.     Any response to this motion must be filed and served not later than **10:30 on May 17, 2016**, which is 24 hours before the time set for the hearing (including Saturdays, Sundays, and holidays). **UNLESS A WRITTEN RESPONSE OPPOSING THE MOTION IS TIMELY SERVED AND FILED, THE COURT MAY ENTER AN ORDER GRANTING THE REQUESTED RELIEF WITHOUT A HEARING.**

4.     This court has jurisdiction over this motion pursuant to 27 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing the above-captioned chapter 7 case was filed on July 13, 2015. This case is now pending in this court. Venue of the bankruptcy case and this motion in the adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     This motion arises under Minn. Stat. § 570.025, Subd. 4. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 7007-1, 9006-1, 9013-1, and 9013-2. Defendant Padraigin Browne requests release of the funds held by the Chapter 7 Trustee as a result of the December, 2015 sale of her home. Browne contends that expedited relief is justified as further delay of the release of her funds by the Chapter 7 Trustee may adversely affect her financing of real property scheduled to close this month.

6. In December 2015, Browne sold the home she co-owned with the debtor in this case, Paul Hansmeier ("Debtor")

7. Browne did not receive any proceeds from that sale when it closed. Rather, the proceeds were ordered to be held by the Chapter 7 Trustee. Non-filing Browne is not a debtor in this case. The net proceeds received by the Trustee from the sale of the Real Property was $435,906.21 (the "Net Sales Proceeds")

8. The parties stipulated to the release of $293,797.26 but the Trustee continues to have possession of $142,108.95.

9. Browne is allowed $142,108.95 of that so the Chapter 7 Trustee is currently in possession of $142,108.95 of Browne's money.

8. The circumstances giving rise to the Chapter 7 Trustee's possession of Browne's sale proceeds amounted to a preliminary attachment. *See* Minn. Stat. § 570.025.

9. A preliminary attachment is an order authorizing a plaintiff to attach a defendant's property without notice or an opportunity to be heard. Given the obvious potential for abuse, Minnesota law sets forth exhaustive and mandatory procedures for preliminary attachment requests.

10. One of these procedures is the requirement that a Court schedule a "subsequent hearing" to be conducted at the earliest practicable time in order to assess the propriety of the attachment. *Id.*, Subd. 4. It has been six months since Browne's property was attached. Browne has not yet had such a hearing.

11. The Trustee has filed an amended motion for prejudgment attachment set for hearing on May 25, 2016 at 10:30.

12. Additionally Browne has moved to dismiss the plaintiff's complaint for failing to state a claim for which relief may be granted. The Chapter 7 Trustee amended his complaint and Browne will be addressing the continuing fatal deficiencies of the amended complaint soon.

14. Browne respectfully requests she be heard on the Minn. Stat. § 570.025, Subd. 4 issue and requests a release of her funds remaining in the Chapter 7 Trustee's possession as they are not property of the bankruptcy estate.

15. Browne has suffered significant harm as a result of the Trustee's possession of her funds and needs immediate access to these funds for the purchase of a house currently scheduled to close on May 31, 2016.

**WHEREFORE**, Defendant Padraigin Browne moves the court for an order releasing the $142,108.95 and for such other relief as may be just and equitable.

**DAVE BURNS LAW OFFICE, LLC**

Dated: May 13, 2016

By: /e/ David M. Burns
David M. Burns #337869
475 Grain Exchange North
301 Fourth Avenue South
Minneapolis, MN 55415
(612) 677-8351
dave@daveburnslaw.com

Attorney for Padraigin Browne

## VERIFICATION

I, Padraigin Browne, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: May 13, 2016

*[signature]*
Padraigin Browne

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Paul Hansmeier,<br><br>   *Debtor.*<br><br>---<br><br>Randall L. Seaver, Trustee,<br><br>   *Plaintiff,*<br><br>v.<br><br>Padraigin Browne,<br><br>   *Defendant.* | BKY No. 15-42460<br><br><br><br>**PADRAIGIN BROWNE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED § 570.025 HEARING**<br><br><br>ADV No. 16-4031 |

TO: PLAINTIFF RANDALL L. SEAVER, TRUSTEE, BY HIS ATTORNEY, MATTHEW D. SWANSON OF FULLER, SEAVER, SWANSON & KELSCH, P.A., 12400 PORTLAND AVENUE SOUTH, SUITE 132, BURNSVILLE, MINNESOTA 55337.

Defendant Padraigin Browne ("Browne") respectfully files her Memorandum in Support of her Motion For An Expedited § 570.025 Hearing.

### INTRODUCTION

In December 2015 Browne sold her home she co-owned with the debtor in this case Paul Hansmeier ("Debtor"). Browne did not receive any proceeds from that sale when it closed. Rather, the proceeds were ordered to be held by the Chapter 7 Trustee. Non-filing Browne is not a debtor in this case.

At great personal expense, Browne was forced to hire an attorney to compel the Trustee to begin releasing her property. The Trustee has since initiated a flurry of litigation, including a complaint for declaratory relief, a § 548 avoidance action, and a motion for prejudgment attachment. All of the Trustee's lawsuits have unnecessarily burdened Browne, the estate and the Court.

The Trustee proceeded to seek an order of prejudgment attachment, but the Trustee's motion failed to establish the necessary elements of prejudgment attachment. Further, it sought the attachment of property, *i.e.* proceeds of the sale of a homestead, that is expressly protected from prejudgment attachment under Minnesota law. The Trustee has since amended his complaint and filed a revised motion for prejudgment attachment to attempt to address defects identified in Browne's motion to dismiss.  However, the deficient claims remain and the additional causes of action are meritless.

Browne respectfully requests on an expedited basis the hearing required by § 570.025 of the Minnesota statutes to address the immediate issue of the Trustee holding property that is not property of the bankruptcy estate and the immediate and irreparable harm this is causing her. An expedited hearing is necessary because Browne is under contract to purchase a home and her ability to obtain financing for the purchase will be significantly improved by the release of the funds in the Trustee's possession. The proceedings leading up to the Trustee's current possession of the funds did not protect Browne's rights to due process and certainly did not meet the requirements of § 570.025. As a result, the Trustee's existing possession of Browne's property is inconsistent with Minnesota and federal law. The Trustee has had six months to justify his possession of

the funds. His continuing inability to articulate a legitimate basis for his continuing possession of Browne's funds strongly suggests that he has none. Because the requirements of prejudgment attachment have not been met, the Court should order the funds turned over to Browne immediately so that Browne may complete the purchase of her home for her family. Any judgment obtained by the Trustee in this case will be fully secured as the Trustee will be able to file a lien against Browne's property in the highly unlikely event that the Trustee prevails on his § 548 avoidance action.

## LEGAL STANDARD

Prejudgment attachment is a state law remedy and is purely a statutory right. There is no common law right to prejudgment attachment and there is no federal law which authorizes prejudgment attachment generally. In federal proceedings, "state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure the satisfaction of a judgment ultimately entered." *Granny Goose Foods, Inc. v. Bhd of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 n.10, 94 S. Ct. 1113, 1123 n.10 (1974) (citing Federal Rule of Civil Procedure 64). Rule 64 is incorporated into bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 7064.

By definition, prejudgment attachment deprives an owner of property prior to full adjudication on the merits. For this reason, prejudgment attachment procedures cannot be considered without analysis of the constitutional right to due process. *See Connecticut v. Doehr*, 501 U.S. 1, 14 (1991) (applying the Federal Due Process clause to the Connecticut prejudgment attachment statute).

Under Minnesota law, before a plaintiff may obtain an order for prejudgment attachment, the plaintiff must establish two threshold elements. "An order for attachment may be issued only if the claimant has demonstrated the probability of success on the merits, and the claimant has demonstrated facts that show the existence of at least one of the grounds stated in section 570.02." Minn. Stat. § 570.026, subd. 3. The grounds stated in section 570.02 are:

> (1) when the respondent has assigned, secreted, or disposed of, or is about to assign, secrete, or dispose of, any of the respondent's nonexempt property, with intent to delay or defraud the *respondent's creditors*;
>
> (2) when the respondent has removed, or is about to remove, any of the respondent's nonexempt property from this state, with intent to delay or defraud the *respondent's creditors*;
>
> (3) when the respondent has converted or is about to convert any of the respondent's nonexempt property into money or credits, for the purpose of placing the property beyond the reach of the *respondent's creditors*;
>
> (4) when the *respondent* has committed an intentional fraud giving rise to the claim upon which the civil action is brought;
>
> (5) when the respondent has committed any act or omission, for which the respondent has been convicted of a felony, giving rise to the claim upon which the civil action is brought; or
>
> (6) when the respondent has violated the law of this state respecting unfair, discriminatory, and other unlawful practices in business, commerce, or trade, including but not limited to any of the statutes specifically enumerated in section 8.31, subdivision 1.

Minn. Stat. § 570.026, subd. 1 (emphasis added). If, and only if, the plaintiff establishes these two elements, the court is compelled to examine additional considerations that may

nonetheless prohibit an order of attachment. *Id.* An order of attachment may not be issued if:

> (1) the circumstances do not constitute a risk to collectibility of any judgment that may be entered; or
>
> (2)(i) respondent has raised a defense to the merits of the claimant's claim or has raised a counterclaim in an amount equal to or greater than the claim and the defense or counterclaim is not frivolous; and
>
> (ii) the interests of the respondent cannot be adequately protected by a bond filed by the claimant pursuant to section 570.041 if property is attached; and
>
> (iii) the harm suffered by the respondent as a result of seizure would be greater than the harm which would be suffered by the claimant if property is not attached.

Minn. Stat. § 570.026, subd. 3.

Attachment may not issue with respect to a "homestead or the proceeds from the sale of a homestead." *Id.*, subd. 2.

Minnesota law authorizes a court to issue what is referred to as a preliminary attachment order. *See* Minn. Stat. § 570.025. A preliminary attachment order is an order authorizing a plaintiff to attach defendant's property without notice to the defendant or an opportunity for the defendant to be heard. Given the obvious potential for abuse of this remedy, Minnesota law sets forth exhaustive and mandatory procedures for preliminary attachment requests. An applicant's failure to follow these mandatory procedures exposes the applicant to paying the respondent's damages and attorneys' fees arising from an unlawful attachment order.

Under Minn. Stat. § 570.025, an applicant for a preliminary attachment order must set forth (1) the basis and amount of the claim in the civil action, (2) the facts which constitute the grounds for attachment as specified in Minn. Stat. § 570.02 and (3) a good faith estimate of any harm that would be suffered by the respondent. However, a preliminary attachment order may be issued only if the following conditions are also met: (1) the claimant has made a good faith effort to inform the respondent of its application for attachment; (2) the claimant has demonstrated the probability of success on the merits; (3) the claimant has demonstrated the existence of one or more grounds specified in Minn. Stat. § 570.02; and (4) due to extraordinary circumstances, the claimant's interests cannot be protected pending a hearing by an appropriate order of the court, other than by directing a prehearing seizure of property. Minn. Stat. § 570.025, Subd. 2.

The statute sets forth several other protections, including a specification of the contents of a preliminary attachment order, the mandatory scheduling of a subsequent hearing at the earliest available opportunity, an award of damages and attorney's fees for bad faith applications, and personal service of all of the pleadings leading up to the preliminary attachment order.

As it relates to the subsequent hearing, the statute provides, "If the court issues a preliminary attachment order, the order must establish a date for a hearing at which the respondent may be heard. The subsequent hearing shall be conducted at the earliest practicable time. At the hearing, the burden of proof shall be on the claimant." *Id.*, Subd. 4. Browne has yet receive such a hearing

**ARGUMENT**

There is no continuing basis for the Trustee's possession of Browne's property. The circumstances giving rise to the preliminary attachment order violated Browne's constitutional right to due process. Further, *none* of the requirements for preliminary attachment were satisfied in this case. Finally, under the law, it is the Trustee's affirmative burden to prove that continuing prejudgment remains appropriate. He has not and cannot do so. The Court is constrained to order the release of Browne's funds. An expedited hearing is required to ensure that Browne will be able to complete the purchase of her home.

### A. The Circumstances Giving Rise To The Preliminary Attachment Order Violated Browne's Constitutional Right To Due Process.

There is no independent federal basis for prejudgment attachment. Even if there was, the procedures giving rise to the attachment in this case quite arguably violated Browne's constitutional right to due process. In *Connecticut v. Doehr*, 501 U.S. 1 (1991), the Supreme Court held that a Connecticut statute that "authorizes prejudgment attachment of real estate without prior notice or hearing, without a showing of extraordinary circumstances, and without the requirement that the person seeking the attachment post a bond" violated the due process clause of the Fourteenth Amendment. *Id.* at 4. In this case, Browne was not provided prior notice or hearing, there was no showing of extraordinary circumstances, and there was no damages bond posted. The procedures in this case violated Browne's constitutional right to due process. *Id.*

### B. The Requirements Of § 570.025 Were Not Observed.

Literally none of the requirements of § 570.025 were observed in this case. No one apprised the Court of the requirements for preliminary attachment. Rather than list all of the requirements that were not observed, Browne would simply direct the Court to Minn. Stat. § 570.025 and request that her funds be returned.

### C. The Trustee Has Failed To Meet His Burden Of Justifying Continuing Attachment.

The Trustee has failed to meet his burden of justifying continuing attachment. Browne's pending opposition to the Trustee's Motion For Prejudgment Attachment contains an exhaustive presentation of the problems with the Trustee's continuing possession of the Browne's money. Under Minnesota law, it is the Trustee's affirmative burden to justify continuing attachment. *See* Minn. Stat. § 570.025, Subd. 4 ("At the hearing, the burden of proof shall be on the claimant."). While the Trustee has amended his complaint it still includes all of the defects identified in Browne's pending motion to dismiss. This eliminates his ability to show the required likelihood of success on the merits with respect to his complaint or his amended complaint; if his complaint or his amended complaint had a likelihood of success on the merits then he would not be required to amend it. *See* Minn. Stat. § 570.025, Subd. 3.

### D. The Remaining Funds Must Be Returned To Browne.

The requirements of preliminary attachment were not observed. The Trustee has failed to meet his burden of showing that continuing attachment is appropriate. Indeed, he has essentially "gone back to the drawing board" in an attempt to identify a workaround to the issues raised by Browne's pending motion to dismiss his complaint but the issues

still remain as will be made clear in Browne's response to the amended complaint. These are emphatically not the circumstances in which prejudgment attachment is appropriate.

### E. An Expedited Hearing Is Required.

An expedited hearing is required because Browne, at long last, is under contract to purchase a home. Browne's closing date is May 31, 2016. Browne has been informed by her mortgage broker that her ability to qualify for the mortgage will be significantly assisted by application of the attached funds to the purchase of her home. *See* Declaration of Padraigin Browne, May 6, 2016, ¶ 2. Browne's mortgage broker has informed her that the money must be in Browne's hands prior to May 18, 2016, as will take time to re-submit the paperwork, there is a holiday weekend immediately prior to closing, and the applicable statutes require at least three business days' clearance of the funds. *Id.*

It bears mentioning that that the Trustee will be protected as a result of his ability to file a lien against Browne's home in the highly-unlikely event that the Trustee obtains a judgment in his § 548 avoidance action. Further, an immediate release of the funds is in the Trustee's interest. The Trustee is potentially liable to Browne for damages and attorney's fees due to the circumstances which gave rise to preliminary attachment. *See* Minn. Stat. § 570.025, Subd. 5. An immediate release of the funds will significantly mitigate the Trustee's ongoing potential damages, including the significant damages that would arise from a failed closing on Browne's purchase of a home.

## CONCLUSION

The Court should grant Browne's request for an expedited § 570.025 hearing.

**DAVE BURNS LAW OFFICE, LLC**

Dated: May 13, 2016

By: /e/ David M. Burns
David M. Burns #337869
475 Grain Exchange North
301 Fourth Avenue South
Minneapolis, MN 55415
(612) 677-8351
dave@daveburnslaw.com

Attorney for Padraigin Browne

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Paul Hansmeier,<br><br>*Debtor*,<br><br>---<br><br>Randall L. Seaver, Trustee,<br><br>*Plaintiff,*<br><br>v.<br><br>Paul Hansmeier and Padraigin Browne,<br><br>*Defendants.* | BKY No. 15-42460<br><br><br><br><br><br>ADV No. 16-04030 |

## **ORDER**

This case came before the Court for hearing on the Padraigin Browne's motion for expedited relief. Based upon the files and arguments by counsel,

IT IS ORDERED:

1. Defendant Padraidin Browne's motion is granted; and

2. All remaining sale proceeds from the sale of Browne's condominium should be returned paid to her immediately.

Dated:

_____
Kathleen H. Sanberg
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Paul Hansmeier,<br><br>*Debtor.*<br><br>---<br><br>Randall L. Seaver, Trustee,<br><br>*Plaintiff,*<br><br>v.<br><br>Padraigin Browne,<br><br>*Defendant.* | BKY No. 15-42460<br><br><br><br>ADV No. 16-4031 |

## UNSWORN CERTIFICATE OF SERVICE

I, David M. Burns, declare under penalty of perjury, that on May 13, 2016, I filed:

1. Defendant Padraigin Browne's **NOTICE OF HEARING AND MOTION FOR EXPEDITED § 570.025 HEARING, PADRAIGIN BROWNE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED § 570.025 HEARING, and PROPOSED Order**.

with the Clerk of Bankruptcy Court through ECF and that ECF will send an e-notice of electronic filing to all filing users of this case via the court's CM/ECF server.

I further declare that I caused copy of the foregoing documents to be mailed by first class mail to the entities and individuals listed below:

Paul Hansmeier
3749 Sunbury Cove
Woodbury, MN 55125

Executed on: May 13, 2016                    Signed: /e/ David M. Burns

David M. Burns, #337869
Dave Burns Law Office, LLC
475 Grain Exchange North
301 Fourth Avenue South
Minneapolis, MN 55415
(612) 677-8351
dave@daveburnslaw.com

*Attorney for Padraigin Browne*