**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                                                       BKY No. 15-42460
                                                                                              Chapter 7 Case
Paul Hansmeier,

      Debtor.

---

**NOTICE OF EXPEDITED HEARING AND MOTION FOR
RELIEF UNDER BANKRUPTCY RULE 9024 AND FED.R.CIV.P. 60(B)**

---

1. Randall L. Seaver, the Chapter 7 trustee herein, moves the court for the relief request below and gives notice of hearing herewith.

2. The court will hold an **expedited hearing** on this motion on May 25, 2016 at 9:00 a.m. in Courtroom No. 8 West, 300 South Fourth Street, Minneapolis, MN 55415.

3. Due the expedited nature of this motion, any response to this motion must be filed and served not later than 24 hours before the hearing date and time. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. The petition commencing the Chapter 13 case was filed on July 13, 2015. The case was converted to one under Chapter 7 on December 3, 2015. The case is now pending in this court.

5. This Court has jurisdiction over this motion under 28 U.S.C. § 157 and § 1334 and Bankruptcy Rule 5005. This motion is filed under Bankruptcy Rule 9024, which adopts Fed.R.Civ.P. 60(b).

6. The Trustee seeks relief from the Court's May 20, 2016, order requiring him to turn funds in his possession over to the Debtor. The motion is supported by the declaration of Matthew D. Swanson filed herewith.

EXPEDITED BASIS

7.    The Trustee brings this motion on an expedited basis.

8.    Expedited basis is needed in order to put the Debtor on notice that the funds, when turned over to him, are still disputed property of his bankruptcy estate and should not be spent or transferred pending further order of the court.

Motion to Set Order Aside

9.    The Trustee seeks relief pursuant to Bankrutpcy Rule 9024 and asks that the Court set aside its May 20, 2016 order for turnover, and reschedule the evidentiary hearing.

10.    As indicated by the attached declarations of Matthew D. Swanson, counsel was mistakenly under the impression that the hearing was scheduled for 9:30 a.m., arrived at the courthouse around 8:50 and was in the courtroom shortly after 9:10 a.m.  The

11.    The Trustee asks that the court to find that excusable neglect exists in this matter, warranting relief under Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b).

WHEREFORE, the trustee requests an order from the court:

1.    Granting the Trustee's motion on an expedited basis;

2.    Granting the Trustee's motion under Bankruptcy Rule 9024, setting aside the order for turnover and rescheduling the hearing to a later date; and

3.    Any further relief the court deems necessary.

**FULLER, SEAVER, SWANSON & KELSCH, P.A.**

Dated: May 20, 2016

By: /e/ Matthew D. Swanson
Matthew D. Swanson    390271
Randall L. Seaver    152882
12400 Portland Avenue South, Suite 132
Burnsville, MN 55337
(952) 890-0888
Attorneys for Randall L. Seaver, Trustee

## **VERIFICATION**

      I, Matthew D. Swanson, am the attorney for the Chapter 7 Trustee for the Bankruptcy Estate of Paul Hansmeier. I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on May 20, 2016                                  /e/ Matthew D. Swanson
                                                                   Matthew D. Swanson
                                                                   Fuller, Seaver, Swanson & Kelsch, P.A.
                                                                   12400 Portland Ave. S., Suite 132
                                                                   Burnsville, MN 55337

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                                                        BKY No. 15-42460

Paul Hansmeier,

      Debtor.

### DECLARATION OF MATTHEW D. SWANSON

I, Matthew D. Swanson, declare under penalty of perjury, that:

1. I am one of the attorneys representing the Trustee, Randall L. Seaver, in the above captioned case and submit this declaration in support of the motion for relief from an order under Bankruptcy Rule 9024.

2. I want to first apologize to the Court and Mr. Hansmeier for not arriving at the hearing on time which resulted in the need to file the attached motion. I respect the Court and Mr. Hansmeier's time and resources and sincerely apologize.

3. I filed a turnover motion on behalf of the Trustee in the above captioned bankruptcy case, which was scheduled for hearing on March 23, 2016, at 9:30 a.m. Following that hearing the Court scheduled the matter for an evidentiary hearing to be heard on May 20, 2016 at 9:00 a.m.

4. I inadvertently scheduled the May 20, 2016 hearing on my calendar for 9:30 a.m.

5. I submitted all documents required for the hearing by the deadline set by the Court.

6. The day prior to the scheduled hearing I spoke with the Debtor regarding stipulating to the admissibility of certain facts, and discussed the remaining issues set for determination at the trial.

7. On May 20, 2016, I arrived at the courthouse at approximately 8:50 a.m. I ran into one of my witnesses, attorney Barbara May in the cafeteria of the Courthouse and stopped to speak with her.

8. At approximately 9:05 Ms. May and myself proceeded through security so we would be on time for the hearing which I believed to be at 9:30 a.m.

9. As Ms. May and I entered the courtroom we passed Mr. Hansmeier exiting the courtroom. I was informed by the Judge's staff that the hearing was at 9:00 a.m. and that the Judge would be entering an order for the Trustee to turn the funds over to the Debtor.

10. I had every intention of appearing at this hearing on time, and even left my office early to avoid any traffic delays. I believe I arrived in the courtroom no later than 9:15.

                                      FULLER, SEAVER,
                                      SWANSON & KELSCH, P.A.

Executed on May 20, 2016        /e/ Matthew D. Swanson _____
                                      Matthew D. Swanson      390271
                                      12400 Portland Avenue South, Suite 132
                                      Burnsville, MN 55337
                                      (952) 890-0888

                                      Attorneys for Plaintiff

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                                                    BKY No. 15-42460

Paul Hansmeier,

        Debtor.

**MEMORANDUM IN SUPPORT OF TRUSTEE'S RULE 9024 MOTION FOR RELIEF FROM ORDER**

    Randall L. Seaver, Trustee ("Trustee") of the Bankruptcy Estate of Paul Hansmeier ("Hansmeier"), files this memorandum in support of his motion requesting relief from the Court's May 20, 2016 order for turnover.

## Preliminary Statement

    On May 20, 2016 the Court entered an order requiring the Trustee to turnover funds to the Debtor as a result of the Trustee's counsel not appearing at the hearing on time due a mistake in entering the time in his calendar. Counsel for the Trustee was in the courthouse at 9:00 a.m., but due to a good faith mistake was under the impression the hearing was scheduled for 9:30 a.m. As requested below, the Trustee requests that the court forgive counsel's mistake in appearing less than 15 minutes late to the hearing, and allow this matter to be rescheduled for hearing so that it can be decided on the merits.

## Argument

    Bankruptcy Rule 9024 adopts Rule 60 F.R.Civ.P. and makes it applicable in all cases under the Bankruptcy Code. Under Rule 60(b)(1), the court may grant relief from an order on account of "mistake, inadvertence, surprise or excusable neglect." The term "excusable neglect" in this rule "encompasses both simple, faultless omissions and omissions caused by

carelessness." *In re Iowa Oil Co.*, 299 B.R. 555, 561 (Bankr. N.D. Iowa 2003); citing *In re Payless Cashways, Inc.,* 230 B.R. 120, 138 (8th Cir. BAP 1999).  In *Pioneer,* the Supreme Court said that the determination of what sorts of neglect will be considered excusable is an equitable determination, taking account of all relevant circumstances including:

> 1. danger of prejudice to the debtor,
> 2. the length of the delay and its potential impact on judicial proceedings,
> 3. the reason for the delay, including whether it was within the reasonable control of the movant, and
> 4. whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (U.S.1993). When addressing a late filing, the Court of Appeals for the Eighth Circuit has held that these four factors are not equal in weight: "the excuse given for the late filing must have the greatest import." *Lowry,* 211 F.3d 457 at 463 (8th Cir. 2000); *see also Ivy v. Kimbrough,* 115 F.3d 550, 552 (8th Cir.1997)

Counsel's failure to appear at the hearing at 9:00 a.m. was clearly a result of neglect, the question for the court is whether or not that neglect is excusable. "The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter or ... 'to leave undone or unattended to *esp[ecially] through carelessness.*' " See *Pioneer,* 507 U.S. at 388;(quoting Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis in original)).

### I. Analysis of *Pioneer* Factors

The Supreme Court in *Pioneer* established four factors for courts to analyze when determining whether or not neglect will be considered excusable.  This determination is an equitable determination, taking account of all relevant circumstances including:

> 1. danger of prejudice to the debtor,
> 2. the length of the delay and its potential impact on judicial proceedings,
> 3. the reason for the delay, including whether it was within the reasonable control of the movant, and

2

    4. whether the movant acted in good faith.

*Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489.

    a.    <u>Danger of Prejudice to the Debtor</u>

The Court's May 20, 2016 order for turnover of funds to the Debtor is akin to entry of a default order in this matter. Prior to the hearing, the Trustee has provided every indication that he was going to appear and present his case at the hearing. Furthermore, the Trustee, through counsel, had timely submitted all required submissions by the deadline set forth by the Court, in contrast to the Debtor not timely filing his trial documents. The Debtor was apparently prepared to present his case, and having him reappear to do so on a later date would be of minimal prejudice.

The relief requested by the Trustee would result in the Debtor having to reappear at a continued evidentiary hearing. Counsel for the Trustee is apologetic in causing this burden, but it seems to be an acceptable inconvenience in order to have the turnover issue determined by the Court on its merits.

    b.    <u>Length of the Delay and its Potential Impact on Judicial Proceedings</u>

The parties in this matter have already submitted all documents necessary for the evidentiary hearing to proceed. The matter could be heard at the earliest convenience of the Debtor and the Court.

There are multiple adversary proceedings pending in the bankruptcy case which are unlikely to be resolved in the near term. Rescheduling the evidentiary hearing on the turnover motion would not delay the administration of the bankruptcy case, or any related judicial proceedings.

3

    c.       Reason for the Delay

The delay addressed in *Pioneer*, and its progeny, are primarily delays relating to missing a filing deadline. The delay in this case comes down to a matter of minutes. Counsel for the Trustee takes full responsibility for his actions, and does not seek to shift blame to anyone else. Counsel put the wrong time in his calendar. Counsel truly believed that the hearing was at 9:30 a.m. and had even issued a subpoena for the Debtor's former counsel to appear at that time to testify. Counsel in used to hearing Trustee matters in front of this Court at 9:30 a.m., which is the time the Court heard the March 23, 2016 hearing. This mistake was within counsel's control, but is not unreasonable.

Counsel has not made this mistake in the past, and this is not related to "a serious lack of diligence and inattention to everyday detail of the practice of law." *Gibbons v. U.S.,* 317 F.3d 852, 855 (8th Cir.2003). Furthermore, counsel did not willfully disregard the Court's order, otherwise he wouldn't have appeared at the hearing at all. *Warfield v. Byron,* 436 F.3d 551, 556 (5th Cir.2006)(holding that excusable neglect is not available where deadlines are willfully disregarded). This was simply an honest mistake by counsel. Counsel does not take his obligations to his client and the court lightly.

    d.       Whether the Movant Acted in Good Faith.

There is clearly no advantage gained by the Trustee's counsel not appearing at the hearing on the scheduled time. There was no gamesmanship at play, this was simply a mistake by Trustee's counsel. As evidenced by counsel's declaration, he was present in the courthouse, but was under the false impression that the hearing wasn't until 9:30 a.m.

    e.       Considerations Under 8th Circuit Law

The Eighth Circuit has taken an additional step beyond *Pioneer*, requiring movants to

4

demonstrate a likelihood of success should relief be granted.

> … she must also establish a *meritorious defense. See Assmann v. Fleming,* 159 F.2d 332, 336 (8th Cir.1947) ("It must also be made to appear where the application is made by a defendant that he has a meritorious defense...."); *Marshall v. Boyd,* 658 F.2d 552, 555 (8th Cir.1981) (holding that several factors militated against a default judgment, including "appellants' showing of a potentially meritorious defense...."); *Hoover v. Valley West D M,* 823 F.2d 227, 230 (8th Cir.1987) (affirming district court's grant of Rule 60(b) motion where movant alleged "several meritorious defenses...."); *U.S. v. 50th Street South,* 5 F.3d 1137, 1138 (8th Cir.1993) (holding that district court did not abuse its discretion when it denied a Rule 60(b) motion where movant failed to raise a meritorious defense).

In re Smoinikar, 200 B.R. 640, 642-43 (Bankr. D. Minn. 1996). In this case, per the Court's March 23, 2016 directive, it is the Debtor that carried the burden at the evidentiary hearing to establish that the subject funds were not property of the bankruptcy estate. The Court also held that the Debtor would have to provide records to establish the source of the funds, and additional records to establish that certain scheduled assets were not property of the bankruptcy estate. As is evident from the Debtor's exhibit list, the only document he seeks to enter into the record relates to whether or not a limited liability company exists. The Debtor's failure to produce the documentation required by the Court, as expressed on the record at the March 23, 2016 hearing, highly supports a finding that the Debtor would not have been able to meet his burden.

The matter in front of the Court is unique in that there is very little case-law which addresses this exact fact pattern. However, the evidence would have shown that the funds used to make Chapter 13 plan payments were pre-petition assets of the Chapter 13 bankruptcy estate, and they became property of the Chapter 7 estate upon conversion pursuant to 11 U.S.C. § 541. The Chapter 7 estate has the right to those funds, and the Debtor has produced no evidence contrary to that claim.

5

  f. <u>Additional Considerations</u>

The factors set forth in *Pioneer* are but a guide for courts, and the Supreme Court noted that in making the equitable determination of excusable neglect the Court should take into account all relevant circumstances. *Pioneer,* 507 U.S. at 395. Counsel in this case was less than 15 minutes late. Had the hearing been held, the court would have decided whether or not funds were bankruptcy estate property, on the merits. Having a matter decided on the merits should be highly favored over entering what is akin to a default order. See *In re McGee*, 359 B.R. 764, 770 (B.A.P. 9th Cir. 2006). This is even more relevant in a case where the non-moving party had the burden at trial, and simply could not meet that burden. Counsel requests that the court not focus narrowly on the negligent act that caused entry of the order, but consider all of the circumstances presented herein. *See Murray v. S.O.L.O. Benefit Fund,* 172 F.Supp.2d 1134, 1141 (N.D.Iowa 2001).

## Conclusion

For the reasons stated herein, along with the Declaration of Matthew D. Swanson, the Trustee respectfully requests that the Court grant the Trustee's request for relief from the May 20, 2016 order and reschedule the evidentiary.

             **FULLER, SEAVER, SWANSON & KELSCH, P.A.**

Dated: May 20, 2016       By: /e/ Matthew D. Swanson
                  Matthew D. Swanson    390271
                  Randall L. Seaver     152882
                  12400 Portland Avenue South, Suite 132
                  Burnsville, MN 55337
                  (952) 890-0888
                  Attorneys for Randall L. Seaver, Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re: Bky No. 15-42460

Paul Hansmeier,

      Debtor.

---

**Unsworn Certificate of Service**

---

I hereby certify that on May 20, 2016, I caused the following documents:

    ***-Trustee's Motion for Expedited Hearing and Relief under Rule 9024***;
    -***Declaration of Matthew D. Swanson;***
    ***-Memorandum in support of Trustee's motion; and***
    ***-Order*** *(proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

Paul Hansmeier
3749 Sunbury Cove
Woodbury, MN 55125
**Also served via email**


Dated: __May 20__, 2016                     __/e/ Matthew D. Swanson_____
                                                          Matthew D. Swanson

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

BKY No. 15-42460

In re:

Paul Hansmeier,

      Debtor.

## ORDER

This case is before the court on the trustee's motion for expedited relief and a motion to set aside an order pursuant to Bankruptcy Rule 9024.

Upon the motion and the files,

IT IS ORDERED:

1. The trustee's request for expedited relief is granted;

2. The trustee's motion to set aside the May 20, 2016 order for turnover is granted, and the evidentiary hearing shall be rescheduled.

Dated: _____        _____
                                                                Kathleen H. Sanberg
                                                                United States Bankruptcy Judge