UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Paul Hansmeier,

*Debtor.*

BKY No. 15-42460

## MEMORANDUM OF LAW IN OPPOSITION TO THE CHAPTER 7 TRUSTEE'S EXPEDITED MOTION FOR RELIEF FROM JUDGMENT

Debtor Paul Hansmeier ("Hansmeier") respectfully submits this memorandum in opposition to the Trustee's expedited motion for relief from judgment.

**Preliminary Statement**

The Trustee has filed an expedited motion for relief from a judgment that entered after his failure to appear for trial on May 20, 2016. The Trustee's motion should be denied for two reasons.

*First,* expedited procedures are unwarranted. The Trustee explains that the expedited nature of his motion is necessary to put Hansmeier on notice that the Trustee intends to seek relief from the judgment. *See* Notice of Expedited Hearing and Motion for Relief Under Bankruptcy Rule 9024 and Fed. R. Civ. P. 60(b), May 20, 2016, at ¶ 8. Yet, a telephone call, a letter or a motion calendared on a non-expedited basis would accomplish the same result. There is no exigent circumstance justifying an expedited motion.

The expedited procedures are prejudicial to Hansmeier. Hansmeier has had to reschedule an appointment on May 25, 2016 in order to make way for the expedited

hearing. Further, the expedited briefing required by the Trustee's procedures necessarily limits the amount of time that Hansmeier has had to brief the issues presented in the Trustee's motion. There is no identifiable justification for expedited procedures.

*Second*, the Trustee's motion fails on the merits. The Trustee's motion seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), which provides that a Court may relieve a party from a final judgment on the grounds of mistake, inadvertence, surprise or excusable neglect. While excusable neglect may extend to inadvertent delays, the Supreme Court has emphasized that inadvertence does not ordinarily constitute excusable neglect. Further, Eighth Circuit precedent makes clear that Rule 60(b) has never been a vehicle for relief because of an attorney's carelessness. Thus, only in unusual circumstances does inadvertence justify Rule 60 relief.

The Trustee's motion does nothing to distinguish his neglect from a "garden-variety" mistake. The Declaration of Matt Swanson makes clear that the Trustee's counsel simply mis-calendared the hearing time and apparently failed to double-check the hearing time on the morning of the hearing. *See* Declaration of Matt Swanson, May 20, 2016, at ¶¶ 3–4, 8. There is no unusual gloss in this case, such as counsel's inexperience in federal court, an unexpected emergency, or an ambiguous hearing date. Nor is the ultimate consequence here, *i.e.* an inability to pursue a turnover motion with a modest amount at stake, excessive. The equities will rarely if ever favor a party who fails to follow a deadline that is entirely clear. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 367 (2nd Cir. 2003). The Trustee's neglect was a "garden variety" mistake that cannot justify Rule 60 relief. The Trustee's motion should be denied.

2

## Legal Standard

Federal Rule of Civil Procedure 60(b)(1) permits, *inter alia*, a district court to grant relief from a judgment entered because of a party's excusable neglect. *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005). Excusable neglect necessarily has two components.

> (1) neglect or noncompliance and (2) that is excusable.... In assessing whether conduct is excusable, several factors must be taken into account, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489 (1993). <u>These four *Pioneer* factors do not carry equal weight; the reason for delay is a key factor in the analysis.</u> *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir.2000).

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866-67 (8th Cir. 2007) (emphasis added). Courts are "strongly encouraged" to make findings on all four *Pioneer* factors. *Id.* n.3.

## Argument

The Trustee concedes that he failed to appear for trial. *See* Declaration of Matt Swanson, May 20, 2016, at ¶ 10. The only question is whether his absence was excusable. An analysis of the four *Pioneer* factors reveals that the Trustee's absence resulted from garden variety carelessness, and is thus not excusable.

3

I.   **Reason for the delay.**

The dominant factor in the *Pioneer* analysis is the reason for the delay. *McDonnell Douglas Corp.*, 211 F.3d at 463. The Trustee explains that a scheduling error caused him to miss the trial. *See* Declaration of Matt Swanson, May 20, 2016, at ¶ 4. The Trustee provides no suggestion that unusual factors gave rise to the scheduling error. By the Trustee's own admission, "this was simply a mistake." *See* Memorandum in Support of Trustee's Rule 9024 Motion for Relief From Order, at 4.

"Rule 60(b) has never been a vehicle for relief because of an attorney's … carelessness." *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997). Although neglect need not be beyond a party's control to be deemed excusable, inadvertence does "not usually constitute 'excusable neglect.'" *McDonnell Douglas Corp.*, 211 F.3d at 464 (quoting *Pioneer*, 507 U.S. at 392). Neglect is not excusable when it arises from garden variety attorney inattention. *Id.* at 463. "Garden variety inattention to a court's order setting trial does not constitute excusable neglect." *See, e.g., Kraus-Anderson Capital, Inc. v. Donohue*, No. 4:14-cv-937 (W.D. Mo. Jan 29, 2015) (affirming bankruptcy court's denial of Rule 60 motion where attorney failed to appear at trial due to a calendaring issue).

By his own admission, the Trustee's calendaring error was "simply a mistake." The court's order setting trial was clear. The Trustee's counsel is an experienced attorney. The Trustee's failure to appear arose from circumstances that were entirely within the Trustee's control. This case, thus, presents a textbook example of the garden variety inattention to detail that cannot support Rule 60 relief. "Rule 60(b) has never been

4

a vehicle for relief because of an attorney's ... carelessness." *Inman*, 120 F.3d at 119 (8th Cir. 1997). The Trustee's motion for Rule 60 relief should be denied.

## II. Impact on judicial proceedings and prejudice to the non-moving party.

The Trustee's failure to appear at trial has significantly impacted the proceedings because it prevented the Court from hearing the matter on the merits. It is difficult to imagine an error that could have a more significant impact on judicial proceedings than failing to appear at trial. This is not a situation, for example, where someone missed a minor briefing deadline. Rather, a failure to appear at trial necessarily impedes the resolution of a dispute on the merits. The Trustee's failure to appear at trial significantly impacted the proceedings.

Setting aside the judgment would significantly prejudice Hansmeier. Hansmeier is an attorney with a busy litigation practice. He was forced to clear an entire day from his calendar for the May 20, 2016 trial that the Trustee failed to attend. He invested substantial time in preparing for the trial. To have another trial in this case would force Hansmeier, at great expense to his practice, to block off another day from his busy calendar and would also force Hansmeier to redo the trial preparation process. The prejudice to Hansmeier, not to mention the Court and the estate, would be disproportionate in relation to the amount at issue in this matter.[1]

---

[1] Indeed, the prejudice to Hansmeier has already started. The Trustee's decision to bring his motion on an expedited basis has forced Hansmeier to reschedule an appointment on May 25, 2016, so that Hansmeier may attend the hearing on the Trustee's expedited motion. The Trustee's expedited procedures also significantly reduced the amount of time Hansmeier had to research and prepare a response.

### III. Good faith.

There is nothing in the record to suggest that the Trustee's failure to attend the May 20, 2016, trial arose from bad faith.[2] However, without more, good faith mistakes do not warrant Rule 60 relief. "Rule 60(b) has never been a vehicle for relief because of an attorney's ... carelessness." *Inman*, 120 F.3d at 119 (8th Cir. 1997). Rather, where the deadline is "crystal clear, the error egregious, the excuses so thin as to leave the lapse not only unexcused but inexplicable," the excusable neglect standard is inapplicable. *McDonnell Douglas Corp.*, 211 F.3d at 464. Were this not true, then "it is hard to fathom the kind of neglect that we would not deem excusable." *Id.* (holding that the district court abused its discretion in finding excusable neglect).

### IV. Likelihood of success on the merits.

The Trustee's brief notes that a Rule 60 movant must also establish a likelihood of success on the merits. Memorandum in Support of Trustee's Rule 9024 Motion for Relief

---

[2] It is worth noting that the Trustee is disobeying the Court's May 20, 2016 order. The Trustee has unilaterally elected to withhold the funds subject to the order until the Court has had an opportunity to rule on the Trustee's motion for Rule 60 relief. The Declaration of Randy Seaver dated May 23, 2016, makes clear that the check was available as of May 20, 2016. *Id.* at ¶ 3. Despite repeated requests from Hansmeier to the Trustee's counsel, the Trustee has refused to deliver the check to Hansmeier prior to the May 25, 2016 hearing. While the Declaration of Randy Seaver suggests that the check will be brought to the May 25, 2016 hearing, the Trustee has no authority to impose a unilateral stay on the Court's order for turnover pending the resolution of the Trustee's his own motion for relief. If the funds were in the hands of a neutral third-party, Hansmeier would have been able to present the Court's order and immediately take possession of the funds. The Trustee's disobedience of the Court's May 20, 2016 order is a fact that may undermine a finding of good faith on the Trustee's part.

6

From Order, at 4-5. Hansmeier respectfully disagrees with the Trustee's argument on this point and, rather than reargue his position, directs the Court to the trial brief that Hansmeier submitted in advance of the May 20, 2016 trial.

### V. **Other Factors.**

The issue of the Chapter 13 funds has dragged on for several months now. Hansmeier is entitled to a resolution of the issue without any further delay. The amount in controversy is such that having *two* trials on the issue threatens to make costs and expenses the tail that wags the dog—for Hansmeier, the Court and the estate. The Trustee freely admits that he made a garden variety mistake that was easily avoided via better diligence. The Trustee has not identified any other circumstances that would support Rule 60 relief in this case.

### CONCLUSION

The Trustee's failure to attend the May 20, 2016, trial was garden variety attorney carelessness. "Rule 60(b) has never been a vehicle for relief because of an attorney's ... carelessness." *Inman*, 120 F.3d at 119 (8th Cir. 1997). The Trustee's motion for Rule 60 relief should be denied.

/s/ Paul Hansmeier
100 5th St. S. Suite 1900
Minneapolis, MN 55402
651-399-1583