# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                    BKY No. 15-42460
                                                            Chapter 7 Case
Paul Hansmeier,

                    Debtor.

### REPLY TO DEBTOR'S RESPONSE TO MOTION TO VACATE

Randall L. Seaver, Trustee ("Trustee") of the Bankruptcy Estate of Paul Hansmeier ("Hansmeier"), as and for his reply to debtor's response to motion to vacate, states and alleges as follows:

1. **Funds held by the Trustee**

As he has indicated, the Trustee will turn over the funds on May 25, 2016, if no relief is granted by the Court.  That is three business days after the Order was entered.

The Trustee is holding the Chapter 13 monies solely as a result of the actions of the debtor.  The funds were being held by Barbara May, who felt compelled to withdraw as the debtor's attorney.  As a part of that withdrawal, she sought authorization to transfer the funds to the trustee.  The debtor did not object to that.  As a result, the trustee is holding the funds.

2. **Request for Expedited Relief**

As noted by the trustee in his declaration, he would have preferred to have the motion to vacate heard on regular notice.  However, even though the Court's Order did not provide a time within which the trustee was to turn over funds to the debtor, the debtor has read the word "immediate" into the Order and then acted as if the Order did require "immediate" turnover.  For that reason, the trustee seeks an expedited hearing on this matter.  The trustee believes that if the

funds are turned over to the debtor, regardless of any later ruling by the Court, the estate could never recover the funds from the debtor.

### 3.  <u>The Lack of a Decision on the Merits</u>

The trustee takes full responsibility for the 15 minute late arrival of attorney, Matthew Swanson, and again apologizes for that error.

The debtor aptly points out in his response that the real harm in this matter is not having this issue decided on the merits.  Counsel for the Trustee accepts full responsibility for preventing this matter from going forward as scheduled.  Counsel appeared minutes after the Judge had left the bench and before the Debtor could fully exit the courtroom, the debtor said nothing about what had happened and quickly departed.  If the Debtor were concerned with this matter being heard on the merits, the Trustee wonders what would have happened if the Debtor would have 1) explained to Mr. Swanson what had happened; and 2) re-entered the courtroom to address the court.  Of course, only the Court knows what the Court would have done had that happened, but the trustee speculates that there is a possibility that the evidentiary hearing would have gone forward on the merits, delayed by 15 minutes.

### 4.  <u>Prejudice to the Debtor</u>

The Debtor's response asserts that he would be prejudiced by having to rehear the matter as he invested substantial time preparing for the trial.  Any preparation for the first hearing should be applicable to a continued hearing.  Furthermore, the Debtor identified one exhibit in his exhibit list and no witnesses, outside of those listed in the Trustee's lists.  It doesn't appear that the Debtor was prepared to introduce any new evidence that the court had not already been privy to.  In any event it is doubtful that the hearing would last more than half a day.

2

The Trustee acknowledges that there is a slight prejudice in having the debtor reappear for a continued hearing.  However, as already argued, that prejudice is weighed against the equities in this case and the overriding policy of having matters decided on their merits.  If relief is granted the Trustee is more than willing to work with the Debtor's schedule to accommodate his litigation practice, and place this matter on for a continued hearing where it fits the Debtor and Court's calendar.

FULLER, SEAVER, SWANSON & KELSCH, P.A.

Dated: May 24, 2016

By: /e/ Matthew D. Swanson
Matthew D. Swanson                390271
Randall L. Seaver                 152882
12400 Portland Avenue South, Suite 132
Burnsville, MN 55337
(952) 890-0888

Attorneys for Randall L. Seaver, Trustee

3

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                          BKY No. 15-42460
                                                                  Chapter 7 Case
Paul Hansmeier,

        Debtor.

## UNSWORN CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2016, I caused the following documents:

    1.      Trustee's Reply to Debtor's Response

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

I further certify that I caused a copy of the foregoing documents to be mailed by first-class mail, postage pre-paid to the following:

| | |
|---|---|
| Paul Hansmeier<br>3749 Sunbury Cove<br>Woodbury, MN 55125 | |

**FULLER, SEAVER, SWANSON & KELSCH, P.A.**

Dated: May 24, 2016                    By:  /e/  Matthew D. Swanson
                                          Matthew D. Swanson
                                          12400 Portland Avenue South, Suite 132
                                          Burnsville, MN 55337
                                          (952) 890-0888

4