## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

BKY No. 15-42460

In re:

Paul Hansmeier,                                             **NOTICE OF SETTLEMENT**

           Debtor.

To:   The United States Trustee, all creditors and other parties in interest.

On or after, July 22, 2016, or as soon thereafter as the transaction may be completed, the undersigned trustee of the estate of the debtor named above will settle claims of the bankruptcy estate as follows:

The above captioned bankruptcy case was commenced on July13, 2015 by the filing of a voluntary Chapter 13 petition, the case was converted to one under Chapter 7 on December 3, 2015. The Trustee was assigned to administer the Estate.

**<u>Adversary No. 16-4018</u>**

In March 2013, Paul Hansmeier ("Hansmeier" or "Debtor") and Padraigin Browne ("Browne") purchased a condominium located at 100 Third Avenue South, #3201, Minneapolis, MN 55401(the "Condominium"). On September 16, 2015 Hansmeier and Browne entered into a listing agreement to sell the Condominium, and on or about November 9, 2015, Hansmeier and Browne accepted an offer to sell the Condominium for $1,200,000.  On November 12, 2015 the United States Trustee's Office filed a motion to convert the Debtor's case to a case under Chapter 7.  On November 25, 2015, Hansmeier filed a motion seeking approval of the sale of the Condominium for $1,200,000, the motion was opposed, in part, by the United States Trustee and various creditors.  On December 2, 2015, the Bankruptcy Court approved the motion to sell the Condominium and authorized the chapter 7 trustee to close the sale and retain the sales proceeds pending further order from the Court.  The sale of the Condominium closed on December 15, 2015.  At closing, all closing costs were paid from the sales proceeds, including real estate agent commissions, unpaid contractor fees, and a judgment to a creditor in the amount of $71,620.90 (the "Chowdhury Judgment"), and the remaining proceeds received by the trustee totaled $435,953.91.

On February 22, 2016 the Trustee commenced adversary case no. 16-4018 ("Adv. No. 16-4018") against Browne and Hansmeier, seeking to determine the proper allocation of the proceeds received from the sale of the Condominium amongst the parties.  On March 17, 2016, the Trustee filed a motion seeking approval to release $293,797.26 from the Condominium sale proceeds to Browne and Hansmeier on account of their homestead exemption, that motion was approved on April 12, 2016 and the Trustee issued a check to Browne and Hansmeier in the amount of $293,797.26, the Trustee still has in his possession sale proceeds in the amount of $142,156.65. The parties to Adv. No. 16-4018 maintain a dispute over the proper allocation of the Condominium sales proceeds.   The Trustee, among other arguments, asserts that Hansmeier and Browne's

homestead exemption should be reduced by the debts they accrued during the Chapter 13 case, which would allow for an allocation of a portion of the sale proceeds to the bankruptcy estate. Browne and Hansmeier, among other arguments, assert that they are entitled to their full $390,000 homestead exemption under Minnesota Statutes, and after allocation of the Chowdhury Judgment to the bankruptcy estate's interest in the sale proceeds, all remaining sale proceeds in the possession of the Trustee are property of Browne.

**Adversary No. 16-4031**

On March 17, 2016, Trustee commenced adversary case No. 16-4031 ("Adv. No. 16-4031") against Padraigin Browne, seeking to avoid and recover transfers to Browne totaling $245,000. Monyet, LLC is a limited liability company organized in Delaware and according to its operating agreement the Debtor is the manager of the LLC and the Mill Trust is the sole member of the LLC. The transfers the Trustee seeks to avoid and recover are transfers initiated by the Debtor (as manager of Monyet, LLC) from a Scottrade account held in the name of Monyet, LLC, to an account solely in the name of Browne.  The Mill Trust is a trust agreement created at the request of the Debtor, in which the Debtor is the grantor, and Browne is the trustee and one of the named beneficiaries of the trust.   The Trustee has asserted, among other arguments, that the funds in the Scottrade account were in fact property of the Debtor, and their transfer to Browne is subject to avoidance under 11 U.S.C. § 548.   Browne has asserted, among other arguments, that the Trustee's complaint in Adv. No. 16-4031 fails to state a legal basis for the relief he is requesting as the funds at issue were not property of the Debtor at the time of the subject transfers.

**Bond Funds**

The Debtor's schedule B filed with the Bankruptcy Court on July 13, 2015 listed an interest in a supercedeas bond posted for an appeal in case no. 2:12-cv-08333, pending in front of the 9th Circuit Court of Appeals (the "Bond Interest").   The Debtor scheduled the Bond Interest having a value of $118,791.00, based on his contribution to a bond in the amount of $237,583.66, according to the Debtor's schedule B.   The bond was posted to appeal a sanctions award in the amount of $81,319.79.   The monies used to fund the Debtor's portion of the supercedeas bond came from the Debtor's direct wire transfer from the Scottrade account in the name of Monyet, LLC.   On June 10, 2016 the United States Court of Appeals for the Ninth Circuit affirmed the District Court's award of attorney fees, including a punitive multiplier.   On information and belief, the defendant in the Ninth Circuit matter has filed a request for attorney's fees relating to the appeal, seeking additional fees in the amount of $65,611, in addition to costs totaling $795.30.   The Trustee believes that even if the request for additional fees is granted, bond proceeds will remain to be disbursed to the bankruptcy estate.   Browne has asserted an interest in the Bond Interest as the trustee and beneficiary of the Mill Trust.

Subject to Bankruptcy Court approval, the parties have agreed to settle Adv. No. 16-4018, Adv. No. 16-4031 and any dispute as to the Bond Interest, and any funds payable on account of the Bond Interest, on the following terms:

1. <u>Allocation of Sale Proceeds</u>.   The parties have agreed to split the remaining funds in the Trustee's possession from the sale of the Condominium as follows:
   a. The bankruptcy estate will retain $55,000.00 of the sale proceeds, free and clear of any claim or interest of Browne and Hansmeier; and
   b. Browne and Hansmeier are entitled to the return of $87,156.65, free and clear of any claim or interest of the bankruptcy estate.

2. <u>Bond Interest Allocation</u>.   The parties have agreed that any funds payable to the Estate on behalf of the Bond Interest shall be delivered to the Trustee, and those funds shall be shared among the Estate and Browne in accordance with the following allocation:
   a. The bankruptcy estate shall retain 80% of any monies recovered on account of the Bond Interest; and
   b. Browne is entitled to 20% of any monies recovered on account of the Bond Interest.

3. <u>Issuance of Settlement Funds</u>.   Within 7 days from the entry of an order approving this Agreement, Trustee will issue a joint check to Browne and Hansmeier in the amount of $87,156.65, pursuant to Paragraph 1.   If the Trustee receives any funds on account of the Bond Interest, the Trustee shall issue a check to Browne for twenty percent (20%) of the amount received, within 7 days of those funds clearing the Trustee's account, pursuant to Paragraph 2.

4. <u>Release of Claims</u>.   Subject to Bankruptcy Court approval of this Agreement, and performance by Browne as required herein, the Trustee on behalf of himself, the Estate, and all predecessors in interest, and each of his respective past, present and future officers, directors, attorneys, insurers, servants, representatives, employees, shareholders, subsidiaries, affiliates, participants, partners, predecessors, principals, agents, successors, assigns, family, heirs, executors, administers, personal representatives, and legal representatives hereby releases and forever discharges Browne, except as provided for herein, and each of her respective predecessors, successors, parents, subsidiaries, affiliates, officers, directors, employees, attorneys, insurers, agents, representatives and assigns, past, present or future from any and all claims, losses, liabilities, obligations, suits, debts, liens, contracts, agreements, promises, demands and damages, of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, that any of them ever had, now has, or hereafter may have against Browne, including, without limitation, those arising under Chapter 5 of the United States Bankruptcy Code.

5. <u>Release of Claims to the Monies</u>.   Subject to Bankruptcy Court approval of this Agreement, and performance by the Trustee as required herein, Browne and Hansmeier hereby agree to release any and all claims or interests in the monies retained or obtained by the Estate pursuant to the terms of this Agreement and the Trustee hereby agrees to release any and all claims or interests in the monies retained or obtained by Browne and/or Hansmeier pursuant to the terms of this Agreement. Notwithstanding the forgoing, if the case is converted to a Chapter 13 case, the Trustee shall transfer the monies retained by the Estate, pursuant to the terms of this Agreement, as directed by the Bankruptcy Court.

6. <u>Dismissal of Adversary Actions</u>.   Within 14 days from the entry of an order approving this Agreement, the parties shall cooperate in the drafting and filing the necessary stipulations or documentation to dismiss Adv. No. 16-4018 and Adv. No. 16-4031, with prejudice and without an award of costs.

In consideration of the anticipated litigation costs the bankruptcy estate would incur in pursuing the matters reference herein, and the uncertainty of recovery even if successful in those matters, the Trustee believes this settlement to be reasonable and in the best interest of the bankruptcy estate.

**OBJECTION: MOTION: HEARING.**   Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee, and be filed with the clerk, not later than 12:00 o'clock noon on the day before the above date.   If an objection is made or an order is required, the trustee moves the court for such orders as may be necessary and appropriate.   If an objection is timely delivered and filed, the court will hold an expedited hearing on the objection with reduced notice of the hearing.   The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the United States Trustee.

| | | |
|---|---|---|
| Office of the Clerk | Office of the U.S. Trustee | Trustee (see address |
| U.S. Bankruptcy Court | 1015 U.S. Courthouse | below) |
| 300 South Fourth Street, Suite 301 | 300 South Fourth Street | |
| Minneapolis, MN 55415 | Minneapolis, MN 55415 | |

Dated: June 29, 2016             /e/ Randall L. Seaver
                                 Randall L. Seaver, Trustee
                                 12400 Portland Avenue South, Suite 132
                                 Burnsville, MN 55337
                                 (952) 890-0888