# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

RECEIVED

17 NOV -1 AM 11: 04

U.S. BANKRUPTCY COURT
ST. PAUL, MN

In re

Paul Hansmeier,

*Debtor.*

Bky No. 15-42460

Chapter 7

## NOTICE OF HEARING AND MOTION FOR ORDER TO SHOW CAUSE

Paul Hansmeier ("Hansmeier" or "Debtor") requests that the Bankruptcy Court issue an order to show cause for why Sandipan Chowdhury and a representative of Booth Sweet LLP should not be required to appear in person for the hearing on their objection to the Trustee's Notice of Settlement.

1. The hearing will be held on November 15, 2017, at 1:30 p.m. before the United States Bankruptcy Court, Courtroom 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

2. Any response to this motion must be filed and delivered not later than November 10, 2017, which is five days before the time set for the hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

3. This bankruptcy case was commenced by the filing of a voluntary petition under Chapter 13, 2015. This case was converted to Chapter 7 on December 3, 2015, and Hansmeier is the Debtor.

4. Sandipan Chowdhury and his attorneys have participated extensively in this case. Based on Debtor's review of the docket, Chowdhury and his attorneys have presented more filings than any other non-Trustee participants.

5. Notwithstanding their extensive participation in this case, to Debtor's knowledge neither Chowdhury nor his attorneys have ever personally appeared before the Court.

6. In Debtor's opinion, Chowdhury and his attorneys have not participated in this case in good faith. Most (if not all) of their motions in this case have been rejected. Chowdhury's attorneys knowingly filed false claims and violated the automatic stay.

7. Most recently, Chowdhury and his attorneys sued the Chapter 7 Trustee for violating the automatic stay. To Debtor's knowledge, it is not even theoretically possible for a Chapter 7 Trustee to violate the automatic stay.

8. There is a reasonable possibility that Chowdhury has no idea about what is happening in these proceedings.

9. For example, in his adversary complaint against the Chapter 7 Trustee, Chowdhury alleges that he "is an individual believed to reside in the state of Massachusetts." [*See* Complaint, 17-ap-4125 at ¶ 3].

10. If Chowdhury knew what was happening in these proceedings, he would know whether he lives in Massachusetts.

11. Moreover, based on Debtor's review of the docket, Chowdhury's signature has never been applied to a single document that he has filed across his extensive filings in this and its related cases.

12. For all of the foregoing reasons, Debtor respectfully requests that the Court require that Chowdhury and his attorneys personally appear for the hearing on their objection to the Trustee's Notice of Settlement.

November 1, 2017

Respectfully submitted,

/s/
Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125