**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                                          BKY No. 15-42460
                                                                                                 Chapter 7 Case
Paul Hansmeier,

      Debtor.

## NOTICE OF HEARING AND MOTION FOR APPROVAL OF SETTLEMENT

TO:    Parties specified in Local Rule 9013-3

1. Randall L. Seaver, the Chapter 7 trustee ("Trustee") herein, moves the court for the relief request below and gives notice of hearing herewith.

2. The Court will hold a hearing on this motion at 3:00 p.m. on December 6, 2017 in Courtroom 8W, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415.

3. Any response to this motion must be filed and served by delivery not later than December 1, 2017 which is five days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this Motion under 28 U.S.C. § 157 and § 1334 and Bankruptcy Rule 5005 and Local Rule 1070.1. This motion arises under Bankruptcy Rules 9013 and 9019 and Local Rules 6004-1 and 9019-1.

5. The trustee files this motion seeking the approval of a settlement agreement between the Trustee, debtor and United States Trustee.

6. The terms of the settlement are summarized below, and set forth fully in Exhibit A filed herewith and fully incorporated into this motion.

### SETTLEMENT AGREEMENT

7. The Trustee, United States Trustee and Paul Hansmeier ("Debtor") are currently engaged in the following adversary proceedings which are impacted by the proposed settlement:

    a. Adversary No. 16-4124: The Trustee commenced Adversary Proceeding No. 16-4124, seeking recovery against Sandipan Chowdhury and Booth Sweet, LLP on claims of unjust enrichment and restitution (the "Recovery Claims"). Plaintiff

was awarded judgment by default, which has now been reversed and remanded by the U.S. District Court and the case is pending before the Bankruptcy Court;

b. Adversary No. 17-4114: The Debtor commenced Adversary Proceeding No. 17-4114 against the Trustee seeking a determination of what portion of the Recovery Claims are property of the bankruptcy estate and non-exempt property of the Debtor. The case is currently pending before the Bankruptcy Court; and

c. Adversary No. 16-4035: The United States Trustee filed Adv. No. 16-4035 seeking denial of the debtor's discharge. The matter is currently pending before the Bankruptcy Court.

8. The proposed settlement will resolve Adversary Nos. 17-4114 and 16-4035.

9. As part of the settlement of Adversary No. 17-4114, the trustee seeks approval to transfer the bankruptcy estate's interest in the Recovery Claims to the Debtor, with the bankruptcy estate retaining a security interest in the funds recovered on the claims. See Exhibit A at ¶3.

10. As part of the settlement agreement, the Debtor has agreed to waive his discharge.

11. As consideration for the agreement, the Trustee has entered into settlement with the general unsecured non-priority creditors in the bankruptcy case to allow for payments to the creditors in full resolution of their claims against the debtor and bankruptcy estate. Those settlement agreements have been approved by the Bankruptcy Court.

12. As consideration for the agreement, the Debtor has agreed to waive any objection the Trustee's final report and any applications for compensation of professionals or administrative fees and reimbursement of expenses.

13. All other terms of the settlement are set forth fully in the attached Exhibit A.

14. Pursuant to Local Rule 9013-2, the Trustee hereby gives notice that he may appear and testify as a witness in support of his motion and provide testimony concerning the agreement between the parties. The Trustee's address is provided in the signature block below.

**WHEREFORE**, the trustee requests an order from the court providing as follows:

1. Approving the settlement agreement between the trustee, the debtor and United States Trustee, as summarized herein and fully set forth in the attached Exhibit A.

2. Authorizing the Trustee to execute any documents necessary to effectuate the terms and agreements set forth in the settlement agreement.

3. Any other and further relief deemed appropriate by the Court.

**FULLER, SEAVER, SWANSON & KELSCH, P.A.**

Dated: November 15, 2017      /e/  Matthew D. Swanson
Randall L. Seaver                                152882
Matthew D. Swanson                       390271
12400 Portland Avenue South, Suite 132
Burnsville, MN 55337
(952) 890-0888
mswanson@fssklaw.com

## **VERIFICATION**

I, Randall L. Seaver, the duly appointed Chapter 7 trustee of this Bankruptcy Estate, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on November 15, 2017        /e/ Randall L. Seaver
Randall L. Seaver

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

BKY No. 15-42460

In re:

Paul Hansmeier,

    Debtor.

### SETTLEMENT AGREEMENT BETWEEN
### RANDALL L. SEAVER AS TRUSTEE ("TRUSTEE") OF THE
### ESTATE OF PAUL HANSMEIER ("ESTATE") AND
### PAUL HANSMEIER ("HANSMEIER" OR "DEBTOR") AND
### UNITED STATES TRUSTEE ("UST")

WHEREAS, the above captioned bankruptcy case was commenced on July 13, 2015 by the filing of a voluntary Chapter 13 petition, the case was converted to one under Chapter 7 on December 3, 2015;

WHEREAS, the Trustee was assigned to administer the Estate;

## Restitution Adversary 16-4124

WHEREAS, on November 13, 2012, a complaint was filed in the U.S. District Court for the District of Massachusetts against defendant Sandipan Chowdhury ("Chowdhury"), Case No. 12-cv-12105, the named plaintiff in the case was AF Holdings, LLC.;

WHEREAS, Chowhury filed an answer to the November 13, 2012 complaint on January 4, 2013, along with a counterclaim against plaintiff AF Holdings, LLC, following the filing of the answer, both parties filed motions to dismiss, and Chowdhury filed a motion requiring plaintiff AF Holdings, LLC to post a bond for costs;

WHEREAS, on July 10, 2013, Chowdhury filed a request to issue a notice default on its counterclaims as a result of plaintiff's failure to answer, Chowdhury's request was granted on August 29, 2013, and Chowdhury filed his motion for default judgment as to AF Holdings on September 13, 2013;

WHEREAS, on October 22, 2013, Chowdhury's motion for default judgment was entered against AF Holdings, LLC and its aliases, including Paul Hansmeier (the "Chowdhury Judgment").

WHEREAS, Hansmeier appealed the default order on December 16, 2013, the U.S. District Court denied Hansmeier's request to stay the enforcement of the judgment;



WHEREAS, on or about October 15, 2014, the Chowdhury Judgment was registered in the Hennepin County District Court, Court File No. 27-CV-14-15391, on October 17, 2014 the Chowdhury Judgment was memorialized on the certificate of title for the debtor's homestead located at 100 Third Avenue South, Unit #3201, Minneapolis, Minnesota (the "Homestead");

WHEREAS, following the filing of the Debtor's petition for relief, Debtor's counsel filed a motion to sell the Homestead, the motion was approved by the Bankruptcy Court on December 3, 2015;

WHEREAS, at closing of the Homestead sale, Chowdhury and the law firm representing him, Booth Sweet, LLP, received $71,620.90 on account of the Chowdhury Judgment;

WHEREAS, on August 4, 2016, the United States Court of Appeals for the First Circuit, vacated the Chowdhury Judgment and remanded the matter back to the United States District Court for the District of Massachusetts, due to the fact that the Debtor was not named as a party in the matter and not properly served;

WHEREAS, on November 18, 2016, the Trustee commenced adversary no. 16-4124 ("Adv. No. 16-4124"), seeking a judgment against Sandipan Chowdhury and Booth Sweet, LLP on account of the vacated judgment and the post-petition payment received by Chowdhury and Booth Sweet, LLP on account of the Chowdhury Judgment;

WHEREAS, the Estate's claims against Sandipan Chowdhury, Booth Sweet, LLP, Dan Booth and Jason Sweet, relating to the post-petition payment of monies on account of the Chowdhury Judgment will hereinafter be referred to collectively as the "Recovery Claims";

WHEREAS, on January 10, 2017 the Bankruptcy Court granted the Trustee's application for default judgment in Adv. No. 16-4124 and entered judgment against Sandipan Chowdhury and Booth Sweet, LLP in favor of the Estate on its claims for 1) restitution; and 2) unjust enrichment;

WHEREAS, Chowdhury and Booth Sweet, LLP filed a motion to vacate the entry of default judgment which was denied by the Bankruptcy Court;

WHEREAS, Chowdhury and Booth Sweet, LLP, appealed the matter to the United States District Court for the District of Minnesota, and on November 8, 2017, the United Stated District Court for the District of Minnesota reversed the Bankruptcy Court's January 10, 2017 entry of default judgment and remanded the matter to the Bankruptcy Court for further findings as to defendants ability to meet the "good cause" standard of Fed. R. Civ. P. 55(c);

WHEREAS, the Trustee believes the Recovery Claims are the final assets of the Estate to be administered;

**Declaratory Adversary 17-4114**

WHEREAS, on September 18, 2017, the Debtor commenced adversary no. 17-4114 ("Adv. No. 17-4114") seeking declaratory relief to determine what portion of the claim underlying the

Chowdhury Judgment is Estate property;

WHEREAS, the Debtor's position is that claim supporting the Chowdhury Judgment is either exempt property of the Debtor, or is a post-petition asset of the Debtor;

WHEREAS, the Trustee contests the Debtor's position and maintains that the claim underlying the Chowdhury Judgment is non-exempt property of the Estate;

WHEREAS, the Trustee's time to file an Answer in Adv. No. 17-4114 has not expired, therefore no scheduling order has been issued by the Bankruptcy Court;

**Discharge Adversary 16-4035**

WHEREAS, on March 24, 2016 the UST commenced adversary case no. 16-04035 ("Adv. No. 16-4035") seeking to deny the Debtor's discharge pursuant to 11 U.S.C. § 727 (a)(2)(A), (a)(2)(B), (a)(3), (a)(4)(A) and (a)(5);

WHEREAS, on April 25, 2016 the Debtor filed an Answer in Adv. No. 16-4035, denying any wrongdoing;

**Claims Against Debtor's Estate**

WHEREAS, the Trustee is currently holding approximately $100,000 in the Estate;

WHEREAS, the total amount of administrative claims in the bankruptcy case, including statutory trustee compensation and attorneys fees, exceed $150,000;

WHEREAS, the total amount of general unsecured non-priority claims against the Estate is approximately $57,000.00, after accounting for payments to secured creditors, claim withdrawals and the denial of claims following objections by the trustee;

WHEREAS, contingent upon the approval of this Agreement, the Trustee has entered into settlements with the general unsecured non-priority creditors, with claims pending in this case, which will result in full satisfaction of their claims and a complete release of their claims against the Debtor;

**NOW, THEREFORE**, subject to Bankruptcy Court approval the parties hereto agree to settle Adv. No. 17-4114, Adv. No. 16-4035, disputes as to administrative claims, and other matters relating to the administration of the Estate on the following terms:

    1.    <u>Incorporation of Definitions</u>.  The Parties incorporate the definitions set forth in the recitals.

    2.    <u>Contingent Nature of Agreement</u>.  This Agreement is subject to Bankruptcy Court approval, and each of the settlement terms described in Paragraphs 3, 4, 5 and 6 below constitute a

global settlement which is contingent upon the approval of each of the terms described below, as well as the related settlements described herein, in addition to the performance required herein of the other parties to this Agreement.

      3.     <u>Recovery Claims</u>.  The Debtor and Trustee have agreed to resolve Adversary No. 17-4114 and the parties' interest in the Recovery Claims, and any other claim against Chowdhury and Booth Sweet, LLP relating to the post-petition payment on account of the Chowdhury Judgment, on the following terms:

    a. Pending approval, or disapproval, of this Agreement, the Debtor shall execute a 60 day extension to the Trustee's deadline to file an answer in Adv. No. 17-4114;
    b. The Trustee shall assign to Paul Hansmeier the Estate's interest in the Recovery Claims, and any related claims against Chowdhury, Booth Sweet, LLP, Dan Booth and Jason Sweet, arising out of the post-petition payment on account of the Chowdhury Judgment;
    c. in consideration of the assignment of the Estate's interest in the Recovery Claims, the Estate shall be entitled to receive, and is hereby granted a security interest in, the Recovery Claims, and related claims against Chowdhury and Booth Sweet, LLP, as described herein, and any funds recovered on account of those claims, as follows:
        i. The Estate shall be entitled to the first $25,000 recovered from the Recovery Claims and related underlying claims;
        ii. Paul Hansmeier shall be entitled to the second $25,000.00 recovered from the Recovery Claims and any underlying claims; and
        iii. in the event over $50,000 is recovered on account of the Recovery Claims, the Estate and Debtor shall split those proceeds, which exceed $50,000, equally.
    d. the parties release any claims to the proceeds not payable to them pursuant to Paragraph 3c above;
    e. upon approval of this Agreement, the Debtor agrees to dismiss Adv. No. 17-4114, with prejudice and without an award of costs;
    f. the parties agree to cooperate in the drafting and execution of any additional documents necessary to effectuate the settlement described herein, including but not limited to the drafting and execution of assignment and security documents.

      4.     <u>Discharge Adversary</u>.  As consideration for this Agreement between the parties hereto the Debtor agrees to waive his discharge.   The waiver of discharge shall be accomplished as follows:

    a. Within 5 days of entry of the Order approving this Agreement, and the settlements described in Paragraph 5 below, the Debtor agrees to execute a waiver of discharge;
    b. Within 5 days of entry of the Order approving this settlement, and the settlements described in Paragraph 5 below, the Debtor agrees to file and serve a motion seeking approval of the Debtor's waiver of his discharge; the hearing is to be held on the closest date available with the court which allows sufficient notice under applicable rules of bankruptcy procedure;

    c. the Debtor agrees to appear at the hearing scheduled to seek approval of his waiver of discharge described in Paragraph 4b above; and

    d. upon the Bankruptcy Court's approval of the Debtor's waiver of discharge, the UST and Debtor agree to stipulate to dismissal of the adversary complaint.

  5. <u>Claims Against Debtor</u>.  As consideration for this Agreement, the Trustee has entered into, or will enter into, settlements with the general unsecured creditors which have filed claims against the Estate.  The Trustee's agreements with the general unsecured non-priority creditors will be settlements which provide that the Estate will make partial payments to the creditors in full satisfaction of their claims against the Estate and against the Debtor.  The Trustee shall promptly file notices or motion documents to obtain Bankruptcy Court approval of his settlements with the general unsecured non-priority creditors.

  6. <u>Waiver of Objections</u>.  As consideration for this Agreement, the Debtor agrees to release any objection he has to: a) the Trustee's final report; b) any application for compensation of professionals or administrative fees; and any application for reimbursement of expenses.  This release by the Debtor is conditioned on any application or final report being consistent with the terms and consideration set forth in this Agreement.

  7. <u>Bankruptcy Court Approval</u>.  In the event that this Agreement is not approved by the Bankruptcy Court, nothing contained herein shall constitute an admission by any party hereto, nor shall anything contained herein constitute a waiver of any claims or issues by any of the parties hereto.

  8. <u>Complete Agreement</u>.  This Agreement constitutes the whole and complete agreement between the parties.  No modifications of the terms of this Agreement shall be effective unless made in writing and signed by the party against whom such modification should run.  This Agreement supersedes all prior agreements and understandings between the parties.

  9. <u>Choice of Law</u>.  This Agreement shall be governed and interpreted in accordance with the laws of the State of Minnesota without reference to principles of conflicts of law except to the extent that Federal Bankruptcy law preempts Minnesota State law.

  10. <u>Counterparts</u>.  This Agreement may be executed in counterparts, but shall be construed as if signed in one document.

  11. <u>Representations</u>.  Each party hereto covenants and warrants that they have carefully read the foregoing Agreement and the contents thereof, that they are duly authorized to execute this Agreement and that they have signed the same of their own free act and deed, having been advised by counsel as to the provisions contained herein.

  12. <u>Legal Advice</u>.  Each party received independent legal advice from its attorneys with respect to the advisability of making this settlement provided for herein and with respect to the advisability of making the Agreement.

13. <u>Drafting</u>.  The parties to this Agreement have jointly participated in the drafting of this Agreement and therefore if there should be any dispute as to the meaning of any part of this Agreement, the parties hereto agree that all of the parties hereto shall be considered to have drafted such language so that the court does not construe or interpret the language against any of the parties hereto.

14. <u>No Duress</u>.  Each party acknowledges that such party has read this Agreement and understands the contents hereof.

15. <u>Further Cooperation</u>.  Each party shall execute all further additional documents which are reasonably necessary to carry out the provisions of this Agreement.

16. <u>Binding Effect</u>.  This Agreement is binding upon and shall inure to the benefit of the parties hereto, their respective assigns, heirs and successors-in-interest.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly signed.

Dated: _____, 2017      By:_____
                                        Matthew D. Swanson         0390271
                                        Fuller, Seaver, Swanson & Kelsch, P.A.
                                        12400 Portland Avenue South, Suite 132
                                        Burnsville, MN 55337

                                        Attorney for the Trustee, Randall L. Seaver


Dated: _____, 2017      By:_____
                                        Colin Kreuziger              386834
                                        Trial Attorney
                                        United States Department of Justice
                                        Office of the United States Trustee
                                        Region 12
                                        1015 U.S. Courthouse
                                        300 S 4th Street
                                        Minneapolis, MN 55415

                                        Attorney for the United States Trustee


Dated:_____, 2017       By:_____
                                        Paul Hansmeier

6

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE:  PAUL R HANSMEIER | CASE NO: 15-42460 <br> **DECLARATION OF MAILING** <br> **CERTIFICATE OF SERVICE** <br> Chapter: 7 <br> ECF Docket Reference No. <br> Judge: Kathleen Sanberg <br> Hearing Location: Courtroom 8 West <br> Hearing Date: December 6, 2017 <br> Hearing Time: 3:00 p.m. <br> Response Date: December 1, 2017 |

On 11/15/2017, I did cause a copy of the following documents, described below,

Motion to Approve Settlement,

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically witih the documents described herein per the ECF/PACER system.

DATED: 11/15/2017

/s/ Matthew D. Swanson
Matthew D. Swanson  390271
Fuller, Seaver, Swanson & Kelsch, P.A.
12400 Portland Ave. S., Suite 132
Burnsville, MN  55337
952 890 0888
mswanson@fssklaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: PAUL R HANSMEIER | CASE NO: 15-42460 |
| | **CERTIFICATE OF SERVICE DECLARATION OF MAILING** |
| | Chapter: 7 |
| | ECF Docket Reference No. |
| | Judge: Kathleen Sanberg |
| | Hearing Location: Courtroom 8 West |
| | Hearing Date: December 6, 2017 |
| | Hearing Time: 3:00 p.m. |
| | Response Date: December 1, 2017 |

On 11/15/2017, a copy of the following documents, described below,

Motion to Approve Settlement,

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 11/15/2017

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Fuller, Seaver, Swanson & Kelsch, P.A.
Matthew D. Swanson
12400 Portland Ave. S., Suite 132
Burnsville, MN  55337

```
PARTIES DESIGNATED "*" WERE SERVED BY FIRST CLASS MAIL
PARTIES WITH A "+" AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM
```

*CASE INFO*

| | | |
|---|---|---|
| 1 LABEL MATRIX FOR LOCAL NOTICING<br>08644<br>CASE 15-42460<br>DISTRICT OF MINNESOTA<br>MINNEAPOLIS<br>WED NOV 15 10-34-44 CST 2017 | 2 BEST  FLANAGAN LLP PAUL GODFREAD<br>PHILLIP<br>CO EDWARD P SHEU<br>60 SOUTH SIXTH STREET SUITE 2700<br>MINNEAPOLIS MN 55402-4452 | 3 FULLER SEAVER SWANSON  KELSCH<br>12400 PORTLAND AVENUE SOUTH STE 132<br>BURNSVILLE MN 55337-6805 |

*EXCLUDE*

| | | |
|---|---|---|
| ~~4 MINNEAPOLIS~~<br>~~301 US COURTHOUSE~~<br>~~300 SOUTH FOURTH STREET~~<br>~~MINNEAPOLIS MN 55415-1320~~ | 5 900 SECOND AVE S LLC<br>900 2ND AVENUE SOUTH<br>MINNEAPOLIS MN 55402-3314 | 6 ALPHA LAW FIRM<br>80 S 8TH ST<br>MINNEAPOLIS MN 55402-2100 |
| 7 AMERICAN EXPRESS<br>CUSTOMER SERVICE<br>BILLING INQUIRIES<br>PO BOX 981535<br>EL PASO TX 79998-1535 | 8 ANTHONY SMITH<br>CO BOOTH SWEET LLP<br>32R ESSEX ST STUDIO 1A<br>CAMBRIDGE MA 02139-2646 | 9 ALAN COOPER<br>CO BOOTH SWEET LLP<br>32R ESSEX STREET<br>CAMBRIDGE MA 02139-2646 |
| 10 ALAN COOPER<br>CO GODFREAD LAW FIRM PC<br>6043 HUDSON ROAD SUITE 305<br>WOODBURY MN 55125-1035 | 11 AMERICAN EXPRESS BANK FSB<br>CO BECKET AND LEE LLP<br>POB 3001<br>MALVERN PA 19355-0701 | 12 BEST  FLANAGAN LLP<br>ATTN EDWARD P SHEU<br>60 SOUTH SIXTH STREET SUITE 2700<br>MINNEAPOLIS MN 55402-4690 |
| 13 CERTAIN JOHN DOES<br>ST CLAIR COUNTY IL<br>CASE NO 12-MR-417<br>CO ERIN RUSSELL<br>230 W SUPERIOR STREET SUITE 200<br>CHICAGO IL 60654-3581 | 14 EDWARD SHEU<br>BEST AND FLANAGAN<br>225 SOUTH 6TH ST SUITE 4000<br>MPLS MN 55402-4625 | 15 EDWARD P SHEU<br>BEST  FLANAGAN LLP<br>60 SOUTH SIXTH STREET<br>SUITE 2700<br>MINNEAPOLIS MN 55402-4690 |
| 16 GODFREAD LAW FIRM PC<br>CO BEST  FLANAGAN LLP<br>60 SOUTH SIXTH STREET<br>SUITE 2700<br>MINNEAPOLIS MN 55402-4452 | 17 ILLINOIS DEPARTMENT OF REVENUE<br>SPRINGFIELD IL 62179 | 18 INTERNAL REVENUE SERVICE<br>INSOLVENCY SECTION<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| 19 ILLINOIS DEPARTMENT OF REVENUE<br>BANKRUPTCY SE<br>PO BOX 64338<br>CHICAGO IL 60664-0338 | 20 JOHN DOE<br>CO THE PIETZ LAW FIRM<br>8605 SANTA MONICA BLVD<br>NO 69018<br>LOS ANGELES CA 90069-4109 | 21 JOHN STEELE<br>500 MICHIGAN AVE<br>SUITE 600<br>CHICAGO IL 60611-3754 |
| 22 MARK LUTZ<br>1111 LINCOLN ROAD<br>MIAMI BEACH LF 33139-2452 | 23 MICHAEL DUGAS<br>1125 DUCKWOOD TRAIL<br>APT 112<br>EAGAN MN 55123-1134 | 24 PADRAIGIN BROWNE<br>100 3RD AVE S 3201<br>MPLS MN 55401-2728 |
| 25 PAUL DUFFY<br>2 N LASALLE ST<br>CHICAGO IL 60602-3702 | 26 PRENDA LAW INC<br>2 N LASALLE ST<br>CHICAGO IL 60602-3702 | 27 PAUL GODFREAD<br>CO BOOTH SWEET LLP<br>32R ESSEX STREET<br>CAMBRIDGE MA 02139-2646 |

PARTIES DESIGNATED "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

```
28 PHILLIP GAINSLEY                 29 QWEST COMMUNICATIONS ET AL    30 SANDIPAN CHOWDHURY
CO BEST  FLANAGAN LLP               CO BASSFORD REMELE               CO BOOTH SWEET
60 SOUTH SIXTH STREET               33 S 6TH STREET SUITE 3800       32R ESSEX SUITE STUDIO 1A
SUITE 2700                          MINNEAPOLIS MN 55402-3707        CAMBRIDGE MA 02139
MINNEAPOLIS MN 55402-4452


31 SANDIPAN CHOWDHURY CO BEST       32 TCF MORTGAGE CORP             33 TCF NATIONAL BANK
FLANAGAN                            PO BOX 1119                      1405 XENIUM LANE NORTH
60 SOUTH SIXTH STREET               MINNEAPOLIS MN 55472-0121        PLYMOUTH MN 55441-4402
SUITE 2700
MINNEAPOLIS MN 55402-4452


34 THOMPSON HALL SANTI CERNY  DOOLEY 35 US TRUSTEE                   36 ANTHONY SMITH
CO BEST  FLANAGAN LLP               1015 US COURTHOUSE               CO JASON SWEET
60 SOUTH SIXTH STREET               300 S 4TH ST                     BOOTH SWEET LLP
SUITE 2700                          MINNEAPOLIS MN 55415-3070        32R ESSEX STREET
MINNEAPOLIS MN 55402-4452                                            CAMBRIDGE MA 02139-2646


                                                                     DEBTOR
37 CERTAIN JOHN DOES                38 CONSTANCE J PAIEMENT          39 PAUL HANSMEIER
THE RUSSELL FIRM LLC                PAIEMENT LAW OFFICE LLC          9272 CORTLAND ALCOVE
CO ERIN K RUSSELL                   221 EAST MYRTLE STREET           WOODBURY MN 55125-9115
230 W SUPERIOR STREET               STILLWATER MN 55082-5040
SUITE 200
CHICAGO IL 60654-3581


40 RANDALL L SEAVER                 41 SAMUEL V CALVERT
12400 PORTLAND AVENUE SOUTH         1011 2ND ST N STE 107
SUITE 132                           ST CLOUD MN 56303-3237
BURNSVILLE MN 55337-6805
```

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Paul R. Hansmeier,

      Debtors.

BKY No. 15-42460
Chapter 7 Case

## ORDER APPROVING SETTLEMENT

This case is before the court on the trustee's motion for approval of a settlement between the trustee, debtor and United States Trustee. Appearances, if any, were as noted upon the record.

Based upon the motion and the files,

**IT IS ORDERED:**

1. The settlement agreement between the trustee, debtor and United States Trustee, as summarized in the motion documents and as fully set forth in the exhibit attached to the motion, is approved.

2. The trustee is authorized to execute any documents necessary to effectuate the terms and agreements set forth in the settlement agreement.

Dated:                                                                   _____
                                                                   Kathleen H. Sanberg
                                                                   Chief United States Bankruptcy Judge