## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

IN RE:                                                              CHAPTER 7

Paul R. Hansmeier,                                        CASE NO. 15-42460

      Debtor.

---

## NOTICE OF HEARING AND MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER ANNULLING THE AUTOMATIC STAY TO RATIFY ENTRY OF JUDGMENT BY THE FIRST CIRCUIT COURT OF APPEALS AND AN ORDER BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

---

TO: The entities specified in Local Rule 9013-3.

The Chapter 7 trustee, Randall L. Seaver (the "Trustee"), files this Motion for an Order Annulling the Automatic Stay to Ratify Post-Petition Judicial Proceedings (the "Motion"). In support of the Motion, the Chapter 7 Trustee states as follows:

1.      The court will hold a hearing on the Motion at **1:30 p.m. on Thursday, November 30, 2017**, before the Honorable Kathleen H. Sanberg, Chief Judge of the Bankruptcy Court, Courtroom 8 West, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

2.      Under Local Rule 9006-1(c), any response to the Motion must be filed and served by delivery or by mail not later than **November 25, 2017**, which is five calendar days before the hearing date including Saturdays, Sundays and holidays. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

3.      The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, Rule 5005 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1070-1. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4.     The statutory and procedural predicates for relief is § 362(d)(1) of title 11 of the United States Code (the "Bankruptcy Code").  The Motion is filed under Bankruptcy Rule 9014 and Local Rules 9013-1 through 9019-1.

5.     This bankruptcy case was commenced as a Chapter 13 case on July 13, 2015 ("Petition Date").  The case was converted to a case under Chapter 7 on December 3, 2015.  The Trustee was appointed to administer the bankruptcy estate on December 4, 2015.  The case is now pending in this court.

## **BACKGROUND**

6.     On November 13, 2012, AF Holdings, LLC, ("AF Holdings") filed suit against Sandipan Chowdhury ("Chowdhury") in the District Court of Massachusetts, *AF Holdings, LLC v. Chowdhury* (hereinafter "AF Holdings Action").  The only parties to the AF Holdings Action were AF Holdings and Chowdhury.

7.     Chowdhury answered the complaint in the AF Holdings Action with counterclaims against the plaintiff, AF Holdings, LLC.  On October 17, 2013, Chowdhury filed a motion for default judgment on its counterclaims, seeking entry of judgment against the plaintiff AF Holdings, LLC and Paul Hansmeier and John Steele, personally.  See Ex. C to Decl. of MDS.[1]

8.     The District Court of Massachusetts entered default judgment on Chowdhury's counterclaims in the AF Holdings Action on October 22, 2013, naming Paul Hansmeier as a judgment debtor, although he was not a party to the AF Holdings Action.  See Ex. D to Decl. of MDS.

9.     On December 16, 2013, Paul Hansmeier noticed his appeal of the October 22, 2013 default judgment in the AF Holdings Action, appealing the matter to the First Circuit Court of Appeals.

---

[1] "Decl. of MDS" refers to the Declaration of Matthew D. Swanson filed in support of this Motion.

10.     On July 13, 2015, the Paul Hansmeier ("Debtor" or "Hansmeier") filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the District of Minnesota.

11.     On August 4, 2016, the First Circuit Court of Appeals vacated the October 22, 2013 judgment against the Debtor in the AF Holdings Action and remanded the matter to the District Court.  The First Circuit held that the District Court lacked personal jurisdiction over Hansmeier as he had never been served in the matter, and was not a named party.  See Ex. E to Decl. of MDS.

12.     On September 8, 2016, the U.S. District Court for the District of Massachusetts entered an Order on Remand, setting aside the October 22, 2103 judgment against Hansmeier, consistent with the mandate from the First Circuit Court of Appeals. Ex. F to Decl. of MDS.

13.     The Trustee was never a party to the AF Holdings Action, and has taken no action against the Debtor, or any creditor of the bankruptcy estate outside of the United States Bankruptcy Court for the District of Minnesota.

14.     On October 30, 2017, Chowdhury and his counsel Booth Sweet, LLP commenced Adversary Proceeding No. 17-04125, seeking in part a declaration that the First Circuit Court of Appeals' entry of its August 4, 2016 judgment was a violation of the automatic stay, rendering the judgment void *ab initio*.

## **RELIEF REQUESTED**

15.     Pursuant to section 362(d) of the Bankruptcy Code, the court shall grant relief from the automatic stay "for cause" which constitutes a broad grant of equitable discretion to this Court, in addition to its broad, equitable authority under 11 U.S.C. § 108.  For the reasons set forth above and in the accompanying memorandum of law, the Chapter 7 Trustee submits that immediate relief from the stay for "cause" is appropriate here to annul the automatic stay for the limited purpose of ratifying the entry of: a) the August 4, 2016 judgment by the First Circuit

Court of Appeals; and 2) the September 8, 2016 Order on Remand entered by the U.S. District Court for the District of Massachusetts in the AF Holdings Action.

16.     The Trustee strongly disagrees with Chowdhury and Booth Sweet's contentions in Adv. No. 17-04125 that the stay was violated by the Trustee, his counsel, or the First Circuit Court of Appeals.  Nevertheless, in the event there was a violation of the automatic stay by the First Circuit Court of Appeals' entry of judgment, vacating the October 22, 2013, "cause" exists to annul the stay to eliminate any such stay violation.

17.     In accordance with Local Rule 9013-2(a), the Chapter 7 Trustee is filing a separate memorandum of law.

18.     In accordance with Local Rule 9013-3(a)(1), notice of this Motion has been given by ECF to the Office of the United States Trustee and all parties requesting notice in the case. Notice of the Motion is being sent to the Debtor via regular mail, and to counsel for the defendant in the AF Holdings Action.

19.     If testimony is necessary on any of the facts relative to the Motion, the Chapter 7 Trustee reserves the right to testify at the hearing on this Motion.

WHEREFORE, the Chapter 7 Trustee respectfully requests that the Court:

i.     Grant his request for an order that the automatic stay set forth in section 362 of the Bankruptcy Code is annulled for cause for the sole and limited purpose of ratifying the entry of: a) the August 4, 2016 judgment by the First Circuit Court of Appeals; and 2) the September 8, 2016 Order on Remand entered by the U.S. District Court for the District of Massachusetts in the AF Holdings Action.

ii.     Order that the provisions of Bankruptcy Rule 4001(a)(3) be waived; and

iii.     Grant such other and further relief as this Court deems just and proper.

Dated:  November 16, 2017          By: /e/ Matthew D. Swanson
                                   Matthew D. Swanson (#390271)
                                   Fuller, Seaver, Swanson & Kelsch, P.A.
                                   12400 Portland Avenue South, Suite 132
                                   Burnsville, MN  55337
                                   (952) 890-0888
                                   mswanson@fssklaw.com

                                   **ATTORNEYS FOR CHAPTER 7 TRUSTEE**


## <u>VERIFICATION</u>

I, Randall L. Seaver, the duly appointed Chapter 7 trustee of this Bankruptcy Estate, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: November 16, 2017                /e/  Randall L. Seaver
                                        Randall L. Seaver

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                                    BKY No. 15-42460

Paul Hansmeier,

            Debtor.

### MEMORANDUM IN SUPPORT OF MOTION TO ANNUL AUTOMATIC STAY

### <u>INTRODUCTION</u>

Trustee submits this memorandum in support of his motion to annul the automatic stay

for the purpose of leaving the First Circuit Court of Appeals' August 4, 2016 decision

undisturbed.  The Trustee does not believe the entry of an order by the First Circuit Court of

Appeals violated the automatic stay, but out of an abundance of caution seeks relief from the

Court to annul the stay in light of the unique and compelling circumstances in this case.

A complete discussion of these issues is set forth below.

### <u>BACKGROUND FACTS</u>

1. On November 13, 2012, AF Holdings, LLC, ("AF Holdings") filed suit against Sandipan

   Chowdhury ("Chowdhury") in the District Court of Massachusetts, *AF Holdings, LLC v.

   Chowdhury*, No. 12-cv-12105 (D. Mass. 2012)(hereinafter "AF Holdings Action").  A

   copy of the Docket in that case is attached to the Decl. of MDS as Exhibit A.[1]

2. The only parties to the AF Holdings Action were AF Holdings and Chowdhury. See Id.

3. Chowdhury answered the complaint in the AF Holdings Action with counterclaims

   against the plaintiff, AF Holdings, LLC.

---

[1] "Decl. of MDS" refers to the Declaration of Matthew D. Swanson filed herewith.

4.  The debtor Paul Hansmeier ("Debtor" or "Hansmeier") was not a party to the AF Holdings Action, and was not identified as a defendant in the counterclaims.  See Ex. B to Decl. of MDS.

5.  On October 17, 2013, Chowdhury filed a motion for default judgment on its counterclaims, seeking entry of judgment against the plaintiff AF Holdings, LLC and Paul Hansmeier and John Steele, personally.  See Ex. C to Decl. of MDS.

6.  The District Court of Massachusetts entered default judgment on Chowdhury's counterclaims in the AF Holdings Action on October 22, 2013, naming Hansmeier as a judgment debtor, although he was not a party to the AF Holdings Action.  See Ex. D to Decl. of MDS.

7.  On December 16, 2013, Hansmeier noticed his appeal of the October 22, 2013 default judgment in the AF Holdings Action, appealing the matter to the First Circuit Court of Appeals.

8.  On July 13, 2015, the Debtor filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the District of Minnesota.

9.  On December 3, 2015, the Debtor's case was converted to a case under Chapter 7, and on December 4, 2015, Randall L. Seaver was appointed as the Chapter 7 panel trustee to administer the case ("Trustee").

10. On August 4, 2016, the First Circuit Court of Appeals vacated the October 22, 2013 judgment against the Debtor in the AF Holdings Action and remanded the matter to the District Court.  The First Circuit held that the District Court lacked personal jurisdiction over Hansmeier as he had never been served in the matter, and was not a named party. See Ex. E to Decl. of MDS.

2

11. On September 8, 2016, the U.S. District Court for the District of Massachusetts entered
an Order on Remand, setting aside the October 22, 2103 judgment against Hansmeier,
consistent with the mandate from the First Circuit Court of Appeals. Ex. F to Decl. of
MDS.

12. On September 29, 2016, Chowdhury, through counsel Booth Sweet, LLP, filed a motion
for amended judgment and to add or substitute Hansmeier as a defendant in the October
22, 2013 judgment.  The motion stated, in relevant part, the following:

> Sandipan Chowdhury ("Chowdhury") respectfully moves the Court to
> add or substitute John Steele and Paul Hansmeier as parties in addition
> to or in place of Counterdefendant AF Holdings, LLC.

See Exhibit G to Decl. of MDS.

13. On November 18, 2016, Trustee commenced Adv. No. 16-04124 against Chowdhury and
Booth Sweet, LLP, seeking in part, recovery of bankruptcy estate funds paid to the
defendants pursuant to the vacated October 22, 2013 judgment.  After the defendants
failed to timely file an answer, the Trustee filed a motion for default judgment in Adv.
No. 16-04124, which was granted by the Bankruptcy Court.  Chowdhury and Booth
Sweet, LLP filed a motion to vacate entry of the default judgment, which was denied by
the Bankruptcy Court.  Chowdhury and Booth Sweet, LLP appealed that decision to the
U.S. District Court for the District of Minnesota.  In all of the filings relating to Adv. No.
16-04124, including the appellant's brief, Chowdhury and Booth Sweet, LLP did not
once assert that the First Circuit Court of Appeals' entry of judgment on August 4, 2016
was in violation of the automatic stay.   To the contrary, in their Answer filed in Adv. No.
16-04124, Chowdhury and Booth Sweet, LLP state the following as a fact in support of

3

an affirmative defense: "[t]he judgment at issue was vacated post-petition as to the Debtor, and remanded for further proceedings."  See Dec. of MDS Ex. H. at ¶ 56.

14. On July 5, 2017, Hansmeier commenced Adv. No. 17-04076, seeking sanctions against Daniel Booth and Jason Sweet, in part as a result of their violation of the automatic stay for their post-petition attempt to add Hansmeier as a debtor to the judgment entered by the District Court of Massachusetts.  The Trustee requests that the Court take judicial notice of that Complaint.  The Trustee believes the Complaint to be without merit.

15. On July 27, 2017, the Bankruptcy Court granted Hansmeier's motion for summary judgment against Daniel Booth and Jason Sweet, finding that they violated the automatic stay through their post-petition attempt to add Hansmeier as judgment debtor in the AF Holdings Action.  A copy of the Order is attached to the Decl. of MDS as Exhibit I.  Daniel Booth and Jason Sweet did not assert, in that matter, that the First Circuit's judgment was "void *ab initio*" as a violation of the automatic stay.

16. On October 30, 2017, Chowdhury and Booth Sweet, LLP commenced Adversary Proceeding No. 17-4125, seeking in part a declaration that the First Circuit Court of Appeals' entry of its August 4, 2016 judgment was a violation of the automatic stay, rendering the judgment void *ab initio*.

4

**<u>ARGUMENT</u>**

**II**.      **The First Circuit Court of Appeals and the U.S. District Court for the District of Massachusetts did not Violate the Automatic Stay**.

The Trustee seeks the Court's relief out of an abundance of caution.  Through Adversary No. 17-4125, Chowdhury and his counsel are currently seeking relief against the Trustee, and his counsel, alleging stay violations, as well as staging collateral attacks on other issues present in other adversary cases pending in front of the Bankruptcy Court.

The relevant provision is 11 U.S.C. § 362(a)(1) which expressly prohibits the following:

> The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1).  In order for stay violation to exist there has to be an "action or proceeding against the debtor".  Id.  As evidenced by the docket to the AF Holdings Action, the Debtor was not a party to that action.  Ex. A to Decl. of MDS.  The August 4, 2016 judgment entered by the First Circuit Court of Appeals made the same finding, holding that the Debtor was not a named party to the AF Holdings Action, and had not been properly served in that case.  See Ex. E to Dec. of MDS.  The First Circuit's decision was decided on the finding that the United States District Court for the District of Massachusetts lacked personal jurisdiction over the Debtor, warranting the vacating of the October 22, 2013 judgment.  Id.

The United States Court of Appeals for the Eight Circuit has joined other circuits in holding that "… an appeal by a debtor in a case in which the debtor originally was the defendant is a 'continuation' of a 'proceeding against the debtor' and thus is subject to the automatic stay".  *Farley v. Henson*, 2 F.3d 273, 275 (8th Cir. 1993)(citations omitted).  The Court noted that "whether a case is subject to the automatic stay is determined 'from an examination of the debtor's status at the *initial* proceeding.'" *Id.*; citing *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983).  There is no dispute as to the fact that the Debtor was not a named

5

defendant, or even a named party, at the commencement, or at any time, in the AF Holdings Action. Consequently the automatic stay did not serve to stay the Debtor's appeal to the First Circuit Court of Appeals as a non-party.

Without personal jurisdiction over the Debtor, there was no "action or proceeding against the debtor", and as such no stay violation occurred when the First Circuit Court of Appeals entered its August 4, 2016 judgment. This fact is further evidenced by the September 29, 2016 motion filed by Chowdhury in the AF Holdings Action, seeking to add or substitute the Debtor as a party to the case. See Ex. G to Decl. of MDS. If the AF Holdings Action was an action against the Debtor on August 4, 2016, Chowdhury would not have sought relief to add the Debtor as a Defendant on September 29, 2016. Chowdhury's motion, filed by counsel Booth Sweet, LLP, is an admission that the Debtor was not a party to the AF Holdings Action, which they sought to remedy post-petition, in violation of the automatic stay.

## II.     Retroactive Stay Relief Under 11 U.S.C. § 362(d) is warranted.

In the event the August 4, 2016 entry of judgment by the First Circuit Court of Appeals, and the subsequent entry of the Order on Remand in the AF Holdings Action could constitute a stay violation, the Trustee requests relief from the automatic stay under § 362(d)(1) for the limited purpose of allowing entry of the August 4, 2016 judgment and September 8, 2016 order on remand.

A.     <u>Relief Under 8th Circuit Precedent</u>.

The Bankruptcy Court is authorized to annul the automatic stay pursuant to 11 U.S.C. § 362(d), which provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

6

> (1) for cause, including the lack of adequate protection of an interest in
> property of such party in interest;

11 U.S.C. § 362(d)(1).  The Eighth Circuit has held that bankruptcy courts have the power to annul an automatic stay retroactively for cause pursuant to 11 U.S.C. § 362(d)(1) in order to rehabilitate stay violations.  *Bunch v. Hoffinger Indus.* (*In re Hoffinger Indus.*), 329 F.3d 948, 952 (8th Cir. 2003)*; citing In re Siciliano*, 13 F.3d 748, 751 (3d Cir. 1994); See also *In re Schwartz*, 954 F.2d 569, 572 (9th Cir. 1992).   The Chapter 7 panel trustee seeks retroactive relief to annul the automatic stay in order to ratify the entry of the August 4, 2016 Judgment entered by the First Circuit Court of Appeals, and the September 8, 2016 Order on Remand entered by the United States District Court for the District of Massachusetts.

"Cause" is not defined in the Bankruptcy Code and whether "cause" exists must be determined on a case-by-case basis.  *See, e.g., In re Petroleum Piping Contractors, Inc.*, 211 B.R. 290, 308 (Bankr. N.D. Ind. 1997); *Trident Assos. Ltd. P'ship v. Metro. Life Ins. Co. (In re Trident Assocs. Ltd. P'ship)*, 52 F.3d 127, 131 (6th Cir. 1995).  In determining what constitutes "cause" for lifting the automatic stay, bankruptcy courts are guided by "the particular circumstances of the case and . . . considerations that under the law make for the ascertainment of what is just to the claimants, the debtor and the estate."  *Foust v. Munson S.S. Lines*, 299 U.S. 77, 83 (1936).  After the moving party makes a prima facie showing that cause exists, the ultimate burden shifts to the nonmoving party to prove that cause does not exist to lift the automatic stay.  *See* 11 U.S.C. §362(g); *see also In re Petroleum Piping Contractors, Inc.*, 211 B.R. at 307.

This is not a typical motion seeking relief from the automatic stay for the purposes of pursuing or continuing an action against the Debtor.  Here, the Trustee seeks retroactive relief to annul the automatic stay for the limited purpose of ratifying post-petition judicial actions which establish that the Debtor was not a party to a proceeding, and therefore not liable on a pre-petition judgment.  The Trustee was not a party to the AF Holdings Action, but those post-

7

petition judicial decisions directly affect the administration of the bankruptcy estate and warrant the request for relief.

Retroactive annulment of the stay is expressly authorized by Congress.  The 8th Circuit has held that it should be utilized sparingly and in compelling circumstances.  *LaBarge v. Vierkant (In re Vierkant),* 240 B.R. 317 at 325 (8th Cir. B.A.P. 1999).  This case presents such circumstances.

B.      Equities Favor Annulment of the Automatic Stay

i.      There was no intentional violation of the Stay by the First Circuit Court of Appeals, or the United States District Court for the District of Massachusetts, relating to entry of judgment.

The automatic stay of 11 U.S.C. § 362(a) protects the debtor's assets while giving the debtor breathing room so that it can reorganize, and also protects creditors by averting a scramble for the debtor's assets, allowing for an "orderly liquidation" under which creditors are treated equally.  *Farley v. Henson*, 2F.3d 273 (8th Cir. 1993).  The relief requested by the Trustee seeks to ratify entry of a judgment and subsequent order which vacates a pre-petition judgment entered against the debtor when he wasn't named as a defendant or served in the action.

The debtor filed his appeal to the First Circuit Court of Appeals over a year prior to the filing of his voluntary Chapter 13 petition.  At the time of the filing of the Debtor's petition, all appellate filings by the parties appear to have been submitted to the First Circuit Court of Appeals.

The Trustee has never been a party to the AF Holdings Action.  Between the filing of the Debtor's petition, and the entry of the August 4, 2016 judgment, neither the Debtor, nor the Trustee, filed any documents in furtherance of the appeal to the First Circuit.  Apparently neither Chowdhury, who was a party to the AF Holdings Action, or Booth Sweet, LLP, who represented Chowdhury in that matter, ever advised the courts of the Hansmeier bankruptcy filing.  On August 4, 2016, the First Circuit entered its judgment, vacating and remanding the October 22,

8

2013 judgment against the debtor.  The only party that took any action in furtherance of the appeal between the filing of the debtor's petition and entry of the August 4, 2016 judgment was the First Circuit Court of Appeals.  See Ex. A to Decl. of MDS.

The Trustee is not seeking relief to rehabilitate his own actions, or the actions of the debtor, but seeks retroactive relief to ratify actions taken by the First Circuit Court of Appeals and the United States District Court for the District of Massachusetts.  This is not the standard case of a creditor seeking relief from an action in which it sought to gain an advantage over another creditor, or secure a position in bankruptcy estate assets.  This is simply a request by the Chapter 7 Trustee to allow entry of an order which verifies the unchangeable fact that the Debtor was never a named party in a pre-petition action and was not properly served in that action.

Also, this Court has presided over two adversary proceedings, 16-04124 and 17-04114, in which, if Booth Sweet, LLP and Chowdhury believed there was a stay issue, it should have been raised by them.  Copies of the Booth Sweet, LLP and Chowdhury answers in those adversary matters are attached hereto as Exhibits H and J to the Decl. of MDS.  No mention is made of the supposed stay violation.


ii.    The Requested Relief is in the Best Interest of Judicial Economy.

If the Bankruptcy Court were to deny the request for retroactive relief, and the entry of the August 4, 2016 judgment is found to be in violation of the stay, and as such void *ab initio*, the Chapter 7 Trustee would be forced to bring a motion for stay relief for the sole purpose of requesting that the First Circuit Court of Appeals be permitted to enter the same order, based on the same unchangeable facts present at the time the bankruptcy case was filed.  Such a requirement appears to be the type of prejudice Congress considered when granting the Bankruptcy Court authorization to annul the automatic stay.  The request for relief is not only equitably warranted, but is also in the best interest of judicial resources.

9

> iii.     Any Objection to the Trustee's Requested Relief by Chowdhury or Booth Sweet, LLP Should be Disregarded Given their Actions Relating to this Matter.

The only party that might attempt to object to the requested relief is Chowdhury. Chowdhury filed a proof of claim against the Debtor's bankruptcy estate on November 9, 2015, relating to the October 22, 2013 judgment. See Ex. K to Decl. of MDS.  Although Chowdhury claimed to be a creditor in this Bankruptcy Case, and the Defendant in the AF Holdings Action, at no point prior to August 4, 2016, did Chowdhury, or his counsel, notify the First Circuit Court of Appeals of the Debtor's bankruptcy filing.  To the contrary, on September 29, 2016, Chowdhury, through counsel, filed a motion for substitution of parties, seeking to add or substitute the Debtor as a defendant to the October 22, 2013 judgment.  See Ex. G to Decl. of MDS.  Chowdhury's motion was denied for an apparent failure to serve the Debtor with his motion. See Ex. L to Decl. of MDS.

The attempt to substitute the Debtor as a defendant in the United States District Court action formed one of the basis for the Debtor's adversary complaint in Adversary No. 17-4076, against Dan Booth and Jason Sweet, attorneys for Chowdhury in the AF Holdings Action.  On July 27, 2017, the Bankruptcy Court granted the Debtor's motion for summary judgment against Dan Booth and Jason Sweet, finding that:

> 3.     Defendants Dan Booth and Jason Sweet willfully violated the automatic stay when they filed a motion, post-petition, seeking to have the plaintiff held individually liable on a pre-petition claim in AF Holdings, LLC v. Chowdhury, Case No. 12-cv-12105 in the United States District Court for the District of Massachusetts (the "Massachusetts Case") without first seeking and obtaining relief from the automatic stay pursuant to § 362.

Ex. I to Decl. of MDS at ¶ 3.  Inherent in this Court's finding is that Chowdhury was not a creditor because Hansmeier was not individually liable in the AF Holdings Action.  The defendants Dan Booth and Jason Sweet were sanctioned for their post-petition attempt to create an obligation of the Debtor as a judgment debtor and add him as a party to the AF Holdings

Action.  In doing, Dan Booth and Jason Sweet sought to rectify the fact noted by the First Circuit

Court of Appeals; the Debtor was not a party to the AF Holdings Action.

The Bankruptcy Court for the Western District of Texas dealt with a similar situation,

wherein there was a failure to serve a party:

> This Court is troubled by one other aspect of this case. As set out in the findings
> of fact, Sholund did not have notice of the March 4 hearing. Any order without
> prior notice to Sholund violates the due process clause of the Fourteenth
> Amendment. *See Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 99 L. Ed.
> 2d 75, 108 S. Ct. 896 (1988). Under Texas procedure, Sholund had two
> alternatives in which to move to set aside the March 4 order. He could file, as he
> did, a motion within thirty days after the order was signed, or thereafter by filing a
> bill of review. Tex.R. Civ.P. 329b(f & g). If this Court had found that the motion
> to set aside violated the automatic stay, then Sholund still would have the
> opportunity to have the stay lifted to file a bill of review. The Supreme Court
> held, in *Peralta,* that a bill of review need only show that the judgment was
> entered without notice to the affected party for the judgment to violate due
> process. 485 U.S. at    , 99 L. Ed. 2d at 82. This Court finds that to require
> Sholund to expend additional time, trouble and expense to achieve what has
> already been achieved is inequitable and serves no purpose. If the stay had been
> violated, the automatic stay would have to be annulled. To do otherwise would
> allow Cobb, because of his bankruptcy, to gain an advantage resulting from the
> infringement of Sholund's constitutional rights. The result that Cobb seeks here,
> that there is no cause to lift or annul the automatic stay, is constitutionally infirm.

*In re Cobb*, 88 B.R. 119, 121(Bankr. W.D. Tex. 1988).   Similar to the action in *Cobb*,

Chowdhury and Booth Sweet, LLP failed to even name the Debtor as a party to the AF Holdings

Action, and then in an attempt to remedy that failure, took further action post-petition, seeking to

add the Debtor to the action, in clear violation of the stay.  Chowdhury and Booth Sweet, LLP

should be barred as a matter of equity from now asserting that the First Circuit Court of Appeals

entry of judgment should not be ratified.  As cited in the case above, requiring a party to "expend

additional time, trouble and expense to achieve what has already been achieved is inequitable

and serves no purpose.  If the stay had been violated, the automatic stay would have to be

annulled."  *Id.*  There is no undue harm caused by annulment of the stay to ratify a judgment

which was rightfully entered in good faith by the First Circuit Court of Appeals; a judgment

which has not been challenged on the merits.

11

Additionally, as of July 21, 2017, Dan Booth and Jason Sweet apparently agreed with the

Trustee that the automatic stay did not apply to the First Circuit Court of Appeals' August 4,

2016 entry of judgment.   In their response brief to the Debtor's motion for summary judgment,

Dan Booth and Jason Sweet argued:

> Moreover, there is no violation alleged.  Proceedings brought against a debtor are
> automatically stayed pursuant to 11 U.S.C. § 362.  The *Chowdhury* case,
> however, was not an action or proceeding brought against a debtor.  It was
> brought by Debtor's Alter Ego AF.  The automatic stay does not apply to judicial
> proceedings that are initiated by the debtors.  *Brown v. Armstrong*, 949 F.2d 1007,
> 1009 (8th Cir. 1991).  As the plain language of the statute suggests, and as no less
> than six circuits have concluded, the Code's automatic stay "does not prevent a
> plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a
> defendant from protecting its interests against claims brought by the debtor.  This
> is true, even if the defendant's successful defense will result in the loss of an
> allegedly valuable claim asserted by the debtor."

Ex. M to Decl. or MDS at 13-14 (Citations omitted).  As noted by Dan Booth and Jason Sweet,

the Debtor was not a party to the action.  The automatic stay was not violated until Dan Booth

and Jason Sweet filed their motion to add or substitute the Debtor as a judgment debtor.

The judgment entered by the First Circuit Court of Appeals and the subsequent order on

remand entered by the United States District Court for the District of Massachusetts were entered

without the courts' knowledge of the Debtor's bankruptcy filing, and in a matter that the Debtor

was not a named party.  The facts present in this case rise to the level of "cause" under 11 U.S.C.

§ 362, forming a compelling basis to grant the Trustee's motion.


## CONCLUSION

The First Circuit Court of Appeals entry of Judgment on the basis that the Debtor was

never a named party or properly served in the AF Holdings Action is under attack in this

Bankruptcy Case.  The Circuit Court's judgment did nothing but stablish an undisputed fact in

the AF Holdings Action, Hansmeier was not a party to the action, and therefore the U.S. District

Court did not have jurisdiction to enter judgment against him.  The Trustee believes there was no

stay violation by the U.S. Court of Appeals or the U.S. District Court of Massachusetts.

However, if there is any possible stay violation, the facts in this case establish "cause" to annul

the automatic stay to ratify the First Circuit Court of Appeals' decision and the U.S. District

Court's order on remand.

FULLER, SEAVER, SWANSON & KELSCH, P.A.


Dated: November 16, 2017                    By: /e/ Matthew D. Swanson
                                            Matthew D. Swanson            390271
                                            Randall L. Seaver             152882
                                            12400 Portland Avenue South, Suite 132
                                            Burnsville, MN 55337
                                            Telephone: 952-890-0888

                                            Attorneys for Randall L. Seaver, Trustee

13

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                                    BKY No. 15-42460

Paul Hansmeier,

                Debtor.

## DECLARATION OF MATTHEW D. SWANSON

I, Matthew D. Swanson, declare under penalty of perjury, that:

1. I am one of the attorneys representing the Trustee, Randall L. Seaver, in the above captioned case and submit this declaration in support of the trustee's motion for relief from the automatic stay.

2. Attached hereto as Exhibit A is a true and correct copy of the Civil Docket for Case # 12-cv-12105, *AF Holdings, LLC v. Sandipan Chowdhury*, filed in the United States District Court for the District of Massachusetts.

3. Attached hereto as Exhibit B is a true and correct copy of the "Answer, Including Affirmative Defenses and Counterclaims" filed by defendant Sandipan Chowdhury in Civil Action No. 12-cv-12105, in the United States District Court for the District of Massachusetts.

4. Attached hereto as Exhibit C is a true and correct copy of the "Motion for Final Approval of From of Default Judgment" filed by the defendant Sandipan Chowdhury on October 17, 2013 in Civil Action No. 12-cv-12105, in the United States District Court for the District of Massachusetts.

5. Attached hereto as Exhibit D is a true and correct copy of the October 22, 2013 final judgment entered in Civil Action No. 12-cv-12105, in the United States District Court for the District of Massachusetts.

6. Attached hereto as Exhibit E is a true and correct copy of the August 4, 2016 judgment entered by the United States Court of Appeals for the First Circuit, Case No. 13-2535, on appeal from Civil Action No. 12-cv-12105 in the United States District Court for the District of Massachusetts.

7. Attached hereto as Exhibit F is a true and correct copy of the September 8, 2016 "Order on Remand" entered by the court in Civil Action No. 12-cv-12105 in the United States District Court for the District of Massachusetts.

8. Attached hereto as Exhibit G is the September 29, 2016 "Motion for Substitution of Parties and Entry of an Amended Judgment" filed by Sandipan Chowdhury in Civil Action No. 12-cv-12105 in the United States District Court for the District of Massachusetts.

9. Attached hereto as Exhibit H is a true and correct copy of the Answer filed by defendants in Adversary Proceeding No. 16-04124.

10. Attached hereto as Exhibit I is a true and correct copy of the July 27, 2017 Order entered in Adversary Proceeding No. 17-4076, granting in part and denying in part, plaintiff's motion for summary judgment.

11. Attached hereto as Exhibit J is a true and correct copy of the Answer filed by defendants Dan Booth and Jason Sweet in Adversary Proceeding No. 17-04076.

12. Attached hereto as Exhibit K is a true and correct copy of proof of claim no. 3-1 filed on behalf of Sandipan Chowdhury in Bky. Case No. 15-42460. The attachment to proof of claim no. 3-1 is not attached.

13. Attached hereto as Exhibit L is a true and correct copy of the Order entered by the court Civil Action No. 12-cv-12105 in the United States District Court for the District of Massachusetts, denying Chowdhury's "Motion for Substitution of Parties and Entry of Amended Judgment".

14. Attached hereto as Exhibit M is a true and correct copy of "Defendants' Response in Opposition to Plaintiff's Motion for Partial Summary Judgment" filed in Adv. No. 17-04076. The attachments, exhibits, certificates and supplements to the response are not attached hereto.

FULLER, SEAVER,
SWANSON & KELSCH, P.A.

Executed on November 16, 2017

/e/ Matthew D. Swanson_____
Matthew D. Swanson          390271
12400 Portland Avenue South, Suite 132
Burnsville, MN 55337
(952) 890-0888

Attorneys for Plaintiff

Case 15-42460   Doc 248   Filed 11/16/17   Entered 11/16/17 12:44:15   Desc Main
Document      Page 22 of 108

COPYRT

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:12-cv-12105-IT

AF Holdings, LLC v. Chowdhury                    Date Filed: 11/12/2012
Assigned to: Judge Indira Talwani              Date Terminated: 10/23/2013
Demand: $150,000                               Jury Demand: Both
Case in other court: USCA, 13-02535            Nature of Suit: 820 Copyright
Cause: 17:101 Copyright Infringement           Jurisdiction: Federal Question

**Plaintiff**

**AF Holdings, LLC**                  represented by  **AF Holdings, LLC**
                                                      c/o Mark Lutz
                                                      910 West Avenue # 1014
                                                      Miami Beach, FL 33139
                                                      PRO SE

                                                      **Daniel G. Ruggiero**
                                                      275 Grove Street
                                                      Suite 2-400
                                                      Newton, MA 02466
                                                      3392370343
                                                      Fax: 339-707-2808
                                                      Email: druggieroesq@gmail.com
                                                      *TERMINATED: 08/20/2013*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Sandipan Chowdhury**                represented by  **Daniel G. Booth**
                                                      Booth Sweet LLP
                                                      32R Essex Street, Suite 1A
                                                      Cambridge, MA 02139
                                                      617-250-8629
                                                      Email: dbooth@boothsweet.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Jason E. Sweet**
                                                      Booth Sweet LLP



32R Essex Street
Cambridge, MA 02139
617-250-8619
Fax: 617-250-8883
Email: jsweet@boothsweet.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**John L. Steele**                    represented by    **John L. Steele**
                                                        500 N. Michigan Ave, #600
                                                        Chicago, IL 60611
                                                        303-520-8080
                                                        PRO SE

**Interested Party**

**Paul A. Duffy**                     represented by    **Paul A. Duffy**
                                                        Duffy Law Group
                                                        2 N. LaSalle Street, 13th Floor
                                                        Chicago, IL 60602
                                                        312-952-6136
                                                        PRO SE

**Interested Party**

**Paul R. Hansmeier**                 represented by    **Paul R. Hansmeier**
                                                        Class Justice PLLC
                                                        100 5th Street S. Ste. 1900
                                                        Minneapolis, MN 55402
                                                        612-234-5744
                                                        PRO SE

**Interested Party**

**Mark Lutz**

**Counter Claimant**

**Sandipan Chowdhury**                represented by    **Jason E. Sweet**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**AF Holdings, LLC**                  represented by    **Daniel G. Ruggiero**
                                                        (See above for address)
                                                        *TERMINATED: 08/20/2013*
                                                        *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/13/2012 | 1 | COMPLAINT against Sandipan Chowdhury Filing fee: $ 350, receipt number 0101-4199489 (Fee Status: Filing Fee paid), filed by AF Holdings, LLC. (Attachments: # 1 Exhibit A of the Complaint, # 2 Exhibit B of the Complaint, # 3 Civil Cover Sheet, # 4 Category Form .(Ruggiero, Daniel) Modified on 11/13/2012 to deleted and re-entered Form AO-121 as separate entry. Please See Docket No. 4 (Geraldino-Karasek, Clarilde). (Entered: 11/13/2012) |
| 11/13/2012 | 2 | CORPORATE DISCLOSURE STATEMENT by AF Holdings, LLC. (Ruggiero, Daniel) (Entered: 11/13/2012) |
| 11/13/2012 | 3 | ELECTRONIC NOTICE of Case Assignment. Judge Joseph L. Tauro assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Robert B. Collings. (Abaid, Kimberly) (Entered: 11/13/2012) |
| 11/13/2012 | 4 | REPORT on the Filing of Copyright case. Re-Entered by Court Staff as to be filed as separate entry. (Geraldino-Karasek, Clarilde) (Entered: 11/13/2012) |
| 11/13/2012 | 5 | Summons Issued as to All Defendants. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Geraldino-Karasek, Clarilde) (Entered: 11/13/2012) |
| 01/04/2013 | 6 | WAIVER OF SERVICE Returned Executed by Sandipan Chowdhury. Sandipan Chowdhury waiver sent on 12/12/2012, answer due 2/11/2013. (Sweet, Jason) (Entered: 01/04/2013) |
| 01/04/2013 | 7 | ANSWER to 1 Complaint, with Jury Demand , COUNTERCLAIM against AF Holdings, LLC by Sandipan Chowdhury. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sweet, Jason) (Entered: 01/04/2013) |
| 01/23/2013 | 8 | MOTION to Strike 7 Answer to Complaint, Counterclaim by AF Holdings, LLC.(Ruggiero, Daniel) (Entered: 01/23/2013) |
| 01/28/2013 | 9 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by AF Holdings, LLC. (Attachments: # 1 Text of Proposed Order)(Ruggiero, Daniel) (Entered: 01/28/2013) |
| 01/29/2013 | 10 | Opposition re 8 MOTION to Strike 7 Answer to Complaint, Counterclaim filed by Sandipan Chowdhury. (Sweet, Jason) (Entered: 01/29/2013) |
| 01/30/2013 | 11 | MOTION for Bond *for Costs* by Sandipan Chowdhury.(Sweet, Jason) (Entered: 01/30/2013) |

| 01/30/2013 | 12 | MEMORANDUM in Support re 11 MOTION for Bond *for Costs* filed by Sandipan Chowdhury. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Sweet, Jason) (Entered: 01/30/2013) |
| --- | --- | --- |
| 02/06/2013 | 13 | Opposition re 9 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Sandipan Chowdhury. (Sweet, Jason) (Entered: 02/06/2013) |
| 02/12/2013 | 14 | Opposition re 11 MOTION for Bond *for Costs* filed by AF Holdings, LLC. (Ruggiero, Daniel) (Entered: 02/12/2013) |
| 05/08/2013 | 15 | Request for Judicial Notice *of Order Issuing Sanctions* by Sandipan Chowdhury. (Attachments: # 1 Exhibit A)(Sweet, Jason) (Entered: 05/08/2013) |
| 06/06/2013 | 16 | ELECTRONIC NOTICE of Hearing.Motions Hearing set for 6/17/2013 11:00 AM in Courtroom 22 before Judge Joseph L. Tauro. (Lovett, Zita) (Entered: 06/06/2013) |
| 06/17/2013 | 17 | ELECTRONIC Clerk's Notes for proceedings held before Judge Joseph L. Tauro: Motion Hearing held on 6/17/2013 re 8 MOTION to Strike 7 Answer to Complaint, Counterclaim filed by AF Holdings, LLC, 9 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by AF Holdings, LLC, 11 MOTION for Bond *for Costs* filed by Sandipan Chowdhury. Plantif fails to appear, whereupon Clerk Lovett called him and left message inquiring as to his whereabouts. Atty Ruggiero returned the call and advised he would not be appearing and sent an e-mail with explanation. (Court Reporter: Carol Scott at 617-330-1377.)(Attorneys present: No-show,pltf; Sweet, Booth,deft.) (Lovett, Zita) (Entered: 06/17/2013) |
| 06/17/2013 | 18 | NOTICE to the Court/MOTION to Dismiss by AF Holdings, LLC re 11 MOTION for Bond *for Costs* (Geraldino-Karasek, Clarilde) Modified on 6/19/2013 in accordance with ORDER entered 20 . (Geraldino-Karasek, Clarilde). (Entered: 06/19/2013) |
| 06/17/2013 | 19 | NOTICE of Appearance by Daniel G. Booth on behalf of Sandipan Chowdhury ( Filed in Open Court ). (Geraldino-Karasek, Clarilde) (Entered: 06/19/2013) |
| 06/19/2013 | 20 | Judge Joseph L. Tauro: ORDER entered. On June 17, 2013, this court held a hearing on all outstanding motions. Plaintiff failed to appear. The court clerk then called Plaintiff, who returned the call and informed the clerk thatPlaintiff did not intend to appear. Plaintiffs counsel emailed the clerk with additional explanation, indicating that he had no objection to Defendants Motion for Bond 11 and planned to file both a motion to dismiss Plaintiffs claims and a motion to withdraw as counsel. Upon receipt of thisemail, the court proceeded with the hearing as scheduled. After considering the parties filings and Defendants arguments at the hearing, this courthereby orders that : Plaintiffs Motion to Strike Portions of Defendants Counterclaims 8 is DENIED. Plaintiff's Motion to Dismiss Defendants Counterclaims 9 is DENIED for failure to appear to press its objections. Defendants Motion Requiring Plaintiff to Post Bond for Costs 11 |

|  |  |  |
|---|---|---|
|  |  | isALLOWED as unopposed in light of Plaintiffs email to the court. This court construes 18 Plaintiffs email as a Motion to Dismiss its claims against Defendant. Plaintiffs Motion to Dismiss is ALLOWED. IT IS SO ORDERED. (Geraldino-Karasek, Clarilde) (Entered: 06/19/2013) |
| 07/10/2013 | 21 | Request for notice of default by Sandipan Chowdhury . (Sweet, Jason) (Entered: 07/10/2013) |
| 08/14/2013 | 22 | MOTION to Withdraw as Attorney by AF Holdings, LLC. (Attachments: # 1 Exhibit B, # 2 Exhibit A)(Ruggiero, Daniel) (Entered: 08/14/2013) |
| 08/20/2013 | 23 | Judge Joseph L. Tauro: ENDORSED ORDER entered ALLOWED 22 Motion to Withdraw as Attorney. Attorney Daniel G. Ruggiero terminated (Geraldino-Karasek, Clarilde) (Entered: 08/21/2013) |
| 08/22/2013 | 24 | COPY re 23 Order on Motion to Withdraw as Attorney and Docket Sheet mailed to 910 West Avenue, # 1014 on 8/22/2013. (Geraldino-Karasek, Clarilde) (Entered: 08/22/2013) |
| 08/29/2013 | 25 | Judge Joseph L. Tauro: ORDER entered ALLOWED re 21 Request for Entry of Default. (Geraldino-Karasek, Clarilde) (Entered: 08/30/2013) |
| 08/29/2013 | 26 | NOTICE: Clerk's ENTRY OF DEFAULT as to AF Holdings, LLC (Geraldino-Karasek, Clarilde) (Entered: 09/03/2013) |
| 08/29/2013 | 27 | Judge Joseph L. Tauro: ORDER entered. STANDING ORDER on Motions for Default Judgment (Geraldino-Karasek, Clarilde) (Entered: 09/03/2013) |
| 09/13/2013 | 28 | MOTION for Default Judgment as to AF Holdings by Sandipan Chowdhury. (Sweet, Jason) (Entered: 09/13/2013) |
| 09/13/2013 | 29 | MEMORANDUM in Support re 28 MOTION for Default Judgment as to AF Holdings filed by Sandipan Chowdhury. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Sweet, Jason) (Entered: 09/13/2013) |
| 09/23/2013 | 30 | Request for Judicial Notice by Sandipan Chowdhury. (Attachments: # 1 Exhibit A)(Sweet, Jason) (Entered: 09/23/2013) |
| 09/30/2013 | 31 | Judge Joseph L. Tauro: ENDORSED ORDER entered "ALLOWED WITHOUT OPPOSITION " 28 Motion for Default Judgment (Geraldino-Karasek, Clarilde) (Entered: 10/01/2013) |
| 10/17/2013 | 32 | MOTION for Default Judgment as to AF Holdings by Sandipan Chowdhury. (Attachments: # 1 Text of Proposed Order)(Sweet, Jason) (Entered: 10/17/2013) |
| 10/22/2013 | 33 | Judge Joseph L. Tauro: ENDORSED ORDER entered ALLOWED 32 Motion for Default Judgment (Geraldino-Karasek, Clarilde) (Entered: 10/23/2013) |
| 10/22/2013 | 34 | Judge Joseph L. Tauro: ORDER entered. FINAL JUDGMENT JOINTLY and Severally Against Plaintiff and Its Aliases in favor of Sandipan Chowdhury (Geraldino-Karasek, Clarilde) (Entered: 10/23/2013) |

| 10/23/2013 | 35 | Copy re 33 Order on Motion for Default Judgment, 34 Default Judgment and Docket Sheet, MAILED to AF Holdings, LLC c/o Mark Lutz 910 West Avenue # 1014 Miami Beach, FL 33139 on 10/23/2013. (Geraldino-Karasek, Clarilde) (Entered: 10/23/2013) |
|---|---|---|
| 11/06/2013 | 36 | MOTION to Set Aside Default Judgment by John L. Steele.(Geraldino-Karasek, Clarilde) (Entered: 11/06/2013) |
| 11/06/2013 | 37 | MEMORANDUM in Support re 36 MOTION to Set Aside Default Judgment filed by John L. Steele. (Geraldino-Karasek, Clarilde) (Entered: 11/06/2013) |
| 11/07/2013 | 38 | MOTION to Set Aside Default Judgment by Paul R. Hansmeier.(Geraldino-Karasek, Clarilde) (Entered: 11/07/2013) |
| 11/07/2013 | 39 | MEMORANDUM in Support re 38 MOTION to Set Aside Default Judgment filed by Paul R. Hansmeier. (Geraldino-Karasek, Clarilde) (Entered: 11/07/2013) |
| 11/12/2013 | 41 | DECLARATION of Paul Duffy in Support of Motion and Memorandum of Law in Support of Motion to Set Aside Default Judgment by Paul A. Duffy. (Geraldino-Karasek, Clarilde) (Entered: 11/13/2013) |
| 11/13/2013 | 40 | Mail Returned as Undeliverable as " Return to Sender". Mail sent to AF Holdings, LLC c/o Mark Lutz 910 West Avenue # 1014 Miami Beach, FL 33139 on 10/23/2013 re 33 and 34 . (Geraldino-Karasek, Clarilde) (Entered: 11/13/2013) |
| 11/25/2013 | 42 | Opposition re 36 MOTION to Set Aside Default, 38 MOTION to Set Aside Default *Judgment* filed by Sandipan Chowdhury. (Attachments: # 1 Exhibit Ruggiero email, # 2 Affidavit Ruggiero affidavit, # 3 Exhibit Sweet email, # 4 Exhibit Duffy email, # 5 Exhibit Ruggiero email, # 6 Exhibit Duffy email, # 7 Exhibit Duffy email, # 8 Exhibit Sweet email, # 9 Affidavit Sweet Affidavit, # 10 Exhibit Minnesota Order, # 11 Exhibit Navasca &R, # 12 Exhibit Navasca Order, # 13 Exhibit Profit & Loss, # 14 Exhibit Balance sheet, # 15 Affidavit Gibbs affidavit, # 16 Exhibit Gibbs motion)(Sweet, Jason) (Entered: 11/25/2013) |
| 12/03/2013 | 43 | Judge Joseph L. Tauro: ORDER entered. After reviewing the Parties written submissions, this court hereby orders that Interested Party John L. Steeles Motion to Set Aside Default Judgment 36 is DENIED and that Interested Party Paul R. Hansmeiers Motion to Set Aside Default Judgment 38 is also DENIED. A default judgment may be set aside under Federal Rule of Civil Procedure 60(b) only in extraordinary circumstances.1 seeking relief under Rule 60(b) must demonstrate at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted. Under this standard, a movant must give the trial court reason to believe that vacating the judgment will not be an empty exercise.3 Steele and Hansmeiers motions fail to demonstrate that the removal of the default judgment would not be an empty exercise.4 Regardless of the exact relationship between Steele and Hansmeier, on the one hand, and Plaintiff, on the other,5 it is clear that Steele and Hansmeier had |

| | | |
|---|---|---|
| | | notice of all filings in this case, including filings that identified Steele and Hansmeier as the controlling owners of Plaintiff.6 Steele and Hansmeier therefore had ample opportunity to litigate this case before default was entered. This case shall remain CLOSED. IT IS SO ORDERED. (Geraldino-Karasek, Clarilde) (Entered: 12/03/2013) |
| 12/03/2013 | 44 | Copy re 43 Order. MAILED to AF Holdings, LLC c/o Mark Lutz 910 West Avenue # 1014 Miami Beach, FL 33139 AND John L. Steele 1111 Lincoln Road #400 Miami Beach, FL 33139 on 12/3/2013. (Geraldino-Karasek, Clarilde) (Entered: 12/03/2013) |
| 12/16/2013 | 45 | **NOTICE OF APPEAL as to 43 Order on Motion by Paul A. Duffy, Paul R. Hansmeier, John L. Steele NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 1/6/2014. (Geraldino-Karasek, Clarilde) (Entered: 12/16/2013)** |
| 12/17/2013 | 46 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 45 Notice of Appeal. (Paine, Matthew) (Entered: 12/17/2013) |
| 12/17/2013 | 47 | USCA Case Number 13-2535 for 45 Notice of Appeal filed by Paul A. Duffy, John L. Steele, Paul R. Hansmeier. (Paine, Matthew) (Entered: 12/17/2013) |
| 12/23/2013 | 49 | Mail Returned as Undeliverable " Return to Sender Attempted - Not Known " re 44 Mail sent to AF Holdings, LLC c/o Mark Lutz 910 West Avenue # 1014 Miami Beach, FL 33139 (Geraldino-Karasek, Clarilde) (Entered: 12/23/2013) |
| 12/24/2013 | 50 | MOTION for Contempt by Sandipan Chowdhury. (Attachments: # 1 Text of Proposed Order)(Sweet, Jason) (Entered: 12/24/2013) |
| 12/24/2013 | 51 | MEMORANDUM in Support re 50 MOTION for Contempt filed by Sandipan Chowdhury. (Sweet, Jason) (Entered: 12/24/2013) |
| 12/26/2013 | 52 | USCA Appeal Fees received $ 505.00 receipt number 1BST041330 re 45 Notice of Appeal, filed by Paul A. Duffy, John L. Steele, Paul R. Hansmeier (delaRosa, Antonia) (Entered: 12/26/2013) |
| 01/06/2014 | 53 | John Steele's Memorandum in Opposition re 50 MOTION for Contempt filed by John L. Steele. (Geraldino-Karasek, Clarilde) (Entered: 01/07/2014) |
| 01/06/2014 | 54 | Paul Hansmeier's Memorandum in Opposition re 50 MOTION for Contempt filed by Paul R. Hansmeier. (Geraldino-Karasek, Clarilde) (Entered: 01/07/2014) |
| 01/09/2014 | 55 | Judge Joseph L. Tauro: ORDER entered. After reviewing the Parties' written submissions, this court hereby orders that Defendants Motion for a Finding of Contempt and an Order of Sanctions 50 is DENIED WITHOUT PREJUDICE to |

| | | being re-raised at the conclusion of the appeal of this matter.This case shall remain CLOSED. IT IS SO ORDERED (Geraldino-Karasek, Clarilde) (Entered: 01/10/2014) |
|---|---|---|
| 01/10/2014 | 56 | COPIES re 55 Order on Motion for Contempt. MAILED to John L. Steele 1111 Lincoln Road #400 Miami Beach, FL 33139, Paul R. Hansmeier Class Justice PLLC 100 5th Street S. Ste. 1900 Minneapolis, MN 55402, Paul A. Duffy Duffy Law Group 2 N. LaSalle Street, 13th Floor Chicago, IL 60602, AND AF Holdings, LLC c/o Mark Lutz 910 West Avenue # 1014 Miami Beach, FL 33139 on 1/10/2014. (Geraldino-Karasek, Clarilde) (Entered: 01/10/2014) |
| 01/21/2014 | 57 | Mail Returned as Undeliverable, " Return to Sender, Attempted not Known ", Mail sent to AF Holdings, LLC c/o Mark Lutz 910 West Avenue # 1014 Miami Beach, FL 33139 re 55 Order entered. (Geraldino-Karasek, Clarilde) (Entered: 01/23/2014) |
| 01/31/2014 | 58 | MOTION to Enforce Judgment by Sandipan Chowdhury. (Attachments: # 1 Text of Proposed Order)(Sweet, Jason) (Entered: 01/31/2014) |
| 02/03/2014 | 59 | MOTION to Stay pending Appeal re 34 Default Judgment by John L. Steele. (Geraldino-Karasek, Clarilde) (Entered: 02/03/2014) |
| 02/03/2014 | 60 | MEMORANDUM in Support re 59 MOTION to Stay pending Appeal re 34 Default Judgment filed by John L. Steele. (Geraldino-Karasek, Clarilde) (Entered: 02/03/2014) |
| 02/03/2014 | 61 | Opposition re 58 MOTION to Enforce Judgment filed by Paul R. Hansmeier. (Geraldino-Karasek, Clarilde) (Entered: 02/03/2014) |
| 02/03/2014 | 62 | MOTION to Quash by Paul A. Duffy, Paul R. Hansmeier, John L. Steele. (Attachments: # 1 Exhibits, # 2 Declaration of Paul Hansmeier)(Geraldino-Karasek, Clarilde) (Entered: 02/04/2014) |
| 02/17/2014 | 63 | Opposition re 59 MOTION to Stay re 34 Default Judgment filed by Sandipan Chowdhury. (Sweet, Jason) (Entered: 02/17/2014) |
| 02/17/2014 | 64 | REPLY to Response to 58 MOTION to Enforce Judgment filed by Sandipan Chowdhury. (Sweet, Jason) (Entered: 02/17/2014) |
| 02/18/2014 | 65 | Opposition re 62 MOTION to Quash filed by Sandipan Chowdhury. (Sweet, Jason) (Entered: 02/18/2014) |
| 03/31/2014 | 66 | Judge Joseph L. Tauro: ORDER entered.After reviewing the Parties written submissions, this court hereby orders that: Defendant's Motion for Conferring the Civil Clerk with the Authority to Issue Certification of Judgment for Registration in Other Districts 58 is ALLOWED. John Steele's Motion to Stay the October 23, 2013 Judgment Pending Appeal 59 is DENIED. Paul Hansmeier, Paul Duffy, and Steel's untitled motion to quash 62 is DENIED. The movants lack standing to move to quash the subpoenas at issue.1 This case shall remain CLOSED. IT IS SO ORDERED. (Geraldino-Karasek, Clarilde) (Entered: 04/01/2014) |

| 04/03/2014 | 67 | Judge Joseph L. Tauro: ORDER entered. ORDER to Issue Certification of Judgment for Registration in Other Districts. (Geraldino-Karasek, Clarilde) (Entered: 04/03/2014) |
|---|---|---|
| 04/21/2014 | 68 | Mail Returned as Undeliverable re [ 66] Order. Mail sent to AF Holdings, LLC c/o Mark Lutz 910 West Avenue # 1014 Miami Beach, FL 33139 (Geraldino-Karasek, Clarilde) (Entered: 04/21/2014) |
| 06/19/2014 | 69 | MOTION for Bond *Pursuant to Fed.R.App.P. 7* by Sandipan Chowdhury. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Sweet, Jason) (Entered: 06/19/2014) |
| 07/02/2014 | 70 | Opposition re 69 MOTION for Bond *Pursuant to Fed.R.App.P. 7* filed by Paul R. Hansmeier. (Attachments: # 1 Exhibit)(Geraldino-Karasek, Clarilde) (Entered: 07/07/2014) |
| 01/08/2015 | 71 | ELECTRONIC NOTICE of Reassignment. Judge Indira Talwani added. Judge Joseph L. Tauro no longer assigned to case. (Abaid, Kimberly) (Entered: 01/08/2015) |
| 02/19/2015 | 72 | Judge Indira Talwani: ORDER entered denying 69 Motion for Bond. See attached Order. (MacDonald, Gail) (Entered: 02/19/2015) |
| 02/19/2015 | 73 | Copy re 72 Order on Motion for Bond mailed to AF Holdings, LLC c/o Mark Lutz 910 West Avenue # 1014 Miami Beach, FL 33139 John L. Steele 1111 Lincoln Road #400 Miami Beach, FL 33139 Paul A. Duffy Duffy Law Group 2 N. LaSalle Street, 13th Floor Chicago, IL 60602 Paul R. Hansmeier Class Justice PLLC 100 5th Street S. Ste. 1900 Minneapolis, MN 55402 (MacDonald, Gail) (Entered: 02/19/2015) |
| 03/11/2015 | 74 | Mail Returned as Undeliverable. Mail sent to AF Holdings LLC re 73 . (Bartlett, Timothy) (Entered: 03/11/2015) |
| 04/06/2015 | 75 | Mail Returned as Undeliverable. Mail sent to John Steele re 73 . (Bartlett, Timothy) (Entered: 04/07/2015) |
| 08/04/2016 | 76 | USCA Judgment as to 45 Notice of Appeal filed by Paul A. Duffy, John L. Steele, Paul R. Hansmeier. VACATED AND REMANDED... (Paine, Matthew) (Entered: 08/04/2016) |
| 08/29/2016 | 77 | MANDATE of USCA as to 45 Notice of Appeal,,, filed by Paul A. Duffy, John L. Steele, Paul R. Hansmeier. Appeal 45 Terminated (Danieli, Chris) (Entered: 08/30/2016) |
| 09/08/2016 | 78 | Judge Indira Talwani: ORDER entered. ORDER ON REMAND. Defendant Sandipan Chowdhury shall file a proposed Amended Judgment no later than September 29, 2016. **See Attached Order.** (DaSilva, Carolina) (Entered: 09/08/2016) |
| 09/08/2016 | 79 | Copy re: 78 Order on Remand mailed to AF Holdings, LLC, John L. Steele, Paul A. Duffy, Paul R. Hansmeier on 9/8/2016. (DaSilva, Carolina) (Entered: |

| | | 09/08/2016) |
|---|---|---|
| 09/20/2016 | 80 | Mail re: 78 sent to John L. Steele returned as undeliverable. (DaSilva, Carolina) (Entered: 09/20/2016) |
| 09/29/2016 | 81 | MOTION to Substitute Party by Sandipan Chowdhury.(Sweet, Jason) (Entered: 09/29/2016) |
| 09/29/2016 | 82 | MEMORANDUM in Support re 81 MOTION to Substitute Party filed by Sandipan Chowdhury. (Attachments: # 1 Exhibit Ingenuity Order, # 2 Text of Proposed Order Proposed Order)(Sweet, Jason) (Entered: 09/29/2016) |
| 09/29/2016 | 83 | NOTICE by Sandipan Chowdhury re 81 MOTION to Substitute Party , 82 Memorandum in Support of Motion *Notice of Hearing for 01/26/2017* (Sweet, Jason) (Entered: 09/29/2016) |
| 09/30/2016 | 84 | Judge Indira Talwani: ELECTRONIC ORDER entered. ORDER Setting Hearing on Motion 81 MOTION to Substitute Party : Motion Hearing set for 1/26/2017 10:00 AM in Courtroom 9 before Judge Indira Talwani. (MacDonald, Gail) (Entered: 09/30/2016) |
| 09/30/2016 | 85 | Copy re 84 Order Setting Hearing on Motion mailed to AF Holdings, LLC c/o Mark Lutz 910 West Avenue # 1014 Miami Beach, FL 33139 John L. Steele 1111 Lincoln Road #400 Miami Beach, FL 33139 Paul A. Duffy Duffy Law Group 2 N. LaSalle Street, 13th Floor Chicago, IL 60602 Paul R. Hansmeier Class Justice PLLC 100 5th Street S. Ste. 1900 Minneapolis, MN 55402 (MacDonald, Gail) (Entered: 09/30/2016) |
| 10/11/2016 | 86 | Mail re: NEF #84 sent to AF Holdings LLC returned as undeliverable. (DaSilva, Carolina) (Entered: 10/12/2016) |
| 10/11/2016 | 87 | Mail re: 78 Order sent to Paul A. Duffy returned as undeliverable. DECEASED (DaSilva, Carolina) (Entered: 10/12/2016) |
| 10/13/2016 | 88 | Mail re: NEF #84 sent to John L. Steele returned as undeliverable. (DaSilva, Carolina) (Entered: 10/13/2016) |
| 10/18/2016 | 89 | Non-Party John Steele's Opposition re: 81 MOTION to Substitute Party filed by John L. Steele. (DaSilva, Carolina) (Entered: 10/18/2016) |
| 10/18/2016 | 90 | DECLARATION of John L. Steele in support of 89 Opposition to Motion by John L. Steele. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Letter)(DaSilva, Carolina) (Entered: 10/18/2016) |
| 10/18/2016 | 91 | DECLARATION of Paul R. Hansmeier in support of 89 Opposition to Motion by Paul R. Hansmeier. (DaSilva, Carolina) (Entered: 10/18/2016) |
| 10/20/2016 | 92 | Judge Indira Talwani: ORDER entered DENYING WITHOUT PREJUDICE 81 Motion to Substitute Party. **See Attached Order.** (DaSilva, Carolina) (Entered: 10/20/2016) |

| 10/20/2016 | 93 | Copy re: 92 Order on Motion to Substitute Party mailed to AF Holdings, LLC, John L. Steele, Paul A. Duffy, Paul R. Hansmeier on 10/20/2016. (DaSilva, Carolina) (Entered: 10/20/2016) |
| 11/07/2016 | 94 | Mail re: 92 Order sent to AF Holdings LLC returned as undeliverable. (DaSilva, Carolina) (Entered: 11/07/2016) |
| 11/14/2016 | 95 | Mail re: 78 Order on Remand sent to AF Holdings LLC returned as undeliverable. (DaSilva, Carolina) (Entered: 11/15/2016) |
| 01/27/2017 | 96 | Judge Indira Talwani: ORDER entered. Chowdhury shall file by no later than February 10, 2017, a proposed Amended Judgment. **See Attached Order.** (DaSilva, Carolina) (Entered: 01/27/2017) |
| 01/27/2017 | 97 | Copy re: 96 Order mailed to AF Holdings, LLC, John L. Steele, Paul A. Duffy, Paul R. Hansmeier on 1/27/2017. (DaSilva, Carolina) (Entered: 01/27/2017) |
| 02/02/2017 | 98 | MOTION for Extension of Time to March 31, 2017 to Serve Motion to Amend by Sandipan Chowdhury.(Sweet, Jason) (Entered: 02/02/2017) |
| 02/03/2017 | 99 | Judge Indira Talwani: ELECTRONIC ORDER entered vacating Order 78 , vacating Order 96 , and granting motion 98 . The time for Defendant/Counterplaintiff Sandipan Chowdhury to serve a motion for substitution of parties is extended until three weeks after the United States Bankruptcy Court for the District of Minnesota rules on the motion for relief from stay, docket 191 in In re Hansmeier, No. 15-42460. Defendant/Counterplaintiff Sandipan Chowdhury shall file a status report on April 1, 2017, and on the first day of each month thereafter pending further order of this district court. (MacDonald, Gail) (Entered: 02/03/2017) |
| 02/03/2017 | 100 | Copy re 99 Order, mailed to AF Holdings, LLC c/o Mark Lutz 910 West Avenue # 1014 Miami Beach, FL 33139; John L. Steele 500 N. Michigan Ave, #600 Chicago, IL 60611; Paul A. Duffy Duffy Law Group 2 N. LaSalle Street, 13th Floor Chicago, IL 60602; and, Paul R. Hansmeier Class Justice PLLC 100 5th Street S. Ste. 1900 Minneapolis, MN 55402 (MacDonald, Gail) (Entered: 02/03/2017) |
| 02/08/2017 | 101 | Mail re: 96 Order sent to AF Holdings LLC returned as undeliverable. (DaSilva, Carolina) (Entered: 02/08/2017) |
| 02/21/2017 | 102 | Mail re: NEF #99 Order mailed to AF Holdings LLC returned as undeliverable. (DaSilva, Carolina) (Entered: 02/21/2017) |
| 02/23/2017 | 103 | Mail re: NEF #99 Order mailed to Paul A. Duffy returned as undeliverable. (DaSilva, Carolina) (Entered: 02/23/2017) |
| 02/27/2017 | 104 | Mail re: 96 Order sent to Paul A. Duffy returned as undeliverable. (DaSilva, Carolina) (Entered: 02/27/2017) |
| 04/03/2017 | 105 | STATUS REPORT *April 3, 2017* by Sandipan Chowdhury. (Sweet, Jason) (Entered: 04/03/2017) |

| 04/05/2017 | 106 | Judge Indira Talwani: ORDER entered. **See Attached Order.** (DaSilva, Carolina) (Entered: 04/05/2017) |
|---|---|---|
| 04/05/2017 | 107 | Copy re: 106 Order, mailed to AF Holdings, LLC, John L. Steele, Paul A. Duffy, Paul R. Hansmeier on 4/5/2017. (DaSilva, Carolina) (Entered: 04/05/2017) |
| 04/18/2017 | 108 | Mail re: 106 Order sent to Paul A. Duffy returned as undeliverable. (DaSilva, Carolina) (Entered: 04/19/2017) |
| 04/19/2017 | 109 | Mail re: 106 Order sent to John L. Steele returned as undeliverable. (DaSilva, Carolina) (Entered: 04/19/2017) |
| 04/28/2017 | 110 | Mail re: 96 Order sent to John L. Steele returned as undeliverable(DaSilva, Carolina) (Entered: 04/28/2017) |
| 04/28/2017 | 111 | Mail re: NEF #99 Order sent to John L. Steele returned as undeliverable (DaSilva, Carolina) (Entered: 04/28/2017) |
| 05/02/2017 | 112 | STATUS REPORT *for May 2, 2017* by Sandipan Chowdhury. (Sweet, Jason) (Entered: 05/02/2017) |
| 05/03/2017 | 113 | Mail re: 106 Order sent to AF Holdings LLC returned as undeliverable(DaSilva, Carolina) (Entered: 05/03/2017) |
| 06/02/2017 | 114 | STATUS REPORT *June 2* by Sandipan Chowdhury. (Sweet, Jason) (Entered: 06/02/2017) |
| 07/07/2017 | 115 | STATUS REPORT *for July 2017* by Sandipan Chowdhury. (Sweet, Jason) (Entered: 07/07/2017) |
| 09/07/2017 | 116 | STATUS REPORT *for September* by Sandipan Chowdhury. (Sweet, Jason) (Entered: 09/07/2017) |
| 10/24/2017 | 117 | STATUS REPORT *October* by Sandipan Chowdhury. (Sweet, Jason) (Entered: 10/24/2017) |
| 11/01/2017 | 118 | STATUS REPORT *for November* by Sandipan Chowdhury. (Sweet, Jason) (Entered: 11/01/2017) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/16/2017 09:31:49 | | |
| **PACER Login:** | rls30505:3009554:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-cv-12105-IT |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AF HOLDINGS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| SANDIPAN CHOWDHURY | ) |
| Defendant. | ) |

Civil Action No. 1:12-cv-12105-JLT

**ANSWER, INCLUDING
AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

Defendant and counterclaimant Sandipan Chowdhury ("Defendant"), by and through his undersigned counsel, hereby answers the Complaint of plaintiff AF Holdings, Inc. ("Plaintiff").

### NATURE OF THE CASE

1.      Defendant admits that Plaintiff's Complaint purports to set forth an action for copyright infringement under the United States Copyright Act, contributory infringement, civil conspiracy and negligence, and seeks relief. Defendant denies the remaining allegations in paragraph 1, and specifically denies that Plaintiff is entitled to any relief.

### THE PARTIES

2.      Defendant denies that Plaintiff holds rights sufficient to confer standing to bring this action. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and therefore denies those allegations.

3.      Defendant admits that Plaintiff's Complaint purports to set forth an action for infringement of copyright in a work entitled "Sexual Obsession." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore denies those allegations.

4.      Defendant admits that he is over the age of 18 and resides in this District. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore denies those allegations.

### JURISDICTION AND VENUE



5. Defendant admits that the Court has jurisdiction over the subject matter of this action. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant admits that he resides in Massachusetts and that the Court has personal jurisdiction over this action. Defendant denies the remaining allegations in Paragraph 6.

7. Defendant admits that venue is properly founded in this District. Defendant denies the remaining allegations in Paragraph 7.

## BACKGROUND

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies those allegations.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies those allegations.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies those allegations.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies those allegations.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies those allegations.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies those allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies those allegations.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies those allegations.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies those allegations.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies those allegations.

## ALLEGATIONS COMMON TO ALL COUNTS

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant admits that Exhibit A to the Complaint purports to be a record of copyright registration and that Exhibit B purports to be an assignment agreement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies those allegations.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies those allegations.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies those allegations.

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies those allegations.

24.     Defendant denies the allegations in the first sentence of Paragraph 24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and therefore denies those allegations.

## COUNT I – COPYRIGHT INFRINGEMENT – REPRODUCTION
### (17 U.S.C. § 106(1))

25.     In response to the allegations in Paragraph 25, Defendant incorporates herein his above responses.

26.     The allegations in Paragraph 26 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

27.     Defendant denies the allegations in Paragraph 27.

28.     Defendant admits the allegations in the second sentence of Paragraph 28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and therefore denies those allegations.

29.     Defendant denies the allegations in Paragraph 29.

3

30.     The allegations in Paragraph 30 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

31.     Defendant denies the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

33.     The allegations in Paragraph 33 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

34.     The allegations in Paragraph 34 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

35.     The allegations in Paragraph 35 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

## COUNT II – COPYRIGHT INFRINGEMENT – DISTRIBUTION
### (17 U.S.C. § 106(3))

36.     In response to the allegations in Paragraph 36, Defendant incorporates herein his above responses.

37.     The allegations in Paragraph 37 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

38.     Defendant denies the allegations in the first sentence of Paragraph 38. The remaining allegations constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies those allegations.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and therefore denies those allegations.

40.     The allegations in Paragraph 40 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

41.     Defendant denies the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

4

43.     The allegations in Paragraph 43 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

44.     The allegations in Paragraph 44 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

## COUNT III – CONTRIBUTORY INFRINGEMENT

45.     In response to the allegations in Paragraph 45, Defendant incorporates herein his above responses.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies those allegations.

47.     Defendant denies the allegations in Paragraph 47.

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant denies any role in the acts alleged in Paragraph 49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and therefore denies those allegations.

50.     Defendant denies the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

52.     Defendant denies the allegations in Paragraph 52.

## COUNT IV – CIVIL CONSPIRACY

53.     In response to the allegations in Paragraph 53, Defendant incorporates herein his above responses.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant denies the allegations in the first sentence of Paragraph 55. The remaining allegations constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies those allegations.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies those allegations.

57.     Defendant denies the allegations in Paragraph 57.

58.     The allegations in Paragraph 58 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies any role in the acts alleged in Paragraph 58, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies those allegations.

### COUNT V – NEGLIGENCE

59.     In response to the allegations in Paragraph 59, Defendant incorporates herein his above responses.

60.     The allegations in Paragraph 60 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

61.     The allegation in Paragraph 61 that Defendant proximately caused financial harm to Plaintiff constitutes a conclusion of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegation. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61, and therefore denies those allegations.

62.     The allegations in Paragraph 62 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

63.     The allegations in Paragraph 63 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

64.     The allegations in Paragraph 64 that Defendant "should have known" about an unknown third party's alleged use of his Internet connection, and that not monitoring the activities of the unknown third party demonstrates negligence, constitute conclusions of law as to which no response is required. To the extent that a response is deemed necessary, Defendant denies those allegations, along with each other allegation in Paragraph 64.

65.     Defendant denies the allegations in Paragraph 65.

66.     Defendant denies the allegations in Paragraph 66.

67.    The allegation in Paragraph 67 that Defendant "should have known of [] the unidentified third party's infringing actions" constitutes a conclusion of law as to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegation, along with each other allegation in Paragraph 67.

68.    The allegations in Paragraph 68 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

69.    The allegations in Paragraph 67 that some unspecified degree of "reasonable care" is required of an Internet user to secure access to an Internet connection, or to monitor an "unidentified third-party individual's use," constitute conclusions of law as to which no response is required. To the extent that a response is deemed necessary, Defendant denies those allegations, along with each other allegation in Paragraph 69.

70.    The allegations in Paragraph 70 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

## JURY DEMAND

71.    Defendant requests a jury trial on all issues.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief it seeks in its prayer for relief and request for judgment.

## AFFIRMATIVE DEFENSES

Defendant Sandipan Chowdhury ("Defendant") asserts the following defenses without undertaking or otherwise shifting any applicable burden of proof. Defendant reserves the right to supplement or amend this answer, including by asserting additional defenses, as warranted by facts revealed through investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

72.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

73.     Plaintiff is not a party to the purported copyright assignment and therefore lacks standing to bring a claim against Defendant.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

74.     Plaintiff lacks a valid copyright assignment.

### FOURTH AFFIRMATIVE DEFENSE
### (No Infringement)

75.     Defendant has not engaged in or contributed to any infringement of the copyright alleged.

### FIFTH AFFIRMATIVE DEFENSE
### (No Conspiracy)

76.     Defendant has not participated in any conspiracy to infringe the copyright alleged.

### SIXTH AFFIRMATIVE DEFENSE
### (No Negligence)

77.     Defendant has not negligently or recklessly allowed a third-party to commit acts of copyright infringement, contributory infringement, or civil conspiracy through his Internet connection.

78.     There is no recognized cause of action for negligently allowing a third party to commit acts of copyright infringement through an Internet connection.

### SEVENTH AFFIRMATIVE DEFENSE
### (Misuse of Copyright)

79.     Plaintiff's claims are barred by the doctrine of misuse of copyright.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

80.     Plaintiff has failed to join indispensable parties and notify the court of related matters.

### NINTH AFFIRMATIVE DEFENSE
### (Statutory Relief Not Available)

81.     Plaintiff is barred from seeking statutory damages, costs and/or attorneys' fees under 17 U.S.C. § 504 because the alleged infringement, if any, commenced prior to Plaintiff's ownership of a registered copyright.

### TENTH AFFIRMATIVE DEFENSE

**(Requested Relief Repealed)**

82.     Plaintiff's request for relief pursuant to 17 U.S.C. § 509 is barred by its November 13, 1997 repeal.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Copyright Preemption)

83.     Plaintiff's claim of negligence is preempted by 17 U.S.C. § 301(a).

84.     Plaintiff's claim of civil conspiracy is preempted by 17 U.S.C. § 301(a).

## TWELFTH AFFIRMATIVE DEFENSE
### (Invalidity or Unenforceability of Copyright)

85.     Plaintiff's claims are barred to the extent they claim copyright in works that are immoral, illegal or libelous.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

86.     Defendant was not aware and had no reason to believe that any of his acts constituted an infringement of copyright.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

87.     Any infringement by Defendant was innocent and not willful.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

88.     Plaintiff's claims are barred by the doctrine of acquiescence.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

89.     Plaintiff's claims are barred by the doctrine of estoppel. Without admitting any infringement, Defendant alleges that, though Plaintiff knew the facts of any alleged file-sharing by Defendant and/or others using Defendant's Internet connection, Plaintiff acted in such manner that Defendant and/or third parties were entitled to, and did, believe that the continued availability of the copyrighted work on BitTorrent was intended by Plaintiff, and any actions to download were induced by, and done in reliance on, Plaintiff's conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

9

90.     Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff is not entitled to equitable relief, as it is guilty of conduct directly related to the merits of the controversy between the parties, sufficient to affect the equitable relations between the parties. Defendant has been personally injured by Plaintiff's said conduct, which continued at least through the time of filing of this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Volitional Act)

91.     Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

92.     To the extent Plaintiff suffered any damages attributable to Defendant, which Defendant expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

## TWENTIENTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

93.     Plaintiff is barred from bringing its direct infringement claim as Plaintiff previously litigated this identical claim.

94.     Plaintiff is barred from raising issues previously adjudicated.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Injunctive Relief Not Warranted)

95.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Intervening Causes)

96.     Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsover, Defendant alleges that the injuries complained of and the damages sought by Plaintiff in this Complaint and each separate claim for relief asserted therein was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control. Therefore, Defendant is not liable for any of the damage that may have resulted therefrom.

10

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Invalidity of Assignment)

97.     An assignor can transfer the ownership interest in an accrued past copyright infringement, but the assignee only has standing to sue if the interest in the past infringement is expressly included in the assignment and the assignee also owns the actual copyrights. Plaintiff received its copyright assignment after Defendant's alleged infringement, and the assignment makes no express provision for past infringements.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff AF Holdings, Inc. ("Plaintiff"), Defendant/ Counterclaimant Sandipan Chowdhury ("Defendant") asserts as follows:

## THE PARTIES

1.     Defendant/Counterclaimant Sandipan Chowdhury ("Defendant") is an individual residing at 479 Moody Street, Waltham, Massachusetts.

2.     Plaintiff/Counterclaim Defendant AF Holdings LLC is, upon available information, a limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis.[1]

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. The counterclaims are so related to the claims asserted by Plaintiff in this action that they form part of the same case or controversy under Article III of the United States Constitution, and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13 and 20.

4.     This Court has personal jurisdiction over Plaintiff. Plaintiff availed itself of this Court's jurisdiction by bringing this action in this District.

5.     Venue in this District is proper over the counterclaims pursuant to 28 U.S.C. § 1391.

---

[1] The Federation of Saint Kitts and Nevis, conveniently, has very strict laws prohibiting disclosure of corporate information). "Managers and final beneficiaries are not registered anywhere, this way they have total anonymity." http://www.offshorebankshop.com/en/11-saint-kitts-and-nevis-offshore-companyform-tax-haven-limited-liability.html

## GENERAL BACKGROUND FOR ALL COUNTERCLAIMS

6.      Plaintiff first litigated this claim in an action it filed against 1,140 individuals, including Defendant, on June 7, 2011 in the United States District Court for the District of Columbia. *AF Holdings, LLC v. Does 1-1,140*, 11-cv-01274-RBW (the "original action"). That action was one of a slew of John Doe lawsuits filed by Plaintiff in various in United States District Courts, against a total of 3,092 individuals to date, in which Plaintiff alleges infringement of the copyright in a pornographic video entitled "Sexual Obsession." Three of Plaintiff's additional cases are currently pending in this judicial district.[2]

7.      Plaintiff is represented by Prenda Law, Inc. (f/k/a Steele Hansemeier PLLC).[3] Each of Plaintiff's 200+ actions have been premised upon substantially identical, cookie-cutter complaints, and have involved *ex parte* applications by which Plaintiff seeks leave of court to issue subpoenas to Internet Service Providers, prior to a Rule 26(f) conference, to obtain information identifying alleged infringers. In support of its applications for early discovery, Plaintiff has offered a declaration from one Peter Hansemeier,[4] who purports to be a computer expert. Generally speaking, the pleadings in all Plaintiff's cases, including in this District, track paragraph by paragraph, word for word. The only real difference between the cases is the IP addresses identified in the complaints.

8.      Defendant, claiming his innocence and not wanting to be associated with infringing a pornographic film, filed a motion in the original action to quash the subpoena by which Plaintiff sought Defendant's personally identifying information. Defendant's motion was denied, and Plaintiff obtained said information.

---

[2] *AF Holdings, LLC v. Foster*, 12-cv-30164 (D. Mass. filed Sept. 27, 2012); *AF Holdings, LLC v. St. Louis*, 12-cv-11797, (D. Mass. filed Sept. 27, 2012); and *AF Holdings, LLC v. Grenier*, 12-cv-11843 (D. Mass. filed Oct. 3, 2012). Plaintiff's counsel, Prenda Law, consistently neglects to file Notices of Related cases when filing its multiple actions, even though many of the cases involve the same plaintiffs and copyrights as one another, such as these.

[3] John Steele was the founding partner of Steele Hansemeier, PLLC, which was the predecessor to Prenda Law, Inc. According to Mr. Steele, he sold his client book to Prenda Law, and depending on who is asking him, he now variously describes himself as both "of counsel," to Prenda Law, or "not an attorney with any law firm." (Ex. A, pp. 11:25–12:7).

[4] On information and belief, Peter Hansemeier is the brother of John Steele's law partner Paul Hansemeier. Peter Hansemeier routinely provided (under the alias Media Copyright Group) the same kind of 'technical expert' services for Steele Hansemeier, PLLC that he now provides (under the alias 6881 Forensics) for Prenda Law, Inc.

8.     Plaintiff later voluntarily dismissed all 1,140 individuals in the original action on February 2, 2012.

9.     On November 13, 2012, Plaintiff filed suit against the Defendant in this court, making him one of only 68 of those alleged infringers whom Plaintiff has named as a defendant, much less attempted to serve with process or litigate its claims.

10.     As to its standing to sue, Plaintiff asserts that it is "the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video." Compl. ¶ 18. This statement is at odds with itself; one cannot have an exclusive copyright limited to a specific media or mode of reproduction and distribution.

11.     Plaintiff provides further contrary information to its standing in the Complaint. Plaintiff includes with the Complaint the "Certificate of Registration" from the United States Copyright Office for "Sexual Obsession," which lists that the author and copyright claimant as Heartbreaker Films in California. ECF No. 1-2. However, the assignee signing the agreement is AF Films, LLC, which is not a party to this case. As other courts have noted:

> Plaintiff's Financial Disclosure Statement, required to be filed with the court at first appearance pursuant to Local Rule 7.1, ... "certifies that there are no parents, trusts, subsidiaries and/or affiliates of said party."
>
> Plaintiff has submitted no allegation or evidence which shows any link between AF Holdings, LLC and AF Films, LLC.

*AF Holdings, LLC v. Does 1-77*, 11-cv-00383-RBS-TEM, ECF No. 6 (E.D. Va. June 14, 2011). See also *id.*, ECF No. 9 (E.D. Va. June 18, 2011); *AF Holdings, LLC v. Does 1-96*, 11-cv-03335-JSC, ECF No. 26 (N.D. Cal. Nov. 4, 2011).

12.     On or around December 1, 2012, credible evidence of a deeply troubling connection between Plaintiff and its counsel began to appear. Plaintiff and its counsel appear to be engaged in widespread fraud.

13.     Plaintiff has, in this and other actions, identified Alan Cooper as its sole principal. As discussed in a recent filing in one of Plaintiff's cases pending in federal court in Minnesota, an as-yet unexplained connection has recently come to light with respect to this Alan Cooper. There is a man named Alan Cooper who lives in Minnesota and who, according to his newly-retained attorney,

had for several years acted as a caretaker for a Minnesota property owned by an attorney by the name of John Steele. When visiting his property, Steele had on numerous occasions bragged to my client about a plan involving massive copyright litigation in multiple jurisdictions. He also specifically instructed my client to contact him if anyone asked about various corporations, that Cooper was to call him. When Cooper confronted Steele about that, Steele told him not to worry about it.

AF Holdings, LLC v. Doe, 12-cv-02687-RHK-JJG, ECF No. 11 (D. Minn. Nov. 29, 2012). See also

Ex. B hereto (Affidavit of Alan Cooper).[5]

14.     Plaintiff and its counsel have refused to clarify whether there really is another Alan Cooper who is the true principal.[6] All of these facts regarding Alan Cooper and the status of AF Holdings are highly relevant to the Plaintiff's pending claims against the Defendant.

15.     In short, it appears that Plaintiff does not have standing to bring claims against the Defendant; Plaintiff may not even exist; and Plaintiff's counsel may truly be the real parties in interest in this case.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

16.     Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

17.     There is an actual and justiciable controversy between the parties regarding the alleged direct copyright infringement.

18.     Defendant has not infringed Plaintiff's alleged copyright in "Sexual Obsession." Plaintiff cannot knowingly claim otherwise.

19.     Internet service providers assign numerical Internet Protocol ("IP") addresses to, among other things, the routers used by Internet subscribers to access the network.

20.     An IP address does not identify the computer connecting to the router assigned that the IP address. Nor does it identify the person using that computer.

---

[5] Nor is this the first time Plaintiff's counsel has been accused of using a dummy corporation to file suit. Nicholas Ranallo, Who are MCGIP (and Why are They Suing for Other People's Movies?), (Sept. 25, 2011); available at http://torrentfreak.com/who-are-mcgip-and-why-are-they-suing-for-other-people's-movies-110925/.

[6] Alan Cooper is also, purportedly, the sole proprietor of Ingenuity 13, LLC—another of Prenda Law's clients. See, Ingenuity 13, LLC v. John Doe, 12-cv-08333-ODW-JC, ECF No. 32 (C.D. Cal. Dec. 26, 2012) (order granting discovery as to identity of Alan Cooper after Plaintiff and its counsel refused to clarify the issue).

21.     Plaintiff's allegation that a given IP address was used for infringing acts is not sufficient to support a claim of infringement against the Internet subscriber whose router was assigned that IP address.

22.     Defendant is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that he has not infringed the copyright work.

## SECOND COUNTERCLAIM
### Abuse of Process

23.     Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

24.     Plaintiff made knowing misrepresentations in its summons filed against Defendant. Plaintiff pleaded claims for copyright infringement despite knowing that it lacked standing to bring any such claims. Plaintiff pleaded claims for statutory remedies despite knowing that those claims were barred.

25.     In filing its complaint, Plaintiff sought to use and did use lawfully issued process for an ulterior or illegitimate purpose.

26.     Plaintiff filed its original complaint against 1,140 individuals, including Defendant, on June 7, 2011 in the United States District Court for the District of Columbia. Plaintiff filed its dismissal of the original action against all 1,140 individuals on February 2, 2012.

27.     On November 13, 2012, Defendant was named as an alleged infringer in this action.

28.     In the intervening months, Plaintiff mailed Defendant several letters urging settlement, which directed him to the website of Plaintiff's counsel Prenda Law, where the complaint against him was posted. This structure enabled Plaintiff to employ the complaint for an ulterior purpose: not to initiate the process of litigation, but to forestall it, while enabling Plaintiff's attempted extortion of the Defendant.

29.     Plaintiff confirmed that Defendant's counsel would accept service in early October 2012, and sent him a formal request to waive process on December 12, 2012.

30.     Plaintiff willfully abused, misused and/or misapplied the process for an end other than that which it was designed to accomplish.

15

31.     Plaintiff intentionally failed to disclose and concealed pertinent and material information regarding Plaintiff's knowledge of the falsity of certain claims, its lack of standing, and the ulterior or illegitimate purpose for which the complaints and summons were employed.

32.     Specifically, Plaintiff failed to disclose and concealed pertinent and material information that includes but is not limited to the following:

> a) Plaintiff was not a party to the assignment, and had no standing to bring any claims;
>
> b) Plaintiff instituted the original action without any genuine intent to proceed against any defendant therein, but rather as a vehicle to obtain discovery of the identity and contact information of Defendant and others;
>
> c) upon receiving that information, Plaintiff mailed to Defendant letters threatening to pursue statutory damages and attorney's fees under the Copyright Act, without disclosing that those remedies were categorically prohibited by the date of the alleged infringement;
>
> d) Plaintiff's letters threatening to pursue Defendant for copyright infringement did not disclose that any such claim is categorically prohibited by the terms of Plaintiff's copyright assignment;
>
> e) Plaintiff sought to improperly coerce Defendant into settling under extortionate threats of financially burdensome lawsuits and fraudulent threats of remedies that are prohibited as a matter of law; and
>
> f) Plaintiff did not seriously consider in good faith litigating claims against Defendant, but rather intended the claims to hang as a sword over Defendant's head, to foster unwarranted payments to settle claims not supportable as a matter of law.

33.     Plaintiff's complaints and service of process facilitated these ulterior purposes.

34.     As a direct and proximate result of the Plaintiff's conduct, Defendant was forced to expend a significant amount of time and money in defending against these frivolous claims, and thereby suffered injuries, damages, or losses in an amount to be determined at trial.

## THIRD COUNTERCLAIM
### Copyright Misuse

35.     Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

36.     Plaintiff engaged in abusive and/or improper conduct in exploiting or enforcing its purported copyright assignment beyond any legitimate rights it may have.

37.     Specifically, when it brought claims against the Defendant it had no standing to bring and that threatened penalties that exaggerated and misstated the law, Plaintiff misled and defrauded the Defendant into paying to retain counsel and defending the claims.

38.     The purported assignment is between assignor Heartbreak Films, et al and assignee AF Films, LLC. AF Films, LLC is not a party to this case.

39.     Plaintiff AF Holdings, LLC has not explained this discrepancy when afforded the opportunity in other courts.

40.     Plaintiff threatened Defendant with statutory damages of up to $150,000 and attorney's fees, though its remedy would be limited to actual damages in any case where Plaintiff were able to prove their claims, due to Plaintiff's delay in bringing suit.

41.     An assignor can transfer the ownership interest in an accrued past infringement, but the assignee only has standing to sue if the interest in the past infringement is expressly included in the assignment and the assignee also owns the actual copyrights.

42.     Defendant's alleged infringement (dated May 26, 2011) occurred prior to Plaintiff's assignment (dated June 12, 2011).

43.     Plaintiff's copyright assignment makes no express provision assigning claims for past infringements.

44.     Plaintiff attempted to extend the effect or operation of that assignment beyond the scope of the statutory right by saddling Defendant with a financially burdensome lawsuit, raising claims barred by the terms of the assignment and the clear provisions of the Copyright Act.

45.     Even if Plaintiff had a valid assignment that would support an action against Defendant, it attempted to extend the effect or operation of that assignment beyond the scope of the statutory right by improperly coercing Defendant with threats of statutory damages awards, attorney's fees, and financially burdensome lawsuits, regardless of the merits and its belated claim's bar on the extraordinary forms of relief that Plaintiff nonetheless deceptively claimed.

46.     Plaintiff's bald attempt at using its copyright assignment to expand its scope by deception and avail itself of unwarranted remedies constitutes copyright misuse.

47.     As a direct and proximate result of the Plaintiff's extortion threats and false representations, and Defendant's reliance on those threats and false representations, Defendant suffered injuries, damages, or losses in an amount to be determined at trial.

48.     Defendant is entitled to declaratory relief that Plaintiff's copyright assignment is invalid and barring Plaintiff from advancing any claims or claims for statutory remedies unless and until it obtains a corrected and proper assignment.

### FOURTH COUNTERCLAIM
### Violation of Massachusetts General Laws, Chapter 93A, § 1, et seq.

49.     Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

50.     At all relevant times, Plaintiff knowingly and intentionally engaged in unfair or deceptive conduct within the meaning of Chapter 93A. Plaintiff filed suit in United States District Court for the District of Massachusetts despite the knowledge that its copyright assignment (a requirement before filing claims for statutory damages or attorney's fees) had been fraudulently obtained; that it was not a party to the assignment; that certain remedies it claimed—again, statutory damages and attorney's fees—were barred by the terms of the assignment; and that Plaintiff did not intend to fully litigate most, if not all, claims.

18

51.      Plaintiff filed suit with the ulterior motive of forcing a settlement from the Defendant. Plaintiff then used the overtly sexual nature of the complaint as leverage against the Defendant.

52.      Plaintiff's unfair, unlawful, and deceptive practices occurred in the course of Plaintiff's settlement fraud and the challenged practices directly caused actual damages and injury to the Defendant. Defendant's injuries occurred in Massachusetts.

53.      Plaintiff's misrepresentations and deceptive acts had a tendency to or were capable of deceiving Defendant—which they did. Defendant relied on Plaintiff's misrepresentations and deceptive acts, which acts are uncured.

54.      Plaintiff's unfair and/or deceptive practices caused Defendant to suffer an ascertainable loss of money; and the loss arose from Plaintiff's concealment from and failure to disclose to Defendant the true facts regarding the scope of Plaintiff's copyright assignment and/or its lack of intent to fully litigate its claims—all done with the intent to file suit in order to facilitate purported settlements of improper claims.

55.      By reason of the foregoing, Defendant is entitled to treble damages, punitive damages, injunctive relief, attorney fees and costs as provided by Chapter 93A.

56.      Defendant also seek permanent injunctive relief as a result of the Plaintiff's ongoing violations of Chapter 93A, including an order directing Plaintiff to provide Defendant with all material facts relating to Plaintiff's incorporation and copyright assignment, including any and settlements received.

57.      The provision of such information will afford Defendant and the public the opportunity to make informed decisions regarding their rights and prevent Plaintiff from further perpetrating the fraud.

58.      A monetary award will fail to provide full relief to the Defendant. Money damages will not compensate Defendant for his current lack of pertinent information. Such information, and the ability to disseminate it, is in Plaintiff's exclusive control. Absent a court order, Defendant and the public will be unable to obtain the information necessary to make informed decisions regarding their rights.

59.     No thirty-day demand letter was required in this matter per § 9(3) of Chapter 93A, because the Plaintiff does not maintain a place of business or keep assets in the Commonwealth and/or because this action is asserted by way of counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant Sandipan Chowdhury respectfully requests that this Court issue judgment as follows:

A.      That AF Holdings, Inc. take nothing by the Complaint and that the same be dismissed with prejudice;

B.      That Plaintiff has misused its copyright and that it should be invalidated;

C.      Declaring that Defendant/Counterclaimant is not liable for directly or indirectly infringing Plaintiff's copyright, conspiring to do so, or negligently allowing the same;

D.      Declaring that Plaintiff's copyright is unenforceable and invalid;

E.      Awarding Defendant/Counterclaimant his costs and reasonable attorneys' fees incurred this action;

F.      Awarding Defendant/Counterclaimant all damages that he has sustained as a consequence of Counterclaim Defendant's acts complained of herein; and

G.      Granting such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Defendant/Counterclaimant Sandipan Chowdhury hereby demands a trial by jury on all counterclaims asserted in this Answer so triable.

Dated: January 4, 2013

Respectfully,

Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32K Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

20

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

Jason E. Sweet

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|                                          |   |                                       |
|------------------------------------------|---|---------------------------------------|
| AF HOLDINGS, LLC,                        | ) | Civil Action No. 1:12-cv-12105-JLT    |
|                                          | ) |                                       |
|   Plaintiff/Counterdefendant,            | ) |                                       |
| v.                                       | ) |                                       |
|                                          | ) |                                       |
| SANDIPAN CHOWDHURY,                      | ) |                                       |
|                                          | ) |                                       |
|   Defendant/Counterplaintiff.            | ) |                                       |
|                                          | ) |                                       |

### MOTION FOR FINAL APPROVAL OF FORM OF DEFAULT JUDGMENT

Defendant Sandipan Chowdhury Moves respectfully requests that this Court, in conjunction with its September 30, 2013 order granting default, direct the entry of final judgment for Defendant and approve and enter judgment in the form attached hereto.

This action was commenced on November 13, 2012 by the filing of the Summons and Complaint, copies of which having been personally served on the Defendant Sandipan Chowdhury on January 4, 2013.

On January 4, 2013, the Defendant filed and served his Answer and Counterclaims upon the Plaintiff.

On January 30, 2013, the Defendant filed a motion for bond in the amount of $60,000. This bond was later granted, but never paid.

On May 6, 2013, Plaintiff AF Holdings, LLC was found to be an alias of its counsel, Prenda Law, Inc., its principals, attorneys John L. Steele, Paul A. Duffy and Paul R. Hansmeier, and its paralegal, Mark Lutz (collectively, "Plaintiff"). *See, e.g.* ECF No. 22-2.

On June 17, 2013, the Court held a hearing on all outstanding motions for which the Plaintiff did not appear. The Court issued an Order on June 19, 2013 granting Defendant's motion for bond; denying Plaintiff's motions; and dismissing the Plaintiff's claims.

On July 10, 2013, Defendant filed for entry of default for Plaintiff's failure to answer the counterclaims. The Court granted the Default on September 30, 2013.

**WHEREFORE**, it is respectfully requested that based upon Defendant's Motion and Memorandum for Default Judgment, the docket as a whole, and good cause appearing therefore, that:



EXHIBIT C

1. Plaintiff's claims against Defendant, including members of his household, are dismissed with prejudice;

2. Defendant is entitled to the relief demanded in his Counterclaims;

3. Defendant is entitled to his attorney's fees and costs to be trebled pursuant to M.G.L. c. 93(A) §9;

4. Plaintiff AF Holdings, LLC, Prenda Law, Inc., John L. Steele, Paul A. Duffy, Paul R. Hansmeier and Mark Lutz be jointly and severally liable for Defendant's damages, including attorney's fees and costs; and.

5. Defendant is allowed limited discovery for purposes of determining the location and control Plaintiff's assets.

Dated: October 17, 2013

Respectfully,

/s/Jason E. Sweet
Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Jason E. Sweet
Jason E. Sweet

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AF HOLDINGS, LLC, | ) |
|  | )    Civil Action No. 1:12-cv-12105-JLT |
|      Plaintiff/Counterdefendant, | ) |
| v. | ) |
|  | ) |
| SANDIPAN CHOWDHURY, | ) |
|  | ) |
|      Defendant/Counterplaintiff. | ) |
| | ) |

**FINAL JUDGMENT
JOINTLY AND SEVERALLY AGAINST PLAINTIFF AND ITS ALIASES**

Joseph L. Tauro, D.J.

Plaintiff AF Holdings, LLC having been found to be an alias of its counsel, Prenda Law, Inc., its principals, attorneys John L. Steele, Paul A. Duffy and Paul R. Hansmeier, and its paralegal, Mark Lutz (collectively, "Plaintiff");

having failed to post bond, plead or otherwise defend in this action and its default having been entered;

Now, upon application of Defendant Chowdhury and affidavit demonstrating that Plaintiff owes Defendant Chowdhury the sum of $64,180.80 that neither Plaintiff, its aliases nor its principals are infants or incompetent persons or in the military service of the United States, and that Defendant Chowdhury has incurred costs and attorney's fees in the sum of $21,393.60.

It is hereby ORDRED, ADJUDGED AND DECREED that Defendant Chowdhury recover jointly and severally from Plaintiff AF Holdings, Inc., Prenda Law, Inc., John L. Steele, Paul A. Duffy, Paul R. Hansmeier and Mark Lutz the principal amount of $21,393.60, with costs and attorney's fees trebled pursuant to M.G.L. c. 93(A) §9 for a total judgment of $64,180.80 with interest as provided by law.

Dated: _10/22/2013_ .

By the Court,

*Zita Lovett*
*Courtroom Clerk*

~~NOTE: The effective pre and post judgment interest rate is 0.13%.~~

EXHIBIT D

# United States Court of Appeals
## For the First Circuit

No. 13-2535

AF HOLDINGS, LLC,

Plaintiff,

v.

SANDIPAN CHOWDHURY,

Defendant, Appellee.

-------------------------------------------------------------------

JOHN L. STEELE; PAUL A. DUFFY; PAUL R. HANSMEIER,

Interested Parties, Appellants,

MARK LUTZ,

Interested Party.

Before

Lynch, Thompson and Kayatta,
Circuit Judges.

## JUDGMENT

Entered: August 4, 2016

After carefully considering the record and briefs on appeal, we vacate and remand.

The appellants moved to vacate the judgment under Rule 60(b)(4) for lack of personal jurisdiction because they were never named as parties to the counterclaims and properly served. It was undisputed below that the appellants were not properly named and served. Absent some exception, which was not established, a judgment cannot be entered against those who are not made parties through proper service. Shank/Balfour Beatty, a Joint Venture of M.L. Shank, Co., Balfour Beatty Constr. v. Int'l Bhd. Of Elec. Workers Local 99, 497 F.3d 83, 94 (1st Cir. 2007).



When personal jurisdiction is lacking, relief is mandatory, and the appellants did not have to show various factors required for relief under other subsections of Rule 60(b). M & K Welding, Inc. v. Leasing Partners, LLC, 386 F.3d 361, 365 (1st Cir. 2004).

Contrary to the appellee, the fact that non-parties do not, or cannot, dispute alter ego allegations that would permit both serving them and holding them liable on the judgment does not obviate the need to call them before the court before entering judgment. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Vacated and remanded. 1st Cir. Loc. R. 27.0(c).

By the Court:

/s/ Margaret Carter, Clerk

cc:
Honorable Joseph L. Tauro
Robert Farrell, Clerk of Court
AF Holdings, LLC
Jason E. Sweet
Daniel G. Booth
John L. Steele
Paul A. Duffy
Paul R. Hansmeier

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AF HOLDINGS, LLC,                               *
                                                *
          Plaintiff,                            *
                                                *
     v.                                         *        Civil Action No. 12-cv-12105-IT
                                                *
SANDIPAN CHOWDHURY,                             *
                                                *
          Defendant.                            *

<u>ORDER ON REMAND</u>

     The Mandate of the Court of Appeals having now issued, this court hereby vacates the

court's order [#43] entered on December 3, 2013, grants Interested Party John L. Steele's <u>Motion

to Set Aside Default Judgment</u> [#36], Interested Party Paul R. Hansmeier's <u>Motion to Set Aside

Default Judgment</u> [#38], Interested Party Paul A. Duffy's <u>Motion to Set Aside Default Judgment</u>

[#41], and sets aside the Final Judgment [#34] entered on October 22, 2013.

     Defendant Sandipan Chowdhury shall file a proposed Amended Judgment no later than

September 29, 2016. IT IS SO ORDERED.

Date: September 8, 2016                          /s/ Indira Talwani
                                                United States District Court



**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AF HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff/Counterdefendant, | ) |
| | ) |
| v. | ) |
| | ) |
| SANDIPAN CHOWDHURY, | ) |
| | ) |
| Defendant/Counterplaintiff. | ) |

Civil Action No. 1:12-cv-12105-IT

**SANDIPAN CHOWDHURY'S MOTION FOR SUBSTITUTION OF PARTIES AND ENTRY
OF AN AMENDED JUDGMENT**

Sandipan Chowdhury ("Chowdhury") respectfully moves the Court to add or substitute John Steele and Paul Hansmeier as parties in addition to or in place of Counterdefendant AF Holdings, LLC. In support of this motion, Chowdhury relies on the memorandum filed herewith. Pursuant to the Court's Order on Remand, Doc. 78, a proposed amended judgment is attached.

Dated: September 29, 2016

Respectfully submitted,

/s/ Jason Sweet
Jason E. Sweet (BBO# 668596)
jsweet@boothsweet.com

/s/ Dan Booth (with consent)
Dan Booth (BBO# 672090)
dbooth@boothsweet.com

BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Counsel for Sandipan Chowdhury*

1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above motion and the attached memorandum in support, notice of hearing on the motion, and proposed amended judgment, were filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 29, 2016, and, further, that John Steele and Paul Hansmeier will be served copies of said documents pursuant to Rules 4 and 25 of the Federal Rules of Civil Procedure.

/s/ Jason Sweet

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I, Jason E. Sweet, hereby certify that counsel for Sandipan Chowdhury sought to confer with opposing counsel in a good faith effort to resolve or narrow the issues in the foregoing motion but was unable to do so. AF Holdings' counsel withdrew in 2013 without replacement, and mail sent to its last known address has been returned as undeliverable since 2013. I emailed attorneys Steele and Hansmeier but did not obtain consent to the motion.

/s/ Jason Sweet

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Chapter 7 |
| PAUL HANSMEIER, | Case No. 15-42460 |
| Debtor. | Adversary No. 16-04124 |

---

Randall L. Seaver, Trustee,

     Plaintiff,

vs.

Sandipan Chowdhury and Booth Sweet, LLP,

     Defendants.

---

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
### FOR AVOIDANCE AND RECOVERY OF PROPERTY OF THE ESTATE

     Defendants Sandipan Chowdhury ("Chowdhury") and Booth Sweet, LLP ("Booth Sweet"), collectively "Defendants", hereby file their answer and affirmative defenses to the Complaint filed by plaintiff  Randall L. Seaver, Chapter 7 Trustee ("Plaintiff") for the estate of Paul R. Hansmeier ("Debtor"), in the above above-captioned matter, and in support thereof states as follows:

### I. JURISDICTION AND VENUE

1. This bankruptcy case was commenced by the filing of a voluntary petition under Chapter 13 on July 13, 2015. The case was converted to one under Chapter 7 on December 3, 2015, and Plaintiff is the trustee.

**ANSWER:**  Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. This is an action for declaratory judgment regarding bankruptcy estate property, and avoidance of the transfer of estate property, pursuant to 11 U.S.C. §§ 105, 541, 542, 544, 548, 550, 704, Fed.R.Bank.Pro. 7001(1), (2) and (9), 28 U.S.C. § 2201 and common law.

**ANSWER:**  Defendants neither admit nor deny the allegations contained in paragraph 2 for the reason that paragraph 2 sets forth legal conclusions to which no responses are required. To the extent that responses are required, Defendants admit that paragraph 2 states Plaintiff brought this action to avoid the transfer of property, but lack knowledge or information sufficient as to the legal basis for Plaintiff's claims. Though the Complaint cites numerous sections of the

1



Bankruptcy Code, it only does so in general, with no citation to specific subsections or language therein. Nor does the Trustee clarify how he purports to be using these powers. Defendants deny this action is one for declaratory judgment as that relief is not requested.

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2) and 1334.

**ANSWER:** Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

**ANSWER:** Defendants admit the allegations contained in paragraph 4 of the Complaint.

## II. PARTIES

5. Plaintiff, Randall L. Seaver, is the duly qualified and acting Chapter 7 panel trustee for the bankruptcy estate of Paul Hansmeier ("Estate").

**ANSWER:** Defendants admit the allegations of paragraph 5 insofar as Plaintiff Seaver is currently the trustee for the bankruptcy estate of Paul R. Hansmeier. Defendants deny for lack of sufficient knowledge whether Plaintiff Seaver is duly qualified.

6. Defendant Sandipan Chowdhury is an individual believed to reside in the state of Massachusetts.

**ANSWER:** Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendant Booth Sweet is a law firm organized under the laws of Massachusetts, and represented Chowdhury for all times relevant to this action.

**ANSWER:** Defendants admit the allegations contained in paragraph 7 of the Complaint.

## III. FACTUAL BACKGROUND

A.   **CHOWDHURY LITIGATION**

8. On November 13, 2012, a complaint was filed in the U.S. District Court for the District of Massachusetts against defendant Sandipan Chowdhury, Case No. 12-cv-12105. The named plaintiff in the case was AF Holdings, LLC.

**ANSWER:** Defendants admit the allegations contained in paragraph 8 of the Complaint. Defendants further allege that during this time plaintiff AF Holdings, LLC and its law firm, Prenda Law, were under the control and direction of Paul Hansmeier.

2

9. Chowhury filed an answer to the complaint on January 4, 2013, along with a counterclaim against plaintiff AF Holdings, LLC. Following the filing of the answer, both parties filed motions to dismiss, and Chowdhury filed a motion requiring plaintiff AF Holdings, LLC to post a bond for costs.

ANSWER:  Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. In June 2013, the District Court for the District of Massachusetts heard the various motions filed by the parties. The court granted Chowdhury's motion requiring AF Holdings, LLC to post bond for costs, and granted AF Holding's motion to dismiss its claim against Chowdhury.

ANSWER:  Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. On July 10, 2013, Chowdhury filed a request to issue a notice default on its counterclaims as a result of plaintiff's failure to answer. Chowdhury's request was granted on August 29, 2013, and Chowdhury filed his motion for default judgment as to AF Holdings on September 13, 2013.

ANSWER:  Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. On October 22, 2013, Chowdhury's motion for default judgment was entered against AF Holdings, LLC and its aliases, including Paul Hansmeier (the "Chowdhury Judgment").

ANSWER:  Defendants admit the allegations contained in paragraph 12 of the Complaint.

Defendants further allege that judgment was entered against Prenda Law, also an alias of the Debtor.

13. On November 7, 2013, Paul Hansmeier ("Hansmeier" or "Debtor") filed a motion to set aside the default judgment due to the Chowdhury's failure to serve Hansmeier. On December 3, 2013, Hansmeier's motion to set aside was denied.

ANSWER:  Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Hansmeier appealed the default order on December 16, 2013. Hansmeier filed a motion for stay pending appeal, which was denied by the United States District Court for the District of Massachusetts.

ANSWER:  Defendants admit the allegations contained in paragraph 14 of the Complaint.

B. CHOWDHURY JUDGMENT AND SATISFACTION

15. On April 3, 2014, the U.S. District Court for the District of Massachusetts certified the Chowdhury Judgment for registration in other districts.

ANSWER:  Defendants admit the allegations contained in paragraph 15 of the Complaint.

Defendants further allege that on February 3, 2014, the Debtor's associate, John Steele, sought to

stay the Chowdhury Judgment pending the appeal. The same day, the Debtor opposed certification of the judgment for registration in other districts. On March 31, 2014, the District Court of Massachusetts denied the motion for stay and opposition to certification.

16. On or about October 15, 2014, the Chowdhury Judgment was registered in the Hennepin County District Court, Court File No. 27-CV-14-15391. On October 17, 2014 the Chowdhury Judgment was memorialized on the certificate of title for the debtor's homestead located at 100 Third Avenue South, Unit #3201, Minneapolis, Minnesota 55401 (the "Real Property"), and became a judgment lien against the Real Property.

**ANSWER:**  Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. On July 13, 2015, Paul Hansmeier filed a voluntary Chapter 13 Petition. The Debtor's original schedules listed his interest in the Real Property and identified the Chowdhury Judgment as a disputed debt.

**ANSWER:**  Defendants admit the allegations contained in paragraph 17 of the Complaint. Defendants further allege that they, as well as the other creditors and U.S. Trustee, repeatedly referenced the Chowdhury Judgment as pending before the First Circuit Court of Appeals in their pleadings.

18. On November 12, 2015, the United States Trustee filed a motion to convert the Debtor's case to a case under Chapter 7.

**ANSWER:**  Defendants admit the allegations contained in paragraph 18 of the Complaint.

19. On November 25, 2015, the Debtor filed an expedited motion to sell the Real Property free and clear of interests. The Debtor's motion identified the Chowdhury Judgment as a "nonavoidable judgment lien in the approximate amount of $71,620.90", and sought authorization from the Bankruptcy Court to sell the homestead and pay the Chowdhury Judgment.

**ANSWER:**  Defendants admit the allegations contained in paragraph 19 of the Complaint. Defendants further allege that they, as well as other the other creditors and U.S. Trustee, argued that any sale proceeds and costs, including judgment liens, be held in escrow and resolved at a later date.

20. On December 3, 2015, the Bankruptcy Court granted the Debtor's motion to sell the Real Property, and to pay the Chowdhury Judgment from the sale proceeds.

**ANSWER:**  Defendants admit the allegation contained in paragraph 20 of the Complaint.

4

21. On December 3, 2015, the Bankruptcy Court granted the United States Trustee's motion to convert the Debtor's case to a case under Chapter 7.

ANSWER: Defendants admit the allegation contained in paragraph 21 of the Complaint. Defendants further allege the Court's decision to convert was based on its findings that the bankruptcy had been designed only to thwart the collection efforts of creditors.

22. On December 4, 2015, the Plaintiff Randall L. Seaver, Trustee, was appointed as the Chapter 7 Panel Trustee for the bankruptcy estate of Paul R. Hansmeier.

ANSWER: Defendants admit the allegation contained in paragraph 22 of the Complaint.

23. On December 15, 2015, the sale of the Real Property closed, and payment of $71,620.90 was made to the Defendants as full satisfaction of the Chowdhury Judgment.

ANSWER: Defendants admit the allegation contained in paragraph 23 of the Complaint.

24. On information and belief, Defendant Booth Sweet retained the majority of the funds paid from the Estate on account of its attorney's fees.

ANSWER: Defendants admit the allegation contained in paragraph 24 of the Complaint.

## C. APPEAL OF CHOWDHURY JUDGMENT

25. Despite satisfaction of the Chowdhury Judgment, the appeal of the Chowdhury Judgment continued, and on August 4, 2016, the United States Court of Appeals for the First Circuit, vacated the Chowdhury Judgment and remanded the matter back to the United States District Court for the District of Massachusetts.

ANSWER: Defendants admit the allegation contained in paragraph 25 of the Complaint.

26. The Court of Appeals based its decision on the finding that the Debtor was never named as a party to the counterclaim and was not properly served.

ANSWER: Defendants admit the allegation contained in paragraph 26 insofar as it characterizes the reasons for the United States Court of Appeals for the First Circuit, Defendants further allege that that leave to amend was granted and currently stayed by this proceeding.

27. On September 29, 2016, after remand, and without stay relief, Chowdhury filed a motion to substitute or add the Debtor as a party to the Chowdhury Judgment, and requested entry of an amended judgment.

ANSWER: Defendants admit the allegations contained in paragraph 27 of the Complaint.

28. On October 18, 2016, the Debtor filed a declaration with the United States District Court for the District of Massachusetts, opposing the motion to substitute parties.

ANSWER: Defendants admit the allegations contained in paragraph 28 of the Complaint.

29. On October 20, 2016, Chowdhury's motion to substitute was denied without prejudice, as an apparent result of Chowdhury's failure to serve the Debtor with the motion.

ANSWER: Defendants admit the allegations contained in paragraph 29 of the Complaint insofar as the motion to substitute was denied without prejudice. The United States District Court for the District of Massachusetts is requiring that the motion for substitution be served on the Debtor before filing the motion with the court.

## IV. CLAIMS
### COUNT 1
### RESTITUTION OF MONIES PAID TO SATISFY JUDGMENT

30. The Plaintiff seeks a restitution judgment against the Defendant for the return of the monies paid in satisfaction of the Chowdhury Judgment.

ANSWER: For their response to paragraph 30 of this Complaint, Defendants hereby re-allege their responses above to the allegations contained in paragraphs 1 through 29 of this Complaint.

31. Upon the filing of the Debtor's voluntary Chapter 13 bankruptcy petition on July 13, 2015, the Real Property became property of the Chapter 13 estate. Upon conversion of the case on December 3, 2015, the Real Property became property of the Chapter 7 bankruptcy estate.

ANSWER: Defendants admit in part the allegations contained in paragraph 31 of the Complaint insofar as the Real Property became property of the Chapter 13 estate upon the filing of the Debtor's voluntary bankruptcy petition on July 13, 2015.

32. The $71,620.90 paid to Chowdhury, and Booth Sweet, in satisfaction of the Chowdhury Judgment was property of the bankruptcy estate of Paul Hansmeier.

ANSWER: Defendants admit the allegations of paragraph 32 insofar as the $71,620.90 was property of the bankruptcy estate of Paul Hansmeier prior to December 15, 2015 at which time it was paid in satisfaction of the judicial lien on Hansmeier's real property.

33. The First Circuit Court of Appeals' August 4, 2016 order vacating the Chowdhury Judgment as to the Debtor, entitles the Estate to the return of the monies paid in satisfaction of the Chowdhury Judgment, along with costs and interest.

6

**ANSWER:** Defendants neither admit nor deny the allegations contained in paragraph 33 for the reason that paragraph 33 sets forth legal conclusions to which no responses are required. To the extent that responses are required, Defendants maintain the First Circuit Court of Appeals' August 4, 2016 order vacating the Chowdhury judgment does not entitle the Estate to the return of the monies paid in satisfaction of the Chowdhury Judgment, including costs and interest.

## COUNT 2
### UNJUST ENRICHMENT

34. Plaintiff re-alleges and reaffirms the foregoing paragraphs of this Complaint.

**ANSWER:** For their response to paragraph 34 of this Complaint, Defendants hereby re-allege their responses above to the allegations contained in paragraphs 1 through 33 of this Complaint.

35. The Chowdhury Judgment was obtained against the Debtor without service of process.

**ANSWER:** Defendants admit to the allegations contained in paragraph 35 of the Complaint insofar as service of Paul Hansmeier is concerned. Defendants maintain that service was proper as to Hansmeier's alter-ego, AF Holdings, LLC.

36. The Chowdhury Judgment allowed Chowdhury to secure his claim against Estate property.

**ANSWER:** Defendants admit the allegations contained in paragraph 36 of the Complaint.

37. The Chowdhury Judgment allowed Chowdhury and Booth Sweet to receive preferential status in the bankruptcy case in relation to all other general unsecured creditors.

**ANSWER:** Defendants admit the allegations contained in paragraph 37 of the complaint insofar as their status as a judicial lien creditor was preferential against general unsecured creditors.

38. The Chowdhury Judgment was vacated on August 4, 2016, as a result of the Defendants' failure to properly serve the debtor in the United States District Court for the District of Massachusetts.

**ANSWER:** Defendants admit the allegations contained in paragraph 38 of the Complaint insofar as service of Paul Hansmeier is the reason for the judgment being remanded. Defendants maintain service is still proper as to Hansmeier's alter-ego, AF Holdings, LLC.

39. The vacating of the Chowdhury Judgment retroactively removes Chowdhury's judgment lien as of the filing date, July 13, 2015, as the lien was not properly obtained.

7

**ANSWER:** Defendants neither admit nor deny the allegations contained in paragraph 39 for the reason that paragraph 39 sets forth legal conclusions to which no responses are required. To the extent that responses are required, Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Allowing the Defendants to retain the proceeds received from bankruptcy estate funds, on account of the improperly obtained Chowdhury Judgment would unjustly enrich the Defendants.

**ANSWER:** Defendants neither admit nor deny the allegations contained in paragraph 40 for the reason that paragraph 40 sets forth legal conclusions to which no responses are required. To the extent that responses are required, Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Plaintiff is entitled to a judgment against the Defendants in the amount of bankruptcy estate funds they received as a result of their unjust enrichment.

**ANSWER:** Defendants neither admit nor deny the allegations contained in paragraph 41 for the reason that paragraph 41 sets forth legal conclusions to which no responses are required. To the extent that responses are required, Defendants deny the allegations contained in paragraph 41 of the Complaint.

### COUNT 3
#### INJUNCTIVE RELIEF

42. Plaintiff re-alleges and reaffirms the foregoing paragraphs of this Complaint.

**ANSWER:** For their response to paragraph 42 of this Complaint, Defendants hereby re-allege their responses above to the allegations contained in paragraphs 1 through 41 of this Complaint.

43. Chowdhury's September 29, 2016 motion to substitute or add the Debtor as a party to the Chowdhury Judgment, in the United States District Court action, was filed after the commencement of the Debtor's bankruptcy case.

**ANSWER:** Defendants admit to the allegations contained in paragraph 43 of the Complaint.

44. Chowdhury and Booth Sweet were aware of the Debtor's bankruptcy filing at the time the September 29, 2016 motion to substitute or add the Debtor as a party to the Chowdhury Judgment was filed.

**ANSWER:** Defendants admit the allegations contained in paragraph 44 of the Complaint.

45. Defendants' September 29, 2016 motion was filed in violation of the automatic stay pursuant to 11 U.S.C. § 362, and any further act to substitute the Debtor in as a party defendant without stay relief from this Court would also violate the automatic stay.

ANSWER:  Defendants deny the allegations contained in paragraph 45 of the Complaint. 11 U.S.C. § 362(b)(3) of the Bankruptcy Code, provides that the filing of a petition under this title does not operate as a stay of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under § 546(b). Defendants have refrained from further efforts to perfect the lien out of deference to the Trustee's objections.

46. Plaintiff seeks an injunction restricting Defendants' efforts to revitalize the vacated Chowdhury Judgment without stay relief from this Court.

ANSWER:  Defendants admit the allegations contained in paragraph 46 of this Complaint insofar as the Plaintiff in this case is seeking an injunction.

### V. AFFIRMATIVE DEFENSES

#### AUTHORIZED TRANSFER
#### 11 U.S.C. § 549(a)(2)(B)

47. The Trustee's avoidance power is inapplicable in this case because the Court authorized the satisfaction of the judgment lien on December 3, 2015.

48. Post-petition transfer avoidance requires a four-part inquiry. Under 11 U.S.C. § 549(a)(2)(B), the Trustee must show that (1) after commencement of the bankruptcy case; (2) property of the estate; (3) was transferred; and (4) the transfer was not authorized by the bankruptcy court or otherwise allowed by some provision of the Bankruptcy Code.

49. Here, the post-petition transfer was authorized by the Court after notice was given and a hearing held on the issue.

50. The Trustee does not dispute that on December 3, 2015, it was ordered to make the transfer.

51. The subsequent vacating of the judgment on which the lien was premised does not "un-authorize" that transfer. Section 549(a)(2)(B) provides protection to all transferees under court orders, whether erroneously entered or not.

52. The Trustee's claims should be dismissed as being judicially estopped.

9

## LIEN PERFECTION
## 11 U.S.C. § 546(b)

53. The filing of a bankruptcy petition does not prevent the holder of an interest in property from perfecting its interest if, absent the bankruptcy filing, the interest holder could have perfected its interest against an entity acquiring rights in the property before the date of perfection.

54. Here, the Defendants obtained judgment and their lien against the Debtor pre-petition.

55. The Debtor was adjudicated pre-petition in several proceedings to be an alter-ego of AF Holdings and Prenda Law.

56. The judgment at issue was vacated post-petition as to the Debtor, and remanded for further proceedings.

57. The judgment against AF Holdings and Prenda Law still stands.

58. Defendants wish to substitute the Debtor as a counterdefendant pursuant to Fed.R.Civ.P. 25. This procedural substitution does not require a new proceeding.

59. A lien that is perfected post-petition relates back to a time before the commencement of the case and so not be voidable by virtue of § 546(b) of the Code.

60. Defendants are entitled to perfect their lien.

## MOOTNESS

61. Mootness arises in the context of bankruptcy when property is transferred.

62. When circumstances change while an appeal is pending that make it impossible for the court to grant any effectual relief whatsoever to a prevailing party, the appeal must be dismissed as moot.

63. An appeal is almost always moot when, as here, a stay pending appeal was not obtained and a transfer was authorized by the court.

64. Here, the judgment against the Debtor's alter-egos AF Holdings and Prenda Law, for which Defendants' seek to substitute the Debtor, still stands and a lien was obtained pre-petition.

65. Because § 546(b) allows the Defendants to perfect their lien, the property to be recovered would still be subject to the security interest and would have to be returned to the Defendants. Avoidance of the transfer would not benefit the Estate.

66. The Trustee's claims should be dismissed as moot.

**ESTOPPEL/WAIVER**

67. Trustee at no time informed the Court or Defendants or provided any notice filings with the Bankruptcy Court, that it disputed the lien or transfer.

68. None of the amount transferred by the Trustee to Defendants on the Court's order was made under protest.

69. It would be inequitable for the Trustee to recover any sums based upon actions that Defendant was induced not to take as a result of the payment voluntarily and without objection made by Trustee to Defendant a year ago.

70. The Trustee's claims are barred by estoppel, laches, unclean hands, waiver, and violations of the due process clause of the United States Constitution.

71. Defendants reserve the right to add additional or different affirmative defenses as those defenses become known through the course of discovery and/or as permitted by law, court rule, or order of this Court.

**WHEREFORE,** Defendants respectfully request that this Court issue its Order dismissing all of Plaintiff's claims with prejudice and for such other and further relief as the Court may deem proper.

Dated: February 21, 2017

Respectfully,

/e/ Jason E. Sweet
_____

BOOTH SWEET LLP
Jason E. Sweet (BBO# 668596)
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

11

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Paul Hansmeier,

                    Debtor.                    BKY 15-42460
----------------------------
Paul Hansmeier,                                ADV 17-4076

                    Plaintiff,

v.                                             ORDER

Dan Booth, Paul Godfread,
and Jason Sweet,

                    Defendant.
_____

At Minneapolis, Minnesota, July 27, 2017.

        This proceeding is before the court on the plaintiff's
motion for partial summary judgment.  The Court made findings on
the record.  For reasons stated orally and recorded in open
court,

        IT IS ORDERED:

        1.   The plaintiff's motion for partial summary
judgment is granted in part and denied in part.

        2.   Defendants Paul Godfread and Jason Sweet knowingly
filed false proofs of claims in the plaintiff's Bankruptcy Case
No. 15-42460.

        3.   Defendants Dan Booth and Jason Sweet wilfully
violated the automatic stay when they filed a motion, post-
petition, seeking to have the plaintiff held individually liable
on a pre-petition claim in AF Holdings, LLC v. Chowdhury, Case

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 07/27/2017
Lori Vosejpka, Clerk, by LH



No. 12-cv-12105 in the United States District Court for the
District of Massachusetts (the 1Massachusetts Case1) without
first seeking and obtaining relief from the automatic stay
pursuant to § 362.

    4.    The determination of the amount of sanctions,
damages or remedies to be awarded, if any, will be determined at
trial.

    5.    Within 14 days of entry of this Order, defendant
Jason Sweet shall submit a letter to this Court informing the
Court what adversary proceeding in the plaintiff's bankruptcy
case he has referred to in status reports dated May 2, 2017, June
2, 2017, and July 7, 2017, and filed in the Massachusetts Case.


/e/ Kathleen H. Sanberg
KATHLEEN H. SANBERG
CHIEF UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Paul Hansmeier,<br><br>Debtor. | Bankruptcy Case No. 15-42460<br><br>Chapter 11 |
| Paul Hansmeier,<br><br>          Plaintiff,<br><br>v.<br><br>Dan Booth, Paul Godfread,<br>and Jason Sweet,<br><br>          Defendants. | Adversary Proceeding No.: 17-4076 |

## ANSWER OF DEFENDANTS DAN BOOTH AND JASON SWEET

Defendants' Dan Booth and Jason Sweet (hereinafter collectively "Booth and Sweet") answer the Plaintiff's Complaint as follows:

1) Defendants Booth and Sweet admit paragraph 1 of the Plaintiff's Complaint.

2) Defendants Booth and Sweet assert that paragraph 2 of the Plaintiff's Complaint is an introductory paragraph to which no response is required. To the extent a response to paragraph 2 of the Plaintiff's Complaint is required, Defendants Booth and Sweet admit Paragraph 2 of the Plaintiff's Complaint to the extent that this is an action for

1

EXHIBIT J

alleged contempt, alleged sanctions, and alleged damages, allegedly pursuant to 11 U.S.C. §§ 105 and 362.

3)  Defendants Booth and Sweet deny Paragraph 3 of the Plaintiff's Complaint.

4)  Defendants Booth and Sweet admit Paragraph 4 of the Plaintiff's Complaint to the extent that Plaintiff is asserting that this action is a core proceeding pursuant to 28 U.S.C. 152(b)(2)(A), (B), (C), (I) and (O), 11 U.S.C. § 105, and Rule 7001(7).  At this point in time Defendants Booth and Sweet reserve the right to object in whole or in part that this is a core proceeding pursuant to 28 U.S.C. 152(b)(2)(A), (B), (C), (I) and (O), 11 U.S.C. § 105, and Rule 7001(7).

5)  Defendants Booth and Sweet admit Paragraph 5 of the Plaintiff's Complaint.

6)  Defendants Booth and Sweet admit Paragraph 6 of the Plaintiff's Complaint.

7)  Defendants Booth and Sweet admit Paragraph 7 of the Plaintiff's Complaint.

8)  Defendants Booth and Sweet admit Paragraph 8 of the Plaintiff's Complaint.

9)  Defendants Booth and Sweet deny Paragraph 9 of the Plaintiff's Complaint.

10)  Defendants Booth and Sweet lack knowledge or information sufficient to form a belief of the truth of the allegations in paragraph 10 of the Plaintiff's Complaint and thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this paragraph of the Plaintiff's Complaint.

11)  Defendants Booth and Sweet lack knowledge or information sufficient to form a belief of the truth of the allegations in paragraph 11 of the Plaintiff's Complaint and

thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this

paragraph of the Plaintiff's Complaint.

12) Defendants Booth and Sweet lack knowledge or information sufficient to form a

belief of the truth of the allegations in paragraph 12 of the Plaintiff's Complaint and

thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this

paragraph of the Plaintiff's Complaint.

13) Defendants Booth and Sweet lack knowledge or information sufficient to form a

belief of the truth of the allegations in paragraph 13 of the Plaintiff's Complaint and

thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this

paragraph of the Plaintiff's Complaint.  Defendants Booth and Sweet affirmatively

allege that paragraph 13 of the Plaintiff's Complaint is vague.

14) Defendants Booth and Sweet admit paragraph 14 of the Plaintiff's Complaint.

15) Defendants Booth and Sweet admit paragraph 15 of the Plaintiff's Complaint to the

extent that Claims 9 and 10 arose out of litigation in the U.S. District Court for the

Northern District of Illinois, Case No. 13-cv-1569; and that the basis for the claims

filed by Sweet was "judgment against debtor".  Defendants Booth and Sweet deny

the remainder of paragraph 15 of the Plaintiff's Complaint.

16) Defendants Booth and Sweet admit paragraph 16 of the Plaintiff's Complaint.

17) Defendants Booth and Sweet admit paragraph 17 of the Plaintiff's Complaint to the

extent that in the Illinois litigation judgment was not entered specifically against

Paul Hansmeier personally; the judgment was entered against Paul Hansmeier's alter ego, Prenda Law, Inc.

18)    Defendants Booth and Sweet deny paragraph 18 of the Plaintiff's Complaint.

19)    Defendants Booth and Sweet lack knowledge or information sufficient to form a belief of the truth of the allegations in paragraph 19 of the Plaintiff's Complaint and thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this paragraph of the Plaintiff's Complaint.

20)    Defendants Booth and Sweet lack knowledge or information sufficient to form a belief of the truth of the allegations in paragraph 20 of the Plaintiff's Complaint and thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this paragraph of the Plaintiff's Complaint.

21)    Defendants Booth and Sweet lack knowledge or information sufficient to form a belief of the truth of the allegations in paragraph 21 of the Plaintiff's Complaint and thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this paragraph of the Plaintiff's Complaint.

22)    Defendants Booth and Sweet lack knowledge or information sufficient to form a belief of the truth of the allegations in paragraph 22 of the Plaintiff's Complaint and thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this paragraph of the Plaintiff's Complaint.

23)    Defendants Booth and Sweet lack knowledge or information sufficient to form a belief of the truth of the allegations in paragraph 23 of the Plaintiff's Complaint and

thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this paragraph of the Plaintiff's Complaint.

24) Defendants Booth and Sweet lack knowledge or information sufficient to form a belief of the truth of the allegations in paragraph 24 of the Plaintiff's Complaint and thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this paragraph of the Plaintiff's Complaint. Defendants Booth and Sweet affirmatively allege that the bankruptcy court found multiple independent reasons to convert Plaintiff's chapter 13 plan into a chapter 7 plan.

25) Defendants Booth and Sweet lack knowledge or information sufficient to form a belief of the truth of the allegations in paragraph 25 of the Plaintiff's Complaint and thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this paragraph of the Plaintiff's Complaint. Defendants' Booth and Sweet affirmatively allege that Plaintiff objected to the Defendants' claims but that Plaintiff sent no Rule 9011 "safe harbor" warning, and no communication of any sort to Defendants that he would seek sanctions.  Plaintiff is therefore estopped from seeking a motion for contempt under 11 U.S.C. §105.

26) Defendants Booth and Sweet deny paragraph 26 of the Plaintiff's Complaint to the extent that any claims submitted by them were false.  Defendants Booth and Sweet lack knowledge or information sufficient to form a belief of the truth of the allegations in the remainder of paragraph 26 of the Plaintiff's Complaint and thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of the

5

remainder of this paragraph of the Plaintiff's Complaint.  Defendants' Booth and

Sweet affirmatively allege that Plaintiff objected to the Defendants' claims but that

Plaintiff sent no Rule 9011 "safe harbor" warning, and no communication of any

sort to Defendants that he would seek sanctions. Plaintiff is therefore estopped from

seeking a motion for contempt under 11 U.S.C. §105.

27)   Defendants Booth and Sweet lack knowledge or information sufficient to form a

belief of the truth of the allegations in paragraph 27 of the Plaintiff's Complaint and

thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this

paragraph of the Plaintiff's Complaint.

28)   Defendants Booth and Sweet lack knowledge or information sufficient to form a

belief of the truth of the allegations in paragraph 28 of the Plaintiff's Complaint and

thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this

paragraph of the Plaintiff's Complaint.

29)   Defendants Booth and Sweet lack knowledge or information sufficient to form a

belief of the truth of the allegations in paragraph 29 of the Plaintiff's Complaint and

thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of this

paragraph of the Plaintiff's Complaint.  Defendants Booth and Sweet affirmatively

allege that the bankruptcy court found multiple independent reasons to convert

Plaintiff's chapter 13 plan into a chapter 7 plan.

30)   Defendants Booth and Sweet admit paragraph 30 of the Plaintiff's Complaint to the

extent that the Court converted Hansmeier's case to a Chapter 7.  Defendants Booth

and Sweet deny the remainder of paragraph 30 of the Plaintiff's Complaint. Defendants Booth and Sweet affirmatively allege that the bankruptcy court found multiple independent reasons to convert Plaintiff's chapter 13 plan into a chapter 7 plan.

31)   Defendants Booth and Sweet admit paragraph 31 of the Plaintiff's Complaint to the extent that Defendant Sweet filed Proof of Claims 15 and 16.  Defendants Booth and Sweet lack knowledge or information sufficient to form a belief of the truth of the allegations in the remainder of paragraph 31 of the Plaintiff's Complaint and thus pursuant to Federal Rule of Civil Procedure 8(b)(5) this acts as a denial of the remainder of this paragraph of the Plaintiff's Complaint.

32)   Defendants Booth and Sweet admit paragraph 32 of the Plaintiff's Complaint.

33)   Defendants Booth and Sweet admit paragraph 33 of the Plaintiff's Complaint.

34)   Defendants Booth and Sweet admit paragraph 34 of the Plaintiff's Complaint.

35)   Defendants Booth and Sweet admit paragraph 35 of the Plaintiff's Complaint.

36)   Defendants Booth and Sweet deny paragraph 36 of the Plaintiff's Complaint.

37)   Defendants Booth and Sweet admit paragraph 37 of the Plaintiff's Complaint.

38)   Defendants Booth and Sweet admit paragraph 38 of the Plaintiff's Complaint to the extent that an order for relief was entered in this case on July 13, 2015, pursuant to 11 U.S.C. § 301, and that this triggered an automatic stay, pursuant to 11 U.S.C. § 362(a).  Defendants Booth and Sweet deny the remainder of paragraph 38 of the Plaintiff's Complaint.

39)   Defendants Booth and Sweet admit paragraph 39 of the Plaintiff's Complaint.

40)   Defendants Booth and Sweet admit paragraph 40 of the Plaintiff's Complaint.

41)   Defendants Booth and Sweet admit paragraph 41 of the Plaintiff's Complaint.

42)   Defendants Booth and Sweet admit paragraph 42 of the Plaintiff's Complaint.

43)   Defendants Booth and Sweet admit paragraph 43 of the Plaintiff's Complaint.

44)   Defendants Booth and Sweet admit paragraph 44. of the Plaintiff's Complaint.

45)   Defendants Booth and Sweet admit paragraph 45 of the Plaintiff's Complaint.

46)   Defendants Booth and Sweet admit paragraph 46 of the Plaintiff's Complaint.

47)   Defendants Booth and Sweet admit paragraph 47 of the Plaintiff's Complaint,

48)   Defendants Booth and Sweet admit paragraph 48 of the Plaintiff's Complaint to the
extent that on September 29, 2016, during the pendency of the automatic stay Booth
and Sweet filed a motion and supporting documents to have a judgment reentered
against Hansmeier.  Defendants Booth and Sweet deny the remainder of paragraph
48 of the Plaintiff's Complaint.

49)   Defendants Booth and Sweet deny paragraph 49 of the Plaintiff's Complaint.

50)   Defendants Booth and Sweet deny paragraph 50 of the Plaintiff's Complaint.

51)   Paragraph 51 of the Plaintiff's Complaint requires no response; but to the extent a
response is deemed required Defendants Booth and Sweet restate the above answers
and responses to the Plaintiff's Complaint.

52)   Defendants Booth and Sweet admit Paragraph 52 of the Plaintiff's Complaint.

53)   Defendants Booth and Sweet admit Paragraph 53 of the Plaintiff's Complaint.

8

**54)**   Defendants Booth and Sweet deny Paragraph 54 of the Plaintiff's Complaint.

**55)**   Defendants Booth and Sweet deny Paragraph 55 of the Plaintiff's Complaint

**56)**   Paragraph 56 of the Plaintiff's Complaint requires no response; but to the extent a response is deemed required Defendants Booth and Sweet restate the above answers and responses to the Plaintiff's Complaint.

**57)**   Defendants Booth and Sweet deny paragraph 57 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

**1)**   Defendants Booth and Sweet affirmatively allege that whatever damages the Plaintiff has experienced in regards to this matter are at most de minimis.

**2)**   Defendants Booth and Sweet affirmatively allege that the Plaintiff's Complaint either in whole or in part fails to state a cause of action upon which relief can be granted against Defendants Booth and Sweet.

**3)**   Defendants Booth and Sweet affirmatively allege that if Plaintiff sustained any damage or loss alleged in the Plaintiff's Complaint, it was caused by the acts, errors, omissions, misconduct, or negligence of Plaintiff and/or others over whom Defendants Booth and Sweet had no control or responsibility.

**4)**   Defendants Booth and Sweet affirmatively allege that Plaintiff's Complaint is barred by the doctrines of unclean hands, *in pari delicto*, and/or superseding cause.

**5)**   Defendants Booth and Sweet affirmatively allege that Plaintiff's Complaint is barred in general because of equitable doctrines and considerations.

6)   Defendants Booth and Sweet affirmatively allege that any act and/or omission by Defendants Booth and Sweet did not cause any injury and/or damage to Plaintiff.

7)   Defendants Booth and Sweet affirmatively allege that Plaintiff has failed to plead his complaint with sufficient particularity.

8)   Defendants Booth and Sweet affirmatively allege that it might have additional defenses that cannot now be articulated and/or known and therefore reserves any and all other defenses.

**WHEREFORE**, Defendants Booth and Sweet prays that the Court:

1)   Find that any filing of proofs of claim by the Defendants had no effect upon the debtor, and thus DENY any relief for damages.

2)   Find that any violations of the automatic stay by the Defendants had no effect upon the debtor, and thus DENY any relief for damages.

3)   DENY all claims for attorney's fees procedurally and on the merits for Plaintiff.

4)   DENY all claims for emotional injury procedurally and on the merits for Plaintiff.

5)   DENY all claims for punitive damages procedurally and on the merits for Plaintiff.

6)   Grant such other relief to the Defendants Booth and Sweet as the Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Defendants Booth and Sweet demand a trial by jury.   Defendants Booth and Sweet do not consent to the jurisdiction of the Bankruptcy Court.   Defendants Booth and Sweet

also do not consent to the Bankruptcy Court's issuance of findings of fact or conclusions

of law on a final basis, or its presiding over a jury trial.


### BROWNSON NORBY, PLLC


Dated:___August 7, 2017___          By: */s/ Aaron M. Simon*_____
                                        Aaron M. Simon Esq. (#0331132)
                                        Brownson Norby, PLLC
                                        225 South Sixth Street, Suite 4800
                                        Minneapolis, MN 55402
                                        (612) 332-4020
                                        (612) 332-4025 (Facsimile)
                                        asimon@brownsonnorby.com
                                        *Attorneys for Defendants Dan Booth and*
                                        *Jason Sweet*


### VERIFICATION

I, Aaron M. Simon, the attorney for Defendants Dan Booth and Jason Sweet in the above
entitled adversary proceeding declare under penalty of perjury that the foregoing is true
and correct according to the best of my knowledge, information and belief.

                                        */s/ Aaron M. Simon*_____.

Executed on: August 7, 2017


11

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Paul Hansmeier,<br><br>Debtor. | Bankruptcy Case No. 15-42460<br><br>Chapter 11 |
| Paul Hansmeier,<br><br>       Plaintiff,<br><br>v.<br><br>Dan Booth, Paul Godfread,<br>and Jason Sweet,<br><br>       Defendants. | Adversary Proceeding No.: 17-4076 |

## CERTIFICATE OF SERVICE

I, Aaron M. Simon, do hereby certify I served the following documents via CM/ECF at Minneapolis, Minnesota pursuant to bankruptcy rules 7004 on Paul Hansmeier and at his address at 9272 Cortland Alcove Woodbury, MN 55125 via U.S. Mail first class.

1. Answer of Defendants Dan Booth and Jason Sweet; and
2. Certificate of Service.

1

**BROWNSON NORBY, PLLC**

Dated: __August 7, 2017__        By: _/s/ Aaron M. Simon_____
                    Aaron M. Simon Esq. (#0331132)
                    Brownson Norby, PLLC
                    225 South Sixth Street, Suite 4800
                    Minneapolis, MN 55402
                    (612) 332-4020
                    (612) 332-4025 (Facsimile)
                    asimon@brownsonnorby.com
                    ***Attorneys for Defendants Dan Booth and
                    Jason Sweet***

2

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT District of Minnesota | PROOF OF CLAIM |
|---|---|

| | |
|---|---|
| **Name of Debtor:** PAUL HANSMEIER | **Case Number:** 15-42460 |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**FILED**
U.S. Bankruptcy Court
District of Minnesota

**11/9/2015**
Lori Vosejpka, Clerk
COURT USE ONLY

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Sandipan Chowdhury c/o Best & Flanagan LLP

**Name and address where notices should be sent:**
Sandipan Chowdhury c/o Best & Flanagan LLP
60 South Sixth Street
Suite 2700
Minneapolis, MN 55402

Edward P. Sheu
Best & Flanagan LLP
60 South Sixth Street
Suite 2700
Minneapolis, MN 55402

Telephone number: 612-349-5656     email: esheu@bestlaw.com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)
Filed on: _____

**Name and address where payment should be sent** (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:          email:

**1. Amount of Claim as of Date Case Filed:**   $   71620.90
If all or part of the claim is secured, complete item 4. If all or part of the claim is entitled to priority, complete item 5.
☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____ Sanctions Judgment _____ (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** 5754 | **3a. Debtor may have scheduled account as:** _____ (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
**Nature of property or right of setoff:** ☑ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:** Judgment recorded on Debtor's condo
**Value of Property:** $   1300000.00
**Annual Interest Rate** (when case was filed) 10.00% ☑ Fixed or ☐ Variable

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$   71620.90

**Basis for perfection:** _____ Judgment Lien _____

**Amount of Secured Claim:** $   71620.90

**Amount Unsecured:** $   0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507(a)(4).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507(a)(8).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(_).

**Amount entitled to priority:**
$ _____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)


EXHIBIT K

---

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (*See instruction #7, and the definition of "redacted".*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8) Check the appropriate box.

☐    I am the creditor.     ☑ I am the creditor's authorized agent.     ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)     ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: /s/ Edward P. Sheu
Title: Attorney
Company: Best & Flanagan LLP
Address and telephone number (if different from notice address above):

Telephone number: _____ email: _____

            s/ /s/ Edward P. Sheu        11/9/2015
            (Signature)            (Date)

---

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AF HOLDINGS, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-cv-12105-IT |
| | * | |
| SANDIPAN CHOWDHURY, | * | |
| | * | |
| Defendant. | * | |

## ORDER

**TALWANI, D.J.**

On September 29, 2016, Defendant/Counterplaintiff Sandipan Chowdhury
("Chowdhury") filed a Motion for Substitution of Parties and Entry of Amended Judgment [#81]
seeking to add or substitute John Steele ("Steele") and Paul Hansmeier ("Hansmeier") as parties,
and certifying that the motion would be served on Steele and Hansmeier pursuant to Rules 4 and
25 of the Federal Rules of Civil Procedure. Steele and Hansmeier have each filed a declaration
with the court noting that they have not been served with the motion. [## 90, 91].

Chowdhury's Motion for Substitution of Parties and Entry of Amended Judgment [#81]
is DENIED without prejudice. Chowdhury may file a renewed motion after service of such
motion in accordance with LR, D. Mass. 4.1 and Rule 4 of the Federal Rules of Civil Procedure,
and shall include with any such filing a certificate of service showing that service has been
completed prior to filing the renewed motion.

IT IS SO ORDERED.

Date: October 20, 2016                                  /s/ Indira Talwani
                                                       United States District Court

EXHIBIT L

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                          BKY 15-42460
                                                               ADV 17-04076
PAUL HANSMEIER,

        Debtor.

_____

PAUL HANSMEIER, Debtor,

        Plaintiff,

v.

DAN BOOTH, PAUL GODFREAD and JASON SWEET,

        Defendants.

_____

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

_____

### STATEMENT

Debtor Paul Hansmeier ("Debtor") was admitted to practice law in Minnesota in 2007 and suspended from practice in 2016 upon admitting to copious acts of misconduct, including making false and misleading statements, testifying in a false and misleading manner, making false statements to the court, perpetrating a fraud upon the court, and bringing several actions that were, respectively, in bad faith, without a basis in law or fact, without merit, and frivolous. In those actions and related cases, Debtor and his now-disbarred partner John Steele ("Steele") were found to be operating and controlling various alter-ego shell companies, including their now-defunct law firm Prenda Law, Inc. ("Prenda") and their straw plaintiff AF Holdings LLC ("AF") (collectively, "Alter Egos"). The Defendants, Minnesota attorney Paul Godfread ("Godfread") and Massachusetts attorneys Dan Booth ("Booth") and Jason Sweet ("Sweet") (collectively, "Defendants"), obtained the judgments and awards at issue in the course of litigating against Debtor and his Alter Egos.

Debtor maintains his untenable approach to litigation in this action. His Motion for Partial Summary Judgment ("Motion") could be granted only if he showed that "there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Debtor cannot make either showing, so the Motion must be denied.

1


EXHIBIT M

## RELEVANT FACTS & PROCEDURAL HISTORY

Debtor moves for "partial summary judgment pursuant to 11 U.S.C. § 105" against Godfread and Sweet for a judgment of "contempt of court for knowingly filing false Proofs of Claims in Debtor's bankruptcy case." Motion ¶¶ 1, 8, 10. Debtor also moves for partial summary judgment against Booth and Sweet for a judgment holding that they "willfully violated the automatic stay imposed by 11 U.S.C. § 362." *Id.* ¶¶ 2, 8, 10.

The alleged violation of the automatic stay was an unserved motion filed on behalf of Booth and Sweet's client Sandipan Chowdhury ("Chowdhury") in the United States District Court for the District of Massachusetts in *AF Holdings, LLC v. Chowdhury*, Case No. 12-cv-12105 ("*Chowdhury*"). Complaint Exhibit 10. AF, through Prenda, filed the *Chowdhury* complaint on November 13, 2012. Defendants' Statement of Additional Material Facts ("SOF") ¶ 1; Declaration of Jason Sweet in Support of Defendants' Statement of Additional Material Facts ("Sweet Decl.") ¶ 1. Chowdhury answered and raised counterclaims on January 4, 2013. *Id.*

The disputed Proofs of Claims are for Claims 9, 10, and 11. Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment ("Memo") pp. 1-4. Sweet filed Claims 9 and 10 on behalf of claimants Godfread and Alan Cooper ("Cooper") in the amount of $678,865.97 pursuant to a judgment that arose out of two related cases in the U.S. District Court for the Northern District of Illinois: *Paul Duffy and Prenda Law, Inc. v. Paul Godfread, Alan Cooper, and John Does 1-10*, Case No. 13-cv-1569 ("*Duffy v. Godfread*"); and *Prenda Law, Inc. v. Paul Godfread, Alan Cooper, and John Does 1-10*, Case No. 13-cv-4341 ("*Prenda v. Godfread*"). Memo pp. 2-3; SOF ¶ 2; Sweet Decl. ¶ 13. Godfread filed Claim 11 on behalf of Cooper in the amount of $255,000 pursuant to a judgment entered in a case in the Minnesota District Court for Hennepin County, *Alan Cooper v. John Lawrence Steele and Prenda Law, Inc.*, Case No. 27-Cv-13-3463 ("*Cooper v. Steele*"). Memo pp. 3-4; Complaint Exhibit 8; Declaration of Paul Godfread in Support of Defendants' Statement of Additional Material Facts ("Godfread Decl.") ¶ 2.

On February 26, 2013, Cooper filed the *Cooper v. Steele* complaint, raising misappropriation and veil piercing claims against defendants including Prenda. SOF ¶ 3; Godfread Decl. ¶ 4. Debtor appeared on behalf of Prenda in that proceeding. SOF ¶ 16; Godfread Decl. ¶ 7.

On May 6, 2013, Debtor, Prenda, AF, and others were sanctioned in a related case in the United States District Court for the Central District of California, *Ingenuity 13 LLC v. Doe*, Case No. 12-cv-8333 ("*Ingenuity*"). SOF ¶ 4 & SOF Exhibit 1. The *Ingenuity* court found that Debtor and

2

other lawyers had conspired to create and operate Prenda, AF, and other shell companies whose litigation they controlled as the principals. *Id*. The Ninth Circuit has affirmed the *Ingenuity* order. *Ingenuity13 LLC v. Doe*, 651 Fed. App'x. 716 (9th Cir. June 10, 2016); SOF ¶ __. The Seventh Circuit has adopted the *Ingenuity* order's findings of fact about Debtor's ownership and control of Prenda: "For our purposes the relevant fact is that the district court there found that Steele, Hansmeier, and Duffy owned and controlled Prenda Law." *Lightspeed Media Corp. v. Smith*, 761 F. 3d 699, 703 (7th Cir. 2014); SOF ¶ 6; Sweet Decl. ¶ 18.

The *Ingenuity* order was filed in *Cooper v. Steele* on May 7, 2013. SOF ¶ 7; Godfread Decl. ¶ 6. Cooper filed a motion for default judgment against Prenda on May 6, 2013 that was heard on May 21, 2013, but denied as premature because Prenda had since filed an answer. SOF ¶ 8; Godfread Decl. ¶ 5. The *Ingenuity* order was also filed in *Chowdhury* by AF's local counsel on behalf of Prenda on August 14, 2013. SOF ¶ 9; Sweet Decl. ¶ 5.

On September 16, 2013, in another related case in the United States District Court for the Northern District of California, *AF Holdings LLC v. Navasca*, Case No. 12-cv-02396 ("*Navasca*"), the court adopted the *Ingenuity* court's findings of fact that Debtor uses AF as an alter ego, and determined that the findings were preclusive. SOF ¶ 10 & SOF Exhibit 2. Those

> findings (which AF, Steele and Hansmeier are precluded from re-litigating) establish that Steele and Hansmeier are the alter egos of AF … They share a unity of interest and ownership; they acted as attorneys for AF behind the scenes and dictated all litigation decisions; AF was undercapitalized (indeed, it had no assets as the settlement proceeds never left Steele and Hansmeier's accounts); they kept all litigation proceeds AF "earned"; and AF was a mere shell created to shield Hansmeier and Steele from liability.

SOF Exhibit 2 at *33; SOF ¶ 11. The *Navasca* court further found that Debtor and Steele were Prenda's principals, and directed its litigation, and that "AF is an empty shell created by Steele and Hansmeier." *Id*. at *34; SOF ¶ 12.

On September 23, 2013, the *Navasca* order was filed in *Chowdhury*. SOF ¶ 13; Sweet Decl. ¶ 6. On September 30, 2013, the *Chowdhury* court allowed without opposition Chowdhury's motion for default judgment against AF on one of his counterclaims. SOF ¶ 14; Sweet Decl. ¶ 7. On October 22, 2013, again without opposition, the court re-entered the judgment, for $64,180.80, jointly and severally against AF, Prenda, Debtor, Steele, and Paul Duffy. SOF ¶ 15 & SOF Exhibit 3; Sweet Decl. ¶ 8.

On July 13, 2015, the Debtor filed a voluntary Chapter 13 Petition. Complaint ¶¶ 1, 10.

In *Cooper v. Steele*, Debtor withdrew as counsel for Prenda and was not replaced. SOF ¶ 16; Godfread Decl. ¶ 7. This led to entry of an order for judgment against Prenda on all claims, including the veil-piercing claim, on July 15, 2015. Complaint Exhibit 8; Memo p. 3; SOF ¶ 17; Godfread Decl. ¶¶ 7-9.

On August 20, 2015, Sweet obtained a judgment on behalf of his clients Godfread and Cooper against Prenda in *Prenda v. Godfread*. SOF ¶ 19 & Exhibit 4; Sweet Decl. ¶ 15. The court relied on the *Ingenuity* order's findings of fact that Debtor is a principal of Prenda and established AF as a "shell plaintiff." Exhibit 4 at pp. 8-9. The *Prenda v. Godfread* court entered a Final Judgment and Order on October 17, 2016. SOF ¶ 20 & SOF Exhibit 5; Sweet Decl. ¶ 15.

On September 16, 2015, Debtor submitted a modified plan proposal. No. 15-42460, Doc. 39. SOF ¶ 21.

On October 28, 2015, the Minnesota Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging multiple counts of misconduct against Debtor including, in *Navasca*, "testifying in a false and misleading manner as to his affiliation with Prenda" as AF's designated Rule 30(b)(6) deponent, and "perpetrating a fraud upon the court." *In re Paul Robert Hansmeier*, ¶¶ 117-119 & 129, File No. A5-1885 (Minn. filed Oct. 28, 2015).

On November 9, 2015, Sweet submitted Proofs of Claim for Claims 9 and 10 in Debtor's bankruptcy case on behalf of Godfread and Cooper, respectively. Complaint ¶ 14 & Exhibits 1-2. Debtor objected to Cooper's proof of claim on November 16, 2015, and to Godfread's on the next day. No. 15-42460, Docs. 37 & 38. SOF ¶ 22. The objections were set to be heard on December 17, 2015. Godfread filed a Proof of Claim for Claim 11 on behalf of Cooper on November 10, 2015. Complaint ¶ 19 & Exhibit 3.

On November 12, 2015, the United States Trustee moved to convert Debtor's case from Ch. 13 to Ch. 7. No. 15-42460, Doc. 32. SOF ¶ 24. The Trustee sought conversion based on several grounds: 1) Debtor's bad faith both pre-petition and post-petition; 2) Debtor's plan did not comply with § 1322(a)(1); 3) the plan was not proposed in good faith under 11 U.S.C. § 1325(a)(3); 4) the plan did not comply with § 1325(a)(4); 5) Debtor did not have an ability to make payments under 11 U.S.C. § 1325(a)(6); 6) Debtor did not file his petition in good faith under 11 U.S.C. § 1325(a)(7); and 7) failure to obtain confirmation under 11 U.S.C. § 1307(c)(5). SOF ¶ 25.

On November 18, 2015, Debtor withdrew his modified plan and submitted an amended plan. No. 15-42460, Doc. 40. SOF ¶ 24.

4

On December 3, 2015, the Court converted Debtor's bankruptcy case to one under Chapter 7. Complaint ¶ 1. The Court determined to convert upon finding that the bankruptcy had been designed only to thwart the collection efforts of creditors, and that Debtor, post-petition, "filed misleading or false documents in this case and provided potentially false testimony at his Rule 2004 examination." No. 15-42460, Doc. 110 at p. 9.

On December 10, 2015, Debtor withdrew his objections to Godfread and Cooper's claims. No. 15-42460, Doc. 68. SOF ¶ 27.

On January 19, 2016, Sweet received notice to again file his clients' claims. No. 15-42460, Doc. 100. SOF ¶ 28. When refiled, they were identified as Claims 15 and 16. SOF ¶ 29.

On July 1, 2016, Debtor's stipulation to disciplinary action, in which he "unconditionally admits the allegations of the petition" for discipline, was filed in Minnesota Supreme Court. Stipulation For Discipline, *In re Hansmeier*, File No. A15-1885.

On August 4, 2016, the First Circuit vacated the *Chowdhury* judgment as to Debtor, Steele, and Paul Duffy, and remanded the matter on a procedural issue. SOF ¶ 30 & Exhibit 6; Sweet Decl. ¶ 9. Chowdhury's judgment against AF and Prenda still stands. SOF ¶ 31. On remand, the *Chowdhury* court ordered Chowdhury to "file a proposed Amended Judgment no later than September 29, 2016." SOF ¶ 32 & Exhibit 7; Sweet Decl. ¶ 10. On September 29, 2016, the disputed motion was filed in *Chowdhury*. Complaint Exhibit 10; Memo pp. 4-5. The motion was to add or substitute Steele and Debtor as counterdefendants pursuant to Federal Rule of Civil Procedure 25(c) in addition to or in place of their alter ego AF. SOF ¶ 33; Sweet Decl. ¶ 10. The motion was never served on Debtor. SOF ¶ 34; Sweet Decl. ¶ 11. Steele filed an opposition to Chowdhury's motion on October 18, 2016. SOF ¶ 35; Sweet Decl. ¶ 11. In support, Steele filed a three-paragraph declaration by Debtor. SOF ¶ 26 & Exhibit 8; Sweet Decl. ¶ 11. Debtor declared that he had not been served or otherwise received a copy of the disputed motion from Chowdhury or his counsel. SOF ¶ 37; SOF Exhibit 8 ¶ 2; Sweet. Decl. ¶ 11. Two days later, on October 20, 2016, the *Chowdhury* court denied the motion for substitution without prejudice. Sweet Decl. ¶ 12.

On November 16, 2016 the United States Trustee objected to Claims 9, 10, 15, and 16. No. 15-42460, Doc. 178. SOF ¶ 38. On November 30, 2016, Godfread and Cooper withdrew Claims 9 & 10. No. 15-42460, Doc. 184. SOF ¶ 39. On December 20, 2016, Godfread and Cooper requested to stay the Chapter 7 Trustee's objections to Claims 15 and 16 pending a determination on the Joint Motion for Findings of Fact or in the alternative for relief from the stay. No. 15-42460, Doc. 193.

SOF ¶ 40. The next day, December 21, 2016, the Court granted the Trustee's objections. No. 15-42460, Doc. 195. SOF ¶ 41.

On July 6, 2017, Debtor opened this adversary proceeding. Complaint. Debtor moved for summary judgment on July 12, 2017. Motion.

## STANDARD OF REVIEW

Federal Rule of Bankruptcy Procedure 7056 provides that Federal Rule of Civil Procedure 56 applies in adversary proceedings. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden to establish that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Vaughn v. Roadway Express, Inc.*, 164 F.3d 1087, 1089 (8th Cir. 1998).

The burden then shifts to the non-moving party to demonstrate the presence of a genuine issue for trial. See *Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1108 (8th Cir. 2006). When ruling on a summary judgment motion, the court must view the facts in the light most favorable to the non-moving party and allow that party the benefit of all reasonable inferences to be drawn from the evidence. *Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647, 650 (8th Cir. 1996).

## ARGUMENT

### I.  The Motion for Summary Judgment is not Properly Before the Court.

On July 6, 2017, Debtor filed his complaint invoking 11 U.S.C. §§ 105 and 362 as conferring private causes of action for "contempt, sanctions and damages" against the Defendants. Complaint ¶ 2. Defendants' response to the complaint is due August 7, 2017.

Six days later, and before Defendants could respond, Debtor moved for summary judgment on July 12, 2017.[1] Motion. The Court scheduled Defendants' response to the Motion as due July, 21, 2017—only 9 days after the Motion was filed. *Id.* ¶ 4. The Court has set a hearing on the Motion for July 26, 2017, before Defendants' response to the Complaint is due. *Id.* ¶ 3.

It is inefficient and unduly prejudicial to hold a hearing requiring argument on a dispositive motion when the responding party is given an insufficient amount of time to adequately brief its opposition. Local Rule 7.1(c), made applicable pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P.

---

[1] Defendants received notice of the complaint via ECF. However, the Defendants have never received ECF notification from the Court of the summary judgment filing or hearing.

56, allows 21 days for a defendant to respond to a dispositive motion—not 9 days. D. Minn. LR 7.1(c)(2). Pursuant to that rule, the Defendants' response is due no sooner than August 2, 2017.

More importantly, if as here, "a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, *the time for responding to the motion is 21 days after the responsive pleading is due.*" Fed. R. Civ. P. 56 advisory comm. note (2009) (emphasis added); *Billingsley v. Centaur Bldg. Servs., Southeast, Inc.*, No. 11-cv-521, 2012 U.S. Dist. LEXIS 164155, *10 (M.D. Ala. Sept. 6, 2012). Defendants' response is therefore not due until at least August 28, 2017, though Defendants' filing of a motion to dismiss or other such motion under Fed. R. Civ. P. 12 would further stay their time to respond. Debtor's dispositive motion cannot be granted before Defendants have time to formulate a complete response, and Defendants object that its consideration on this expedited schedule is premature. On procedural grounds, the Court should deny the Motion with leave to renew, or extend Defendants' time to respond to the Motion until 21 days after their answer to the complaint is due.

However, if the Court determines to take up the Motion on the merits at this preliminary stage, a review of Debtor's complaint shows that his Motion should be denied and the complaint dismissed with prejudice.

## II. Summary Judgment Cannot be Granted on a Complaint that Fails to State a Claim.

Debtor fails to show that the Complaint states a valid claim. He contends, but fails to show, that "there are no genuine issues of material fact." Memo p. 5. He does not even claim that he is entitled to judgment as a matter of law on the counts alleged—and he is decidedly not.

Where, as here, the Court is needlessly forced to decide issues so lacking in merit that even Debtor cannot provide citations to support them in a summary judgment motion, these arguments must fail. *United States v. Acosta*, 619 F.3d 956, 962 (8th Cir. 2010) (citing *United States v. Stuckey*, 255 F.3d 528, 531 (8th Cir. 2001) ("[W]e regularly decline to consider cursory or summary arguments that are unsupported by citations to legal authorities.")). Similarly, when the record citations are not in the motion, neither the Court nor Defendants have a duty to search through the record for instances of the alleged facts and then attempt to controvert them because facts without citations to the record need no response. See e.g. *In re Vaughan*, 471 B.R. 263, 280 (Bankr. D.N.M. Mar. 28, 2012). Debtor has not supported the Motion with anything beyond the Complaint and its exhibits. That paltry record is insufficient to demonstrate that any relief is warranted.

## A. 11 U.S.C. § 105 does not Provide Debtor a Private Right of Action.

The Debtor seeks damages and sanctions for "filing [] false proof[s] of claim[s]" pursuant to § 105. Complaint ¶ 9. The claims filed by Godfread and Sweet are neither false nor fraudulent. As a matter of procedure, Debtor cannot seek contempt for any alleged violation of § 105 in an adversary proceeding. *See In re Frambes*, 454 B.R. 437 (Bankr. E.D. Ky. May 25, 2011). A contempt action in a bankruptcy case is a contested matter initiated by the filing of a motion. *See* Fed. R. Bankr. P. 9020 ("Rule 9014 governs a motion for contempt …"). Debtor cannot use the Motion to sidestep the procedural requirements of a motion for sanctions. Fed. R. Bankr. P. 9011(c); *see Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029-30 (8th Cir. 2003). And as several courts have concluded, § 105 does not provide a private cause of action for the purpose of sanctions. *In re Anthony*, 481 B.R. 602, 627 (D. Neb. Sept. 11, 2012).

As a matter of law, the Debtor does not have a private right of action under §105 against the Defendants, even had the claims been determined to be false. *In re Dunbar*, 446 B.R. 306, 310-311 (Bankr. E.D. Ark. Jan. 21, 2011). Section 105(a) empowers bankruptcy courts to issue any orders or judgments necessary or appropriate to carry out provisions of the Bankruptcy Code. It does not empower courts to create or recognize a private right of action unless another Bankruptcy Code provision creates substantive relief. *See In re Joubert*, 411 F.3d 452, 455 (3d Cir. 2005) (§ 105(a) cannot be used to imply a private remedy for a debtor harmed as a result of the mortgagee's improperly charging fees in violation of 11 U.S.C. § 506(b)); *Walls v. Wells Fargo Bank, N.A.*, 276 F. 3d 502, 509 n.3 (9th Cir. 2003) ("If Congress had understood §105 as permitting a private cause of action, the 1984 amendment creating one for violations of § 362 would have been superfluous"); *Pertuso v. Ford Motor Credit*, 233 F.3d 417, 421-22 (6th Cir. 2000) (declining to find private right of action under § 524 either directly or through § 105(a) for post-discharge injunction violation); *In re Stooksbury*, Case No. 07-33959, 2008 Bankr. LEXIS 1626, *9 (Bankr. E.D. Tenn. May 22, 2008) ("§ 105(a) is not without limits, may not be used to circumvent the Bankruptcy Code, and does not create a private cause of action unless it is invoked in connection with another section of the Bankruptcy Code") (quoting *In re Rose*, 314 B.R. 663, 681 n. 11 (Bankr. E.D. Tenn. 2004)).

It is hornbook law that the bankruptcy courts may not use their equitable powers under § 105(a) as a warrant to create new remedies that would "contravene specific statutory provisions" of the Bankruptcy Code. *Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014); *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988). The Bankruptcy Code establishes specific relief for claims that

8

may be subject to valid defenses, claim objection, and adjudication of the allowance or disallowance of the subject claim. *See generally* 11 U.S.C. § 502; Fed. R. Bankr. P. 3002. Specifically, Debtor's remedy was to file an objection under § 502, which he did. He then withdrew his objections. He may not employ § 105 as a means to any additional relief untethered to another provision of the Code.

### 1. Debtor Fails to Properly Plead a Claim for Fraud.

As an initial matter, Debtor's § 105 argument in his Motion fails to substantiate the alleged fraud claims raised in the complaint. Memo pp. 5-6. He offers nothing beyond the bare allegation that Godfread and Sweet's claims were false to suggest that they were fraudulent. That cannot suffice. See, e.g., *Murr Plumbing v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1068 (8th Cir. 1995) (conclusory allegations of fraud do not satisfy the requirements of Rule 9(b)).

Under Minnesota law, the Debtor must prove five elements to succeed in a fraud action: (1) a false representation of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made without knowing whether it was true or false; (3) with the intention to induce action in reliance thereon; (4) the representation proximately caused action in reliance thereon; and (5) pecuniary damages as a result of the reliance. *Meecorp Capital Mkts., LLC v. Oliver*, 776 F.3d 557, 560 (8th Cir. 2015). Fraud may also be established by concealment of the truth. *Id.* The Debtor has the burden of proving these elements by a preponderance of the evidence. *S. Bancorp S. v. Richmond*, 430 B.R. 846, 863 (Bankr. E.D. Ark. 2010). He has not even tried to satisfy the elements, and cannot.

Godfread and Sweet filed claims against the Debtor upon valid judgments entered against Debtor's Alter Egos. Those claims were not false, and surely not knowingly so. And if as alleged, the claims were fraudulent, Debtor fails to assert or show any reasonable reliance upon them. A finding of justifiable reliance can not be made where "the falsity of the representation is known or obvious to the listener ..." *In re Duke and King Acquisition Corp.*, 508 B.R. 107, 143 (Bankr. D. Minn. Mar. 31, 2014) (citations omitted); *In re Schaefer,* BKY 4-94-2124, 1995 Bankr. LEXIS 963, *1 (Bankr. D. Minn. July 11, 1995) ("a fraud claim requires a claimant to establish not only a misrepresentation but reliance thereon and damages resulting therefrom."). Godfread and Sweet's claims facially indicate the circumstances under which they were incurred; there was no attempt to obfuscate. Instead, Debtor's allegations establish that he did not believe or rely upon Godfread or Sweet's alleged misrepresentations. *Cregan v. Mortg. One Corp.*, 2016 U.S. Dist. LEXIS 71098, *7-9 (E.D. Mo. June 1, 2016) (debtor's objection to claim demonstrates lack of reliance and failure to state a claim for

9

fraud); *cf.* Complaint ¶ 25 ("On November 16 and 17, Hansmeier filed objections to Proofs of Claims 9, 10 and 11."). Without evidence of reliance, there can be no fraud. See, e.g., *Murr Plumbing*, 48 F. 3d at 1070 (court may enter summary judgment dismissing a complaint alleging fraud if the complaint fails to satisfy the requirements of Rule 9(b)) (citing *Varnberg v. Minnick*, 760 F. Supp. 315, 326-327 (S.D.N.Y. 1991)); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (court has the power to *sua sponte* dismiss a complaint or cause of action for failure to state a claim). Because Debtor failed to plead even the elements of fraud, the Court should dismiss the claims *sua sponte* or at least, deny his Motion.

### 2. A Successful Defense does not Render Defendants' Claims Fraudulent.

Debtor's allegations of fraud are premised, at least in part, on the Court's denial of Godfread and Sweet's claims. Complaint ¶ 34. That denial shows that the Court also did not rely on the claims. Further, the claims were not found false, much less fraudulent. Rather, the Court found them unenforceable against Debtor in these proceedings. No. 15-42460, Doc. 195. Debtor glosses over this distinction and in doing so gives further reason to deny the Motion.

The mere denial of a claim does not render the claim false or fraudulent. See *In re Anthony*, 481 B.R. at 627 (citing *In re Fordu*, 201 F.3d 693, 711 (6th Cir. 1999)). A claim can be asserted by a creditor in good faith even if the claim was later disallowed by the bankruptcy court. *Id.*[2]

By the time Sweet filed Claims 9 & 10 on November 9, 2015, and Godfread filed Claim No. 11 the next day, the following had already occurred:

1) The *Ingenuity 13* court found that Prenda was "owned and controlled by the Principals," defined to include Debtor, and found the factual predicates of an alter ego relationship with AF. SOF Exhibit 1 at *6.

2) The *Navasca* court adopted, and found preclusive, the findings in *Ingenuity 13* about the alter ego relationship between the Debtor, Prenda, and AF. SOF Exhibit 2 at *18 ("Issue preclusion bars AF, Steele, and Hansmeier from re-litigating the findings of fact Judge Wright made in *Ingenuity 13* regarding their alter ego relationship..."). See also *AF Holdings, LLC v. Patel*, 2015 U.S. Dist. LEXIS 93524, *11-15 (N.D. Ga. July 8, 2015) (same).

---

[2] Debtor also accuses Godfread and Sweet of perjury. Complaint ¶¶ 14, 18, 23. As with civil sanctions, the reckless charge would require proof that any statement was both false and knowingly false. *In re Anthony*, 481 B.R. 627 (D. Neb. 2012) (citing *Aronofsky v. Bostian*, 133 F.2d 290, 292 (8th Cir. 1943)). Even if such proof existed—and it is not to be found in this record, because it does not exist—there is no private cause of action for perjury, and Debtor cannot obtain relief by raising its specter. *Id.*

3) The Minnesota LPRB initiated disciplinary proceedings against the Debtor alleging:

> 2. [Debtor], Steele, and Duffy ... brought the suits through various law firms in which they had an interest. These firms included Steele Hansmeier, [P]LLC; Prenda Law, Inc. (Prenda); and Alpha Law Firm, LLC (Alpha).; and

> 3. 3. The "clients" represented by [Debtor], Steele, and Duffy in the various litigations included AF Holdings, Inc.; ... Guava, LLC; ... Ingenuity 13 ... and others.

*In re Paul Robert Hansmeier*, File No. A5-1885 (Minn. filed Oct. 28, 2015). The petition for discipline further alleged that Debtor had given false testimony as AF's Rule 30(b)(6) deponent in *Navasca* as to his affiliation with Prenda and financial involvement in Prenda. *Id.* ¶¶ 118-119 & 129. Debtor later "unconditionally admit[ted] the allegations of the petition" on July 1, 2016.

4) The Seventh Circuit—the situs where Claims 9 & 10 arose—adopted the *Ingenuity 13* court's findings of fact: "For our purposes the relevant fact is that the district court there found that Steele, Hansmeier, and Duffy owned and controlled Prenda Law." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 703 (7th Cir. 2014); SOF ¶ 6.

5) Judgment entered against Prenda in the actions giving rise to Claims 9, 10, and 11. Sweet Decl. ¶ 13; Godfread Decl. ¶ 2.

Debtor's contention that the issue of his liability was foreclosed or rendered fraudulent by the *Prenda v. Godfread* court's April 9, 2015 order is without merit. Memo p. 2. Under Illinois law, a party who prevails over a corporation is "entitled to pierce the corporate veil and levy on the owners' personal assets to the full extent of his judgment; in the jargon of corporate law, the corporation was not a separate entity from its owners but merely their 'alter ego.'" *Brandon v. Anesthesia & Pain Mgmt. Assocs., Inc.*, 419 F.3d 594, 597-98 (7th Cir. 2005). "The owners' liability to [the prevailing party] is, moreover, joint and several." *Id.* at 598. In other words, a controlling owner and his corporate alter ego are one and the same as a matter of law. At the time Sweet and Godfread filed the disputed claims, their clients had prevailed over Prenda and AF, which had been found to be corporate alter egos of Debtor. For these reasons, Sweet and Godfread had a well-founded, good faith belief that Prenda and AF's liabilities would be applied to Debtor in these proceedings as well.

### 3.  Debtor Fails to Plead a Claim for Contempt.

To seek an order of civil contempt, the Debtor must show by clear and convincing evidence 1) that a court order was in effect, 2) that the order required certain conduct by the Defendants, and 3) that the Defendants failed to comply with the court's order. *Koehler v. Grant*, 213 B.R. 567, 570

(B.A.P. 8th Cir. 1997). Civil contempt is available only where a court order exists and can properly be enforced. *Russell v. Sullivan*, 887 F.2d 170 (8th Cir. 1989); *In re Fischer*, 501 B.R. 346, 350 (B.A.P. 8th Cir. 2013). Filing of a proof of claim or interest is not done in compliance with a court order—it is a permissive act, and no creditor or interest holder is ever required to file one. *In re Pool*, 35 B.R. 748, 750 (Bankr. D. Minn. 1983). The rationale for requiring the filing of a formal proof of claim or interest in accordance with 11 U.S.C. § 501 is to ensure "that all those involved in the proceeding will be made aware of the claims against the debtor's estate and will have an opportunity to contest those claims." *In re PCH Assocs.*, 949 F.2d 585, 605 (2d Cir. 1991) (citing 3 *Collier on Bankruptcy* ¶¶ 501.01 - 501.04).

> In jumping to a conviction of [Defendants] and seeking to have the court hold [them] in contempt, the Plaintiff-Debtor[] appear[s] to forget that [he is a party] in a judicial proceeding - the bankruptcy case. [He has] certain rights and responsibilities to prosecuting that case. These include objecting to claims in the event that [he] believe[s] the claim to be excessive, misstated, or not an obligation owed by the Plaintiff-Debtor[]. The Bankruptcy Code and federal procedure does not elevate [Debtor] to a special status in which all other parties in interest will be held in contempt if the Plaintiff-Debtor[] disagree[s] with that party in interest.

*In re Sanchez*, 2011 Bankr. LEXIS 5602, *26-28 (Bankr. E.D. Cal. Dec. 15, 2011). Debtor does not show as matter of law that contempt is a proper remedy for filing a disputed proof of claim; and does not show that there is no material factual dispute that any Defendant's conduct constituted contempt.

### 4. Debtor has not Stated a Claim as to Claims 15, 16 & 18.

Debtor states that Claims 9, 10, 11, 15, 16, & 18 are all "within the scope of this Motion." Memo p. 1. However, Debtor contends that Godfread and Sweet's three initial claims[3] were the sole reason his case was converted to Chapter 7. Complaint ¶¶ 9, 24; Memo p. 13 ("This is particularly true given the instrumental role that Godfread and Sweet's false Proofs of Claims played in the Court's decision to convert Hansmeier's Chapter 13 case to Chapter 7."). That is not so for any claim; Debtor's fraud on the Court was the decisive factor supporting conversion. SOF ¶ 25. Yet Debtor further alleged that such conversion was the proximate cause of his damages. Complaint ¶ 36. Claims 9, 10 & 11 were filed in November 2015 and Debtor's case was converted on December 3, 2015. Although the complaint provides amounts and generalized attributions of alleged damages resulting from the claims pre-conversion, Debtor has not alleged that any damages were incurred

---

[3] Combined, the claims totaled less than $935,000—not "$1.6 million" [Complaint ¶ 24] or "$1.8 million" [Memo p. 13] as Debtor contends.

after the conversion—when Claims 15, 16 & 18 were filed. Claims 15, 16 & 18 cannot support any causes of action.

### 5.   Debtor's Abuse of Process Claim is Impermissible.

Debtor raises for the first time an abuse of process claim in his Motion. Memo pp. 6-10. A party certainly cannot seek summary judgment for himself on a new claim that has not been pled in his complaint. *N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004) (district court was correct to disregard argument raised for first time in summary judgment proceedings); *King v. United States*, 417 Fed. App'x. 609, 609 (8th Cir. May 18, 2011); *Kidquest, Inc. v. Selig*, 2012 U.S. Dist. LEXIS 138972, *8 (W.D. Ark. Sept. 27, 2012) (liberal pleading standard for civil complaints "does not require that, at the judgment stage, defendants must infer all possible claims that could arise out of facts set forth in the complaint") (citing *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. Sept. 3, 2004)). It is simply not possible for Debtor to prevail with regard to claims that are not in the Complaint. Moreover, Debtor has not shown, or attempted to show, that he could make out the elements of the claim.

### B.   Contempt is not a Remedy Under § 362.

Debtor's Motion asserts that Booth and Sweet should be held in contempt and ordered to pay Debtor actual and punitive damages in seeking the contempt for violating § 362(a). Memo p. 12. However, even if Booth and Sweet did violate § 362(a), contempt is not an appropriate remedy. *In re Calstar, Inc.*, 159 B.R. 247, 257-258 (Bankr. D. Minn. 1993). Booth and Sweet are not alleged to have violated any court order, but instead, a statutory provision. Complaint ¶ 57. "Contempt is a remedy for violating court orders, not statutes." *In re Just Brakes Corporate Sys., Inc.*, 108 F.3d 881, 885 (8th Cir. 1997); *In re Gray*, 519 B.R. 767, 771 (B.A.P. 8th Cir. 2014); *Calstar*, 159 B.R. at 257-58; *In re James*, 257 B.R. 673, 677-679 (B.A.P. 8th Cir. 2001). "If there was a violation of the automatic stay, the remedy must be found elsewhere." *In re James*, 257 B.R. at678. See also *In re Sori*, 513 B.R. 728, 732 n. 2 (Bankr. N.D. Ill. 2014) (collecting cases) (actions brought to recover damages for stay violations are brought by motion, not adversary proceedings); *In re Ballard*, 502 B.R. 311, 321 (Bankr. S.D. Ohio 2013).

Moreover, there is no violation alleged. Proceedings brought against a debtor are automatically stayed pursuant to 11 U.S.C. § 362. The *Chowdhury* case, however, was not an action or proceeding brought against a debtor. It was brought by Debtor's Alter Ego AF. The automatic stay does not apply to judicial proceedings that are initiated by debtors. *Brown v. Armstrong*, 949 F.2d

13

1007, 1009 (8th Cir. 1991). As the plain language of the statute suggests, and as no less than six circuits have concluded, the Code's automatic stay "does not prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor. This is true, even if the defendant's successful defense will result in the loss of an allegedly valuable claim asserted by the debtor." *Renewable Energy SD, LLC v. Polaris Am.*, LLC, 2013 U.S. Dist. LEXIS 145147, *5-6 n. 1 (D. Minn. Oct. 8, 2013) (quoting *In re Palmdale Hills Property, LLC*, 654 F.3d 868, 875 (9th Cir. 2011); *Marquis Yachts v. Allied Marine Group, Inc.*, 2010 U.S. Dist. LEXIS 31878, *7-8 (D. Minn. Mar. 31, 2010). Furthermore, the disputed motion in *Chowdhury* was never served and was dismissed upon Steele's opposition, without requiring a response from Debtor.

## CONCLUSION

Central to Debtor's claims is the tenet that he is not liable for judgments held by creditors in the names of his Alter Egos. This issue is common to the majority of the creditors in this bankruptcy case, and one that should have been dealt with at the outset. The sheer volume of evidence and case law to definitively establish the Debtor's liability on these judgments is expansive. The facts and preclusive judgments establishing Debtor's alter ego relationship with Prenda and AF, and the law establishing that a claim against a corporate alter ego lies against the controlling owner, cannot be disposed on a motion for summary judgment that blithely ignores the issue.

Yet creditors such as Defendants find themselves in limbo after years of litigation with the Debtor, stayed from moving forward in the courts where they obtained the judgments and unable to enforce them here. Debtor has taken advantage of this stasis, filing claims he should be precluded from raising against his creditors.

As a matter of law, as an issue of fact, and as a basic principle of equity, Debtor cannot be allowed to prevail on his Motion. For the reasons stated herein, Defendants respectfully requests this Court deny Debtor's motion for summary judgement and dismiss his complaint with prejudice.

Dated: July 21, 2017

/s/ Paul Godfread
Paul Godfread (389316)
**GODFREAD LAW FIRM, P.C.**
6043 Hudson Road, Suite 305
Woodbury, MN 55125
Telephone: (612) 284-7325
paul@godfreadlaw.com

/s/ Jason Sweet (with consent)
Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com


/s/ Dan Booth (with consent)
Daniel G. Booth (BBO# 672090)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Telephone: (617) 250-8602
Facsimile: (617) 250-8883
dbooth@boothsweet.com

15

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                                    Bky No. 15-42460

Paul Hansmeier,

      Debtor.

## Unsworn Certificate of Service

I hereby certify that on November 16, 2017, I caused the following documents:

      ***- Notice of Hearing and Motion of Chapter 7 Trustee for an Order Annulling the Automatic
Stay to Ratify Entry of Judgment by The First Circuit Court of Appeals and an Order by the
United States District Court for the District of Massachusetts.***
      ***-Memorandum of Law in Support of the Trustee's Motion for Stay Relief***
      ***-Declaration of Matthew D. Swanson***
      ***-Order*** *(proposed)*

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be
delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant
to Local Rule 9006-1(a).

I also certify that on November 16, 2017 I served the same documents on the following parties via First
Class United States Mail:

Jason Sweet                                         Sandipan Chowdhury
Booth Sweet, LLP                                    c/o Jason Sweet
32R Essex Street                                    Booth Sweet, LLP
Cambridge, MA 02139                                 32R Essex Street
                                                    Cambridge, MA 02139
Paul R. Hansmeier
9272 Cortland Alcove
Woodbury, MN 55125                                  Sam Calvert
                                                    1011 2nd Street N.
                                                    Suite 107
                                                    St. Cloud, MN 56503

Dated: <u>November 16</u>, 2017                     ___/e/ Matthew D. Swanson_____
                                                    Matthew D. Swanson

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                            BKY No. 15-42460

Paul R. Hansmeier,

      Debtor.

_____

## ORDER
_____

      This case is before the court on the trustee's motion for an order annulling the automatic stay under 11 U.S.C. § 362(d)(1) in order to ratify post-petition judicial decisions entered by the United States Court of Appeals for the First Circuit and the United States District Court for the District of Massachusetts.

      Based on the record, the court finds that cause exists under 11 U.S.C. § 362(d) to warrant the relief requested.

      **IT IS ORDERED:**

      1.      The automatic stay imposed by 11 U.S.C. § 362(a) is annulled for the sole and limited purpose of ratifying the entry of 1) the August 4, 2016 Judgment entered by the First Circuit Court of Appeals in Case No. 13-2535; and 2) the September 8, 2016 Order on Remand entered by the United States District Court for the District of Massachusetts in Civil Action No. 12-cv-12105.

      2.      Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.

Dated:                                      _____

                                       Kathleen H. Sanberg
                                       Chief United States Bankruptcy Judge