## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                                                          BKY No. 15-42460
                                                                                                  Chapter 7 Case
Paul Hansmeier,

        Debtor.

### REPLY SUPPORTING TRUSTEE'S MOTION FOR ANNULMENT OF STAY

Randall L. Seaver, Trustee ("Trustee") of the Bankruptcy Estate of Paul Hansmeier ("Hansmeier" or "Debtor"), provides the following Reply to the November 25, 2017 Response filed by Booth Sweet, LLP and Sandipan Chowdhury (collectively "Booth Sweet").

### INITIAL STATEMENT

The response filed by Booth Sweet contains irrelevant arguments and factual allegations which serve no more than to distract the Court from the issue at hand.  Despite respondents' allegations, the Trustee clearly disputes any argument that the Trustee violated the automatic stay in this case.  Nevertheless, the motion pending in front of the Bankruptcy Court seeks a pre-cautionary annulment of the automatic stay solely for the purpose of ratifying the First Circuit Court of Appeals' act of entering the August 4, 2016 Judgment.  As noted by the respondents, the circumstances surrounding the purported stay violation weigh heavily into the decision of whether or not relief should be granted, and the circumstances in this case overwhelmingly support granting the Trustee's requested relief.

**ARGUMENT**

    I.    <u>Purpose of the Automatic Stay</u>

The automatic stay of 11 U.S.C. § 362(a) protects the debtor's assets while giving the debtor breathing room so that it can reorganize, and also protects creditors by averting a scramble for the debtor's assets, allowing for an "orderly liquidation" under which creditors are treated equally. *Farley v. Henson*, 2F.3d 273, 274 (8th Cir. 1993). The Trustee and Debtor are in support of the requested relief to annul the automatic stay.[1] The only objection to the requested relief was filed by Chowdhury and Booth Sweet. The purpose behind the respondents objection is not protect the debtor, or assets of the estate, or not even to provide equal treatment for the creditors of the bankruptcy estate. Booth Sweet opposes the Trustee's motion for the sole purpose of seeking to maintain a pre-petition judgment against the Debtor which was improperly obtained, according to the First Circuit Court of Appeals.

Booth Sweet's objection is self serving and seeks to promote one purported creditor above all others through the improper use of the legal system. The Trustee's motion seeks to redress this wrong and proceed with the fair administration of the bankruptcy estate.

    II.    <u>Trustee's Actions Surrounding Supposed Stay Violation</u>

Booth Sweet's main argument in opposition to the Trustee's requested relief appears to be the accusation that the Trustee has intentionally violated the automatic stay, and therefore should be denied relief. However, Booth Sweet fails to cite any case where any trustee has been found to have violated the automatic stay. The alleged violation of the Trustee appears to be his failure to take action in a legal proceeding in which the debtor was not a named party. See

---

1 On November 17, 2017, the Debtor filed a notice of non-opposition to the Trustee's motion to annul the automatic stay. See Doc. No. 249.

Response at 6-8.  In essence, Booth Sweet's allegation relates to the alleged failure to act, in a case in which respondent Chowdhury was an actual party to the litigation, not the Debtor.

The Trustee took no part in the continuation or commencement of an action against the Debtor or property of the bankruptcy estate.  All cases cited by the respondent are factually distinguishable from the arguments made by Booth Sweet.  The cases cited by Booth Sweet only support that a creditor is prevented from continuing actions against a debtor, and has an obligation to notify a court of a stay.  Respondents provide no support for the allegation that the Chapter 7 panel trustee has violated the automatic stay, or that he even has the ability to violate the automatic stay.

The cases cited by Booth Sweet all focus on creditors' actions against the debtor or property of the estate, not actions by a Chapter 7 panel trustee administering the bankruptcy estate.  See *In re Webb*, 294 B.R. 850 at 854 (Bankr.E.D. Ark. 2003)(The court examined the creditor's actions in determining whether or not to annul the automatic stay); See *Overland Nat'l Bank v. Olson*, 101 B.R. 134, 145-46 (Bankr. D. Neb. 1989) (The court focused on the creditor's actions taken in violation of the automatic stay); See also *In re M&M Mktg., LLC,* 2013 Bankr. LEXIS 2451 *6, 2013 WL 3071005 (Bankr. D. Neb. 2013) (Creditor's post-petition effort to have determination of final judgment entered was a violation of the automatic stay).

The Trustee has taken no action which constitutes a stay violation in this case, and no action by the Trustee weighs against the requested relief to annul the automatic stay.

    III.    <u>Granting the Trustee's Requested Relief Will Not Create an Unwanted Precedent</u>

Once again, the Respondents seek to analogize the Trustee to creditors acting post-petition in violation of the automatic stay, arguing that such actions cannot be retroactively annulled without setting an unwanted precedent. Response at 7.  The Trustee is not a creditor of

the Debtor's bankruptcy estate. The Trustee is not seeking to revive an alleged post-petition violation of the automatic stay committed by the Trustee. The Trustee only seeks ratification of the entry of a Court of Appeals judgment. An appeal which was fully briefed pre-petition, the debtor was acting as a non-party defendant, originating from an action which he was never named as a defendant or properly served.

This fact scenario does not present the threat argued by respondent. Allowing entry of an order entered by a court of appeals does not set an improper precedent. The threatened harm is further alleviated by the fact that the stay most likely does not apply to the August 4, 2016 entry of judgment. This fact scenario is clearly distinguishable from the facts in front of the court in *In re Profile Sys.,* wherein the bankruptcy court cautioned against retroactive relief to avoid the following:

> Under such a system, a creditor would simply examine its position, determine for itself if "cause" exists, essentially grant itself relief and, at some later point, come into court and seek ratification or validation of acts taken in violation of the stay. Such a course of conduct is clearly improper and undermines both the letter and spirit of § 362(a).

193 B.R. 507, 512 (Bankr.D.Minn. 1996). The concerns address by the court in *In re Profile Sys.* are clearly distinct from the facts in this case, and the granting of retroactive relief in this matter does not undermine the letter and spirit of § 362.

The Trustee has been hard pressed to locate a single case which is factually similar to this matter, and Respondents have similarly failed to provide any caselaw directly on point. Setting aside the fact that relief is warranted in this matter, the recurrence of this type of case will be limited, and granting the statutorily authorized relief under § 362 to this matter will not set a precedent which encourages violation of the automatic stay.

IV. <u>Equities Favor Granting the Trustee's Requested Relief</u>

The facts as set forth by the Trustee in his motion and memorandum in support of request for relief from the automatic stay establish that the equities in this matter weigh in favor of granting the requested relief. At its core, the Trustee's motion simply seeks to allow the First Circuit Court of Appeals' decision to stand, without challenge of a stay violation. The August 4, 2016 judgment entered by the First Circuit Court of Appeals was based on the simple facts that 1) the Debtor was not a named party to the underlying action; and 2) was not properly served in the underlying action. It serves no purpose, to seek stay relief in order to ask the First Circuit Court of Appeals to re-enter the same order. Furthermore, if the appeal was such a clear violation of the automatic stay, Booth Sweet, as parties and counsel in that action should have notified the court of the stay.

Booth Sweet argues that the Trustee seeks the benefit of hindsight, and questions what the Trustee would have done if the First Circuit Court of Appeals had upheld entry of judgment against the Debtor. Response at 7 ("One can't help but wonder, had the First Circuit's decision not been favorable, would the Trustee have then invoked the automatic stay to render that decision void?"). One does not have to wonder, the Trustee did not believe the appeal violated the automatic stay; therefore; no stay violation would have been asserted.

Finally, Booth Sweet interjects various assertions in its response concerning the trustee's actions and his counsel's acts, which Booth Sweet have purportedly relied upon, warranting denial of the requested relief, which are, aside from many of the accusations being unverified, false or misleading, they are irrelevant to the matter at hand[2]. By way of example, Paragraph 14

---

2 At page 10 of the Response there is a reference to a purported phone conversation with counsel Matthew Swanson on or around October 27, 2015. Besides simply being an unverified statement by Jason Sweet, Mr. Swanson had no

5

of the Response, in its entirety, reads as follows:

> On December 17, 2015, Defendants received an email wherein they were informed the Trustee was interested in settling the appeal in *AF Holdings LLC v. Chowdhury*, No. 13-2535 (1st Cir. 2013)(hereinafter "*AF Holdings II*") for a nominal amount, as the Trustee did not greatly value the appeal.

Response at ¶14. The actual email communication to which that paragraph refers is an email from attorney Ted Sheu to attorney Jason Sweet. Booth Sweet has attached a copy of the email as Exhibit C to its Response to the Trustee's motion for stay relief.

That exhibit makes it clear that Jason Sweet had been warned, by attorney Edward Sheu, in December, 2015, that "a reversal in the First Circuit could result in the judgment being vacated and the money coming back to the trustee." Id. Apparently Booth Sweet and his attorney didn't believe the stay prevented the appeal from proceeding in December of 2015.

The exhibit is also instructive in that it states that although Jason Sweet might not want to "give up the money, there would be value in p******* off Hansmeier." Id. This email suggests the possible motivation for the actions of Booth Sweet in opposing the Trustee's requested relief. Also revealed by Exhibit C is that the Trustee never proposed a "nominal settlement" as Booth Sweet, LLP states, rather, it is attorney Sheu that speculates that a settlement would be "presumably, nominal."

Furthermore, the Trustee's adversary actions against the Debtor, or his spouse, within the bankruptcy case have no bearing on the relief requested, and the debtor's ultimate liability to Mr. Chowdhury also has no bearing on this matter. The fact remains, the Debtor was never served in the AF Holdings Case. The issue of the Debtor's alter ego is not in front of this Court. The issue

---

involvement in this case as of October 27, 2015, therefore, any such conversation never took place. Furthermore, setting aside the content of the purported conversation, which is confusing at best, any allegations regarding statements made by Mr. Swanson to an attorney for respondents is irrelevant to the motion at hand.

is whether or not cause exists to annul the automatic stay, and the Trustee has established that it does.

## CONCLUSION

The relief requested by the Trustee is consistent with the underlying purpose of the automatic stay and the Trustee has established cause for the annulment of the stay. For the reasons discussed above, as well as the Trustee's memorandum of law in support of him motion, the Trustee requests that the Court grant the relief requested in the Trustee's motion.

**FULLER, SEAVER, SWANSON & KELSCH, P.A.**

Dated: November 29, 2017                By: /e/ Matthew D. Swanson
                                            Matthew D. Swanson         390271
                                            Randall L. Seaver          152882
                                            12400 Portland Avenue South, Suite 132
                                            Burnsville, MN 55337
                                            (952) 890-0888

                                            Attorneys for Randall L. Seaver, Trustee

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

In re: BKY No. 15-42460

Chapter 7 Case

Paul Hansmeier,

      Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2017, I caused the following documents:

1. Trustee's Reply in Support of Motion For Stay Relief

to be filed electronically with the Clerk of Court through ECF, and that the above documents will be delivered by automatic e-mail notification pursuant to ECF and this constitutes service or notice pursuant to Local Rule 9006-1(a).

**FULLER, SEAVER, SWANSON & KELSCH, P.A.**

Dated: November 29, 2017

By: /e/ Matthew D. Swanson
Matthew D. Swanson
12400 Portland Avenue South, Suite 132
Burnsville, MN 55337
(952) 890-0888