UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| In re: | Chapter 7 |
| PAUL HANSMEIER, | No. 15-42460 |
| Debtor. | |

_____

**OBJECTION TO NOTICE OF SETTLEMENT [DOC. #247]**
_____

Movants, Booth Sweet LLP and Sandipan Chowdhury, hereby OBJECT to the Notice of Settlement [Doc. 247] and in support thereof state the following:

**SETTLEMENT AGREEMENT**

The Trustee has requested that the Court approve a "global settlement" he has reached with the Debtor. Doc. 247, Ex. A at ¶ 2. The settlement with the Debtor provides for the resolution of the Debtor's discharge [*id.,* at ¶¶ 4, 6] and the Debtor's claims against the Trustee [*id.,* at ¶¶ 3(a), (e)]. In exchange, the Trustee proposes to assign the Estate's interest in a pending avoidance action to the the Debtor. *Id.*, at ¶¶ 3(b)-(d).

This settlement should not be approved.

**ARGUMENT**

The Trustee proposes to assign its pending avoidance action against the Movants to the Debtor. Doc. 224 at ¶ 3.

The Eighth Circuit has determined that the statutory language of § 548 expressly confers avoidance powers *exclusively* on the trustee. See *In re Lauer*, 98 F.3d 378, 388 (8th Cir. 1996) ("Section 548 by its terms provides that certain transfers by the debtor prior to bankruptcy may be voided *only* by 'the trustee.'") (emphasis added); *Saline State Bank v. Mahloch*, 834 F.2d 690, 694 (8th Cir. 1987) (holding that "only the trustee or debtor in possession can invoke the avoidance powers. …"). The courts in this circuit have consistently followed this rule and have held that individual creditors—let alone a Debtor who has no fiduciary duty to the Estate and hasn't been entirely forthcoming in the bankruptcy process—do not have standing to assert claims of voidable transfers. *Chapman Lumber Co. v. Chapman*, 343 B.R. 217, 220 (N.D. Iowa June 12, 2006) (a trustee's avoidance actions are generally deemed to be non-assignable); *In re Minnesota Alpha*

1

*Foundation*, 122 B.R. 89 (Bankr. D. Minn. 1990); *In re Auxano, Inc.*, 87 B.R. 72 (Bankr. W.D. Mo. 1988). See also *In re Hamilton*, 125 F.3d 292, 296 (5th Cir. 1997) ("There is no specific statutory provision generally authorizing Chapter 13 debtors to exercise trustees' avoidance powers."); *In re Curry & Sorensen, Inc.*, 57 B.R. 824, 827 (B.A.P. 9th Cir. 1986) (holding that § 548 actions "may only be asserted by a trustee. …"). Where Congress has promulgated specific rules about who can exercise avoidance powers and under what circumstances, it is not within the province of courts to confer those powers on others. See *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235 (1989); *Patterson v. Shumate*, 504 U.S. 753 (1992).

The direct limitation imposed by § 548, does not permit other parties to exercise the Trustee's power to avoid transfers, nor does it permit the Trustee to initiate a claim and latter assign it to another party. *Id.* Such an interpretation allows the Debtor, through an agreement approved by the Court, to secure authority to engage in an activity which is not otherwise permitted by law. More so, the Debtor is allowed to seek a determination in this Court for a matter arising and still pending in the District Court of Massachusetts; on an issue which is decidedly non-core.

Section 550's restriction on prosecuting an action "for the benefit of the estate" also impacts the estate's ability to assign or transfer any right to prosecute an action under § 548. Precedent heavily condemns the barter or sale of any avoiding power, and a fraudulent transfer action under § 548 is no different.[1] The proposal is little more than a bill of sale for the Trustee's avoidance claim against the Movants to the Debtor, one which it seeks to have this Court validate.

If the Trustee truly has determined that further litigation of the avoidance claim is unwarranted and is worthless to the Estate, then the Court should treat the transaction as a form of abandonment rather than a sale. *National American Insurance Co. v. Ruppert Landscape Co.,* 122 F. Supp. 2d 670 (E.D. Va. 2000). While perhaps not a true abandonment under § 554, The Trustee's proposal, taken with Court approval, will mean that no one acting on behalf of the estate would or could pursue the claim. *Id.*

And even if the Debtor had not agreed to waiving discharge as a condition of the settlement, § 727(a) expressly mandates a finding that the Debtor's discharge be denied. *Lovell v. Mixon*, 719 F. 2d 1373, 1376-77 (8th Cir. 1983). *Cf.* Doc. 110, pg. 9 (The Court's decision to convert was based on

---

[1] *Quad City Bank v. Chapman* (*In re Chapman Lumber Co.*), 343 B.R. 217, 220-21 (Bankr. N.D. Iowa 2006); *Syndicate Exchange Corp. v. Duffy (In re Pro Greens, Inc.*), 297 B.R. 850, 855-56 (Bankr. M.D. Fla. 2003); see also *Belding-Hall Mfg. Co. v. Mercer & Ferdon Lumber Co.*, 175 F. 335 (6th Cir. 1909) (under Bankruptcy Act, avoidance action was not assignable).

its findings that the bankruptcy had been designed only to thwart the collection efforts of creditors, and that Debtor, post-petition, "filed misleading or false documents in this case and provided potentially false testimony at his Rule 2004 examination."). More so, Section 704(6), which sets forth the Trustee's duty to object to the Debtor's discharge, is devoid of any provision which would support the proposition that the Trustee can ignore his duty to object to the Debtor's discharge as long as the Debtor can make it worth the Trustee's while. *In re Levine*, 287 B.R. 683, 698 (E.D. Mich. Dec. 23, 2002). The Trustee may not parlay his decision to participate in the process into an economic benefit. It makes no difference whether the monetary recovery benefits the entire creditor body—which it doesn't.[2] Doc. 247, Ex. A at ¶ 3(c). "The opportunity to participate in the discharge process under Section 727(a) cannot be sold by the Trustee … nor can it be bought off by the Debtor." *Id.* at 693.

     If further litigation of the adversary proceeding is unwarranted; and the Debtor's discharge is all but guaranteed denial, then there is no reason why the main proceeding should not be closed and discharge denied. Likewise, the adversary proceeding against the Movants should be dismissed. *In re Williams,* 256 B.R. 885, 892 (B.A.P. 8th Cir. 2001) (the dismissal or closure of a bankruptcy case results in the dismissal of related adversary proceedings). See also *In re Davison, III,* 186 B.R. 741, 742 (Bankr. N.D. Fla. 1995) (finding an action for the recovery of a preference must be dismissed upon the dismissal of the underlying bankruptcy case). Neither the Estate nor the Debtor will be disadvantaged by this resolution. If the Debtor chooses, he may pursue his claims in the pending Massachusetts action; and the Estate can settle without further cost.

Date: November 29, 2017                            Respectfully submitted,

                                                              /s/ Jason Sweet

                                                              Jason E. Sweet (BBO# 668596)
                                                              BOOTH SWEET LLP
                                                              32R Essex Street
                                                              Cambridge, MA 02139
                                                             Tel.: (617) 250-8619
                                                             Fax: (617) 250-8883

---

[2] As the Court previously acknowledged, any recoveries will not benefit the remaining unsecured creditors. Doc. 23, pg. 27:17-21 ("the attorney's fees for trustee's counsel will be entitled to administrative priority in the case."). More to the point, the remaining unsecured creditors have all entered into agreements with the Trustee, accepting 20% of the face value of their claims in full satisfaction. Docs. 225-229.

        Email: jsweet@boothsweet.com

*On behalf of Booth Sweet LLP and Sandipan Chowdhury*

## CERTIFICATE OF SERVICE

    I certify that on November 29, 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel requesting notice to be served by electronic means on the date of filing.

        /s/ Jason Sweet

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Chapter 7 |
| PAUL HANSMEIER, | No. 15-42460 |
| Debtor. | |

---

**ORDER**

---

Based on the applicable law, the Court finds that the proposed settlement should not be approved.

IT IS ORDERED:

1. The Trustee's motion for approval of settlement [Doc. #247] is DENIED.

2. Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.

Dated: _____

_____
Kathleen H. Sandberg
United States Bankruptcy Judge