UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  Bky Case No. 15-42460

Paul Hansmeier

      **Debtor**

RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO ENFORCE
GLOBAL SETTLEMENT AGREEMENT

INTRODUCTION

    Mr. Hansmeier's motion to enforce the global settlement agreement was unnecessary and could have been avoided. Rather than meet and confer on the issues raised in his motion, Mr. Hansmeier attempts to pull a fast one in hopes that the Court will deviate from controlling precedent and grant the unbilled time he and his wife claim are attorney fees.

    The record reveals that as soon as Mr. Hansmeier's wife, Padraigin Browne, advised Best & Flanagan LLP, Thompson Hall Santi Cerny & Dooley, Phillip Gainsley, and Godfread Law Firm PC (collectively "Judgment Creditors") of Mr. Hansmeier's motion, Judgment Creditors provided the requested releases right away.

    Because Mr. Hansmeier is not entitled to attorney fees and the requested releases have been provided, a hearing is not required on this motion. The Court should deny Mr. Hansmeier's motion without delay.

1

## BACKGROUND

Under the terms of each settlement agreements reached with Mr. Hansmeier's trustee, the Judgment Creditors agreed to *provide* a release in a separate action filed in Hennepin County Court for the State of Minnesota entitled *Guava, LLC v. Spencer Merkel, et al.* (Court File No. 27-CV-12-20976) within 14 days of receiving the final payment. (ECF No. 226–29). On or about June 25, 2020, Best & Flanagan received a check for less than the amount anticipated. Declaration of Brian J. Linnerooth ("Linnerooth Decl.") ¶ 2. The trustee did not include a cover letter providing that the check was the final payment under the settlement agreements. *Id*. Neither did the trustee request Judgment Creditors provide the releases. *Id*. Shortly thereafter, Judgment Creditors' attorney Edward P. Sheu was appointed to the Ramsey County bench.

On September 23, 2020, Ms. Browne contacted Judgement Creditors stating:

> Mr. Hansmeier wants to enforce the settlement agreement in the bankruptcy case and have the notice of satisfactions of judgments filed. He has filed a motion to enforce the settlement agreements in the BK case. The hearing will be October 21st at 9:30.   In addition to the filing of the notices of satisfactions he is also requesting attorney fees. Currently, the amount requested is $945 give or take.

*Id*. at Ex. A. Judgment Creditors provided Ms. Brown with the requested releases on September 24, 2020. *Id*. at ¶ 4, Ex. B.

Mr. Hansmeier refuses to withdraw his motion unless Best & Flanagan pays the fees for his wife's unbilled time. *Id*. at Ex. C; ECF No. 287 at 10–11 (reflecting time entries as unbilled).

# ARGUMENT

Mr. Hansmeier's request for an order to enforce the settlement agreement was unnecessary and has since become moot. His request for attorney fees is baseless.

In signing his motion to enforce the settlement agreement, Mr. Hansmeier represented that his motion was warranted based on existing law and was not being submitted for an improper purpose. Fed. R. Bankr. P. 9011.

Rather than basing his motion on a contested matter, Mr. Hansmeier's motion on its face was designed purely for harassment. And his request to convert his marital communications on finances into a request for attorney fees is not based on any precedent.

The Court would be well within its right to order Mr. Hansmeier show cause on why sanctions should not be entered against him. Fed. R. Bankr. P. 9011(c).

## I. Mr. Hansmeier's request to enforce the settlement agreements is moot.

Mr. Hansmeier's request to enforce the settlement agreements has been mooted by the Judgment Creditors' subsequent provision of the releases. Linnerooth Decl. ¶4, Ex. B. The Court does not have authority to "issue an opinion on moot questions or abstract propositions." *Schuett v. LaRiva*, No. 15-CV-4207 (WMW/SER), 2016 WL 3645152, at *3 (D. Minn. June 30, 2016) (Citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). Because the Judgment Creditors provided the releases required under the settlement agreements (Linnerooth Decl. Ex. B), the Court cannot grant Mr. Hansmeier's requested relief of enforcing the agreements. *Schuett*, 2016 WL 3645152, at *3 (citing *Church of Scientology*, 506 U.S. at 12)

### II. Mr. Hansmeier is not entitled to attorney fees.

Mr. Hansmeier's attempt to transmogrify de rigueur discussions with his wife on finances into grounds for attorney fees runs afoul of the fundamental principal in American common law jurisprudence that each party bears its own attorney fees. *Buckhannon Bd. & Care Home*, *Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 602, (2001); *Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000). In the absence of a statutory or contractual provision, attorney fees are not available. *Buckhannon*, 532 U.S. 598; *Ly*, 615 N.W.2d at 314; *In re RFC*, 399 F. Supp. 3d 827, 857 (D. Minn. 2019).

The settlement agreements reached in this matter do not entitle Mr. Hansmeier to attorney fees. *See* ECF No. 226–29. Neither does Mr. Hansmeier cite any statutory provision entitling him to fees. *See* ECF No. 287. He cannot do so for the first time in reply. *Redking Foods LLC v. Minn Assocs. LP*, Civ. No. 13–0002, 2014 WL 754686, at * 4, n. 5 (D. Minn. Feb. 26, 2014) ("[F]ederal courts do not, as a rule, entertain arguments made by a party for the first time in a reply brief.") (collecting cases).

In a letter received from Mr. Hansmeier on October 9, 2020, he references *Rice v. Interfood, Inc.*, No. 4:13CV1171 HEA, 2015 WL 331787, at *2 (E.D. Mo. Jan. 23, 2015) for the proposition that attorney fees are available. Linnerooth Decl. Ex. C. But Mr. Hansmeier's reliance on *Rice* is misplaced. Contrary to Mr. Hansmeier's assertion, *Rice* stands for the proposition that in "very unusual circumstances," equity may permit an attorney fee award. *Id*. In *Rice*, the defendant sought attorney fees as *damages* relating to plaintiff's breach of their covenant not to sue. *Id*.

4

Here, the only unusual circumstance that exists is Mr. Hansmeier's request to be awarded the *unbilled* "attorney" time his wife spent verifying whether releases had been filed. ECF No. 287 at 10–11 (reflecting time entries as unbilled). To the extent he can credibly argue his wife's unbilled time as costs, he would have incurred those costs regardless of whether the releases had been filed.

There is no reason to break with the fundamental principles on attorney fees that underpin American jurisprudence. Judgment Creditors provided the releases as soon as they received a request. Mr. Hansmeier's fee request should be denied.

## CONCLUSION

Mr. Hansmeier's motion to enforce the settlement agreement is moot and should be dismissed without a hearing and without further delay. The Court should reject Mr. Hansmeier's argument for attorney fees, which is wholly unsupported and inconsistent with binding precedent. The frivolous nature of Mr. Hansmeier's motion supports an order for Mr. Hansmeier to show cause on why sanctions should not be granted against him.

Respectfully submitted on October 14, 2020.

By: */e/ Brian J. Linnerooth*
Brian J. Linnerooth
Best & Flanagan LLP
60 South Sixth Street, Suite 2700
Minneapolis, MN 55402
Tel: (612) 339-7121
Fax: (612) 339-5897
blinnerooth@bestlaw.com

*Counsel for Judgment Creditors*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

**In re:**      **Bky Case No. 15-42460**

Paul Hansmeier

    **Debtor**

## DECLARATION OF BRIAN J. LINNEROOTH

Under 28 U.S.C. § 1746, Brian J. Linnerooth states this:

1. I am over 21 years old and counsel for Best & Flanagan LLP, Thompson Hall Santi Cerny & Dooley, Phillip Gainsley, and Godfread Law Firm PC (collectively "Judgment Creditors") in this action. All statements in this declaration are based on first-hand personal knowledge, and the Exhibits attached to this declaration are true and correct copies.

2. On or about June 25, 2020, Best & Flanagan received a check for less than the amount anticipated. I reviewed Best & Flanagan's files relating to the payment. From my review of the files, it does not appear that the trustee included a cover letter indicating that the check was the final payment under the settlement agreements. Neither does it appear that the trustee requested Judgment Creditors provide releases.

3. I received an email from Padraigin Browne on September 23, 2020, requesting releases on Debtor's behalf. A copy of the email is attached as **Exhibit A**.

1

4. On September 24, 2020, I emailed Ms. Browne the requested releases, which are attached as **Exhibit B**. While not required under the settlement agreements (ECF Nos. 226–29), Judgment Creditors have since filed the releases in Hennepin County Court for the State of Minnesota (Court File No. 27-CV-12-20976).

5. **Exhibit C** is a letter I received from Debtor on October 9, 2020, indicating he would not dismiss his motion unless Best & Flanagan paid him his requested fees.

I declare under penalty of perjury the foregoing is true and correct. Signed and dated on October 15, 2020, in Minneapolis, Minnesota.

*/e/ Brian J. Linnerooth*

# EXHIBIT A

**Brian Linnerooth**

| | |
|---|---|
| **From:** | Padraigin Browne <paddy@brownelawllc.com> |
| **Sent:** | Wednesday, September 23, 2020 3:15 PM |
| **To:** | Brian Linnerooth |
| **Subject:** | BK Case No. 15-42460 and 27-CV-12-20976 |

Mr. Linnerooth:

Mr. Hansmeier wants to enforce the settlement agreement in the bankruptcy case and have the notice of satisfactions of judgments filed. He has filed a motion to enforce the settlement agreements in the BK case. The hearing will be October 21st at 9:30.   In addition to the filing of the notices of satisfactions he is also requesting attorney fees. Currently, the amount requested is $945 give or take.

Please let me know if you have any questions, and if you think a resolution can be reached.

Thank you,

Paddy


--
Padraigin Browne
**Browne Law LLC**
612-293-4805

Please note our new address: 8530 Eagle Point Blvd, Suite 100, Lake Elmo, MN 55042

1

# EXHIBIT B

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Other Civil |

| | |
|---|---|
| Guava, LLC, | Court File No. 27-CV-12-20976 |
| Plaintiff, | |
| vs. | **SATISFACTION OF JUDGMENT** |
| Spencer Merkel, et al., | |
| Defendants. | |

Under Minn. Stat. § 358.116, Brian J. Linnerooth states under oath he is counsel of record for the Judgment Creditor Thompson Hall Santi Cerny & Dooley, and the judgment entered in this action on September 23, 2013, against Judgment Debtor Paul Hansmeier, is satisfied in full in accordance with a settlement agreement entered in the matter of *In re Paul Hansmeier,* 15-42460 (Bankr. D. Minn. Sept. 28, 2017) (ECF No. 229), and the Court Administrator may record the same on the judgment roll. I declare under penalty of perjury everything I have stated in this document is true and correct. Signed and dated on September 24, 2020, in Minneapolis, Hennepin County, Minnesota.

        BEST & FLANAGAN LLP

        By: */s/ Brian J. Linnerooth*
         Brian J. Linnerooth (#400162)
         60 South Sixth Street, Suite 2700
         Minneapolis, MN 55402-4331
         T: (612) 339-7121
         blinnerooth@bestlaw.com

        *Counsel for Judgment Creditor*

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Other Civil |

| | |
|---|---|
| Guava, LLC, | Court File No. 27-CV-12-20976 |
|           Plaintiff, | |
| vs. | **SATISFACTION OF JUDGMENT** |
| Spencer Merkel, et al., | |
|           Defendants. | |

Under Minn. Stat. § 358.116, Brian J. Linnerooth states under oath he is counsel of record for the Judgment Creditor Phillip Gainsley, and the judgment entered in this action on September 23, 2013, against Judgment Debtor Paul Hansmeier, is satisfied in full in accordance with a settlement agreement entered in the matter of *In re Paul Hansmeier,* 15-42460 (Bankr. D. Minn. Sept. 28, 2017) (ECF No. 227), and the Court Administrator may record the same on the judgment roll. I declare under penalty of perjury everything I have stated in this document is true and correct. Signed and dated on September 24, 2020, in Minneapolis, Hennepin County, Minnesota.

          BEST & FLANAGAN LLP

          By: */s/ Brian J. Linnerooth*
             Brian J. Linnerooth (#400162)
             60 South Sixth Street, Suite 2700
             Minneapolis, MN 55402-4331
             T: (612) 339-7121
             blinnerooth@bestlaw.com

          *Counsel for Judgment Creditor*

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Other Civil |

| | |
|---|---|
| Guava, LLC, | Court File No. 27-CV-12-20976 |
| Plaintiff, | |
| vs. | **SATISFACTION OF JUDGMENT** |
| Spencer Merkel, et al., | |
| Defendants. | |

Under Minn. Stat. § 358.116, Brian J. Linnerooth states under oath he is counsel of record for the Judgment Creditor Best & Flanagan LLP, and the judgment entered in this action on September 23, 2013, against Judgment Debtor Paul Hansmeier, is satisfied in full in accordance with a settlement agreement entered in the matter of *In re Paul Hansmeier*, 15-42460 (Bankr. D. Minn. Sept. 28, 2017) (ECF No. 226), and the Court Administrator may record the same on the judgment roll. I declare under penalty of perjury everything I have stated in this document is true and correct. Signed and dated on September 24, 2020, in Minneapolis, Hennepin County, Minnesota.

> BEST & FLANAGAN LLP
>
> By: */s/ Brian J. Linnerooth*
>   Brian J. Linnerooth (#400162)
>   60 South Sixth Street, Suite 2700
>   Minneapolis, MN 55402-4331
>   T: (612) 339-7121
>   blinnerooth@bestlaw.com
>
> *Counsel for Judgment Creditor*

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Other Civil |

| | |
|---|---|
| Guava, LLC, | Court File No. 27-CV-12-20976 |
| Plaintiff, | |
| vs. | **SATISFACTION OF JUDGMENT** |
| Spencer Merkel, et al., | |
| Defendants. | |

Under Minn. Stat. § 358.116, Brian J. Linnerooth states under oath he is counsel of record for the Judgment Creditor Godfread Law Firm PC, and the judgment entered in this action on September 23, 2013, against Judgment Debtor Paul Hansmeier, is satisfied in full in accordance with a settlement agreement entered in the matter of *In re Paul Hansmeier,* 15-42460 (Bankr. D. Minn. Sept. 28, 2017) (ECF No. 228), and the Court Administrator may record the same on the judgment roll. I declare under penalty of perjury everything I have stated in this document is true and correct. Signed and dated on September 24, 2020, in Minneapolis, Hennepin County, Minnesota.

BEST & FLANAGAN LLP

By: */s/ Brian J. Linnerooth*
   Brian J. Linnerooth (#400162)
   60 South Sixth Street, Suite 2700
   Minneapolis, MN 55402-4331
   T: (612) 339-7121
   blinnerooth@bestlaw.com

*Counsel for Judgment Creditor*

# EXHIBIT C

DOCUMENTED NAME: Paul Hansmeier
REG. NO. & QTRS.: 20953-041 Unit K3
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
SANDSTONE, MN 55072



SAINT PAUL MN 550
7 OCT 2020 PM 1 L

Brian Linneroth
60 South Sixth St., Suite 2700
Minneapolis, MN 55042

55402-445275

Brian Linnerooth
Best & Flanagan
60 South Sixth Street, Suite 2700
Minneapolis, MN 55402

Re: Motion to Enforce, BKY 15-42460

Brian:

I write regarding my motion to enforce. In my motion I am seeking Best & Flanagan's compliance with the Global Settlement Agreement (i.e. filing executed satisfaction of judgments) and attorneys' fees as damages arising from Best & Flanagan's breach. I am under the impression that you don't have a problem with the first request — although I have no indication that Best & Flanagan has actually complied as of yet — but that you have pushed back on the request for damages.

My position on damages is as follows: based on my research attorneys' fees are recoverable as damages when a party's breach of contract results in reasonably foreseeable litigation (outside, of course, of the context of the breach litigation). Here, Best & Flanagan agreed to address the judgments in the Guava matter and then failed to do so. Best & Flanagan's failure necessitated my retention of my wife's firm to address the outstanding judgments. I am seeking those fees as damages — which, I would say, are minimal at this point. Here's a case that explains the principle: Rice v. Interfood, Inc., 2015 U.S. Dist. LEXIS 7764 (Jan. 23, 2015 E.D. Mo.).

If Best + Flanagan is willing to agree to these terms please let Paddy know as soon as possible so we are not wasting the Court's scarce resources with a contest over this simple request.

Thanks,
Pat Hansmeir